# DAVIDSON COUNTY FIRST CIRCUIT COURT
## PLEADINGS BINDER II OF II

## **<u>Jean H. McClendon vs. Nashville Senior Care, LLC d/b/a McKendree Village; MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation; Health Services Management Group, LLC; Health Services, Inc.; Nashville Healthcare Investors, LLC; and Vicki Hartway, in her capacity as Administrator of McKendree Village</u>**

## Docket No. 12C4187

## LWDN No. 8679-85

| | Defendant Vicki Hartway | |
|---|---|---|
| 21 | Statement of Material Facts in Support of Motion for Summary Judgment by Defendant Vicki Hartway | 4-18-13 |
| 22 | Affidavit of Stacey Vail | 4-18-13 |
| d | Defendant Nashville Senior Care, LLC's First Interrogatories to Plaintiff | 4-19-13 |
| e | Defendant Nashville Senior Care, LLC's First RQAD to Plaintiff | 4-19-13 |
| f | Defendant Nashville Senior Care, LLC's First RQPD to Plaintiff | 4-19-13 |
| g | Defendant Nashville Senior Care, LLC's Second Interrogatories to Plaintiff | 5-1-13 |
| h | Defendant Nashville Senior Care, LLC's Second RQPD to Plaintiff | 5-1-13 |
| | | |
| | Binder II of II | |
| | | |
| 23 | Plaintiff's Responses to Defendant Nashville Senior Care, LLC's First RQAD | 5-14-13 |
| 24 | Subpoena to John Williams, M.D. | 5-16-13 |
| 25 | Subpoena to Summit Medical Center | 5-16-13 |
| 26 | Subpoena to Willowbrook Home Health | 5-16-13 |
| 27 | Subpoena to Tennessee Orthopaedic Alliance | 5-16-13 |
| 28 | Subpoena to Jean Lessly, M.D. | 5-16-13 |
| 29 | Subpoena to Rehab Solutions, Inc. | 5-16-13 |
| 30 | Subpoena to Centennial Medical Center | 5-16-13 |
| 31 | Subpoena to Baptist Hospital | 5-16-13 |
| 32 | Defendant Vicki Hartway's Notice of New Hearing Date | 5-30-13 |
| 33 | Agreed Order Granting Leave of Court to Propound Additional Interrogatories | 6-18-13 |
| 34 | Notice of New Hearing Date on Motion for Summary Judgment by Defendant Vicki Hartway | 6-26-13 |
| 35 | Notice of New Hearing Date on Motion for Summary Judgment by Defendant Vicki Hartway | 7-25-13 |
| 36 | State of Tennessee's Motion to Intervene as a Matter of Right | 8-23-13 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

{02616349.DOC}

**Pleadings**
**LWDN No. <u>008679-000085</u>**
**QBE/Nashville Senior Care/Jean McClendon**

<u>Jean H. McClendon vs. Nashville Senior Care, LLC d/b/a McKendree Village; MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation; Health Services Management Group, LLC; Health Services, Inc.; Nashville Healthcare Investors, LLC; and Vicki Hartway, in her capacity as Administrator of McKendree Village</u>

| NO. | | Rec'd |
|---|---|---|
| | **Binder I of II** | |
| | | |
| 1 | **Complaint** | **10-17-12** |
| 2 | **Certificate of Good Faith** | **10-17-12** |
| 3 | **Affidavit of Service with Certificate of Mailing (with exhibits)** | **10-17-12** |
| 4 | **Summons to Nashville Senior Care, LLC** | **10-17-12** |
| 5 | **Summons to MVI Holdings, Inc.** | **10-17-12** |
| 6 | **Summons to McKendree Village Senior Care Corporation** | **10-17-12** |
| 7 | **Summons to Health Services Management Group, LLC** | **10-17-12** |
| 8 | **Summons to Health Services, Inc.** | **10-17-12** |
| 9 | **Summons to Nashville Healthcare Investors, LLC** | **10-17-12** |
| 10 | **Summons to Vicki Hartway** | **10-17-12** |
| 11 | **Motion for Default Judgment (with exhibits)** | **3-1-13** |
| 12 | **Notice of Entry of Appearance (LWDN)** | **3-13-13** |
| 13 | **Response by Defendants Nashville Senior Care, LLC, Nashville Healthcare Investors, LLC, and Vicki Hartway to Plaintiff's Motion for Default Judgment** | **3-18-13** |
| 14 | **Notice of Voluntary Dismissal as to Certain Defendants Only** | **3-20-13** |
| a | **First Interrogatories to Nursing Home Defendants** | **3-20-13** |
| b | **First Requests to Produce to Nursing Home Defendants** | **3-20-13** |
| c | **First Interrogatories and RQPD to Separate Defendant, Vicki Hartway** | **3-20-13** |
| 15 | **Order of Voluntary Dismissal Without Prejudice as to Certain Defendants Only** | **3-28-13** |
| 16 | **Agreed Order Allowing Certain Defendants Enlargement of Time to Respond to Complaint** | **3-28-13** |
| 17 | **Defendants Nashville Senior Care, LLC and Nashville Healthcare Investors, LLC's Answer to Complaint** | **4-10-13** |
| 18 | **Defendant Vicki Hartway's Answer to Complaint** | **4-10-13** |
| 19 | **Motion for Summary Judgment by Defendant Vicki Hartway** | **4-18-13** |
| 20 | **Memo of Law in Support of Motion for Summary Judgment by** | **4-18-13** |

{02616349.DOC}

# IN THE FIRST CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | | |
|---|---|---|
| JEAN H. McCLENDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12C4187 |
| | ) | |
| NASHVILLE SENIOR CARE, LLC, | ) | |
| d/b/a McKENDREE VILLAGE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## STATE OF TENNESSEE'S MOTION TO INTERVENE AS A MATTER OF RIGHT

The State of Tennessee, through the Office of the Attorney General and Reporter, hereby makes application to this Honorable Court to intervene in this action as a matter of right, pursuant to Tenn. R. Civ. P. 24.01, for the sole purpose of defending the constitutionality of Tenn. Code Ann. §§ 29-26-101 to 122 and 29-39-101 to 104, which have been challenged by the Plaintiff in this action. The Tennessee Attorney General and Reporter has a statutory duty to defend the constitutionality and validity of legislation under Tennessee Code Annotated section 8-6-109(b)(9). The Attorney General's Office hereby gives notice of its intent to defend the constitutionality of the subject statutes.

The State of Tennessee requests that the Clerk, all parties, and any other person mail notices or copies of court filings to Assistant Attorney General Stephanie A. Bergmeyer at:

Office of Attorney General and Reporter
P.O. Box 20207
Nashville, Tennessee 37202-0207

WHEREFORE, the State of Tennessee respectfully requests that its motion to intervene as a matter of right be granted and that all notices and court filings be served on the undersigned Assistant Attorney General.

Respectfully submitted,

ROBERT E. COOPER, JR.
Attorney General and Reporter

WILLIAM E. YOUNG
Solicitor General

MARY M. BERS, BPR # 13159
Senior Counsel
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, Tennessee 37202-0207
(615) 741-1845

STEPHANIE A. BERGMEYER, BPR # 27096
Assistant Attorney General
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, Tennessee 37202-0207
(615) 741-6828
Stephanie.Bergmeyer@ag.tn.gov

2

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing has been forwarded by first-class mail, postage prepaid, this _23_ day of _august_ 2013 to:

Carey L. Acerra
Jehl Law Group, PLLC
60 South Main St., Ste. 101
Memphis, TN 38013

D. Randall Mantooth
Leitner, Williams, Dooley & Napolitan, PLLC
Bank of America Plaza
414 Union St., Ste. 1900
Nashville, TN 37219-1782

_Stephanie A. Bergmeyer_
STEPHANIE A. BERGMEYER
Assistant Attorney General

3

FILED
2013 JUL 25 PM 4: 14
RICHARD R. ROOKER. CLERK
_____DV_____ D.C.

IN THE FIRST CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

JEAN H. McCLENDON,          )
                            )
        Plaintiff,          )        JURY DEMAND
                            )
vs.                         )        Docket No. 12C4187
                            )
NASHVILLE SENIOR CARE, LLC  )
d/b/a McKENDREE VILLAGE; MVI )
HOLDINGS, INC. f/k/a McKENDREE )
VILLAGE, INC.; McKENDREE    )
VILLAGE SENIOR CARE         )
CORPORATION; HEALTH SERVICES )
MANAGEMENT GROUP, LLC;      )
HEALTH SERVICES, INC.;      )
NASHVILLE HEALTHCARE        )
INVESTORS, LLC; and VICKI   )
HARTWAY, in her capacity as )
Administrator of McKENDREE  )
VILLAGE,                    )
                            )
        Defendants.         )

## NOTICE OF NEW HEARING DATE ON MOTION FOR
## SUMMARY JUDGMENT BY DEFENDANT VICKI HARTWAY

Comes Defendant Vicki Hartway, by and through counsel, and hereby gives notice

that the hearing on her motion for summary judgment which was most recently scheduled

to be heard on August 9, 2013, has been rescheduled to 9:15 a.m. on September 27,

2013, before Davidson County First Circuit Judge Hamilton V. Gayden Jr..

Respectfully submitted,

**LEITNER, WILLIAMS, DOOLEY
& NAPOLITAN, PLLC**

By: _____

**D. Randall Mantooth**
BPRN 013875
Bank of America Plaza
414 Union Street, Suite 1900
Nashville, Tennessee 37219-1782
(615) 255-7722
Email: randy.mantooth@leitnerfirm.com

Attorneys for Nashville Senior Care, LLC,
Nashville Healthcare Investors, LLC, and
Vicki Hartway

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded via United States mail, postage prepaid, to:

Cameron C. Jehl
Carey L. Acerra
Wilkes & McHugh, P.A.
60 South Main Street, Suite 101
Memphis, Tennessee 38103

Stephanie Bergmeyer, Esq.
Tennessee Assistant Attorney General
425 Fifth Avenue North
P.O. Box 20207
Nashville, Tennessee 37202-0207

this the 25th day of July _____, 2013.

By: _____

**D. Randall Mantooth**

2

IN THE FIRST CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

JEAN H. McCLENDON,         )
                                   )
      Plaintiff,           )     JURY DEMAND
                                   )
vs.                        )     Docket No. 12C4187
                                 )
NASHVILLE SENIOR CARE, LLC  )
d/b/a  McKENDREE VILLAGE; MVI  )
HOLDINGS, INC. f/k/a McKENDREE  )
VILLAGE, INC.; McKENDREE    )
VILLAGE SENIOR CARE       )
CORPORATION; HEALTH SERVICES )
MANAGEMENT GROUP, LLC;    )
HEALTH SERVICES, INC.;      )
NASHVILLE HEALTHCARE     )
INVESTORS, LLC; and VICKI    )
HARTWAY,  in her capacity as   )
Administrator of McKENDREE   )
VILLAGE,                   )
                                 )
      Defendants.      )

## NOTICE OF NEW HEARING DATE ON MOTION FOR
## SUMMARY JUDGMENT BY DEFENDANT VICKI HARTWAY

Comes Defendant Vicki Hartway, by and through counsel, and hereby gives notice

that the hearing on her motion for summary judgment which was most recently scheduled

to be heard on June 28, 2013, has been rescheduled to 9:15 a.m. on August 9, 2013,

before Davidson County First Circuit Judge Hamilton V. Gayden.

Case 3:13-cv-01036   Document 1-1   Filed 09/23/13   Page 9 of 373 PageID #: 13

Respectfully submitted,

**LEITNER, WILLIAMS, DOOLEY
& NAPOLITAN, PLLC**

By: _____

**D. Randall Mantooth**
BPRN 013875
Bank of America Plaza
414 Union Street, Suite 1900
Nashville, Tennessee 37219-1782
(615) 255-7722
Email: randy.mantooth@leitnerfirm.com

Attorneys for Nashville Senior Care, LLC,
Nashville Healthcare Investors, LLC, and
Vicki Hartway

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded via email to:

Cameron C. Jehl
Carey L. Acerra
Wilkes & McHugh, P.A.
60 South Main Street, Suite 101
Memphis, Tennessee 38103
Email: cjehl@wilkesmchugh.com
Email: cacerra@wilkesmchugh.com

Stephanie Bergmeyer, Esq.
Tennessee Assistant Attorney General
425 Fifth Avenue North
P.O. Box 20207
Nashville, Tennessee 37202-0207
Email: stephanie.bergmeyer@ag.tn.gov

this the 26th day of _____June_____, 2013.

By: _____

**D. Randall Mantooth**

2

Copy

2013 JUN 18 PM 3: 45

RICHARD R. HOOKER, CLERK

*CRucker*
_____ D.C.

JEAN H. McCLENDON,                    )

        Plaintiff,                    )          JURY DEMAND

                                      )
vs.                                   )          Docket No. 12C4187
                                      )
NASHVILLE SENIOR CARE, LLC            )
d/b/a McKENDREE VILLAGE; MVI          )
HOLDINGS, INC. f/k/a McKENDREE        )
VILLAGE, INC.; McKENDREE              )
VILLAGE SENIOR CARE                   )
CORPORATION; HEALTH SERVICES          )
MANAGEMENT GROUP, LLC;                )
HEALTH SERVICES, INC.;                )
NASHVILLE HEALTHCARE                  )
INVESTORS, LLC; and VICKI             )
HARTWAY,  in her capacity as          )
Administrator of McKENDREE            )
VILLAGE,                              )
                                      )
        Defendants.                   )

## AGREED ORDER GRANTING LEAVE OF COURT
## TO PROPOUND ADDITIONAL INTERROGATORIES

It appearing that the respective parties desire to propound interrogatories in excess

of the thirty (30) interrogatory limit set forth in Local Rule of Court § 22.04, and it appearing

that the attorneys for Plaintiff and Defendants agree that there is good cause and necessity

for propounding the additional interrogatories, it is hereby **ORDERED** that Plaintiff and

Defendants are granted leave to propound interrogatories, including subparts, in excess of

those limited by Local Rule of Court § 22.04. Any party may seek leave of Court for relief

from this Agreed Order, if warranted.

It is so **ORDERED**.

N:\DATA\Docs\008679\000085\02677281.DOC

Entered this _18th_ day of _June_____, 2013.

_[signature]_

JUDGE

**APPROVED FOR ENTRY:**

**WILKES & McHUGH, P.A.**

By: _[signature]_____
    Cameron C. Jehl (BPR #018729)
    Carey L. Acerra (BPR #023464)
    60 South Main Street, Suite 101
    Memphis, Tennessee 38103
    Telephone:   901-322-4232
    Facsimile:   901-322-4231
    Attorneys for Plaintiff


**LEITNER, WILLIAMS, DOOLEY**
   **& NAPOLITAN, PLLC**

By: _[signature]_____
    D. Randall Mantooth (BPR #013875)
    Bruce D. Gill (BPR #021487)
    Bank of America Plaza
    414 Union Street, Suite 1900
    Nashville, Tennessee 37219-1782
    (615) 255-7722
    Email: randy.mantooth@leitnerfirm.com
    Attorneys for Defendants

2

Copy

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded via U.S. Mail, postage prepaid, to:

Cameron C. Jehl, Esq.
Carey L. Acerra, Esq.
Wilkes & McHugh, P.A.
60 South Main Street, Suite 101
Memphis, Tennessee 38103

Stephanie Bergmeyer, Esq.
Tennessee Assistant Attorney
425 Fifth Avenue North
P.O. Box 20207
Nashville, Tennessee 37202-0207

this the 13th day of June, 2013.

By: _____
**D. Randall Mantooth**

3

# IN THE FIRST CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

JEAN H. McCLENDON,          )
                                   )

       Plaintiff,           )    JURY DEMAND
                                   )

vs.                          )    Docket No. 12C4187
                                   )

NASHVILLE SENIOR CARE, LLC   )
d/b/a  McKENDREE VILLAGE; MVI   )
HOLDINGS, INC. f/k/a McKENDREE   )
VILLAGE, INC.; McKENDREE         )
VILLAGE SENIOR CARE            )
CORPORATION; HEALTH SERVICES )
MANAGEMENT GROUP, LLC;      )
HEALTH SERVICES, INC.;        )
NASHVILLE HEALTHCARE       )
INVESTORS, LLC; and VICKI      )
HARTWAY,  in her capacity as    )
Administrator of McKENDREE     )
VILLAGE,                       )
                                   )

       Defendants.         )

## DEFENDANT VICKI HARTWAY'S NOTICE OF NEW HEARING DATE

Comes Defendant Vicki Hartway, by and through counsel, and hereby gives notice that, by the agreement of the attorneys for Vicki Hartway and Plaintiff, the hearing on her motion for summary judgment which was originally scheduled to be heard on May 31, 2013, has been rescheduled to 9:15 a.m. on June 28, 2013, before Davidson County First Circuit Judge Hamilton V. Gayden.

Respectfully submitted,

**LEITNER, WILLIAMS, DOOLEY
& NAPOLITAN, PLLC**

By: _____

**D. Randall Mantooth**
BPRN 013875
Bank of America Plaza
414 Union Street, Suite 1900
Nashville, Tennessee 37219-1782
(615) 255-7722
Email: randy.mantooth@leitnerfirm.com

Attorneys for Nashville Senior Care, LLC,
Nashville Healthcare Investors, LLC, and
Vicki Hartway

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded via email and U.S. Mail, postage prepaid, to:

Cameron C. Jehl
Carey L. Acerra
Wilkes & McHugh, P.A.
60 South Main Street, Suite 101
Memphis, Tennessee 38103
Email: cjehl@wilkesmchugh.com
Email: cacerra@wilkesmchugh.com

Stephanie Bergmeyer, Esq.
Tennessee Assistant Attorney General
425 Fifth Avenue North
P.O. Box 20207
Nashville, Tennessee 37202-0207
Email: stephanie.bergmeyer@ag.tn.gov

this the 30th day of May, 2013.

By: _____

**D. Randall Mantooth**

2

N:\DATA\Docs\008679\000085\02739240.DOC

| State of Tennessee<br>Davidson County<br>Circuit Court | **FOR PRODUCTION OF RECORDS ONLY**<br>**SUBPOENA**<br>☒ DUCES TECUM<br>☒ MEDICAL RECORDS (SEE HIPPA REQUIREMENT BELOW) | **CIVIL ACTION**<br><br>**DOCKET NO.**<br>12C4187 |
|---|---|---|

| PLAINTIFF(s)<br>Jean H. McClendon | DEFENDANT(s)<br>Nashville Senior Care, LLC d/b/a McKendree Village; et al. |
|---|---|

vs

| TO: (Name, Address & Telephone Number of Witness)<br>Baptist Hospital<br>Attn: Records Custodian<br>2000 Church Street<br>Nashville, Tennessee 37236<br>615-284-5555 | **Method of Service:**<br>☐ Davidson County Sheriff<br>☒ Personal Service<br>☐ Out of County Sheriff |
|---|---|

Pursuant to Tenn. R. Civ. P. 45.02 you are hereby commanded to produce the requested materials and permit inspection, copying, testing, or sampling of these materials by the date indicated below without the need to appear in person at the place of production or inspection. You are also commanded to swear or affirm that the books, papers, documents, electronically stored information, or tangible things are authentic to the best of your knowledge, information and belief and to state whether or not all books, papers, documents, electronically stored information or tangible things responsive to the subpoena have been produced for copying, inspection, testing or sampling. Failure to produce may result in contempt of court, which could result in punishment by fine and/or imprisonment as provided by law.

PURSUANT TO TENN. R. CIV. P. 45.01 THE FAILURE TO FILE A MOTION TO QUASH OR MODIFY WITHIN FOURTEEN DAYS OF SERVICE OF THE SUBPOENA WAIVES ALL OBJECTIONS TO THE SUBPOENA, EXCEPT THE RIGHT TO SEEK THE REASONABLE COST FOR PRODUCING BOOKS, PAPERS, DOCUMENTS, ELECTRONICALLY STORED INFORMATION, OR TANGIBLE THINGS.

| TIME N/A | DATE: June 7, 2013 | **ITEMS TO BRING:** Any and all medical and billing records/materials in your possession, copies of all medical records, reports, clinical notes, diagnostic test reports, office notes, opinion letters, hospital records, correspondence and any other documentation in your file for all doctors who have seen Ms. McClendon at your facility for all dates of treatment. In addition to the medical records, please provide us with a complete **itemized billing statement** of any and all charges for Ms. McClendon's treatment at your facility |
|---|---|---|
| PLACE<br><br>Leitner, Williams, Dooley & Napolitan, PLLC<br><br>414 Union Street, Suite 1900<br><br>Bank of America Plaza<br><br>Nashville, Tennessee 37219<br><br><br>(OR) | | Jean H. McClendon, DOB: 8/25/1930, SSN: xxx-xx-2420<br><br>**You do not need to appear in person but simply produce the requested materials along with the completed and notarized affidavit affirming your compliance with this subpoena.**<br><br>☐ ADDITIONAL LIST ATTACHED |

| This subpoena is being issued on behalf of:<br><br>☐ PLAINTIFF  ☒ DEFENDANTS Nashville Senior Care, Nashville Healthcare Investors, and Vicki Hartway<br><br>Attorney: (Name, Address & Telephone Number)<br><br>D. Randall Mantooth, Esq.<br><br>Leitner, Williams, Dooley & Napolitan, PLLC<br><br>Bank of America Plaza<br><br>414 Union Street, Suite 1900<br><br>Nashville, Tennessee 37219-1782<br><br>ATTORNEY'S SIGNATURE *(signature)*<br><br>DESIGNEE:<br><br>DESIGNEE'S SIGNATURE: | DATE ISSUED  5-16-13<br><br>Davidson County<br><br>Circuit Court Clerk<br><br>BY:<br><br>*(signature)*<br>**DEPUTY CLERK**<br><br>♿ ADA Coordinator, |
|---|---|

{02703864.DOC}

☒ **Medical Records Requested—HIPAA notice required**

## HIPPA NOTICE

A copy of this subpoena has been provided to counsel for the patient or the patient by mail or facsimile on the the 14th day of May, 2013   so as to allow him/her seven (7) days to:

(A)   Serve the recipient of the subpoena by facsimile with a written objection to the subpoena, with a copy of the notice by facsimile to the party that served the subpoena, and

(B)   Simultaneously file and serve a motion for a protective order consistent with the requirements of T.R.C.P.26.03, 26.07 and Local Rule §22.10.

If no objection is made within seven (7) days of the above date, you shall process this subpoena and produce the documents by the date and time specified in the subpoena. The signature of counsel or party on the subpoena is certification that the above notice was provided to the patient.

---

## RETURN ON SERVICE

Check one: (1. or 2. are for the return of an authorized officer or attorney; an attorney's return must be sworn to; 3. is for the witness who will acknowledge service and requires the witness's signature.)

1. ☐  I certify that on the date indicated below I served a copy of this subpoena on the witness stated herein by:

2. ☐  I failed to serve a copy of this subpoena on the witness because:

3. ☐  I acknowledge being served with this subpoena on the following date:

| **Sworn to and subscribe before me this _____ day of _____,20____** | **DATE OF SERVICE:** |
|---|---|
| Signature of ☐ Notary Public or ☐ Deputy Clerk<br>My Commission Expires: | **SIGNATURE OF WITNESS, OFFICE, ATTORNEY OR ATTRNEY'S DESGNEE** |

{02703864.DOC}

# IN THE FIRST CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| JEAN H. McCLENDON, | ) | |
| | ) | |
| Plaintiff, | ) | JURY DEMAND |
| | ) | |
| vs. | ) | Docket No. 12C4187 |
| | ) | |
| NASHVILLE SENIOR CARE, LLC | ) | |
| d/b/a McKENDREE VILLAGE; MVI | ) | |
| HOLDINGS, INC. f/k/a McKENDREE | ) | |
| VILLAGE, INC.; McKENDREE | ) | |
| VILLAGE SENIOR CARE | ) | |
| CORPORATION; HEALTH SERVICES | ) | |
| MANAGEMENT GROUP, LLC; | ) | |
| HEALTH SERVICES, INC.; | ) | |
| NASHVILLE HEALTHCARE | ) | |
| INVESTORS, LLC; and VICKI | ) | |
| HARTWAY, in her capacity as | ) | |
| Administrator of McKENDREE | ) | |
| VILLAGE, | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF RECORDS CUSTODIAN OF MATERIALS REQUESTED BY SUBPOENA PURSUANT TO TENN. R. CIV. P. 45.02

I, _____, having been duly sworn, hereby make oath that
PRINTED NAME OF RECORDS CUSTODIAN
the following facts are true and correct and are based upon my personal knowledge:

1.    I am an adult and am in all respects competent to give sworn testimony;

2.    I am the custodian of the materials that have been requested pursuant to the

subpoena duces tecum served on me with this affidavit;

3.    I swear or affirm that the books, papers, documents, or tangible things that I

have produced pursuant to the subpoena duces tecum are authentic to the best of my

knowledge, information, and belief;

4.     The attached records were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of and a business duty to record or transmit those matters;

5.     The attached records were kept in the course of the regularly conducted activity of the entity or person producing these records;

6.     The attached records were made by the regularly conducted activity as a regular practice of the business or person producing these records.

7.     I swear or affirm that all books, papers, documents, or tangible things responsive to the subpoena duces tecum have been produced by me for copying or inspection.

Further affiant sayeth not.


_____
**Signature of Records Custodian for Baptist Hospital**


STATE OF _____ )

COUNTY OF _____ )

Sworn to and subscribed before me a notary public for said state and county, this the _____ day of _____, 2013.


_____
**Notary Public**


**MY COMMISSION EXPIRES:**

_____

| State of Tennessee<br>Davidson County<br>Circuit Court | FOR PRODUCTION OF RECORDS ONLY<br>**SUBPOENA**<br>☒ DUCES TECUM<br>☒ MEDICAL RECORDS (SEE HIPPA REQUIREMENT BELOW) | **CIVIL ACTION**<br><br>**DOCKET NO.**<br>12C4187 |
|---|---|---|

| PLAINTIFF(s)<br>Jean H. McClendon | DEFENDANT(s)<br>Nashville Senior Care, LLC d/b/a McKendree Village; et al. |
|---|---|

vs

| TO: (Name, Address & Telephone Number of Witness)<br>Centennial Medical Center<br>Attn: Records Custodian<br>2300 Patterson Street<br>Nashville, Tennessee 37203<br>615-342-1000 | **Method of Service:**<br>☐ Davidson County Sheriff<br>☒ Personal Service<br>☐ Out of County Sheriff |
|---|---|

Pursuant to Tenn. R. Civ. P. 45.02 you are hereby commanded to produce the requested materials and permit inspection, copying, testing, or sampling of these materials by the date indicated below without the need to appear in person at the place of production or inspection. You are also commanded to swear or affirm that the books, papers, documents, electronically stored information, or tangible things are authentic to the best of your knowledge, information and belief and to state whether or not all books, papers, documents, electronically stored information or tangible things responsive to the subpoena have been produced for copying, inspection, testing or sampling. Failure to produce may result in contempt of court, which could result in punishment by fine and/or imprisonment as provided by law.

PURSUANT TO TENN. R. CIV. P. 45.01 THE FAILURE TO FILE A MOTION TO QUASH OR MODIFY WITHIN FOURTEEN DAYS OF SERVICE OF THE SUBPOENA WAIVES ALL OBJECTIONS TO THE SUBPOENA, EXCEPT THE RIGHT TO SEEK THE REASONABLE COST FOR PRODUCING BOOKS, PAPERS, DOCUMENTS, ELECTRONICALLY STORED INFORMATION, OR TANGIBLE THINGS.

| TIME N/A | DATE: June 7, 2013 | ITEMS TO BRING: Any and all medical and billing records/materials in your possession, copies of **all** medical records, reports, clinical notes, diagnostic test reports, office notes, opinion letters, hospital records, correspondence and any other documentation in your file for all doctors who have seen Ms. McClendon at your facility for **all** dates of treatment. In addition to the medical records, please provide us with a complete **itemized billing statement** of any and all charges for Ms. McClendon's treatment at your facility<br><br>Jean H. McClendon, DOB: 8/25/1930, SSN: xxx-xx-2420<br><br>**You do not need to appear in person but simply produce the requested materials along with the completed and notarized affidavit affirming your compliance with this subpoena.**<br><br>☐ ADDITIONAL LIST ATTACHED |
|---|---|---|
| PLACE<br><br>Leitner, Williams, Dooley & Napolitan, PLLC<br><br>414 Union Street, Suite 1900<br><br>Bank of America Plaza<br><br>Nashville, Tennessee 37219<br><br><br>(OR) | | |

| This subpoena is being issued on behalf of:<br><br>☐ PLAINTIFF  ☒ DEFENDANTS Nashville Senior Care, Nashville Healthcare Investors, and Vicki Hartway<br><br>Attorney: (Name, Address & Telephone Number)<br><br>D. Randall Mantooth, Esq.<br><br>Leitner, Williams, Dooley & Napolitan, PLLC<br><br>Bank of America Plaza<br><br>414 Union Street, Suite 1900<br><br>Nashville, Tennessee 37219-1782<br><br>ATTORNEY'S SIGNATURE:<br><br>DESIGNEE:<br><br><br>DESIGNEE'S SIGNATURE: | DATE ISSUED  5-16-13<br><br><br>Davidson County<br>Circuit Court Clerk<br><br>BY:<br><br>_____<br>**DEPUTY CLERK**<br><br>♿ ADA Coordinator, |
|---|---|

{02713065.DOC}

☒ **Medical Records Requested—HIPAA notice required**

## HIPPA NOTICE

A copy of this subpoena has been provided to counsel for the patient or the patient by mail or facsimile on the the 14th day of May, 2013   so as to allow him/her seven (7) days to:

    (A)  Serve the recipient of the subpoena by facsimile with a written objection to the subpoena, with a copy of the notice by facsimile to the party that served the subpoena, and

    (B)  Simultaneously file and serve a motion for a protective order consistent with the requirements of T.R.C.P.26.03, 26.07 and Local Rule §22.10.

If no objection is made within seven (7) days of the above date, you shall process this subpoena and produce the documents by the date and time specified in the subpoena. The signature of counsel or party on the subpoena is certification that the above notice was provided to the patient.

---

## RETURN ON SERVICE

Check one: (1. or 2. are for the return of an authorized officer or attorney; an attorney's return must be sworn to; 3. is for the witness who will acknowledge service and requires the witness's signature.)

1.  ☐  I certify that on the date indicated below I served a copy of this subpoena on the witness stated herein by:

2.  ☐  I failed to serve a copy of this subpoena on the witness because:

3.  ☐  I acknowledge being served with this subpoena on the following date:

| **Sworn to and subscribe before me this** _____ **day of** _____ ,20 ____  <br><br> _____ <br> Signature of ☐ Notary Public or ☐ Deputy Clerk <br> My Commission Expires: | **DATE OF SERVICE:** <br><br><br> **SIGNATURE OF WITNESS, OFFICE, ATTORNEY OR ATTRNEY'S DESGNEE** |
|---|---|

# IN THE FIRST CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| JEAN H. McCLENDON, | ) | |
| | ) | |
| Plaintiff, | ) | **JURY DEMAND** |
| | ) | |
| vs. | ) | **Docket No. 12C4187** |
| | ) | |
| NASHVILLE SENIOR CARE, LLC | ) | |
| d/b/a McKENDREE VILLAGE; MVI | ) | |
| HOLDINGS, INC. f/k/a McKENDREE | ) | |
| VILLAGE, INC.; McKENDREE | ) | |
| VILLAGE SENIOR CARE | ) | |
| CORPORATION; HEALTH SERVICES | ) | |
| MANAGEMENT GROUP, LLC; | ) | |
| HEALTH SERVICES, INC.; | ) | |
| NASHVILLE HEALTHCARE | ) | |
| INVESTORS, LLC; and VICKI | ) | |
| HARTWAY, in her capacity as | ) | |
| Administrator of McKENDREE | ) | |
| VILLAGE, | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF RECORDS CUSTODIAN OF MATERIALS REQUESTED BY SUBPOENA PURSUANT TO TENN. R. CIV. P. 45.02

I, _____, having been duly sworn, hereby make oath that
<span style="font-size:smaller">PRINTED NAME OF RECORDS CUSTODIAN</span>
the following facts are true and correct and are based upon my personal knowledge:

1.    I am an adult and am in all respects competent to give sworn testimony;

2.    I am the custodian of the materials that have been requested pursuant to the

subpoena duces tecum served on me with this affidavit;

3.    I swear or affirm that the books, papers, documents, or tangible things that I

have produced pursuant to the subpoena duces tecum are authentic to the best of my

knowledge, information, and belief;

4.      The attached records were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of and a business duty to record or transmit those matters;

5.      The attached records were kept in the course of the regularly conducted activity of the entity or person producing these records;

6.      The attached records were made by the regularly conducted activity as a regular practice of the business or person producing these records.

7.      I swear or affirm that all books, papers, documents, or tangible things responsive to the subpoena duces tecum have been produced by me for copying or inspection.

Further affiant sayeth not.

_____
**Signature of Records Custodian for Centennial Medical Center**

STATE OF _____ )

COUNTY OF _____ )

Sworn to and subscribed before me a notary public for said state and county, this the _____ day of _____, 2013.

_____
**Notary Public**

**MY COMMISSION EXPIRES:**

_____

2

| State of Tennessee<br>Davidson County<br>Circuit Court | **FOR PRODUCTION OF RECORDS ONLY**<br>**SUBPOENA**<br><br>☒ DUCES TECUM<br>☒ MEDICAL RECORDS (SEE HIPPA REQUIREMENT BELOW) | **CIVIL ACTION**<br><br>**DOCKET NO.**<br>12C4187 |
|---|---|---|

| PLAINTIFF(s)<br>Jean H. McClendon | DEFENDANT(s)<br>Nashville Senior Care, LLC d/b/a McKendree<br>Village; et al. |
|---|---|

VS

| TO: (Name, Address & Telephone Number of Witness)<br>Rehab Solutions, Inc.<br>Attn: Dan Garrett<br>3029 Senna Drive<br>Matthews, North Carolina 28105<br>704-841-2115 | **Method of Service:**<br>☐ Davidson County Sheriff<br>☒ Personal Service<br>☐ Out of County Service |
|---|---|

Pursuant to Tenn. R. Civ. P. 45.02 you are hereby commanded to produce the requested materials and permit inspection, copying, testing, or sampling of these materials by the date indicated below without the need to appear in person at the place of production or inspection. You are also commanded to swear or affirm that the books, papers, documents, electronically stored information, or tangible things are authentic to the best of your knowledge, information and belief and to state whether or not all books, papers, documents, electronically stored information or tangible things responsive to the subpoena have been produced for copying, inspection, testing or sampling. Failure to produce may result in contempt of court, which could result in punishment by fine and/or imprisonment as provided by law.

**PURSUANT TO TENN. R. CIV. P. 45.01 THE FAILURE TO FILE A MOTION TO QUASH OR MODIFY WITHIN FOURTEEN DAYS OF SERVICE OF THE SUBPOENA WAIVES ALL OBJECTIONS TO THE SUBPOENA, EXCEPT THE RIGHT TO SEEK THE REASONABLE COST FOR PRODUCING BOOKS, PAPERS, DOCUMENTS, ELECTRONICALLY STORED INFORMATION, OR TANGIBLE THINGS.**

| TIME N/A | DATE: June 7, 2013 | ITEMS TO BRING: Any and all medical and billing |
|---|---|---|

records/materials in your possession, copies of **all** medical records, reports, clinical notes, diagnostic test reports, office notes, opinion letters, hospital records, correspondence and any other documentation in your file for all doctors who have seen Ms. McClendon at your facility for **all** dates of treatment. In addition to the medical records, please provide us with a complete **itemized billing statement** of any and all charges for Ms. McClendon's treatment at your facility

PLACE

Leitner, Williams, Dooley & Napolitan, PLLC

414 Union Street, Suite 1900

Bank of America Plaza

Nashville, Tennessee 37219

(OR)

Jean H. McClendon, DOB: 8/25/1930, SSN: xxx-xx-2420

**You do not need to appear in person but simply produce the requested materials along with the completed and notarized affidavit affirming your compliance with this subpoena.**

☐ ADDITIONAL LIST ATTACHED

---

This subpoena is being issued on behalf of:

☐ PLAINTIFF ☒ DEFENDANTS Nashville Senior Care, Nashville Healthcare Investors, and Vicki Hartway

Attorney: (Name, Address & Telephone Number)

D. Randall Mantooth, Esq.

Leitner, Williams, Dooley & Napolitan, PLLC

Bank of America Plaza

414 Union Street, Suite 1900

Nashville, Tennessee 37219-1782

ATTORNEY'S SIGNATURE: _[signature]_

DESIGNEE:

DESIGNEE'S SIGNATURE:

DATE ISSUED 5-16-13

Davidson County

Circuit Court Clerk

BY: _[signature]_

DEPUTY CLERK

♿ ADA Coordinator,

{02712966.DOC}

☒ **Medical Records Requested—HIPAA notice required**

**HIPPA NOTICE**

16 A copy of this subpoena has been provided to counsel for the patient or the patient by mail or facsimile on the the 14th day of May, 2013 so as to allow him/her seven (7) days to:

(A) Serve the recipient of the subpoena by facsimile with a written objection to the subpoena, with a copy of the notice by facsimile to the party that served the subpoena, and

(B) Simultaneously file and serve a motion for a protective order consistent with the requirements of T.R.C.P.26.03, 26.07 and Local Rule §22.10.

If no objection is made within seven (7) days of the above date, you shall process this subpoena and produce the documents by the date and time specified in the subpoena. The signature of counsel or party on the subpoena is certification that the above notice was provided to the patient.

| RETURN ON SERVICE |
|---|
| Check one: (1. or 2. are for the return of an authorized officer or attorney; an attorney's return must be sworn to; 3. is for the witness who will acknowledge service and requires the witness's signature.) |
| 1. ☐ I certify that on the date indicated below I served a copy of this subpoena on the witness stated herein by: |
| 2. ☐ I failed to serve a copy of this subpoena on the witness because: |
| 3. ☐ I acknowledge being served with this subpoena on the following date: |

| | |
|---|---|
| **Sworn to and subscribe before me this _____ day of _____,20____** | **DATE OF SERVICE:** |
| _____<br>Signature of ☐ Notary Public or ☐ Deputy Clerk<br>My Commission Expires: | **SIGNATURE OF WITNESS, OFFICE, ATTORNEY OR ATTRNEY'S DESGNEE** |

{02712966.DOC}

## IN THE FIRST CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| JEAN H. McCLENDON, | ) | |
| | ) | |
| Plaintiff, | ) | **JURY DEMAND** |
| | ) | |
| vs. | ) | **Docket No. 12C4187** |
| | ) | |
| NASHVILLE SENIOR CARE, LLC | ) | |
| d/b/a McKENDREE VILLAGE; MVI | ) | |
| HOLDINGS, INC. f/k/a McKENDREE | ) | |
| VILLAGE, INC.; McKENDREE | ) | |
| VILLAGE SENIOR CARE | ) | |
| CORPORATION; HEALTH SERVICES | ) | |
| MANAGEMENT GROUP, LLC; | ) | |
| HEALTH SERVICES, INC.; | ) | |
| NASHVILLE HEALTHCARE | ) | |
| INVESTORS, LLC; and VICKI | ) | |
| HARTWAY, in her capacity as | ) | |
| Administrator of McKENDREE | ) | |
| VILLAGE, | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF RECORDS CUSTODIAN OF MATERIALS REQUESTED BY SUBPOENA PURSUANT TO TENN. R. CIV. P. 45.02

I, _____, having been duly sworn, hereby make oath that

PRINTED NAME OF RECORDS CUSTODIAN

the following facts are true and correct and are based upon my personal knowledge:

1.   I am an adult and am in all respects competent to give sworn testimony;

2.   I am the custodian of the materials that have been requested pursuant to the

subpoena duces tecum served on me with this affidavit;

3.   I swear or affirm that the books, papers, documents, or tangible things that I

have produced pursuant to the subpoena duces tecum are authentic to the best of my

knowledge, information, and belief;

4.     The attached records were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of and a business duty to record or transmit those matters;

5.     The attached records were kept in the course of the regularly conducted activity of the entity or person producing these records;

6.     The attached records were made by the regularly conducted activity as a regular practice of the business or person producing these records.

7.     I swear or affirm that all books, papers, documents, or tangible things responsive to the subpoena duces tecum have been produced by me for copying or inspection.

Further affiant sayeth not.


_____

**Signature of Records Custodian for Rehab Solutions, Inc.**


**STATE OF** _____  )

**COUNTY OF** _____  )

Sworn to and subscribed before me a notary public for said state and county, this the _____ day of _____, 2013.


_____

**Notary Public**


**MY COMMISSION EXPIRES:**

_____

2

| State of Tennessee<br>Davidson County<br>Circuit Court | **FOR PRODUCTION OF RECORDS ONLY**<br>**SUBPOENA**<br>☒ DUCES TECUM<br>☒ MEDICAL RECORDS (SEE HIPPA REQUIREMENT BELOW) | **CIVIL ACTION**<br><br>**DOCKET NO.**<br>12C4187 |
|---|---|---|

| PLAINTIFF(s)<br>Jean H. McClendon | DEFENDANT(s)<br>Nashville Senior Care, LLC d/b/a McKendree<br>Village; et al. |
|---|---|

vs

| TO: (Name, Address & Telephone Number of Witness)<br>Jean Lessly, M.D.<br>Attn: Records Custodian<br>1836 Cromwell Drive<br>Nashville, Tennessee 37215<br>615-767-7507 | **Method of Service:**<br>☐ Davidson County Sheriff<br>☒ Personal Service<br>☐ Out of County Sheriff |
|---|---|

Pursuant to Tenn. R. Civ. P. 45.02 you are hereby commanded to produce the requested materials and permit inspection, copying, testing, or sampling of these materials by the date indicated below without the need to appear in person at the place of production or inspection. You are also commanded to swear or affirm that the books, papers, documents, electronically stored information, or tangible things are authentic to the best of your knowledge, information and belief and to state whether or not all books, papers, documents, electronically stored information or tangible things responsive to the subpoena have been produced for copying, inspection, testing or sampling. Failure to produce may result in contempt of court, which could result in punishment by fine and/or imprisonment as provided by law.

PURSUANT TO TENN. R. CIV. P. 45.01 THE FAILURE TO FILE A MOTION TO QUASH OR MODIFY WITHIN FOURTEEN DAYS OF SERVICE OF THE SUBPOENA WAIVES ALL OBJECTIONS TO THE SUBPOENA, EXCEPT THE RIGHT TO SEEK THE REASONABLE COST FOR PRODUCING BOOKS, PAPERS, DOCUMENTS, ELECTRONICALLY STORED INFORMATION, OR TANGIBLE THINGS.

| TIME N/A | DATE:  June 7, 2013 | ITEMS TO BRING: Any and all medical and billing |
|---|---|---|

PLACE

Leitner, Williams, Dooley & Napolitan, PLLC

414 Union Street, Suite 1900

Bank of America Plaza

Nashville, Tennessee 37219

(OR)

ITEMS TO BRING: Any and all medical and billing records/materials in your possession, copies of **all** medical records, reports, clinical notes, diagnostic test reports, office notes, opinion letters, hospital records, correspondence and any other documentation in your file for all doctors who have seen  Ms. McClendon at your facility for **all** dates of treatment.  In addition to the medical records, please provide us with a complete **itemized billing statement** of any and all charges for Ms. McClendon's treatment at your facility

Jean H. McClendon, DOB: 8/25/1930, SSN: xxx-xx-2420

**You do not need to appear in person but simply produce the requested materials along with the completed and notarized affidavit affirming your compliance with this subpoena.**

☐  ADDITIONAL LIST ATTACHED

| This subpoena is being issued on behalf of:<br><br>☐ PLAINTIFF   ☒ DEFENDANTS Nashville Senior Care, Nashville Healthcare Investors, and Vicki Hartway<br>Attorney: (Name, Address & Telephone Number)<br>D. Randall Mantooth, Esq.<br>Leitner, Williams, Dooley & Napolitan, PLLC<br>Bank of America Plaza<br>414 Union Street, Suite 1900<br>Nashville, Tennessee 37219-1782<br>ATTORNEY'S SIGNATURE: | DATE ISSUED  5-16-13<br><br>*Davidson County*<br>*Circuit Court Clerk*<br><br>BY:<br><br>**DEPUTY CLERK**<br><br>♿  ADA Coordinator, |
|---|---|

DESIGNEE:

DESIGNEE'S SIGNATURE:

{02712900.DOC}

☒ **Medical Records Requested—HIPAA notice required**

## HIPPA NOTICE

A copy of this subpoena has been provided to counsel for the patient or the patient by mail or facsimile on the the 14th day of May, 2013  so as to allow him/her seven (7) days to:

    (A)   Serve the recipient of the subpoena by facsimile with a written objection to the subpoena, with a copy of the notice by facsimile to the party that served the subpoena, and

    (B)   Simultaneously file and serve a motion for a protective order consistent with the requirements of T.R.C.P.26.03, 26.07 and Local Rule §22.10.

If no objection is made within seven (7) days of the above date, you shall process this subpoena and produce the documents by the date and time specified in the subpoena. The signature of counsel or party on the subpoena is certification that the above notice was provided to the patient.

---

## RETURN ON SERVICE

Check one: (1. or 2. are for the return of an authorized officer or attorney; an attorney's return must be sworn to; 3. is for the witness who will acknowledge service and requires the witness's signature.)

1.  ☐  I certify that on the date indicated below I served a copy of this subpoena on the witness stated herein by:

2.  ☐  I failed to serve a copy of this subpoena on the witness because:

3.  ☐  I acknowledge being served with this subpoena on the following date:

---

**Sworn to and subscribe before me this _____ day of _____,20\_\_\_\_**

**DATE OF SERVICE:**

Signature of ☐ Notary Public or ☐ Deputy Clerk
My Commission Expires:

**SIGNATURE OF WITNESS, OFFICE, ATTORNEY OR ATTRNEY'S DESGNEE**

{02712900.DOC}

# IN THE FIRST CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| JEAN H. McCLENDON, | ) | |
| | ) | |
| Plaintiff, | ) | JURY DEMAND |
| | ) | |
| vs. | ) | Docket No. 12C4187 |
| | ) | |
| NASHVILLE SENIOR CARE, LLC | ) | |
| d/b/a McKENDREE VILLAGE; MVI | ) | |
| HOLDINGS, INC. f/k/a McKENDREE | ) | |
| VILLAGE, INC.; McKENDREE | ) | |
| VILLAGE SENIOR CARE | ) | |
| CORPORATION; HEALTH SERVICES | ) | |
| MANAGEMENT GROUP, LLC; | ) | |
| HEALTH SERVICES, INC.; | ) | |
| NASHVILLE HEALTHCARE | ) | |
| INVESTORS, LLC; and VICKI | ) | |
| HARTWAY, in her capacity as | ) | |
| Administrator of McKENDREE | ) | |
| VILLAGE, | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF RECORDS CUSTODIAN OF MATERIALS REQUESTED BY SUBPOENA PURSUANT TO TENN. R. CIV. P. 45.02

I, _____, having been duly sworn, hereby make oath that
<span style="font-size:smaller">PRINTED NAME OF RECORDS CUSTODIAN</span>
the following facts are true and correct and are based upon my personal knowledge:

1.     I am an adult and am in all respects competent to give sworn testimony;

2.     I am the custodian of the materials that have been requested pursuant to the

subpoena duces tecum served on me with this affidavit;

3.     I swear or affirm that the books, papers, documents, or tangible things that I

have produced pursuant to the subpoena duces tecum are authentic to the best of my

knowledge, information, and belief;

4.     The attached records were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of and a business duty to record or transmit those matters;

5.     The attached records were kept in the course of the regularly conducted activity of the entity or person producing these records;

6.     The attached records were made by the regularly conducted activity as a regular practice of the business or person producing these records.

7.     I swear or affirm that all books, papers, documents, or tangible things responsive to the subpoena duces tecum have been produced by me for copying or inspection.

Further affiant sayeth not.

_____
**Signature of Records Custodian for Jean Lessly, M.D.**

**STATE OF** _____ )

**COUNTY OF** _____ )

Sworn to and subscribed before me a notary public for said state and county, this the _____ day of _____, 2013.

_____
**Notary Public**

**MY COMMISSION EXPIRES:**

_____

| State of Tennessee<br>Davidson County<br>Circuit Court | FOR PRODUCTION OF RECORDS ONLY<br>**SUBPOENA**<br>☒ DUCES TECUM<br>☒ MEDICAL RECORDS (SEE HIPPA REQUIREMENT BELOW) | CIVIL ACTION<br><br>DOCKET NO.<br>12C4187 |
|---|---|---|

| PLAINTIFF(s)<br>Jean H. McClendon | DEFENDANT(s)<br>Nashville Senior Care, LLC d/b/a McKendree Village; et al. |
|---|---|

vs

| TO: (Name, Address & Telephone Number of Witness)<br>Tennessee Orthopaedic Alliance<br>Attn: Records Custodian<br>301 21st Avenue North<br>Nashville, Tennessee 37203<br>615-329-6600 | **Method of Service:**<br>☐ Davidson County Sheriff<br>☒ Personal Service<br>☐ Out of County Service |
|---|---|

Pursuant to Tenn. R. Civ. P. 45.02 you are hereby commanded to produce the requested materials and permit inspection, copying, testing, or sampling of these materials by the date indicated below without the need to appear in person at the place of production or inspection. You are also commanded to swear or affirm that the books, papers, documents, electronically stored information, or tangible things are authentic to the best of your knowledge, information and belief and to state whether or not all books, papers, documents, electronically stored information or tangible things responsive to the subpoena have been produced for copying, inspection, testing or sampling. Failure to produce may result in contempt of court, which could result in punishment by fine and/or imprisonment as provided by law.

PURSUANT TO TENN. R. CIV. P. 45.01 THE FAILURE TO FILE A MOTION TO QUASH OR MODIFY WITHIN FOURTEEN DAYS OF SERVICE OF THE SUBPOENA WAIVES ALL OBJECTIONS TO THE SUBPOENA, EXCEPT THE RIGHT TO SEEK THE REASONABLE COST FOR PRODUCING BOOKS, PAPERS, DOCUMENTS, ELECTRONICALLY STORED INFORMATION, OR TANGIBLE THINGS.

| TIME N/A | DATE: June 7, 2013 | ITEMS TO BRING: Any and all medical and billing records/materials in your possession, copies of all medical records, reports, clinical notes, diagnostic test reports, office notes, opinion letters, hospital records, correspondence and any other documentation in your file for all doctors who have seen Ms. McClendon at your facility for all dates of treatment. In addition to the medical records, please provide us with a complete itemized billing statement of any and all charges for Ms. McClendon's treatment at your facility<br><br>Jean H. McClendon, DOB: 8/25/1930, SSN: xxx-xx-2420<br><br>You do not need to appear in person but simply produce the requested materials along with the completed and notarized affidavit affirming your compliance with this subpoena.<br><br>☐ ADDITIONAL LIST ATTACHED |
|---|---|---|
| PLACE<br><br>Leitner, Williams, Dooley & Napolitan, PLLC<br><br>414 Union Street, Suite 1900<br><br>Bank of America Plaza<br><br>Nashville, Tennessee 37219<br><br>(OR) | | |

| This subpoena is being issued on behalf of:<br>☐ PLAINTIFF  ☒ DEFENDANTS Nashville Senior Care, Nashville Healthcare Investors, and Vicki Hartway<br>Attorney: (Name, Address & Telephone Number)<br>D. Randall Mantooth, Esq.<br>Leitner, Williams, Dooley & Napolitan, PLLC<br>Bank of America Plaza<br>414 Union Street, Suite 1900<br>Nashville, Tennessee 37219-1782<br>ATTORNEY'S SIGNATURE: | DATE ISSUED   5-16-13<br><br>Davidson County<br>Circuit Court Clerk<br><br>BY:<br><br>_____<br>DEPUTY CLERK<br><br>♿ ADA Coordinator, |
|---|---|
| DESIGNEE:<br><br>DESIGNEE'S SIGNATURE: | |

{02712928.DOC}

☒ **Medical Records Requested—HIPAA notice required**

### HIPPA NOTICE

A copy of this subpoena has been provided to counsel for the patient or the patient by mail or facsimile on the the 16th day of May, 2013   so as to allow him/her seven (7) days to:

(A)   Serve the recipient of the subpoena by facsimile with a written objection to the subpoena, with a copy of the notice by facsimile to the party that served the subpoena, and

(B)   Simultaneously file and serve a motion for a protective order consistent with the requirements of T.R.C.P.26.03, 26.07 and Local Rule §22.10.

If no objection is made within seven (7) days of the above date, you shall process this subpoena and produce the documents by the date and time specified in the subpoena. The signature of counsel or party on the subpoena is certification that the above notice was provided to the patient.

| RETURN ON SERVICE |
|---|
| Check one: (1. or 2. are for the return of an authorized officer or attorney; an attorney's return must be sworn to; 3. is for the witness who will acknowledge service and requires the witness's signature.) |
| 1.  ☐   I certify that on the date indicated below I served a copy of this subpoena on the witness stated herein by: |
| 2.  ☐   I failed to serve a copy of this subpoena on the witness because: |
| 3.  ☐   I acknowledge being served with this subpoena on the following date: |

| | |
|---|---|
| **Sworn to and subscribe before me this** _____ **day of** _____ **,20** ____ | **DATE OF SERVICE:** |
| _____ Signature of ☐ Notary Public or ☐ Deputy Clerk My Commission Expires: | **SIGNATURE OF WITNESS, OFFICE, ATTORNEY OR ATTRNEY'S DESGNEE** |

{02712928.DOC}

# IN THE FIRST CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| JEAN H. McCLENDON, | ) | |
| | ) | |
| Plaintiff, | ) | JURY DEMAND |
| | ) | |
| vs. | ) | Docket No. 12C4187 |
| | ) | |
| NASHVILLE SENIOR CARE, LLC | ) | |
| d/b/a  McKENDREE VILLAGE; MVI | ) | |
| HOLDINGS, INC. f/k/a McKENDREE | ) | |
| VILLAGE, INC.; McKENDREE | ) | |
| VILLAGE SENIOR CARE | ) | |
| CORPORATION; HEALTH SERVICES | ) | |
| MANAGEMENT GROUP, LLC; | ) | |
| HEALTH SERVICES, INC.; | ) | |
| NASHVILLE HEALTHCARE | ) | |
| INVESTORS, LLC; and VICKI | ) | |
| HARTWAY,  in her capacity as | ) | |
| Administrator of McKENDREE | ) | |
| VILLAGE, | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF RECORDS CUSTODIAN OF MATERIALS REQUESTED BY SUBPOENA PURSUANT TO TENN. R. CIV. P. 45.02

I, _____, having been duly sworn, hereby make oath that
 PRINTED NAME OF RECORDS CUSTODIAN
the following facts are true and correct and are based upon my personal knowledge:

1.     I am an adult and am in all respects competent to give sworn testimony;

2.     I am the custodian of the materials that have been requested pursuant to the subpoena duces tecum served on me with this affidavit;

3.     I swear or affirm that the books, papers, documents, or tangible things that I have produced pursuant to the subpoena duces tecum are authentic to the best of my knowledge, information, and belief;

4.     The attached records were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of and a business duty to record or transmit those matters;

5.     The attached records were kept in the course of the regularly conducted activity of the entity or person producing these records;

6.     The attached records were made by the regularly conducted activity as a regular practice of the business or person producing these records.

7.     I swear or affirm that all books, papers, documents, or tangible things responsive to the subpoena duces tecum have been produced by me for copying or inspection.

Further affiant sayeth not.


_____
**Signature of Records Custodian for
Tennessee Orthopaedic Alliance**


STATE OF _____     )

COUNTY OF _____     )

Sworn to and subscribed before me a notary public for said state and county, this the _____ day of _____, 2013.


_____
**Notary Public**


**MY COMMISSION EXPIRES:**

_____

2

| State of Tennessee<br>Davidson County<br>Circuit Court | FOR PRODUCTION OF RECORDS ONLY<br>**SUBPOENA**<br>☒ DUCES TECUM<br>☒ MEDICAL RECORDS (SEE HIPPA REQUIREMENT BELOW) | CIVIL ACTION<br><br>DOCKET NO.<br>12C4187 |
|---|---|---|

| PLAINTIFF(s)<br>Jean H. McClendon | DEFENDANT(s)<br>Nashville Senior Care, LLC d/b/a McKendree Village; et al. |
|---|---|

vs

| TO: (Name, Address & Telephone Number of Witness)<br>Willowbrook Home Health<br>Attn: Records Custodian<br>1451 Elm Hill Pike<br>Nashville, Tennessee 37210<br>615-366-6060 | **Method of Service:**<br>☐ Davidson County Sheriff<br>☒ Personal Service<br>☐ Out of County Sheriff |
|---|---|

Pursuant to Tenn. R. Civ. P. 45.02 you are hereby commanded to produce the requested materials and permit inspection, copying, testing, or sampling of these materials by the date indicated below without the need to appear in person at the place of production or inspection. You are also commanded to swear or affirm that the books, papers, documents, electronically stored information, or tangible things are authentic to the best of your knowledge, information and belief and to state whether or not all books, papers, documents, electronically stored information or tangible things responsive to the subpoena have been produced for copying, inspection, testing or sampling. Failure to produce may result in contempt of court, which could result in punishment by fine and/or imprisonment as provided by law.

PURSUANT TO TENN. R. CIV. P. 45.01 THE FAILURE TO FILE A MOTION TO QUASH OR MODIFY WITHIN FOURTEEN DAYS OF SERVICE OF THE SUBPOENA WAIVES ALL OBJECTIONS TO THE SUBPOENA, EXCEPT THE RIGHT TO SEEK THE REASONABLE COST FOR PRODUCING BOOKS, PAPERS, DOCUMENTS, ELECTRONICALLY STORED INFORMATION, OR TANGIBLE THINGS.

| TIME N/A | DATE: June 7, 2013 | ITEMS TO BRING: Any and all medical and billing records/materials in your possession, copies of **all** medical records, reports, clinical notes, diagnostic test reports, office notes, opinion letters, hospital records, correspondence and any other documentation in your file for all doctors who have seen Ms. McClendon at your facility for all dates of treatment. In addition to the medical records, please provide us with a complete **itemized billing statement** of any and all charges for Ms. McClendon's treatment at your facility |
|---|---|---|
| PLACE<br><br>Leitner, Williams, Dooley & Napolitan, PLLC<br><br>414 Union Street, Suite 1900<br><br>Bank of America Plaza<br><br>Nashville, Tennessee 37219<br><br><br>(OR) | | Jean H. McClendon, DOB: 8/25/1930, SSN: xxx-xx-2420<br><br>**You do not need to appear in person but simply produce the requested materials along with the completed and notarized affidavit affirming your compliance with this subpoena.**<br><br>☐ ADDITIONAL LIST ATTACHED |

| This subpoena is being issued on behalf of:<br>☐ PLAINTIFF ☒ DEFENDANTS Nashville Senior Care, Nashville Healthcare Investors, and Vicki Hartway<br>Attorney: (Name, Address & Telephone Number)<br>D. Randall Mantooth, Esq.<br>Leitner, Williams, Dooley & Napolitan, PLLC<br>Bank of America Plaza<br>414 Union Street, Suite 1900<br>Nashville, Tennessee 37219-1782<br>ATTORNEY'S SIGNATURE: | DATE ISSUED 5-16-13<br><br>_Davidson County_<br>Circuit Court Clerk<br><br>BY:<br><br>_____<br>DEPUTY CLERK<br><br>&#9855; ADA Coordinator, |
|---|---|
| DESIGNEE:<br><br>DESIGNEE'S SIGNATURE: | |

{02712959.DOC}

Case 3:13-cv-01036   Document 1-1   Filed 09/23/13   Page 36 of 373 PageID #: 40

☒   **Medical Records Requested—HIPAA notice required**

### HIPPA NOTICE

A copy of this subpoena has been provided to counsel for the patient or the patient by mail or facsimile on the the 16th day of May, 2013   so as to allow him/her seven (7) days to:

(A)   Serve the recipient of the subpoena by facsimile with a written objection to the subpoena, with a copy of the notice by facsimile to the party that served the subpoena, and

(B)   Simultaneously file and serve a motion for a protective order consistent with the requirements of T.R.C.P.26.03, 26.07 and Local Rule §22.10.

If no objection is made within seven (7) days of the above date, you shall process this subpoena and produce the documents by the date and time specified in the subpoena. The signature of counsel or party on the subpoena is certification that the above notice was provided to the patient.

---

## RETURN ON SERVICE

Check one: (1. or 2. are for the return of an authorized officer or attorney; an attorney's return must be sworn to; 3. is for the witness who will acknowledge service and requires the witness's signature.)

1.  ☐   I certify that on the date indicated below I served a copy of this subpoena on the witness stated herein by:

2.  ☐   I failed to serve a copy of this subpoena on the witness because:

3.  ☐   I acknowledge being served with this subpoena on the following date:

| | |
|---|---|
| **Sworn to and subscribe before me this _____ day of _____,20_____** | **DATE OF SERVICE:** |
| _____  Signature of ☐ Notary Public or ☐ Deputy Clerk  My Commission Expires: | **SIGNATURE OF WITNESS, OFFICE, ATTORNEY OR ATTRNEY'S DESGNEE** |

{02712959.DOC}

## IN THE FIRST CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE AT NASHVILLE

| | | |
|---|---|---|
| JEAN H. McCLENDON, | ) | |
| | ) | |
| Plaintiff, | ) | **JURY DEMAND** |
| | ) | |
| vs. | ) | **Docket No. 12C4187** |
| | ) | |
| NASHVILLE SENIOR CARE, LLC | ) | |
| d/b/a McKENDREE VILLAGE; MVI | ) | |
| HOLDINGS, INC. f/k/a McKENDREE | ) | |
| VILLAGE, INC.; McKENDREE | ) | |
| VILLAGE SENIOR CARE | ) | |
| CORPORATION; HEALTH SERVICES | ) | |
| MANAGEMENT GROUP, LLC; | ) | |
| HEALTH SERVICES, INC.; | ) | |
| NASHVILLE HEALTHCARE | ) | |
| INVESTORS, LLC; and VICKI | ) | |
| HARTWAY, in her capacity as | ) | |
| Administrator of McKENDREE | ) | |
| VILLAGE, | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF RECORDS CUSTODIAN OF MATERIALS REQUESTED BY SUBPOENA PURSUANT TO TENN. R. CIV. P. 45.02

I, _____, having been duly sworn, hereby make oath that
      PRINTED NAME OF RECORDS CUSTODIAN
the following facts are true and correct and are based upon my personal knowledge:

    1.    I am an adult and am in all respects competent to give sworn testimony;

    2.    I am the custodian of the materials that have been requested pursuant to the

subpoena duces tecum served on me with this affidavit;

    3.    I swear or affirm that the books, papers, documents, or tangible things that I

have produced pursuant to the subpoena duces tecum are authentic to the best of my

knowledge, information, and belief;

4.     The attached records were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of and a business duty to record or transmit those matters;

5.     The attached records were kept in the course of the regularly conducted activity of the entity or person producing these records;

6.     The attached records were made by the regularly conducted activity as a regular practice of the business or person producing these records.

7.     I swear or affirm that all books, papers, documents, or tangible things responsive to the subpoena duces tecum have been produced by me for copying or inspection.

Further affiant sayeth not.


_____
**Signature of Records Custodian for**
**Willowbrook Home Health**


STATE OF _____     )

COUNTY OF _____     )

Sworn to and subscribed before me a notary public for said state and county, this the _____ day of _____, 2013.


_____
**Notary Public**


**MY COMMISSION EXPIRES:**

_____

2

| State of Tennessee<br>Davidson County<br>Circuit Court | FOR PRODUCTION OF RECORDS ONLY<br>**SUBPOENA**<br>☒ DUCES TECUM<br>☒ MEDICAL RECORDS (SEE HIPPA REQUIREMENT BELOW) | CIVIL ACTION<br><br>DOCKET NO.<br>12C4187 |
| --- | --- | --- |

| PLAINTIFF(s)<br>Jean H. McClendon | DEFENDANT(s)<br>Nashville Senior Care, LLC d/b/a McKendree Village; et al. |
| --- | --- |

vs

| TO: (Name, Address & Telephone Number of Witness)<br>Summit Medical Center<br>Attn: Records Custodian<br>5655 Frist Boulevard<br>Hermitage, Tennessee 37076<br>615-316-3000 | **Method of Service:**<br>☐ Davidson County Sheriff<br>☒ Personal Service<br>☐ Out of County Sheriff |
| --- | --- |

Pursuant to Tenn. R. Civ. P. 45.02 you are hereby commanded to produce the requested materials and permit inspection, copying, testing, or sampling of these materials by the date indicated below without the need to appear in person at the place of production or inspection. You are also commanded to swear or affirm that the books, papers, documents, electronically stored information, or tangible things are authentic to the best of your knowledge, information and belief and to state whether or not all books, papers, documents, electronically stored information or tangible things responsive to the subpoena have been produced for copying, inspection, testing or sampling. Failure to produce may result in contempt of court, which could result in punishment by fine and/or imprisonment as provided by law.

PURSUANT TO TENN. R. CIV. P. 45.01 THE FAILURE TO FILE A MOTION TO QUASH OR MODIFY WITHIN FOURTEEN DAYS OF SERVICE OF THE SUBPOENA WAIVES ALL OBJECTIONS TO THE SUBPOENA, EXCEPT THE RIGHT TO SEEK THE REASONABLE COST FOR PRODUCING BOOKS, PAPERS, DOCUMENTS, ELECTRONICALLY STORED INFORMATION, OR TANGIBLE THINGS.

| TIME N/A | DATE: June 7, 2013 | ITEMS TO BRING: Any and all medical and billing records/materials in your possession, copies of **all** medical records, reports, clinical notes, diagnostic test reports, office notes, opinion letters, hospital records, correspondence and any other documentation in your file for all doctors who have seen Ms. McClendon at your facility for **all** dates of treatment. In addition to the medical records, please provide us with a complete **itemized billing statement** of any and all charges for Ms. McClendon's treatment at your facility<br><br>Jean H. McClendon, DOB: 8/25/1930, SSN: xxx-xx-2420<br><br>**You do not need to appear in person but simply produce the requested materials along with the completed and notarized affidavit affirming your compliance with this subpoena.** |
| --- | --- | --- |
| PLACE<br><br>Leitner, Williams, Dooley & Napolitan, PLLC<br><br>414 Union Street, Suite 1900<br><br>Bank of America Plaza<br><br>Nashville, Tennessee 37219<br><br><br>(OR) | | |
| | | ☐ ADDITIONAL LIST ATTACHED |

| This subpoena is being issued on behalf of:<br><br>☐ PLAINTIFF    ☒ DEFENDANTS Nashville Senior Care, Nashville Healthcare Investors, and Vicki Hartway<br><br>Attorney: (Name, Address & Telephone Number)<br><br>D. Randall Mantooth, Esq.<br><br>Leitner, Williams, Dooley & Napolitan, PLLC<br><br>Bank of America Plaza<br><br>414 Union Street, Suite 1900<br><br>Nashville, Tennessee 37219-1782<br><br>ATTORNEY'S SIGNATURE: *[signature]*<br><br>DESIGNEE:<br><br><br>DESIGNEE'S SIGNATURE: | DATE ISSUED  5-16-13<br><br><u>Davidson County</u><br>Circuit Court Clerk<br><br>BY:<br><br>*[signature]* M Morman<br>DEPUTY CLERK<br><br>♿ ADA Coordinator, |
| --- | --- |

{02712947.DOC}

☒ **Medical Records Requested—HIPAA notice required**

## HIPPA NOTICE

℔ A copy of this subpoena has been provided to counsel for the patient or the patient by mail or facsimile on the the 14th day of May, 2013   so as to allow him/her seven (7) days to:

(A)   Serve the recipient of the subpoena by facsimile with a written objection to the subpoena, with a copy of the notice by facsimile to the party that served the subpoena, and

(B)   Simultaneously file and serve a motion for a protective order consistent with the requirements of T.R.C.P.26.03, 26.07 and Local Rule §22.10.

If no objection is made within seven (7) days of the above date, you shall process this subpoena and produce the documents by the date and time specified in the subpoena. The signature of counsel or party on the subpoena is certification that the above notice was provided to the patient.

---

| RETURN ON SERVICE |
|---|

Check one: (1. or 2. are for the return of an authorized officer or attorney; an attorney's return must be sworn to; 3. is for the witness who will acknowledge service and requires the witness's signature.)

1.  ☐  I certify that on the date indicated below I served a copy of this subpoena on the witness stated herein by:

2.  ☐  I failed to serve a copy of this subpoena on the witness because:

3.  ☐  I acknowledge being served with this subpoena on the following date:

| **Sworn to and subscribe before me this** _____ **day of** _____,20\_\_\_\_ | **DATE OF SERVICE:** |
|---|---|
| _____ <br> Signature of ☐ Notary Public or ☐ Deputy Clerk <br> My Commission Expires: | **SIGNATURE OF WITNESS, OFFICE, ATTORNEY OR ATTRNEY'S DESGNEE** |

{02712947.DOC}

# IN THE FIRST CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| JEAN H. McCLENDON, | ) | |
| | ) | |
| Plaintiff, | ) | JURY DEMAND |
| | ) | |
| vs. | ) | Docket No. 12C4187 |
| | ) | |
| NASHVILLE SENIOR CARE, LLC | ) | |
| d/b/a McKENDREE VILLAGE; MVI | ) | |
| HOLDINGS, INC. f/k/a McKENDREE | ) | |
| VILLAGE, INC.; McKENDREE | ) | |
| VILLAGE SENIOR CARE | ) | |
| CORPORATION; HEALTH SERVICES | ) | |
| MANAGEMENT GROUP, LLC; | ) | |
| HEALTH SERVICES, INC.; | ) | |
| NASHVILLE HEALTHCARE | ) | |
| INVESTORS, LLC; and VICKI | ) | |
| HARTWAY, in her capacity as | ) | |
| Administrator of McKENDREE | ) | |
| VILLAGE, | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF RECORDS CUSTODIAN OF MATERIALS REQUESTED BY SUBPOENA PURSUANT TO TENN. R. CIV. P. 45.02

I, _____, having been duly sworn, hereby make oath that

PRINTED NAME OF RECORDS CUSTODIAN

the following facts are true and correct and are based upon my personal knowledge:

1.    I am an adult and am in all respects competent to give sworn testimony;

2.    I am the custodian of the materials that have been requested pursuant to the subpoena duces tecum served on me with this affidavit;

3.    I swear or affirm that the books, papers, documents, or tangible things that I have produced pursuant to the subpoena duces tecum are authentic to the best of my knowledge, information, and belief;

4.     The attached records were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of and a business duty to record or transmit those matters;

5.     The attached records were kept in the course of the regularly conducted activity of the entity or person producing these records;

6.     The attached records were made by the regularly conducted activity as a regular practice of the business or person producing these records.

7.     I swear or affirm that all books, papers, documents, or tangible things responsive to the subpoena duces tecum have been produced by me for copying or inspection.

Further affiant sayeth not.


_____
**Signature of Records Custodian for
Summit Medical Center**


STATE OF _____  )

COUNTY OF _____  )

Sworn to and subscribed before me a notary public for said state and county, this the _____ day of _____, 2013.


_____
**Notary Public**


**MY COMMISSION EXPIRES:**

_____

2

| State of Tennessee<br>Davidson County<br>Circuit Court | **FOR PRODUCTION OF RECORDS ONLY**<br>**SUBPOENA**<br>☒ DUCES TECUM<br>☒ MEDICAL RECORDS (SEE HIPPA REQUIREMENT BELOW) | **CIVIL ACTION**<br><br>**DOCKET NO.**<br>12C4187 |
|---|---|---|

| PLAINTIFF(s)<br>Jean H. McClendon | DEFENDANT(s)<br>Nashville Senior Care, LLC d/b/a McKendree Village; et al. |
|---|---|

vs

| TO: (Name, Address & Telephone Number of Witness)<br>John Williams, M.D.<br>Attn: Records Custodian<br>300 20th Avenue North<br>Nashville, Tennessee 37203<br>615-284-1400 | **Method of Service:**<br>☐ Davidson County Sheriff<br>☒ Personal Service<br>☐ Out of County Sheriff |
|---|---|

Pursuant to Tenn. R. Civ. P. 45.02 you are hereby commanded to produce the requested materials and permit inspection, copying, testing, or sampling of these materials by the date indicated below without the need to appear in person at the place of production or inspection. You are also commanded to swear or affirm that the books, papers, documents, electronically stored information, or tangible things are authentic to the best of your knowledge, information and belief and to state whether or not all books, papers, documents, electronically stored information or tangible things responsive to the subpoena have been produced for copying, inspection, testing or sampling. Failure to produce may result in contempt of court, which could result in punishment by fine and/or imprisonment as provided by law.

**PURSUANT TO TENN. R. CIV. P. 45.01 THE FAILURE TO FILE A MOTION TO QUASH OR MODIFY WITHIN FOURTEEN DAYS OF SERVICE OF THE SUBPOENA WAIVES ALL OBJECTIONS TO THE SUBPOENA, EXCEPT THE RIGHT TO SEEK THE REASONABLE COST FOR PRODUCING BOOKS, PAPERS, DOCUMENTS, ELECTRONICALLY STORED INFORMATION, OR TANGIBLE THINGS.**

| TIME N/A | DATE: June 7, 2013 | **ITEMS TO BRING:** Any and all medical and billing records/materials in your possession, copies of **all** medical records, reports, clinical notes, diagnostic test reports, office notes, opinion letters, hospital records, correspondence and any other documentation in your file for all doctors who have seen Ms. McClendon at your facility for **all** dates of treatment. In addition to the medical records, please provide us with a complete **itemized billing statement** of any and all charges for Ms. McClendon's treatment at your facility |
|---|---|---|
| **PLACE**<br><br>Leitner, Williams, Dooley & Napolitan, PLLC<br><br>414 Union Street, Suite 1900<br><br>Bank of America Plaza<br><br>Nashville, Tennessee 37219<br><br><br>(OR) | | |

Jean H. McClendon, DOB: 8/25/1930, SSN: xxx-xx-2420

**You do not need to appear in person but simply produce the requested materials along with the completed and notarized affidavit affirming your compliance with this subpoena.**

☐  ADDITIONAL LIST ATTACHED

| This subpoena is being issued on behalf of:<br><br>☐ PLAINTIFF   ☒ DEFENDANTS Nashville Senior Care, Nashville Healthcare Investors, and Vicki Hartway<br>Attorney: (Name, Address & Telephone Number)<br>D. Randall Mantooth, Esq.<br>Leitner, Williams, Dooley & Napolitan, PLLC<br>Bank of America Plaza<br>414 Union Street, Suite 1900<br>Nashville, Tennessee 37219-1782<br>ATTORNEY'S SIGNATURE: | DATE ISSUED  5-16-13<br><br>Davidson County<br>Circuit Court Clerk<br><br>BY:<br><br>_____<br>DEPUTY CLERK<br><br>♿  ADA Coordinator, |
|---|---|
| DESIGNEE:<br><br><br>DESIGNEE'S SIGNATURE: | |

{02713092.DOC}

Case 3:13-cv-01036   Document 1-1   Filed 09/23/13   Page 44 of 373 PageID #: 48

☒ **Medical Records Requested—HIPAA notice required**

## HIPPA NOTICE

A copy of this subpoena has been provided to counsel for the patient or the patient by mail or facsimile on the the 14th day of May, 2013   so as to allow him/her seven (7) days to:

(A)   Serve the recipient of the subpoena by facsimile with a written objection to the subpoena, with a copy of the notice by facsimile to the party that served the subpoena, and

(B)   Simultaneously file and serve a motion for a protective order consistent with the requirements of T.R.C.P.26.03, 26.07 and Local Rule §22.10.

If no objection is made within seven (7) days of the above date, you shall process this subpoena and produce the documents by the date and time specified in the subpoena. The signature of counsel or party on the subpoena is certification that the above notice was provided to the patient.

| RETURN ON SERVICE |
|---|
| Check one: (1. or 2. are for the return of an authorized officer or attorney; an attorney's return must be sworn to; 3. is for the witness who will acknowledge service and requires the witness's signature.) |
| 1. ☐ I certify that on the date indicated below I served a copy of this subpoena on the witness stated herein by: |
| 2. ☐ I failed to serve a copy of this subpoena on the witness because: |
| 3. ☐ I acknowledge being served with this subpoena on the following date: |

| **Sworn to and subscribe before me this** _____ **day of** _____,20_____ | **DATE OF SERVICE:** |
|---|---|
| _____ Signature of ☐ Notary Public or ☐ Deputy Clerk My Commission Expires: | **SIGNATURE OF WITNESS, OFFICE, ATTORNEY OR ATTRNEY'S DESGNEE** |

{02713092.DOC}

# IN THE FIRST CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| JEAN H. McCLENDON, | ) | |
| | ) | |
| Plaintiff, | ) | **JURY DEMAND** |
| | ) | |
| vs. | ) | **Docket No. 12C4187** |
| | ) | |
| NASHVILLE SENIOR CARE, LLC | ) | |
| d/b/a McKENDREE VILLAGE; MVI | ) | |
| HOLDINGS, INC. f/k/a McKENDREE | ) | |
| VILLAGE, INC.; McKENDREE | ) | |
| VILLAGE SENIOR CARE | ) | |
| CORPORATION; HEALTH SERVICES | ) | |
| MANAGEMENT GROUP, LLC; | ) | |
| HEALTH SERVICES, INC.; | ) | |
| NASHVILLE HEALTHCARE | ) | |
| INVESTORS, LLC; and VICKI | ) | |
| HARTWAY, in her capacity as | ) | |
| Administrator of McKENDREE | ) | |
| VILLAGE, | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF RECORDS CUSTODIAN OF MATERIALS REQUESTED BY SUBPOENA PURSUANT TO TENN. R. CIV. P. 45.02

I, _____, having been duly sworn, hereby make oath that
<u>PRINTED NAME OF RECORDS CUSTODIAN</u>
the following facts are true and correct and are based upon my personal knowledge:

1. I am an adult and am in all respects competent to give sworn testimony;

2. I am the custodian of the materials that have been requested pursuant to the subpoena duces tecum served on me with this affidavit;

3. I swear or affirm that the books, papers, documents, or tangible things that I have produced pursuant to the subpoena duces tecum are authentic to the best of my knowledge, information, and belief;

4.     The attached records were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of and a business duty to record or transmit those matters;

5.     The attached records were kept in the course of the regularly conducted activity of the entity or person producing these records;

6.     The attached records were made by the regularly conducted activity as a regular practice of the business or person producing these records.

7.     I swear or affirm that all books, papers, documents, or tangible things responsive to the subpoena duces tecum have been produced by me for copying or inspection.

Further affiant sayeth not.


_____
**Signature of Records Custodian for
John Williams, M.D.**


**STATE OF** _____ )

**COUNTY OF** _____ )

Sworn to and subscribed before me a notary public for said state and county, this the _____ day of _____, 2013.


_____
**Notary Public**


**MY COMMISSION EXPIRES:**

_____

2

Copy

Copy

# IN THE CIRCUIT COURT OF TENNESSEE FOR THE
## TWENTIETH JUDICIAL DISTRICT AT NASHVILLE, DAVIDSON COUNTY

Jean H. McClendon,

        Plaintiff,

v.

Nashville Senior Care, LLC d/b/a McKendree
Village; Nashville Healthcare Investors, LLC;
and Vicki Hartway, in her capacity as
Administrator of McKendree Village,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)

Cause No. 12C4187
Jury Demanded

---

## PLAINTIFF'S RESPONSES TO DEFENDANT NASHVILLE SENIOR CARE, LLC'S
## FIRST REQUESTS FOR ADMISSION

---

COMES NOW Jean H. McClendon (Plaintiff), and makes the following Responses to
Defendant Nashville Senior Care, LLCs' First Requests for Admission.

### OVERVIEW AND GENERAL OBJECTIONS

These responses are not intended to, nor should they be construed as affecting waivers as
to any objection that Plaintiff may have in relation to the relevance, materiality, admissibility,
privilege, or competence of the various discovery propounded or of the information or
documents identified herein. On the contrary, these responses are intended to preserve and do, in
fact, preserve all of Plaintiff's rights to object on any grounds at any time to the discovery itself
or to the use of information gained through this discovery in this litigation.

Plaintiff further reserves the right to object to additional discovery addressed to matters
covered by this discovery request, whether or not answers are furnished herein. Plaintiff



expressly reserves the right to supplement, revise, add to, clarify, or correct any answers or responses herein.

To the extent this discovery requests any information that constitutes or is a part of Plaintiff's or Plaintiff's attorneys' work product, Plaintiff objects.

To the extent this discovery requests any information that constitutes or is a part of any confidential or privileged matter, Plaintiff objects.

Objection is made to the definitions and instructions used in and throughout this discovery on the grounds that the definitions and instructions, individually and/or jointly, are too vague, ambiguous, and overly broad, and are outside the permissible scope of discovery. To the extent any instruction or definition, individually and/or jointly, or in conjunction with any discovery request, exceeds or attempts to exceed what is permissible discovery under the Tennessee Rules of Civil Procedure or otherwise, objection is made. For purposes of this response, Plaintiff shall give all terms and phrases contained in the discovery its ordinary and customary meaning and shall fully comply with the Tennessee Rules of Civil Procedure regarding responding to discovery. This objection applies to each definition and each instruction contained in this discovery, and is incorporated by reference into all individual responses and objections set out below.

Objection is made to any instruction requiring Plaintiff to respond to Defendants' discovery requests individually, inasmuch as such instruction is unfounded, constitutes harassment, and exceeds the scope of permissible discovery.

## REQUEST FOR ADMISSION

**REQUEST NO. 1:** Plaintiff's compensatory damages as a result of Defendants' alleged negligence in this case do not exceed $75,000.00.

2

**RESPONSE:**

Denied.

**REQUEST NO. 2:** To the extent that Plaintiff demonstrates that an award of punitive damages is appropriate in this case, the amount of any such award should not exceed $75,000.00.

**RESPONSE:**

Denied.

Respectfully submitted,

**WILKES & McHUGH, P.A.**

By: _____

Cameron C. Jehl (BPR#18729)
Carey L. Acerra (BPR#23464)
60 South Main Street, Suite 101
Memphis, Tennessee 38103
Telephone Number:   901-322-4232
Facsimile Number:   901-322-4231

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document has been sent on this __14__ day of May, 2013, via United States Mail, with sufficient postage affixed to ensure delivery, to the following:

D. Randall Mantooth, Esq.
Leitner, Williams, Dooley
  & Napolitan, PLLC
Bank of America Plaza
414 Union Street, Suite 1900
Nashville, TN 37901

Robert E. Cooper, Jr.
Tennessee Attorney General
425 Fifth Avenue North
Post Office Box 20207
Nashville, TN 37202-0207

_____
Attorney for Plaintiff

3

# DAVIDSON COUNTY FIRST CIRCUIT COURT PLEADINGS BINDER I OF II

## Jean H. McClendon vs. Nashville Senior Care, LLC d/b/a McKendree Village; MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation; Health Services Management Group, LLC; Health Services, Inc.; Nashville Healthcare Investors, LLC; and Vicki Hartway, in her capacity as Administrator of McKendree Village

## Docket No. 12C4187

## LWDN No. 8679-85

{02616356.DOC}

| | Defendant Vicki Hartway | |
|---|---|---|
| 21 | Statement of Material Facts in Support of Motion for Summary Judgment by Defendant Vicki Hartway | 4-18-13 |
| 22 | Affidavit of Stacey Vail | 4-18-13 |
| d | Defendant Nashville Senior Care, LLC's First Interrogatories to Plaintiff | 4-19-13 |
| e | Defendant Nashville Senior Care, LLC's First RQAD to Plaintiff | 4-19-13 |
| f | Defendant Nashville Senior Care, LLC's First RQPD to Plaintiff | 4-19-13 |
| g | Defendant Nashville Senior Care, LLC's Second Interrogatories to Plaintiff | 5-1-13 |
| h | Defendant Nashville Senior Care, LLC's Second RQPD to Plaintiff | 5-1-13 |
| | | |
| | Binder II of II | |
| | | |
| 23 | Plaintiff's Responses to Defendant Nashville Senior Care, LLC's First RQAD | 5-14-13 |
| 24 | Subpoena to John Williams, M.D. | 5-16-13 |
| 25 | Subpoena to Summit Medical Center | 5-16-13 |
| 26 | Subpoena to Willowbrook Home Health | 5-16-13 |
| 27 | Subpoena to Tennessee Orthopaedic Alliance | 5-16-13 |
| 28 | Subpoena to Jean Lessly, M.D. | 5-16-13 |
| 29 | Subpoena to Rehab Solutions, Inc. | 5-16-13 |
| 30 | Subpoena to Centennial Medical Center | 5-16-13 |
| 31 | Subpoena to Baptist Hospital | 5-16-13 |
| 32 | Defendant Vicki Hartway's Notice of New Hearing Date | 5-30-13 |
| 33 | Agreed Order Granting Leave of Court to Propound Additional Interrogatories | 6-18-13 |
| 34 | Notice of New Hearing Date on Motion for Summary Judgment by Defendant Vicki Hartway | 6-26-13 |
| 35 | Notice of New Hearing Date on Motion for Summary Judgment by Defendant Vicki Hartway | 7-25-13 |
| 36 | State of Tennessee's Motion to Intervene as a Matter of Right | 8-23-13 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

{02616349.DOC}

**Pleadings**
**LWDN No. <u>008679-000085</u>**
**QBE/Nashville Senior Care/Jean McClendon**

<u>Jean H. McClendon vs. Nashville Senior Care, LLC d/b/a McKendree Village; MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation; Health Services Management Group, LLC; Health Services, Inc.; Nashville Healthcare Investors, LLC; and Vicki Hartway, in her capacity as Administrator of McKendree Village</u>

| NO. | | Rec'd |
|---|---|---|
| | **Binder I of II** | |
| | | |
| 1 | **Complaint** | **10-17-12** |
| 2 | **Certificate of Good Faith** | **10-17-12** |
| 3 | **Affidavit of Service with Certificate of Mailing (with exhibits)** | **10-17-12** |
| 4 | **Summons to Nashville Senior Care, LLC** | **10-17-12** |
| 5 | **Summons to MVI Holdings, Inc.** | **10-17-12** |
| 6 | **Summons to McKendree Village Senior Care Corporation** | **10-17-12** |
| 7 | **Summons to Health Services Management Group, LLC** | **10-17-12** |
| 8 | **Summons to Health Services, Inc.** | **10-17-12** |
| 9 | **Summons to Nashville Healthcare Investors, LLC** | **10-17-12** |
| 10 | **Summons to Vicki Hartway** | **10-17-12** |
| 11 | **Motion for Default Judgment (with exhibits)** | **3-1-13** |
| 12 | **Notice of Entry of Appearance (LWDN)** | **3-13-13** |
| 13 | **Response by Defendants Nashville Senior Care, LLC, Nashville Healthcare Investors, LLC, and Vicki Hartway to Plaintiff's Motion for Default Judgment** | **3-18-13** |
| 14 | **Notice of Voluntary Dismissal as to Certain Defendants Only** | **3-20-13** |
| a | **First Interrogatories to Nursing Home Defendants** | **3-20-13** |
| b | **First Requests to Produce to Nursing Home Defendants** | **3-20-13** |
| c | **First Interrogatories and RQPD to Separate Defendant, Vicki Hartway** | **3-20-13** |
| 15 | **Order of Voluntary Dismissal Without Prejudice as to Certain Defendants Only** | **3-28-13** |
| 16 | **Agreed Order Allowing Certain Defendants Enlargement of Time to Respond to Complaint** | **3-28-13** |
| 17 | **Defendants Nashville Senior Care, LLC and Nashville Healthcare Investors, LLC's Answer to Complaint** | **4-10-13** |
| 18 | **Defendant Vicki Hartway's Answer to Complaint** | **4-10-13** |
| 19 | **Motion for Summary Judgment by Defendant Vicki Hartway** | **4-18-13** |
| 20 | **Memo of Law in Support of Motion for Summary Judgment by** | **4-18-13** |

{02616349.DOC}

## IN THE FIRST CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| JEAN H. McCLENDON, | ) | |
| | ) | |
| Plaintiff, | ) | **JURY DEMAND** |
| | ) | |
| vs. | ) | **Docket No. 12C4187** |
| | ) | |
| NASHVILLE SENIOR CARE, LLC | ) | |
| d/b/a McKENDREE VILLAGE; MVI | ) | |
| HOLDINGS, INC. f/k/a McKENDREE | ) | |
| VILLAGE, INC.; McKENDREE | ) | |
| VILLAGE SENIOR CARE | ) | |
| CORPORATION; HEALTH SERVICES | ) | |
| MANAGEMENT GROUP, LLC; | ) | |
| HEALTH SERVICES, INC.; | ) | |
| NASHVILLE HEALTHCARE | ) | |
| INVESTORS, LLC; and VICKI | ) | |
| HARTWAY, in her capacity as | ) | |
| Administrator of McKENDREE | ) | |
| VILLAGE, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT NASHVILLE SENIOR CARE, LLC'S
## SECOND REQUEST FOR PRODUCTION TO PLAINTIFF

Comes Defendant Nashville Senior Care, LLC, by and through counsel, pursuant to

Rule 34 of the Tennessee Rules of Civil Procedure, and requests that Plaintiff's attorney

produce the following materials for inspection and/or copying or produce true and correct

copies thereof within thirty (30) days of service of this request.

When producing exhibits or materials in response to these requests for production, it

is not sufficient to simply state "See the attached" exhibits or materials. Instead, any

exhibits or materials produced in response to these requests for production should be

specifically identified with the use of labels or another method so that this Defendant's

attorney can specifically ascertain to which request for production each set of exhibits or

materials relate.

Said documents can be produced at the office of this Defendant's attorneys, Leitner, Williams, Dooley & Napolitan, PLLC, Bank of America Plaza, 414 Union Street, Suite 1900, Nashville, Tennessee 37219-1782 or true and correct copies thereof mailed to the undersigned attorney.

## REQUEST FOR PRODUCTION OF DOCUMENTS

2.      Any and all records pertaining to the examination, diagnosis, care, or treatment of Plaintiff Jean H. McClendon arising from or relating to injuries allegedly caused to her as a result of the incidents alleged in the Complaint.

   **RESPONSE:**

3.      Any and all medical bills, hospital bills, physicians' bills, pharmacy bills, or other documentation of medical or mental health expenses pertaining to the examination, diagnosis, care, or treatment of Plaintiff Jean H. McClendon which she received or is receiving relating to her injuries alleged in the Complaint.

   **RESPONSE:**

4.      All records, including but not limited to, notes, correspondence, insurance claim forms, invoices, expense statements, and narrative descriptions, relating to or arising from any injuries, mental conditions, or medical conditions suffered by Plaintiff Jean H. McClendon within the past fifteen years.

   **RESPONSE:**

2

5. Any and all photographs, videos, maps, drawings, diagrams or other visual depictions relevant to the subject matter involved in this action.

   **RESPONSE:**

6. Any and all materials which support or tend to support the compensatory damages allegedly sustained by Plaintiff Jean H. McClendon for which relief is sought in the Complaint.

   **RESPONSE:**

7. Any and all materials which support or tend to support the punitive damages allegedly sustained by Plaintiff Jean H. McClendon for which relief is sought in the Complaint.

   **RESPONSE:**

8. Any and all materials which support or relate to your claim that any Defendant breached a legal duty to Plaintiff for which relief is sought in the Complaint.

   **RESPONSE:**

9. Statements of any Defendant, any Defendant representative, any employee of any Defendant, or any former employee of any Defendant, whether written, recorded, or

3

otherwise memorialized.

**RESPONSE:**

10.    Any reports or other documentation or materials prepared by any expert witness whose testimony you intend to present at trial, including draft reports, notes, and related materials.

**RESPONSE:**

11.    Any curriculum vitae and marketing materials you have for each expert witness whose testimony you intend to present at trial.

**RESPONSE:**

12.    All state, federal, local, and other income tax forms filed by Plaintiff Jean H. McClendon in all years from 2005 to the present.

**RESPONSE:**

13.    The original of the attached Medical Records Release Authorization completed, initialed, and signed by Plaintiff. (This Defendant's attorney will promptly provide a copy of all documents obtained with the use of a properly completed authorization to Plaintiff's attorney at no cost).

4

**RESPONSE:**

14. An original of the attached authorization for the release of employment records completed and signed by Plaintiff. (This Defendant's attorney will promptly provide a copy of all documents obtained with the use of a properly completed authorization to Plaintiff's attorney at no cost).

**RESPONSE:**

15. Any materials that would tend to impeach the testimony of any Defendant, any Defendant representative, or employees, agents, or anyone else associated or formerly associated with any Defendant.

**RESPONSE:**

16. Any audio recordings relevant to the subject matter of this case.

**RESPONSE:**

17. Any physical evidence related to the subject matter of this case.

**RESPONSE:**

5

18. Any written or recorded statements taken from any current or former employee or representative of any Defendant.

    **RESPONSE:**

19. Any written or recorded statements of persons other than persons associated or formerly associated with any Defendant related to the subject matter of this case.

    **RESPONSE:**

20. Materials reflecting any payments made for any medical or mental health treatment or evaluations Jean H. McClendon received as a result of her alleged injuries in this case.

    **RESPONSE:**

21. Materials reflecting any amounts Plaintiff was paid to reimburse her for lost time from work caused by her alleged injuries in this case.

    **RESPONSE:**

22. Materials reflecting any payments that have been made by any third party related to medical or mental health treatment received by Plaintiff Jean H. McClendon for her

6

injuries in this case, including, but not limited to, Medicare, TennCare, or private insurance.

**RESPONSE:**

23. Materials reflecting any expenditures on behalf of Jean H. McClendon related to the incident in this case which were not produced in response to the above requests for production.

**RESPONSE:**

24. All McKendree Village documents or papers received at or before admission.

**RESPONSE:**

25. All McKendree Village documents received any time after admission or discharge.

**RESPONSE:**

26. Any and all documents relating to any benefits of any kind the patient has received as a result of the alleged incidents, including, but not limited to, all documentation of collateral source payments, discounts, write-downs, write-offs, deductions, co-payments, and deductibles.

7

**RESPONSE:**

27.　Any photographs or videotapes depicting Ms. McClendon while she was a resident of McKendree Village.

**RESPONSE:**

28.　Any written communications to or from any Defendant which are relevant to the subject matter of this action.

**RESPONSE:**

29.　Any written communication to or from any state or federal agency or department which are relevant to the subject matter of this action.

**RESPONSE:**

30.　Any investigative reports which are relevant to the subject matter of this action.

**RESPONSE:**

31.　Any notes, memoranda, diary entries or other documents prepared by you or any other member of your family which are relevant to the subject matter of this action.

8

**RESPONSE:**

32.     All notes, diagrams, letters, memos, reports, photos and documents of any type which are relevant to the subject matter of this action that have been reviewed or generated by or for any expert or healthcare provider expected to testify in this case.

       **RESPONSE:**

33.     Copies of any hospital liens, and any Medicare, Medicaid, and subrogation agreements of every type, (including but not limited to any assignments to insurers, providers of medical services, etc.); correspondence and notices from providers of medical services, pension funds, and/or healthcare providers claiming subrogation or reimbursement rights; and notices of claims of subrogation of every type related to medical care or treatment rendered to Ms. McClendon in relation to injuries allegedly caused by Defendants.

       **RESPONSE:**

34.     All written material in your or your attorney's possession, custody or control created by or obtained from any Defendant or any Defendant's officers, employees, or agents other than as produced by any Defendant to you in this matter.

9

**RESPONSE:**

35.     All standards, guidelines, or recommendations related to the care and treatment of

nursing home residents or the operation of nursing facilities or skilled nursing

facilities which you contend that any Defendant failed to follow.

**RESPONSE:**

Respectfully submitted,

**LEITNER, WILLIAMS, DOOLEY
& NAPOLITAN, PLLC**

By: _____

**D. Randall Mantooth**
BPRN 013875
Bank of America Plaza
414 Union Street, Suite 1900
Nashville, Tennessee  37219-1782
(615) 255-7722
Email: randy.mantooth@leitnerfirm.com

Attorneys for Nashville Senior Care, LLC,
Nashville Healthcare Investors, LLC, and
Vicki Hartway

10

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded via U.S. Mail, postage prepaid, to:

Cameron C. Jehl, Esq.
Carey L. Acerra, Esq.
Wilkes & McHugh, P.A.
60 South Main Street, Suite 101
Memphis, Tennessee 38103

Robert E. Cooper Jr., Esq.
Tennessee Attorney General
425 Fifth Avenue North
P.O. Box 20207
Nashville, Tennessee 37202-0207

this the 1st day of May , 2013.

By:_____

**D. Randall Mantooth**

11

# IN THE FIRST CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| JEAN H. McCLENDON, | ) | |
| | ) | |
| Plaintiff, | ) | JURY DEMAND |
| | ) | |
| vs. | ) | Docket No. 12C4187 |
| | ) | |
| NASHVILLE SENIOR CARE, LLC | ) | |
| d/b/a McKENDREE VILLAGE; MVI | ) | |
| HOLDINGS, INC. f/k/a McKENDREE | ) | |
| VILLAGE, INC.; McKENDREE | ) | |
| VILLAGE SENIOR CARE | ) | |
| CORPORATION; HEALTH SERVICES | ) | |
| MANAGEMENT GROUP, LLC; | ) | |
| HEALTH SERVICES, INC.; | ) | |
| NASHVILLE HEALTHCARE | ) | |
| INVESTORS, LLC; and VICKI | ) | |
| HARTWAY, in her capacity as | ) | |
| Administrator of McKENDREE | ) | |
| VILLAGE, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT NASHVILLE SENIOR CARE, LLC'S
## SECOND INTERROGATORIES TO PLAINTIFF

Comes Defendant Nashville Senior Care, LLC, by and through counsel, pursuant to Rule 33 of the Tennessee Rules of Civil Procedure, and serves the following interrogatories upon Plaintiff Jean H. McClendon to be answered within thirty (30) days of the date when this document is served upon counsel for Plaintiff.

When producing exhibits or materials in response to these interrogatories, it is not sufficient to simply state "See the attached" exhibits or materials. Instead, any exhibits or materials produced in response to these interrogatories should be specifically identified with the use of labels or another method so that this Defendant's attorney can specifically ascertain to which interrogatory the exhibits or materials relate.

These interrogatories are ongoing, and this Defendant specifically requests Plaintiff to supplement responses to this written discovery as required by Tenn. R. Civ. P. 26.05(3). Please answer in the space provided and attach additional pages as necessary.

4.      Please identify by name, business address, occupation, qualifications, and nature of expertise any person Plaintiff's attorney expects to call as an expert witness at trial by deposition or live testimony.

        **ANSWER:**

5.      With reference to each witness identified in response to interrogatory number four, please state the subject matter on which such expert is expected to testify.

        **ANSWER:**

6.      With reference to each witness identified in response to interrogatory number four, please state the substance of the facts to which such expert is expected to testify.

        **ANSWER:**

2

7. With reference to each witness identified in response to interrogatory number four, please state the substance of the opinions to which such witness is expected to testify.

   **ANSWER:**

8. Please state a summary of the grounds for each opinion stated in response to interrogatory number seven.

   **ANSWER:**

9. For each witness identified in response to interrogatory number four, please provide the following:

   (A)  A list of all publications authored by the witness in the previous ten years;

   **ANSWER:**

   (B)  A list of all other cases in which the witness has testified as an expert during the previous four years; and;

   **ANSWER:**

   (C)  A statement of the compensation to be paid to the witness for the study and testimony in this case.

3

**ANSWER:**

10.    State your full name, other names you have gone by and the dates you went by each such name, address, telephone number, website addresses, email addresses, social networking sites you use, date of birth, social security number, and driver's license numbers.

**ANSWER:**

11.    State the name, last known address, telephone number, and summary of the knowledge of each person known or reasonably felt by you or your attorney or other representative who was, was reported to be, or claims to be:

(A)    an eyewitness to any incidents described in the complaint or relevant to the subject matter involved in the pending action, specifying for each such person the specific incident(s) witnessed;

**ANSWER:**

(B)    in possession of knowledge of facts supporting any of the allegations contained in the complaint or relevant to the subject matter involved in the pending action, specifying for each such person the allegation involved;

**ANSWER:**

4

(C)    in possession of knowledge concerning the damages claimed by you for which relief is sought in the Complaint, specifying for each such person the type of damages involved;

**ANSWER:**


(D)    in possession of or aware of the location of any photographs, video, models, maps, drawings, or any other visual depiction relevant to the subject matter involved in the pending action, including a brief description of each such visual depiction that each person made or possesses, what it purports to represent, and when the visual depiction was made;

**ANSWER:**


(E)    in possession of any audio recordings relevant to the subject matter involved in the pending action, including a brief description of each such audio recording that each person made or possesses, what it purports to say, and when the audio recording was made;

**ANSWER:**


(F)    in possession of any physical evidence relevant to the subject matter involved in the pending action, including a brief description of such physical evidence; and

5

**ANSWER:**

    (G)     has possession of or knowledge of the location of any electronic information, including, but not limited to, emails, which is relevant to the subject matter involved in the pending action, including a brief description of each item of electronic evidence.

**ANSWER:**

12.    Describe in detail any physical injuries allegedly sustained by you as a result of the wrongdoing alleged in your Complaint and, for each such injury, how you claim it was caused, when you claim it was caused, and the identity of the person or persons responsible for causing it.

    **ANSWER:**

13.    Describe in detail any mental injuries sustained by you in connection with the wrongdoing alleged in the complaint, including in such description the following:

    (A)     A medical diagnosis of the mental injury from any source, specifying the identity of the person making the medical diagnosis;

6

**ANSWER:**

(B)     When the mental injury manifested itself;

**ANSWER:**

(C)     How the mental injury has manifested itself or continues to manifest itself,
including a specific description of that manifestation and the frequency with
which the manifestation occurs;

**ANSWER:**

(D)     The nature and extent of any aggravation of any preexisting mental condition
and a specific description of the nature and extent of the preexisting
condition as well as specific facts describing what caused the condition to
occur; and

**ANSWER:**

7

(E)     The identity of the person or persons who caused the condition to occur.

**ANSWER:**

14.     State whether or not you have recovered from your injuries allegedly caused by Defendants in this case, and if you have, the approximate date that you were not further hindered by them.  If you have not fully recovered from any of the injuries allegedly caused by the wrongdoing alleged in the complaint, specify the injuries from which you have not recovered and, for each such injury, state how they are affecting you at this time and the nature of any disabilities from such injuries.

**ANSWER:**

15.     State whether or not you have any scars or other disfigurement by reason of your injuries allegedly caused by the wrongdoing alleged in the complaint and, if so, describe them.

**ANSWER:**

16.     State whether you are claiming that any of your alleged injuries caused by the wrongdoing alleged in the complaint are of a permanent nature, and if so, state

8

which injuries you claim are permanent and all facts supporting your claim that those injuries are permanent.

**ANSWER:**

17. State the name, address, and telephone number of each healthcare provider or pharmacy who has any knowledge regarding the nature and/or extent of your injuries alleged in the Complaint; who has seen, treated, evaluated, prescribed for, or been consulted in connection with those injuries; who has dispensed any medications or other treatment modalities in connection with those injuries; or where you have been confined for the treatment of those injuries.

**ANSWER:**

18. State the name, address, and telephone number of each physician, therapist, or other health care practitioner who is currently treating you for the injuries alleged in your Complaint, if any.

**ANSWER:**

19. Please indicate the name, address, and telephone number of each employer or volunteer organizations where you missed time from work as a result of the injuries

9

alleged in the Complaint and, for each employer or organization, the specific dates and number of hours you missed as well as the specific reason you missed work.

**ANSWER:**

20. Please provide the name and addresses of all physicians, clinics, hospitals, therapists, counselors, or other health care providers where you received any medical or mental health treatment or evaluations within the last 10 years for any reason, and for each provider, the reason for each treatment or evaluation and the involved body part or medical condition.

**ANSWER:**

21. Please indicate each prescription medication you have been prescribed and/or taken since January 1, 2008, and for each such medication, indicate the problem or condition the medication was intended to treat, the dosage, prescribed frequency of use, actual frequency of use, the name and address of the prescribing healthcare provider, and the name, address, and telephone number of the dispensing pharmacy

10

**ANSWER:**

22. Please indicate each prescription medication you have been prescribed and/or taken as a result of your injuries allegedly caused by the wrongdoing alleged in the Complaint, and for each such medication, indicate the dates you took the medication, the problem or condition the medication was intended to treat, the dosage, prescribed frequency of use, actual frequency of use, the name and address of the prescribing healthcare provider, and the name, address, and telephone number of the dispensing pharmacy.

    **ANSWER:**

23. If you claim that the injuries alleged in your Complaint will cause you to have continued or future medical or prescription expenses, please state the amount, a description of the treatment, prescription, or other item that will result in the expense, any estimated amount of the expenses, and the name, address, and telephone number of the doctor or other health care practitioner who has advised you of such future contingency.

11

**ANSWER:**

24.    For each person or entity who has provided or who is providing medical services or goods related to any injuries allegedly caused by the wrongdoing alleged in the Complaint, provide the name and address of that person or entity, date or period of time when it was incurred, and all medical-related or prescription bills paid or incurred, including, but not limited to, the cost of an ambulance, physicians fees, X-rays, hospital expenses, physical therapy, nurses expenses, prescription medications, counseling, psychotherapy, and all other medical-related costs.

    **ANSWER:**

25.    For each breach of duty alleged in paragraph 23 of the Complaint, and with specific reference to each paragraph or subparagraph listed therein, please state with particularity all facts supporting the allegation, the date or dates each breach allegedly occurred, the identity of the person or persons who allegedly committed the breach, the name of each person who is believed to have witnessed the alleged breach, and a description of any documents or other tangible things which relate to the alleged breach.

12

**ANSWER:**

26.     For any healthcare insurance you have had over the last ten (10) years, please state the name of the primary insured; the name, business address, and telephone numbers of the employer where the insurance was obtained (if applicable); and the address and telephone number of the insurance carrier.

**ANSWER:**

27.     If you are aware of any statements that were made by any Defendant or any representative of any Defendant that are relevant to the subject matter of this action, please indicate the exact statement or, if unknown, the most specific description possible of the statement and, for each such statement, indicate as follows:

(A)     the name, address, and telephone number of the person making the statement;

**ANSWER:**

(B)     the date the statement was made;

13

**ANSWER:**


(C)     the persons who were present and/or claim to have heard the statement;

**ANSWER:**



(D)     whether there exists any recording or transcription of the statement and; if

so, the name, address, and telephone number of the person or persons in

custody of those materials.

**ANSWER:**




28.     Please provide the name, address, and telephone number of each person or entity

who has paid for or contributed towards the payment for any medical treatment or

evaluation you have received for your alleged injuries in this case.

**ANSWER:**



14

29.    Please indicate all facts which would tend to support your claim that punitive damages are appropriate in this case.


       **ANSWER:**




30.    Please state with particularity all facts upon which you base your allegations of negligent conduct against each Defendant as set forth in your Complaint and identify the source or sources of those facts.

       **ANSWER:**




31.    Please state with particularity all facts upon which you base your allegations of medical malpractice against each Defendant as set forth in your Complaint and identify the source or sources of those facts.

       **ANSWER:**




32.    Please state with particularity all facts upon which you base your allegations of grossly negligent conduct against each Defendant as set forth in your Complaint and identify the source or sources of those facts.

**ANSWER:**


33.     Please state with particularity all facts upon which you base your allegations of willful conduct against each Defendant as set forth in your Complaint and identify the source or sources of those facts.

        **ANSWER:**


34.     Please state with particularity all facts upon which you base your allegations of wanton conduct against each Defendant as set forth in your Complaint and identify the source or sources of those facts.

        **ANSWER:**


35.     Please state with particularity all facts upon which you base your allegations of malicious conduct against each Defendant as set forth in your Complaint and identify the source or sources of those facts.

        **ANSWER:**


36.     Please state with particularity all facts upon which you base your allegations of reckless conduct against each Defendant as set forth in your Complaint and identify the source or sources of those facts.

16

**ANSWER:**

37.     Please state with particularity all facts upon which you base your allegations of intentional conduct against each Defendant as set forth in your Complaint and identify the source or sources of those facts.

   **ANSWER:**

38.     Please identify each recognized standard of acceptable professional practice you contend was violated or deviated from by each Defendant.

   **ANSWER:**

39.     For each alleged deviation from the recognized standard of acceptable professional practice that you alleged in this case, describe in detail the alleged deviation, the person you contend deviated from the aforementioned standard, the time, place, and circumstances surrounding the alleged deviation, and all witnesses and evidence (including an identification of each document) which you believe may support your contention as to each alleged deviation.

   **ANSWER:**

40.     Describe how each deviation identified in the answer to the preceding interrogatory caused or contributed to the injuries and damages you allege.

**ANSWER:**


41.     If any physician, nurse, or other healthcare provider has expressed an opinion regarding the treatment or care rendered to Plaintiff by any Defendant in this case, please state the name and address of the healthcare provider expressing such an opinion, the date the opinion was rendered, and a narrative of the opinion stated.

**ANSWER:**


42.     Identify every occasion in which Plaintiff and/or her family or representatives met with or discussed with McKendree Village its care plan for and/or the care and supervision of Plaintiff and, for each such occasion, identify the family member(s) or representative(s) participating, identify the person or persons from McKendree Village participating, and describe with particularity the subject matter and substance of the meeting or discussion.

**ANSWER:**


18

43.    If any investigation was made by you or on your behalf of the matters referenced in your Complaint, for each such investigation please state the date it was made, a description of each matter investigated, the reason the investigation was made, the name, address, and capacity and qualifications of each person who made the investigation, and whether any record or report was made of the investigation and, if so, the name and address of the person who has custody of such record or report.

**ANSWER:**

44.    If you contend that any of Plaintiff's records from McKendree Village or any other healthcare provider who treated Plaintiff in connection with the facts forming the basis of this lawsuit have been in any manner changed or altered, identify specifically each medical record in question, how the record was allegedly altered, who allegedly made the alteration, when the alteration was allegedly made, and identify any documentation supporting your contention.

**ANSWER:**

45.    If anyone made any complaints to any Defendant or Defendant representative on behalf of Plaintiff during or after Plaintiff's residency at McKendree Village, state the date of each complaint, who made each complaint, the nature of each complaint, any documentation or tangible things supporting a claim that each complaint was made, to whom each complaint was made, what, if any, investigation was made as

19

a result of each complaint, and the outcome of each complaint and/or investigation.

**ANSWER:**



46.    Identify by name, address, telephone number each CNA, nurse, therapist, physician, or any other current or former McKendree Village employees or other healthcare providers with whom you, your representatives, relatives, friends, or anyone else on your behalf have had any communication relating to your condition and treatment during your residency at McKendree Village.

**ANSWER:**

## VERIFICATION

STATE OF TENNESSEE      )

COUNTY OF _____ )

     Jean H. McClendon, being duly sworn upon her oath, deposes and says:

     I am the Plaintiff in the above-entitled action and have read the interrogatories served upon me by the attorney for Defendant Nashville Senior Care, LLC. The foregoing answers to those interrogatories are true to the best of my knowledge, information, and belief.

_____

**Jean H. McClendon**

Subscribed and sworn to before me this _____ day of _____, 2013.

_____

**Notary Public**

MY COMMISSION EXPIRES:

_____

21

Respectfully submitted,

LEITNER, WILLIAMS, DOOLEY
& NAPOLITAN, PLLC

By: _____

**D. Randall Mantooth**
BPRN 013875
Bank of America Plaza
414 Union Street, Suite 1900
Nashville, Tennessee 37219-1782
(615) 255-7722
Email: randy.mantooth@leitnerfirm.com

Attorneys for Nashville Senior Care, LLC,
Nashville Healthcare Investors, LLC, and
Vicki Hartway

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded via
U.S. Mail, postage prepaid, to:

Cameron C. Jehl
Carey L. Acerra
Wilkes & McHugh, P.A.
60 South Main Street, Suite 101
Memphis, Tennessee 38103

Robert E. Cooper Jr., Esq.
Tennessee Attorney General
425 Fifth Avenue North
P.O. Box 20207
Nashville, Tennessee 37202-0207

this the _1st_ day of ___May___, 2013.

By: _____

**D. Randall Mantooth**

22

## IN THE FIRST CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

| | |
|---|---|
| JEAN H. McCLENDON, )<br><br>Plaintiff, )<br><br>vs. )<br><br>NASHVILLE SENIOR CARE, LLC )<br>d/b/a McKENDREE VILLAGE; MVI )<br>HOLDINGS, INC. f/k/a McKENDREE )<br>VILLAGE, INC.; McKENDREE )<br>VILLAGE SENIOR CARE )<br>CORPORATION; HEALTH SERVICES )<br>MANAGEMENT GROUP, LLC; )<br>HEALTH SERVICES, INC.; )<br>NASHVILLE HEALTHCARE )<br>INVESTORS, LLC; and VICKI )<br>HARTWAY, in her capacity as )<br>Administrator of McKENDREE )<br>VILLAGE, )<br><br>Defendants. ) | **JURY DEMAND**<br><br>**Docket No. 12C4187** |

### DEFENDANT NASHVILLE SENIOR CARE, LLC'S FIRST
### REQUEST FOR PRODUCTION TO PLAINTIFF

Comes Defendant Nashville Senior Care, LLC, by and through counsel, pursuant to Rule 34 of the Tennessee Rules of Civil Procedure, and requests that Plaintiff's attorney produce the following materials for inspection and/or copying or produce true and correct copies thereof within thirty (30) days of service of this request.

When producing exhibits or materials in response to these requests for production, it is not sufficient to simply state "See the attached" exhibits or materials. Instead, any exhibits or materials produced in response to these requests for production should be specifically identified with the use of labels or another method so that this Defendant's attorney can specifically ascertain to which request for production each set of exhibits or materials relate.

Said documents can be produced at the office of this Defendant's attorneys, Leitner, Williams, Dooley & Napolitan, PLLC, Bank of America Plaza, 414 Union Street, Suite 1900, Nashville, Tennessee 37219-1782 or true and correct copies thereof mailed to the undersigned attorney.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.    Please produce all documents, electronic or otherwise, as well as any other materials or tangible things which demonstrate, reflect, or relate to the amount of damages incurred, either compensatory or punitive, or which you claim should otherwise be awarded in connection with Plaintiff's claims in this case.

**RESPONSE:**

Respectfully submitted,

**LEITNER, WILLIAMS, DOOLEY
& NAPOLITAN, PLLC**

By: _D. R. Mantooth by SNS #25703 w/ permission_

**D. Randall Mantooth**
BPRN 013875
Bank of America Plaza
414 Union Street, Suite 1900
Nashville, Tennessee 37219-1782
(615) 255-7722
Email: randy.mantooth@leitnerfirm.com

Attorneys for Nashville Senior Care, LLC,
Nashville Healthcare Investors, LLC, and
Vicki Hartway

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded via hand delivery to:

Cameron C. Jehl
Carey L. Acerra
Wilkes & McHugh, P.A.
60 South Main Street, Suite 101
Memphis, Tennessee 38103

and via U.S. Mail, postage prepaid, to:

Robert E. Cooper Jr., Esq.
Tennessee Attorney General
425 Fifth Avenue North
P.O. Box 20207
Nashville, Tennessee 37202-0207

this the 19th day of April, 2013.

By: _____
Steve N. Snyder, No. 025703

# IN THE FIRST CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

JEAN H. McCLENDON,       )
                                )
       Plaintiff,        )    **JURY DEMAND**
                                )
vs.                      )    **Docket No. 12C4187**
                                )
NASHVILLE SENIOR CARE, LLC   )
d/b/a  McKENDREE VILLAGE; MVI   )
HOLDINGS, INC. f/k/a McKENDREE   )
VILLAGE, INC.; McKENDREE   )
VILLAGE SENIOR CARE   )
CORPORATION; HEALTH SERVICES )
MANAGEMENT GROUP, LLC;   )
HEALTH SERVICES, INC.;   )
NASHVILLE HEALTHCARE   )
INVESTORS, LLC; and VICKI   )
HARTWAY,  in her capacity as   )
Administrator of McKENDREE   )
VILLAGE,   )
                                )
       Defendants.       )

## DEFENDANT  NASHVILLE SENIOR CARE, LLC'S FIRST REQUESTS FOR ADMISSION TO PLAINTIFF

Comes Defendant Nashville Senior Care, LLC, by and through counsel, pursuant to Rule 36 of the Tennessee Rules of Civil Procedure, and serves the following requests for admission upon Plaintiff.  The matters in each request shall be deemed admitted unless, within thirty (30) days after service of the requests, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.   Any denial shall fairly meet the substance of the requested admission.  An answering party may not give lack of information or knowledge as a result for failure to admit or deny unless the party states that he or she has made reasonable inquiry and that the information known or readily obtainable by the party is

insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request.

Please answer in the space provided below or attach additional pages as necessary.

## REQUESTS FOR ADMISSION

1. Plaintiff's compensatory damages as a result of Defendants' alleged negligence in this case do not exceed $75,000.00.

   **RESPONSE:**

2. To the extent that Plaintiff demonstrates that an award of punitive damages is appropriate in this case, the amount of any such award should not exceed $75,000.00.

   **RESPONSE:**

2

Respectfully submitted,

**LEITNER, WILLIAMS, DOOLEY
& NAPOLITAN, PLLC**

By: _D. R. Mantooth by SNS #25703_
_w/ permission_

**D. Randall Mantooth**
BPRN 013875
Bank of America Plaza
414 Union Street, Suite 1900
Nashville, Tennessee 37219-1782
(615) 255-7722
Email: randy.mantooth@leitnerfirm.com

Attorneys for Nashville Senior Care, LLC,
Nashville Healthcare Investors, LLC, and
Vicki Hartway

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded via hand delivery to:

Cameron C. Jehl
Carey L. Acerra
Wilkes & McHugh, P.A.
60 South Main Street, Suite 101
Memphis, Tennessee 38103

and via U.S. Mail, postage prepaid, to:

Robert E. Cooper Jr., Esq.
Tennessee Attorney General
425 Fifth Avenue North
P.O. Box 20207
Nashville, Tennessee 37202-0207

this the ___19th___ day of ___April___, 2013.

By: _____
**Steve N. Snyder, No. 025703**

3

# IN THE FIRST CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

JEAN H. McCLENDON,         )
)
      Plaintiff,        )     **JURY DEMAND**
)
vs.                  )     **Docket No. 12C4187**
)
NASHVILLE SENIOR CARE, LLC  )
d/b/a  McKENDREE VILLAGE; MVI  )
HOLDINGS, INC. f/k/a McKENDREE  )
VILLAGE, INC.; McKENDREE  )
VILLAGE SENIOR CARE  )
CORPORATION; HEALTH SERVICES )
MANAGEMENT GROUP, LLC;  )
HEALTH SERVICES, INC.;  )
NASHVILLE HEALTHCARE  )
INVESTORS, LLC; and VICKI  )
HARTWAY,  in her capacity as  )
Administrator of McKENDREE  )
VILLAGE,  )
)
      Defendants.      )

## DEFENDANT NASHVILLE SENIOR CARE, LLC'S
## FIRST INTERROGATORIES TO PLAINTIFF

Comes Defendant Nashville Senior Care, LLC, by and through counsel, pursuant to

Rule 33 of the Tennessee Rules of Civil Procedure, and serves the following

interrogatories upon Plaintiff Jean H. McClendon to be answered within thirty (30) days of

the date when this document is served upon counsel for Plaintiff.

When producing exhibits or materials in response to these interrogatories, it is not

sufficient to simply state "See the attached" exhibits or materials. Instead, any exhibits or

materials produced in response to these interrogatories should be specifically identified

with the use of labels or another method so that this Defendant's attorney can specifically

ascertain to which interrogatory the exhibits or materials relate.

These interrogatories are ongoing, and this Defendant specifically requests Plaintiff to supplement responses to this written discovery as required by Tenn. R. Civ. P. 26.05(3). Please answer in the space provided and attach additional pages as necessary.

1. Please identify all damages incurred as a result of the injuries alleged in the Complaint and for each type of damage, identify the nature of the damages, the amount of the damages, the manner in which you calculated the value of the damages, and each document or tangible piece of evidence that relates to or supports your claim for those damages

   **ANSWER:**

2. Please state all facts supporting your response to request for admission number one which was served on you by Defendant Nashville Senior Care, LLC on April 19, 2013.

   **ANSWER:**

3. Please state all facts supporting your response to request for admission number two which was served on you by Defendant Nashville Senior Care, LLC on April 19, 2013.

   **ANSWER:**

2

## <u>VERIFICATION</u>

**STATE OF TENNESSEE**          )

**COUNTY OF _____ )**

      Jean H. McClendon, being duly sworn upon her oath, deposes and says:

      I am the Plaintiff in the above-entitled action and have read the interrogatories served upon me by the attorney for Defendant Nashville Senior Care, LLC. The foregoing answers to those interrogatories are true to the best of my knowledge, information, and belief.

 

_____

**Jean H. McClendon**

 

Subscribed and sworn to before me this _____ day of _____, 2013.

 

_____

**Notary Public**

MY COMMISSION EXPIRES:

_____

Respectfully submitted,

**LEITNER, WILLIAMS, DOOLEY
& NAPOLITAN, PLLC**

By: _D. R. Mantooth by SNS #25703 (w/permission)_
     **D. Randall Mantooth**
     BPRN 013875
     Bank of America Plaza
     414 Union Street, Suite 1900
     Nashville, Tennessee 37219-1782
     (615) 255-7722
     Email: randy.mantooth@leitnerfirm.com

Attorneys for Nashville Senior Care, LLC,
Nashville Healthcare Investors, LLC, and
Vicki Hartway

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded via hand delivery to:

     Cameron C. Jehl
     Carey L. Acerra
     Wilkes & McHugh, P.A.
     60 South Main Street, Suite 101
     Memphis, Tennessee 38103

and via U.S. Mail, postage prepaid, to:

     Robert E. Cooper Jr., Esq.
     Tennessee Attorney General
     425 Fifth Avenue North
     P.O. Box 20207
     Nashville, Tennessee 37202-0207

this the _19th_ day of _April_____, 2013.

By:_____
     **Steve N. Snyder, No. 025703**

4

2013 APR 18  PM 1: 40

RICHARD R. ROOKER, CLERK

JEAN H. McCLENDON,

      Plaintiff,

vs.

NASHVILLE SENIOR CARE, LLC
d/b/a  McKENDREE VILLAGE; MVI
HOLDINGS, INC. f/k/a McKENDREE
VILLAGE, INC.; McKENDREE
VILLAGE SENIOR CARE
CORPORATION; HEALTH SERVICES
MANAGEMENT GROUP, LLC;
HEALTH SERVICES, INC.;
NASHVILLE HEALTHCARE
INVESTORS, LLC; and VICKI
HARTWAY,  in her capacity as
Administrator of McKENDREE
VILLAGE,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**JURY DEMAND**

**Docket No. 12C4187**

## AFFIDAVIT OF STACEY VAIL

I, Stacey Vail, having been duly sworn, hereby make oath that the following facts

are true and correct and are based upon my personal knowledge.

    1.    I am an adult resident citizen of Sumner County, Tennessee.  I am in all

respects competent to give sworn testimony;

    2.    I am the Human Resources Director for Nashville Senior Care, LLC

(hereinafter referred to as "Nashville Senior Care").  Nashville Senior Care manages the

McKendree Village facility, including the nursing home where Jean H. McClendon was a

resident from October 12, 2011, through December 19, 2011;

    3.    Vicki Hartway was not an employee of Nashville Senior Care from October

12, 2011, through December 19, 2011. Ms. Hartway first became employed with Nashville

N:\DATA\Docs\008679\000085\02654980.DOC

Senior Care on February 27, 2012. Therefore, Ms. Hartway was not the administrator of the nursing home at McKendree Village from October 12, 2011, through December 19, 2011; and

4.    Vicki Hartway could not have had any responsibility for overseeing or operating the nursing home at McKendree Village during the period of October 12, 2011, through December 19, 2011, because she was not working at the facility at that time.

Further affiant sayeth not.

_Stacey Vail_
**Stacey Vail**

**STATE OF TENNESSEE )**

**COUNTY OF DAVIDSON )**

Sworn to and subscribed before me a notary public for said state and county, this the ___9___ day of _April_____, 2013.

_Katherine Stafford_
**Notary Public**

**MY COMMISSION EXPIRES:**

_Dec. 14 2013_

2

Respectfully submitted,

**LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC**

By: _____

**D. Randall Mantooth**
BPRN 013875
Bank of America Plaza
414 Union Street, Suite 1900
Nashville, Tennessee 37219-1782
(615) 255-7722
Email: randy.mantooth@leitnerfirm.com

Attorneys for Nashville Senior Care, LLC,
Nashville Healthcare Investors, LLC, and
Vicki Hartway

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded via U.S. Mail, postage prepaid, to:

Cameron C. Jehl
Carey L. Acerra
Wilkes & McHugh, P.A.
60 South Main Street, Suite 101
Memphis, Tennessee 38103

Robert E. Cooper Jr., Esq.
Tennessee Attorney General
425 Fifth Avenue North
P.O. Box 20207
Nashville, Tennessee 37202-0207

this the _18th_ day of _April_, 2013.

By: _____

**D. Randall Mantooth**

# IN THE FIRST CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

FILED
2013 APR 18 PM 1:40
RICHARD R. ROOKER, CLERK
_____ D.C.

JEAN H. McCLENDON,          )
                            )
    Plaintiff,          )          **JURY DEMAND**
                            )
vs.                         )          **Docket No. 12C4187**
                            )
NASHVILLE SENIOR CARE, LLC  )
d/b/a  McKENDREE VILLAGE; MVI )
HOLDINGS, INC. f/k/a McKENDREE )
VILLAGE, INC.; McKENDREE    )
VILLAGE SENIOR CARE         )
CORPORATION; HEALTH SERVICES )
MANAGEMENT GROUP, LLC;      )
HEALTH SERVICES, INC.;      )
NASHVILLE HEALTHCARE        )
INVESTORS, LLC; and VICKI   )
HARTWAY,  in her capacity as )
Administrator of McKENDREE  )
VILLAGE,                    )
                            )
    Defendants.          )

## STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION
## FOR SUMMARY JUDGMENT BY DEFENDANT VICKI HARTWAY

    Comes Defendant Vicki Hartway, by and through counsel, pursuant to Tenn. R. Civ.

P. 56.03, and sets forth the following material facts that she avers are undisputed for

purposes of a ruling on her motion for summary judgment:

1.    Nashville Senior Care, LLC manages the McKendree Village facility,

    including the nursing home where Jean H. McClendon was a resident from

    October 12, 2011, through December 19, 2011.  (Affidavit of Stacey Vail, ¶

    2).

**RESPONSE:**

2.     Vicki Hartway was not an employee of Nashville Senior Care from October

12, 2011, through December 19, 2011.  (Affidavit of Stacey Vail, ¶ 3).

**RESPONSE:**


3.     Ms. Hartway first became employed with Nashville Senior Care on February

27, 2012.  (Affidavit of Stacey Vail, ¶ 3).

**RESPONSE:**


4.     Ms. Hartway was not the administrator of the nursing home at McKendree

Village from October 12, 2011, through December 19, 2011.  (Affidavit of

Stacey Vail, ¶ 3).

**RESPONSE:**


5.     Vicki Hartway could not have had any responsibility for overseeing or

operating the nursing home at McKendree Village during the period of

October 12, 2011, through December 19, 2011, because she was not working

at the facility at that time.  (Affidavit of Stacey Vail, ¶ 4).

**RESPONSE:**

Respectfully submitted,

**LEITNER, WILLIAMS, DOOLEY
& NAPOLITAN, PLLC**

By: _____

**D. Randall Mantooth**
BPRN 013875
Bank of America Plaza
414 Union Street, Suite 1900
Nashville, Tennessee  37219-1782
(615) 255-7722
Email: randy.mantooth@leitnerfirm.com

Attorneys for Nashville Senior Care, LLC,
Nashville Healthcare Investors, LLC, and
Vicki Hartway

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded via
U.S. Mail, postage prepaid, to:

Cameron C. Jehl
Carey L. Acerra
Wilkes & McHugh, P.A.
60 South Main Street, Suite 101
Memphis, Tennessee  38103

Robert E. Cooper Jr., Esq.
Tennessee Attorney General
425 Fifth Avenue North
P.O. Box 20207
Nashville, Tennessee 37202-0207

this the 18th day of ____April____, 2013.

By: _____

**D. Randall Mantooth**

3

IN THE FIRST CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

2013 APR 18 PM 1:39

RICHARD R. ROOKER, CLERK

_____ D.C.

| | |
|---|---|
| JEAN H. McCLENDON, | ) |
| | ) |
| Plaintiff, | ) **JURY DEMAND** |
| | ) |
| vs. | ) **Docket No. 12C4187** |
| | ) |
| NASHVILLE SENIOR CARE, LLC | ) |
| d/b/a McKENDREE VILLAGE; MVI | ) |
| HOLDINGS, INC. f/k/a McKENDREE | ) |
| VILLAGE, INC.; McKENDREE | ) |
| VILLAGE SENIOR CARE | ) |
| CORPORATION; HEALTH SERVICES | ) |
| MANAGEMENT GROUP, LLC; | ) |
| HEALTH SERVICES, INC.; | ) |
| NASHVILLE HEALTHCARE | ) |
| INVESTORS, LLC; and VICKI | ) |
| HARTWAY, in her capacity as | ) |
| Administrator of McKENDREE | ) |
| VILLAGE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION
## FOR SUMMARY JUDGMENT BY DEFENDANT VICKI HARTWAY

Comes Defendant Vicki Hartway, by and through counsel, pursuant to Tenn. R. Civ.

P. 56, and in support of her motion for summary judgment states unto this Honorable Court

as follows:

### I. PROCEDURAL HISTORY

On October 17, 2012, Plaintiff Jean H. McClendon (hereinafter referred to as

"Plaintiff") filed a complaint against several Defendants, including Defendant Vicki Hartway

(hereinafter referred to as "Hartway"). The complaint alleges that the various Defendants

are liable to Plaintiff for negligence pursuant to the Tennessee Healthcare Liabilities Act in

connection with Plaintiff's stay at the McKendree Village Nursing Home in Hermitage,

N:\DATA\Docs\008679\000085\02662631.DOC

Davidson County, Tennessee. The complaint alleges that "upon information and belief, Vicki Hartway was Administrator of McKendree Village during [Plaintiff's] residency" and that Hartway should be liable to Plaintiff for a breach of duty to Plaintiff in connection with that residency.

On March 1, 2013, Plaintiff filed a Motion for Default Judgment against several of the Defendants, including Hartway. On March 28, 2013, an agreed order was entered allowing Hartway and two other Defendants through April 10, 2013, to file a responsive pleading to the complaint. Also on March 28, 2013, the court entered an order of voluntary dismissal without prejudice with regard to Defendants MVI Holdings, Inc.; McKendree Village Senior Care Corporation; Health Services Management Group, LLC; and Health Services, Inc.[1]

Hartway filed an answer to the complaint on April 10, 2013, denying, in pertinent part, that she was the administrator at the facility during Plaintiff's residency. Hartway now files this motion for summary judgment which is scheduled to be heard on May 31, 2013.

## II. ISSUES

A.   **Whether This Court Should Grant Hartway's Motion for Summary Judgment and Thereby Dismiss Her From This Case With Prejudice Based on Affirmative Evidence That Negates an Essential Element of Plaintiff's Claims.**

B.   **If This Court Dismisses Hartway From This Action, This Court Should Expressly Direct the Entry of Final Judgment in That Regard Because There is No Just Reason for Delay.**

---

[1]   No order has yet been entered directing a modification of the style of the case to redact the names of the dismissed Defendants.

2

## III. **APPLICABLE LEGAL STANDARD**

Rule 56.03 of the Tennessee Rules of Civil Procedure provides that a court is to grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.03 (2009). Thereafter, Rule 56.05 explains that a non-moving party "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or [otherwise], must set forth specific facts showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.05.

In Byrd v. Hall, 847 S.W.2d 208 (Tenn. 1993), the Tennessee Supreme Court expressly adopted a line of cases from the United States Supreme Court regarding the proper analysis of a summary judgment motion. Those cases were Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Celotex Corp. v. Catrett, 477 U.S. 317 (1986); and Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). With reference to this "1986 trilogy," the Tennessee Supreme Court indicated as follows:

> [The party seeking summary judgment has the burden of demonstrating to the court that there are no disputed, material facts creating a genuine issue for trial, as we have defined those terms, and that he is entitled to judgment as a matter of law. A conclusory assertion that the nonmoving party has no evidence is clearly insufficient. When the party seeking summary judgment makes a properly supported motion, the burden then shifts to the nonmoving party to set forth specific facts, not legal conclusions, by using affidavits or the discovery materials listed in Rule 56.03, establishing that there are indeed disputed, material facts creating a genuine issue that needs to be resolved by the trier of fact and that a trial is therefore necessary. The nonmoving party may not rely upon the allegations or denials of his pleadings in carrying out this burden as mandated by Rule 56.05. The evidence offered by the nonmoving party must be taken as true. Moreover, the facts on which the nonmovant relies must be admissible at the trial but need not be in admissible form as presented in the motion (otherwise an affidavit, for example, would be excluded as hearsay). To permit an opposition to be based on evidence that would not be admissible at trial would undermine the goal of the summary judgment process to prevent unnecessary trials since

inadmissible evidence could not be used to support a jury verdict.

Byrd, 847 S.W.2d at 215-16 (footnotes omitted).

In Hannan v. Alltel Publishing Co., 270 S.W.3d 1 (Tenn. 2008), the Tennessee Supreme Court revisited the proper analysis of the summary judgment standard to eliminate perceived confusion among Tennessee courts regarding "the proof required for the moving party to meet its burden of production." Id. at 5. The court sought to eliminate that confusion by clarifying that "a moving party who seeks to shift the burden of production to the non-moving party who bears the burden of proof at trial must either: (1) affirmatively negate an essential element of the non-moving party's claim; or (2) show that the non-moving party cannot prove an essential element of the claim at trial." Id. at 8-9.

After the opinion in Hannan, the Tennessee General Assembly adopted Tenn. Code Ann. § 20-16-101 for the express purpose of establishing that a moving party who does not bear the burden of proof at trial "shall prevail on its motion for summary judgment if it (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." Tenn. Code Ann. § 20-16-101. The statute applies to all actions filed on or after its effective date of July 1, 2011. Id., Historical and Statutory Notes.

## IV. MATERIAL UNDISPUTED FACTS

In support of her motion, Hartway avers that the following facts are material to a resolution of the claims in this case and are undisputed for purposes of this motion:

N:\DATA\Docs\008679\000085\02662631.DOC

Nashville Senior Care, LLC manages the McKendree Village facility, including the nursing home where Jean H. McClendon was a resident from October 12, 2011, through December 19, 2011. (Affidavit of Stacey Vail, ¶ 2).

Vicki Hartway was not an employee of Nashville Senior Care from October 12, 2011, through December 19, 2011. (Affidavit of Stacey Vail, ¶ 3). Ms. Hartway first became employed with Nashville Senior Care on February 27, 2012. (Affidavit of Stacey Vail, ¶ 3). Therefore, Ms. Hartway was not the administrator of the nursing home at McKendree Village from October 12, 2011, through December 19, 2011. (Affidavit of Stacey Vail, ¶ 3).

Vicki Hartway could not have had any responsibility for overseeing or operating the nursing home at McKendree Village during the period of October 12, 2011, through December 19, 2011, because she was not working at the facility at that time. (Affidavit of Stacey Vail, ¶ 4).

## V. <u>LAW AND ARGUMENT</u>

**A.    Whether This Court Should Grant Hartway's Motion for Summary Judgment and Thereby Dismiss Her From This Case With Prejudice Based on Affirmative Evidence That Negates an Essential Element of Plaintiff's Claims.**

The complaint alleges a claim against Hartway for "negligence pursuant to the Tennessee Healthcare Liability Act, Tenn. Code. Ann. §§ 29-26-101, <u>et seq.</u>" in her capacity as administrator of McKendree Village. Pursuant to that statute, Plaintiff has the burden of proving as follows:

> 1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;

> (2)    That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and

5

N:\DATA\Docs\008679\000085\02662631.DOC

(3)     As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

Tenn. Code Ann. § 29-26-115(a).

As established by the affidavit of Hartway, she was not the administrator of the nursing home at the time that Plaintiff was a resident there. Therefore, Plaintiff cannot demonstrate that Hartway breached any applicable standard of care with regard to Plaintiff or that Plaintiff's alleged injuries were proximately caused by Hartway's negligent act or omission. Because Hartway has presented affirmative evidence which negates at least one essential element of Plaintiff's claim against her, this court should grant summary judgment to Hartway and dismiss all claims against her with prejudice.

**B.     If This Court Dismisses Hartway From This Action, This Court Should Expressly Direct the Entry of Final Judgment in That Regard Because There is No Just Reason for Delay.**

If this court grants Hartway's motion for summary judgment, Plaintiff will have claims remaining against other Defendants. Therefore, such an order would not adjudicate all of the claims in this case and would not be a final order as to Hartway. Therefore, in consideration of the principles of finality and absent any evidence of a just reason for delay, this court should direct the entry of final judgment with regard to Plaintiff's claims against Hartway pursuant to Tenn. R. Civ. P. 54.02.

## VI.  CONCLUSION

Based on the foregoing, Hartway respectfully submits that this court should grant her summary judgment on all claims against her and enter an order dismissing those claims with prejudice. Further, because there is no just reason for delay, Hartway

6

respectfully submits that this court should enter a final judgment in her favor pursuant to

Tenn. R. Civ. P. 54.02.

Respectfully submitted,

**LEITNER, WILLIAMS, DOOLEY
& NAPOLITAN, PLLC**

By:

**D. Randall Mantooth**
BPRN 013875
Bank of America Plaza
414 Union Street, Suite 1900
Nashville, Tennessee  37219-1782
(615) 255-7722
Email: randy.mantooth@leitnerfirm.com

Attorneys for Nashville Senior Care, LLC,
Nashville Healthcare Investors, LLC, and
Vicki Hartway

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded via U.S. Mail, postage prepaid, to:

Cameron C. Jehl
Carey L. Acerra
Wilkes & McHugh, P.A.
60 South Main Street, Suite 101
Memphis, Tennessee  38103

Robert E. Cooper Jr., Esq.
Tennessee Attorney General
425 Fifth Avenue North
P.O. Box 20207
Nashville, Tennessee 37202-0207

this the 18th day of April, 2013.

By:

**D. Randall Mantooth**

7

IN THE FIRST CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

2013 APR 18 PM 1:39

RICHARD R. ROOKER, CLERK

_____ D.C

| | | |
|---|---|---|
| JEAN H. McCLENDON, | ) | |
| | ) | |
| **Plaintiff,** | ) | **JURY DEMAND** |
| | ) | |
| vs. | ) | **Docket No. 12C4187** |
| | ) | |
| NASHVILLE SENIOR CARE, LLC | ) | |
| d/b/a McKENDREE VILLAGE; MVI | ) | |
| HOLDINGS, INC. f/k/a McKENDREE | ) | |
| VILLAGE, INC.; McKENDREE | ) | |
| VILLAGE SENIOR CARE | ) | |
| CORPORATION; HEALTH SERVICES | ) | |
| MANAGEMENT GROUP, LLC; | ) | |
| HEALTH SERVICES, INC.; | ) | |
| NASHVILLE HEALTHCARE | ) | |
| INVESTORS, LLC; and VICKI | ) | |
| HARTWAY, in her capacity as | ) | |
| Administrator of McKENDREE | ) | |
| VILLAGE, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MOTION FOR SUMMARY JUDGMENT BY DEFENDANT VICKI HARTWAY

Comes Defendant Vicki Hartway, by and through counsel, pursuant to Tenn. R. Civ.

P. 56, and moves this court to dismiss all of Plaintiff's claims against her with prejudice. As

grounds for her motion, this Defendant avers that there is no genuine issue of material fact

that she cannot be liable to Plaintiff for any alleged injury Plaintiff suffered at the

McKendree Village nursing home during her residency from October 12, 2011, through

December 19, 2011, because this Defendant was not the administrator of the facility during

that period of time and that this Defendant has submitted affirmative evidence which

negates an essential element of Plaintiff's claim. Therefore, this Defendant is entitled to

judgment as a matter of law. In support of her motion, this Defendant relies upon the

pleadings filed to date, the Affidavit of Stacey Vail, the Memorandum in Support of Motion

for Summary Judgment by Defendant Vicki Hartway, and Statement of Material Facts in Support of Motion for Summary Judgment by Defendant Vicki Hartway.

Respectfully submitted,

**LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC**

By: _____

**D. Randall Mantooth**
BPRN 013875
Bank of America Plaza
414 Union Street, Suite 1900
Nashville, Tennessee 37219-1782
(615) 255-7722
Email: randy.mantooth@leitnerfirm.com

Attorneys for Nashville Senior Care, LLC, Nashville Healthcare Investors, LLC, and Vicki Hartway

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded via U.S. Mail, postage prepaid, to:

Cameron C. Jehl
Carey L. Acerra
Wilkes & McHugh, P.A.
60 South Main Street, Suite 101
Memphis, Tennessee 38103

Robert E. Cooper Jr., Esq.
Tennessee Attorney General
425 Fifth Avenue North
P.O. Box 20207
Nashville, Tennessee 37202-0207

this the 18th day of April, 2013.

By: _____
D. Randall Mantooth

## NOTICE OF HEARING

**THIS MOTION IS SCHEDULED FOR A HEARING BEFORE JUDGE HAMILTON V. GAYDEN JR. IN THE FIRST CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE, BEGINNING AT 9:15 A.M. ON MAY 31, 2013. FAILURE TO FILE AND SERVE A TIMELY WRITTEN RESPONSE TO THIS MOTION WILL RESULT IN THE MOTION BEING GRANTED WITHOUT FURTHER HEARING.**

N:\DATA\Docs\008679\000085\02671091.DOC

Case 3:13-cv-01036   Document 1-1   Filed 09/23/13   Page 112 of 373 PageID #: 116

# IN THE FIRST CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

JEAN H. McCLENDON,     )
                                  )
     **Plaintiff,**          )     **JURY DEMAND**
                                  )
**vs.**                          )     **Docket No. 12C4187**
                                  )

**NASHVILLE SENIOR CARE, LLC**  )
**d/b/a McKENDREE VILLAGE; MVI**  )
**HOLDINGS, INC. f/k/a McKENDREE**  )
**VILLAGE, INC.; McKENDREE**  )
**VILLAGE SENIOR CARE**  )
**CORPORATION; HEALTH SERVICES**  )
**MANAGEMENT GROUP, LLC;**  )
**HEALTH SERVICES, INC.;**  )
**NASHVILLE HEALTHCARE**  )
**INVESTORS, LLC; and VICKI**  )
**HARTWAY, in her capacity as**  )
**Administrator of McKENDREE**  )
**VILLAGE,**  )
                                  )
     **Defendants.**         )

## DEFENDANT VICKI HARTWAY'S ANSWER TO COMPLAINT

Comes Defendant Vicki Hartway, in response to the Complaint filed against her and others, and states unto this Honorable Court as follows:

### FIRST DEFENSE

In response to the individually numbered paragraphs contained in the Complaint, and with specific reference thereto, this Defendant avers as follows:

1.    This Defendant is without knowledge or information sufficient to form a belief in the truth of the averments contained in paragraph 1 of the Complaint.

2.    In response to the averments contained in paragraph 2 of the Complaint, this Defendant admits, upon information and belief, that Nashville Senior Care, LLC managed the nursing home located at the McKendree Village facility

and that Nashville Healthcare Investors, LLC owned the facility during the period from October 12, 2011, through December 19, 2011.   In further response to the averments contained in paragraph 2 of the Complaint, this Defendant is without knowledge or information sufficient to form a belief in the truth of the averments regarding Plaintiff's residency at McKendree village because this Defendant was not working at the facility during that period of time.

3.    This Defendant admits the averments contained in the first sentence of paragraph 3 of the Complaint, upon information and belief.  This Defendant is without knowledge or information sufficient to form a belief in the truth of the averments contained in the second and third sentences of paragraph 3 of the Complaint.

4.    This Defendant is without knowledge or information sufficient to form a belief in the truth of the averments contained in the first sentence of paragraph 4 of the Complaint.   This Defendant denies the averments contained in the second sentence of paragraph 4 of the Complaint, upon information and belief.  This Defendant is without knowledge or information sufficient to form a belief in the truth of the averments contained in the third sentence of paragraph 4 of the Complaint.

5.    This Defendant is without knowledge or information sufficient to form a belief in the truth of the averments contained in the first sentence of paragraph 5 of the Complaint.   This Defendant denies the averments contained in the second sentence of paragraph 5 of the Complaint, upon information and belief.  This Defendant is without knowledge or information sufficient to form

2

a belief in the truth of the averments contained in the third sentence of paragraph 5 of the Complaint.

6.     This Defendant is without knowledge or information sufficient to form a belief in the truth of the averments contained in the first sentence of paragraph 6 of the Complaint. This Defendant denies the averments contained in the second sentence of paragraph 6 of the Complaint, upon information and belief. This Defendant is without knowledge or information sufficient to form a belief in the truth of the averments contained in the third sentence of paragraph 6 of the Complaint.

7.     This Defendant is without knowledge or information sufficient to form a belief in the truth of the averments contained in the first sentence of paragraph 7 of the Complaint. This Defendant denies the averments contained in the second sentence of paragraph 7 of the Complaint, upon information and belief. This Defendant is without knowledge or information sufficient to form a belief in the truth of the averments contained in the third sentence of paragraph 7 of the Complaint.

8.     This Defendant admits the averments contained in the first sentence of paragraph 8 of the Complaint. This Defendant is without knowledge or information sufficient to form a belief in the truth of the averments contained in the second and third sentences of paragraph 8 of the Complaint.

9.     This Defendant denies the averments contained in the first sentence paragraph 9 of the Complaint. This Defendant admits the averments contained in the second sentence of paragraph 9 of the Complaint.

3

10. This Defendant denies the averments contained in the first sentence of paragraph 10 of the Complaint, upon information and belief. This Defendant admits the averments contained in the second sentence of paragraph 10 of the Complaint without admitting that Plaintiff has a cause of action against this Defendant.

11. This Defendant need not reply to the averments contained in paragraph 11 of the Complaint because they do not constitute factual averments to which a response is required.

12. This Defendant need not reply to the averments contained in paragraph 12 of the Complaint because they do not constitute factual averments to which a response is required.

13. This Defendant need not reply to the averments contained in paragraph 13 of the Complaint because they do not constitute factual averments to which a response is required.

14. This Defendant need not reply to the averments contained in paragraph 14 of the Complaint because they do not constitute factual averments to which a response is required.

15. This Defendant admits the averments contained in paragraph 15 of the Complaint, upon information and belief, but has no knowledge regarding details of that residency.

16. This Defendant denies the averments contained in paragraph 16 of the Complaint, including subsections (a) through (g) as stated.

17. This Defendant denies the averments contained in paragraph 17 of the Complaint as stated.

4

18.   This Defendant denies the averments contained in paragraph 18 of the Complaint as stated.

19.   This Defendant admits the averments contained in the first sentence of paragraph 19 of the Complaint without admitting that this Defendant violated the referenced statute. This Defendant denies the averments contained in the second sentence of paragraph 19 of the Complaint. This Defendant admits the averments contained in the third sentence of paragraph 19 of the Complaint.

20.   In response to the averments contained in paragraph 20 of the Complaint, this Defendant refers to and incorporates by reference her responses to paragraphs 1 through 19 of the Complaint.

21.   This Defendant admits the averments contained in paragraph 21 of the Complaint as they relate to Defendants Nashville Senior Care, LLC and Nashville Healthcare Investors, LLC.

22.   This Defendant admits the averments contained in paragraph 22 of the Complaint as they relate to Defendants Nashville Senior Care, LLC, Nashville Healthcare Investors, LLC, and this Defendant.

23.   This Defendant is without knowledge or information sufficient to form a belief in the truth of the averments contained in paragraph 23 of the Complaint, including all subsections thereto.

24.   This Defendant is without knowledge or information sufficient to form a belief in the truth of the averments contained in paragraph 24 of the Complaint.

25.   This Defendant is without knowledge or information sufficient to form a belief in the truth of the averments contained in paragraph 25 of the Complaint.

5

26. In response to the averments contained in paragraph 26 of the Complaint, this Defendant refers to and incorporates by reference her responses to paragraphs 1 through 18 of the Complaint.

27. This Defendant denies the averments contained in paragraph 26 of the Complaint.

28. This Defendant admits the averments contained in the first two sentences of paragraph 27 of the Complaint but denies that this Defendant had any such responsibility or duty during the time that Plaintiff was a resident at McKendree Village. This Defendant admits the averments contained in the third sentence of paragraph 27 of the Complaint but denies that this Defendant had any leadership responsibilities during the time that Plaintiff was a resident at McKendree Village. This Defendant denies the averments contained in the fourth sentence of paragraph 27 of the Complaint.

29. This Defendant admits the averments contained in the first sentence of paragraph 28 of the Complaint without admitting that this Defendant violated the referenced statute. This Defendant denies the averments contained in the second sentence of paragraph 28 of the Complaint. This Defendant admits the averments contained in the third sentence of paragraph 28 of the Complaint.

30. In response to the averments contained in paragraph 29 of the Complaint, this Defendant refers to and incorporates by reference her responses to paragraphs 1 through 18 of the Complaint.

6

31. This Defendant admits the averments contained in paragraph 30 of the Complaint as they relate to Defendants Nashville Senior Care, LLC, Nashville Healthcare Investors, LLC, and this Defendant.

32. This Defendant denies the averments contained in paragraph 31 of the Complaint as stated.

33. This Defendant denies the averments contained in paragraph 32 of the Complaint, including all subsections thereto.

34. This Defendant denies the averments contained in paragraph 33 of the Complaint.

35. This Defendant denies the averments contained in paragraph 34 of the Complaint.

36. In response to the averments contained in paragraph 35 of the Complaint, this Defendant refers to and incorporates by reference her responses to paragraphs 1 through 34 of the Complaint.

37. This Defendant denies the averments contained in paragraph 36 of the Complaint.

38. In response to the averments contained in paragraph 37 of the Complaint, this Defendant admits that Plaintiff seeks damages, costs, and other relief against Defendants but denies that Plaintiff is entitled to any such damages, costs, or relief.

39. This Defendant admits the averments contained in paragraph 38 of the Complaint without admitting that Plaintiff's claims should be presented to the jury.

7

40. The remaining averments contained in the Complaint appear to be mere prayers for relief to which no reply is necessary except in general denial so as to avoid any prejudice thereby.

## SECOND DEFENSE

This Defendant avers that Plaintiff cannot prove a cause of action against her because Plaintiff cannot prove that she or her employees, agents, or representatives breached any duty to Plaintiff or that the alleged actions or omissions of her or her employees, agents, or representatives constituted the cause in fact or the legal and/or proximate cause of Plaintiff's alleged damages.

## THIRD DEFENSE

Pending investigation and in order to avoid waiver, this Defendant avers that Plaintiff fails to state a claim against her for medical malpractice.

## FOURTH DEFENSE

This Defendant avers that Plaintiff's claims related to any incidents that occurred before October 17, 2011, are barred by the applicable statute of limitations.

## FIFTH DEFENSE

This Defendant avers that she exercised the degree of care, skill, and diligence which is used by nursing home administrators generally in this community during the time she served in that capacity at McKendree Village.

## SIXTH DEFENSE

This Defendant denies that she is guilty of any negligence, gross negligence, medical negligence, medical malpractice, or any willful, wanton, malicious, reckless, and/or intentional conduct which proximately caused or contributed to any of Plaintiff's alleged injuries or damages.

8

## SEVENTH DEFENSE

This Defendant pleads and relies upon the provisions of the Tennessee Medical Malpractice Act as codified in Tenn. Code Ann. § 29-26-101, et seq., and demands proof of all allegations related to the alleged improper care of Plaintiff as required by Tenn. Code Ann. § 29-26-115.

## EIGHTH DEFENSE

This Defendant reserves the right to plead the negligence or fault of any non-party which may be revealed through further investigation and discovery.

## NINTH DEFENSE

This Defendant pleads and relies upon Tenn. Code Ann. § 29-39-101, et seq., to govern any award of damages to Plaintiff.

## TENTH DEFENSE

This Defendant avers that the Complaint fails to state a claim against her for punitive damages upon which relief can be granted.

## ELEVENTH DEFENSE

This Defendant avers that an award of punitive damages is violative of the due process of law protections of the United States Constitution and the Constitution of the State of Tennessee.

## TWELFTH DEFENSE

This Defendant avers that Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages without proof of every element of such claim beyond a reasonable doubt would violate her due process rights under the Fourteenth Amendment to the United States Constitution and under the due process provisions of the Tennessee Constitution.

9

## THIRTEENTH DEFENSE

Alternatively, unless this Defendant's liability for punitive damages and the appropriate amount of punitive damages to be assessed is required to be established by clear and convincing evidence, any award of punitive damages would violate this Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Tennessee Constitution.

## FOURTEENTH DEFENSE

This Defendant avers that Plaintiff's claim for punitive damages cannot be sustained because any award of punitive damages without requiring a bifurcated trial as to all punitive damages issues would violate her due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process provisions of the Tennessee Constitution. This Defendant specifically requests a bifurcation of the issues of compensatory and punitive damages if Plaintiff's claim for punitive damages survives pre-trial challenges.

## FIFTEENTH DEFENSE

This Defendant avers that Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages subject to no predetermined upper limit, either as a maximum multiple of compensatory damages or an absolute maximum amount, would violate her due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process of law provisions of the Tennessee Constitution and may result in a violation of her rights not to be subjected to an excessive award in violation of the excessive fines provisions of the Tennessee Constitution.

## SIXTEENTH DEFENSE

This Defendant avers that Plaintiff's claim for punitive damages cannot be sustained

10

because an award of punitive damages by a jury that (1) is not provided standards of sufficient clarity and uniformity for determining the appropriateness, or the appropriate size, of a punitive damages award, (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment and is not instructed to award only that amount of punitive damages as reflects a necessary relationship between the amount of punitive damages and the actual harm in question, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award punitive damages under standards for determining liability for, and the amount of, punitive damages that are vague and arbitrary and do not define, with sufficient clarity to give advance notice to a potential defendant of (a) the prohibited conduct or mental state that permits an award of punitive damages, and (b) the amount of punitive damages permissible, and (5) is not subject to trial and appellate court review on the basis of uniform and objective standards, would violate her due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process and equal protection provisions of the Tennessee Constitution and may result in an excessive punitive damages award in violation of the excessive fines provisions of the Tennessee Constitution.

## SEVENTEENTH DEFENSE

This Defendant avers that Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages without affording to her protections similar to those that are accorded to criminal defendants, including protection against unreasonable searches and seizures, double jeopardy or impermissible multiple punishments, and

11

compelled self-incrimination, and the rights to confront adverse witnesses, to compulsory process for favorable witnesses, to the effective assistance of counsel on every element of an award of punitive damages would violate her rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth and Sixth Amendments as incorporated into the Fourteenth Amendment to the United States Constitution and the provisions providing for due process, the rights to confront witnesses, to compulsory process for favorable witnesses, and to effective assistance of counsel, and protection against unreasonable searches and seizures, double jeopardy, and compelled self-incrimination of the Tennessee Constitution.

## EIGHTEENTH DEFENSE

This Defendant invokes and, alternatively, moves the court to grant her, any and all procedural relief afforded litigants against whom a claim for punitive damages is made in accordance with Hodges v. S. C. Toof & Co., 833 S.W.2d 896, 900-02 (Tenn. 1992) ("Toof"), including but not limited to (1) imposition on Plaintiff of the burden of proving her entitlement to punitive damages by clear and convincing evidence and (2) a bifurcated trial to first determine liability for punitive damages in accordance with the specific standards enunciated in Toof.

## NINETEENTH DEFENSE

This Defendant avers that Plaintiff's claims for punitive damages are governed by all standards of limitations regarding the determination and/or enforceability of punitive damages awards as established in the decisions of BMW of North America v. Gore, 517 U.S. 559 (1996), Cooper Industries v. Leatherman Tool Group, Inc., 532 U.S. 424, 121 S. Ct. 1678 (2001), State Farm Automobile Insurance Company v. Campbell, 123 S. Ct. 1513 (2003), and any other relevant or applicable statutory or case law.

12

## **TWENTIETH DEFENSE**

All averments not heretofore admitted, denied, or otherwise explained are here and now denied as though set forth specifically and denied.

**WHEREFORE,** having fully responded to the Complaint filed against her and others, this Defendant prays that all claims against her be hence dismissed with all costs taxed to Plaintiff. Failing dismissal, this Defendant prays for a trial by a jury of 12 on all issues joined by the pleadings and for such further, general relief to which she might be entitled in these premises.

Respectfully submitted,

**LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC**

By: _____

**D. Randall Mantooth**
BPRN 013875
Bank of America Plaza
414 Union Street, Suite 1900
Nashville, Tennessee 37219-1782
(615) 255-7722
Email: randy.mantooth@leitnerfirm.com

Attorneys for Nashville Senior Care, LLC,
Nashville Healthcare Investors, LLC, and
Vicki Hartway

13

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded via U.S. Mail, postage prepaid, to:

Cameron C. Jehl
Carey L. Acerra
Wilkes & McHugh, P.A.
60 South Main Street, Suite 101
Memphis, Tennessee 38103

Robert E. Cooper Jr., Esq.
Tennessee Attorney General
425 Fifth Avenue North
P.O. Box 20207
Nashville, Tennessee 37202-0207

this the 10th day of April, 2013.

By: _____

**D. Randall Mantooth**

14

# IN THE FIRST CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| JEAN H. McCLENDON, | ) | |
| | ) | |
| Plaintiff, | ) | **JURY DEMAND** |
| | ) | |
| vs. | ) | **Docket No. 12C4187** |
| | ) | |
| NASHVILLE SENIOR CARE, LLC | ) | |
| d/b/a McKENDREE VILLAGE; MVI | ) | |
| HOLDINGS, INC. f/k/a McKENDREE | ) | |
| VILLAGE, INC.; McKENDREE | ) | |
| VILLAGE SENIOR CARE | ) | |
| CORPORATION; HEALTH SERVICES | ) | |
| MANAGEMENT GROUP, LLC; | ) | |
| HEALTH SERVICES, INC.; | ) | |
| NASHVILLE HEALTHCARE | ) | |
| INVESTORS, LLC; and VICKI | ) | |
| HARTWAY,  in her capacity as | ) | |
| Administrator of McKENDREE | ) | |
| VILLAGE, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS NASHVILLE SENIOR CARE, LLC AND NASHVILLE HEALTHCARE INVESTORS, LLC'S ANSWER TO COMPLAINT

Come Defendants Nashville Senior Care, LLC and Nashville Healthcare Investors, LLC, in response to the Complaint filed against them and another, and state unto this Honorable Court as follows:

## FIRST DEFENSE

In response to the individually numbered paragraphs contained in the Complaint, and with specific reference thereto, these Defendants aver as follows:

1.    These Defendants are without knowledge or information sufficient to form a

belief in the truth of the averments contained in paragraph 1 of the

Complaint.

2.     These Defendants admit the averments contained in paragraph 2 of the Complaint except the averment that McKendree Village was owned, operated, and/or managed by "Nursing Home Defendants." In further response to the averments contained in paragraph 2 of the Complaint, these Defendants aver that Nashville Senior Care, LLC managed the nursing home located at the McKendree Village facility and that Nashville Healthcare Investors, LLC owned the facility during the period from October 12, 2011, through December 19, 2011.

3.     These Defendants admit the averments contained in the first sentence of paragraph 3 of the Complaint. In response to the averments contained in the second sentence of paragraph 3 of the Complaint, these Defendants deny the existence of facts supporting Plaintiff's alleged causes of action and the averment that Nashville Senior Care, LLC had any ownership interest in the facility. These Defendants admit the averments contained in the third sentence of paragraph 3 of the Complaint.

4.     These Defendants are without knowledge or information sufficient to form a belief in the truth of the averments contained in the first sentence of paragraph 4 of the Complaint. These Defendants deny the averments contained in the second sentence of paragraph 4 of the Complaint. These Defendants are without knowledge or information sufficient to form a belief in the truth of the averments contained in the third sentence of paragraph 4 of the Complaint.

5.     These Defendants are without knowledge or information sufficient to form a belief in the truth of the averments contained in the first sentence of

2

paragraph 5 of the Complaint. These Defendants deny the averments contained in the second sentence of paragraph 5 of the Complaint. These Defendants are without knowledge or information sufficient to form a belief in the truth of the averments contained in the third sentence of paragraph 5 of the Complaint.

6. These Defendants are without knowledge or information sufficient to form a belief in the truth of the averments contained in the first sentence of paragraph 6 of the Complaint. These Defendants deny the averments contained in the second sentence of paragraph 6 of the Complaint. These Defendants are without knowledge or information sufficient to form a belief in the truth of the averments contained in the third sentence of paragraph 6 of the Complaint.

7. These Defendants are without knowledge or information sufficient to form a belief in the truth of the averments contained in the first sentence of paragraph 7 of the Complaint. These Defendants deny the averments contained in the second sentence of paragraph 7 of the Complaint. These Defendants are without knowledge or information sufficient to form a belief in the truth of the averments contained in the third sentence of paragraph 7 of the Complaint.

8. These Defendants admit the averments contained in the first sentence of paragraph 8 of the Complaint. In response to the averments contained in the second sentence of paragraph 8 of the Complaint, these Defendants deny the existence of facts supporting Plaintiff's alleged causes of action and the averment that Nashville Healthcare Investors, LLC operated, managed, or

3

controlled the facility. These Defendants admit the averments contained in the third sentence of paragraph 8 of the Complaint.

9. These Defendants deny the averments contained in the first sentence paragraph 9 of the Complaint. These Defendants admit the averments contained in the second sentence of paragraph 9 of the Complaint.

10. These Defendants deny the averments contained in the first sentence of paragraph 10 of the Complaint. These Defendants admit the averments contained in the second sentence of paragraph 10 of the Complaint without admitting that Plaintiff has a cause of action against these Defendants.

11. These Defendants need not reply to the averments contained in paragraph 11 of the Complaint because they do not constitute factual averments to which a response is required.

12. These Defendants need not reply to the averments contained in paragraph 12 of the Complaint because they do not constitute factual averments to which a response is required.

13. These Defendants need not reply to the averments contained in paragraph 13 of the Complaint because they do not constitute factual averments to which a response is required.

14. These Defendants need not reply to the averments contained in paragraph 14 of the Complaint because they do not constitute factual averments to which a response is required.

15. These Defendants admit the averments contained in paragraph 15 of the Complaint.

4

16. These Defendants deny the averments contained in paragraph 16 of the Complaint, including subsections (a) through (g).

17. These Defendants deny the averments contained in paragraph 17 of the Complaint.

18. These Defendants deny the averments contained in paragraph 18 of the Complaint.

19. These Defendants admit the averments contained in the first sentence of paragraph 19 of the Complaint without admitting that these Defendants violated the referenced statute. These Defendants deny the averments contained in the second sentence of paragraph 19 of the Complaint. These Defendants admit the averments contained in the third sentence of paragraph 19 of the Complaint.

20. In response to the averments contained in paragraph 20 of the Complaint, these Defendants refer to and incorporate by reference their responses to paragraphs 1 through 19 of the Complaint.

21. These Defendants admit the averments contained in paragraph 21 of the Complaint as they relate to these Defendants.

22. These Defendants admit the averments contained in paragraph 22 of the Complaint as they relate to these Defendants.

23. These Defendants deny the averments contained in paragraph 23 of the Complaint, including all subsections thereto.

24. These Defendants deny the averments contained in the second paragraph numbered 23 in the Complaint.

5

25.    These Defendants deny the averments contained in paragraph 24 of the Complaint.

26.    In response to the averments contained in paragraph 25 of the Complaint, these Defendants refer to and incorporate by reference their responses to paragraphs 1 through 18 of the Complaint.

27.    These Defendants deny the averments contained in paragraph 26 of the Complaint.

28.    These Defendants admit the averments contained in the first two sentences of paragraph 27 of the Complaint but deny that Defendant Hartway had any such responsibility or duty during the time that Plaintiff was a resident at McKendree Village. These Defendants admit the averments contained in the third sentence of paragraph 27 of the Complaint but deny that Defendant Hartway had any leadership responsibilities during the time that Plaintiff was a resident at McKendree Village. These Defendants deny the averments contained in the fourth sentence of paragraph 27 of the Complaint.

29.    These Defendants admit the averments contained in the first sentence of paragraph 28 of the Complaint without admitting that these Defendants violated the referenced statute. These Defendants deny the averments contained in the second sentence of paragraph 28 of the Complaint. These Defendants admit the averments contained in the third sentence of paragraph 28 of the Complaint.

30.    In response to the averments contained in paragraph 29 of the Complaint, these Defendants refer to and incorporate by reference their responses to paragraphs 1 through 18 of the Complaint.

6

31.　These Defendants admit the averments contained in paragraph 30 of the Complaint as they relate to Defendant Hartway.

32.　These Defendants deny the averments contained in paragraph 31 of the Complaint as stated.

33.　These Defendants deny the averments contained in paragraph 32 of the Complaint, including all subsections thereto.

34.　These Defendants deny the averments contained in paragraph 33 of the Complaint.

35.　These Defendants deny the averments contained in paragraph 34 of the Complaint.

36.　In response to the averments contained in paragraph 35 of the Complaint, these Defendants refer to and incorporate by reference their responses to paragraphs 1 through 34 of the Complaint.

37.　These Defendants deny the averments contained in paragraph 36 of the Complaint.

38.　In response to the averments contained in paragraph 37 of the Complaint, these Defendants admit that Plaintiff seeks damages, costs, and other relief against Defendants but deny that Plaintiff is entitled to any such damages, costs, or relief.

39.　These Defendants admit the averments contained in paragraph 38 of the Complaint without admitting that Plaintiff's claims should be presented to the jury.

N:\DATA\Docs\008679\000085\02658587.DOC

40.     The remaining averments contained in the Complaint appear to be mere prayers for relief to which no reply is necessary except in general denial so as to avoid any prejudice thereby.

## SECOND DEFENSE

These Defendants aver that Plaintiff cannot prove a cause of action against them because Plaintiff cannot prove that these Defendants' employees, agents, or representatives breached any duty to Plaintiff or that the alleged actions or omissions of these Defendants' employees, agents, or representatives constituted the cause in fact or the legal and/or proximate cause of Plaintiff's alleged damages.

## THIRD DEFENSE

Pending investigation and in order to avoid waiver, these Defendants aver that Plaintiff fails to state a claim against them for medical malpractice.

## FOURTH DEFENSE

These Defendants aver that Plaintiff's claims related to any incidents that occurred before October 17, 2011, are barred by the applicable statute of limitations.

## FIFTH DEFENSE

These Defendants aver that they exercised the degree of care, skill, and diligence which is used by nursing homes generally in this community at all times material to the facts in this case.

## SIXTH DEFENSE

These Defendants deny that they are guilty of any negligence, gross negligence, medical negligence, medical malpractice, or any willful, wanton, malicious, reckless, and/or intentional conduct which proximately caused or contributed to any of Plaintiff's alleged injuries or damages.

8

## SEVENTH DEFENSE

These Defendants plead and rely upon the provisions of the Tennessee Medical Malpractice Act as codified in Tenn. Code Ann. § 29-26-101, et seq., and demand proof of all allegations related to the alleged improper care of Plaintiff as required by Tenn. Code Ann. § 29-26-115.

## EIGHTH DEFENSE

These Defendants reserve the right to plead the negligence or fault of any non-party which may be revealed through further investigation and discovery.

## NINTH DEFENSE

These Defendants plead and rely upon Tenn. Code Ann. § 29-39-101, et seq., to govern any award of damages to Plaintiff.

## TENTH DEFENSE

These Defendants aver that the Complaint fails to state a claim against them for punitive damages upon which relief can be granted.

## ELEVENTH DEFENSE

These Defendants aver that an award of punitive damages is violative of the due process of law protections of the United States Constitution and the Constitution of the State of Tennessee.

## TWELFTH DEFENSE

These Defendants aver that Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages without proof of every element of such claim beyond a reasonable doubt would violate these Defendants' due process rights under the Fourteenth Amendment to the United States Constitution and under the due process provisions of the Tennessee Constitution.

9

## THIRTEENTH DEFENSE

Alternatively, unless these Defendants' liability for punitive damages and the appropriate amount of punitive damages to be assessed are required to be established by clear and convincing evidence, any award of punitive damages would violate these Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Tennessee Constitution.

## FOURTEENTH DEFENSE

These Defendants aver that Plaintiff's claim for punitive damages cannot be sustained because any award of punitive damages without requiring a bifurcated trial as to all punitive damages issues would violate these Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process provisions of the Tennessee Constitution. These Defendants specifically request a bifurcation of the issues of compensatory and punitive damages if Plaintiff's claim for punitive damages survives pre-trial challenges.

## FIFTEENTH DEFENSE

These Defendants aver that Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages subject to no predetermined upper limit, either as a maximum multiple of compensatory damages or an absolute maximum amount, would violate these Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process of law provisions of the Tennessee Constitution and may result in a violation of these Defendants' rights not to be subjected to an excessive award in violation of the excessive fines provisions of the Tennessee Constitution.

10

## SIXTEENTH DEFENSE

These Defendants aver that Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages by a jury that (1) is not provided standards of sufficient clarity and uniformity for determining the appropriateness, or the appropriate size, of a punitive damages award, (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment and is not instructed to award only that amount of punitive damages as reflects a necessary relationship between the amount of punitive damages and the actual harm in question, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award punitive damages under standards for determining liability for, and the amount of, punitive damages that are vague and arbitrary and do not define, with sufficient clarity to give advance notice to a potential defendant of (a) the prohibited conduct or mental state that permits an award of punitive damages, and (b) the amount of punitive damages permissible, and (5) is not subject to trial and appellate court review on the basis of uniform and objective standards, would violate these Defendants' due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process and equal protection provisions of the Tennessee Constitution and may result in an excessive punitive damages award in violation of the excessive fines provisions of the Tennessee Constitution.

## SEVENTEENTH DEFENSE

These Defendants aver that Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages without affording to these Defendants

11

protections similar to those that are accorded to criminal defendants, including protection against unreasonable searches and seizures, double jeopardy or impermissible multiple punishments, and compelled self-incrimination, and the rights to confront adverse witnesses, to compulsory process for favorable witnesses, to the effective assistance of counsel on every element of an award of punitive damages would violate these Defendants' rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth and Sixth Amendments as incorporated into the Fourteenth Amendment to the United States Constitution and the provisions providing for due process, the rights to confront witnesses, to compulsory process for favorable witnesses, and to effective assistance of counsel, and protection against unreasonable searches and seizures, double jeopardy, and compelled self-incrimination of the Tennessee Constitution.

## EIGHTEENTH DEFENSE

These Defendants invoke and, alternatively, move the court to grant them, any and all procedural relief afforded litigants against whom a claim for punitive damages is made in accordance with Hodges v. S. C. Toof & Co., 833 S.W.2d 896, 900-02 (Tenn. 1992) ("Toof"), including but not limited to (1) imposition on Plaintiff of the burden of proving her entitlement to punitive damages by clear and convincing evidence and (2) a bifurcated trial to first determine liability for punitive damages in accordance with the specific standards enunciated in Toof.

## NINETEENTH DEFENSE

These Defendants aver that Plaintiff's claims for punitive damages are governed by all standards of limitations regarding the determination and/or enforceability of punitive damages awards as established in the decisions of BMW of North America v. Gore, 517 U.S. 559 (1996), Cooper Industries v. Leatherman Tool Group, Inc., 532 U.S. 424, 121 S.

12

Ct. 1678 (2001), State Farm Automobile Insurance Company v. Campbell, 123 S. Ct. 1513 (2003), and any other relevant or applicable statutory or case law.

## TWENTIETH DEFENSE

All averments not heretofore admitted, denied, or otherwise explained are here and now denied as though set forth specifically and denied.

**WHEREFORE,** having fully responded to the Complaint filed against them and another, these Defendants pray that all claims against them be hence dismissed with all costs taxed to Plaintiff. Failing dismissal, these Defendants pray for a trial by a jury of 12 on all issues joined by the pleadings and for such further, general relief to which they might be entitled in these premises.

Respectfully submitted,

**LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC**

By: _____

**D. Randall Mantooth**
BPRN 013875
Bank of America Plaza
414 Union Street, Suite 1900
Nashville, Tennessee 37219-1782
(615) 255-7722
Email: randy.mantooth@leitnerfirm.com

Attorneys for Nashville Senior Care, LLC, Nashville Healthcare Investors, LLC, and Vicki Hartway

13

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded via U.S. Mail, postage prepaid, to:

> Cameron C. Jehl
> Carey L. Acerra
> Wilkes & McHugh, P.A.
> 60 South Main Street, Suite 101
> Memphis, Tennessee 38103
>
> Robert E. Cooper Jr., Esq.
> Tennessee Attorney General
> 425 Fifth Avenue North
> P.O. Box 20207
> Nashville, Tennessee 37202-0207

this the _10th_ day of _April_, 2013.

By: _____

**D. Randall Mantooth**

14

Copy

# IN THE FIRST CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

FILED

2013 MAR 28 AM 10: 22

RICHARD R. ROOKER, CLERK

_____ D.C.

JEAN H. McCLENDON,                    )
                                      )
        Plaintiff,                    )       JURY DEMAND
                                      )
v.                                    )       Docket No. 12C4187
                                      )
NASHVILLE SENIOR CARE, LLC d/b/a      )
McKENDREE VILLAGE; MVI HOLDINGS,      )
INC. f/k/a McKENDREE VILLAGE, INC.;   )
McKENDREE VILLAGE SENIOR CARE         )
CORPORATION; HEALTH SERVICES          )
MANAGEMENT GROUP, LLC; HEALTH         )
SERVICES, INC.; NASHVILLE             )
HEALTHCARE INVESTORS, LLC; and        )
VICKI HARTWAY, in her capacity as     )
Administrator of McKENDREE VILLAGE,   )
                                      )
        Defendants.                   )

## AGREED ORDER ALLOWING CERTAIN DEFENDANTS ENLARGEMENT OF TIME TO RESPOND TO COMPLAINT

It appearing that the attorney for Plaintiff and the attorney for Nashville Senior Care, LLC, Nashville Healthcare Investors, LLC, and Vicki Hartway have agreed that those Defendants may be allowed an enlargement of time through April 10, 2013, to file a responsive pleading to the Complaint, and it appearing that the parties to this order agree that the Defendants referenced in this order failed to file a timely answer to the Complaint has a result of excusable neglect, and it appearing that Plaintiff has agreed to waive the requirement of the filing of a motion seeking an enlargement of time as required by Tenn. R. Civ. P. 6.02(2), it is hereby **ORDERED** that Defendants Nashville Senior Care, LLC, Nashville Healthcare Investors, LLC, and Vicki Hartway shall have through April 10, 2013, to file a responsive pleading to the Complaint.

N:\DATA\Docs\008679\000085\02614129.DOC

Copy

It is so ORDERED.

Entered this _28th_ day of _MARCH_____, 2013.

_[signature]_
JUDGE

**APPROVED FOR ENTRY:**

**WILKES & McHUGH, P.A.**

By: _Carey L. Acerra_ by _D. Randall Mantooth_
_w/ permission_
Cameron C. Jehl
BPRN 018729
**Carey L. Acerra**
BPRN 023464
60 South Main Street, Suite 101
Memphis, Tennessee 38103
(901) 322-4232

Attorneys for Plaintiff

**LEITNER, WILLIAMS, DOOLEY
& NAPOLITAN, PLLC**

By: _[signature]_
D. Randall Mantooth
BPRN 013875
Bank of America Plaza
414 Union Street, Suite 1900
Nashville, Tennessee 37219-1782
(615) 255-7722
Email: randy.mantooth@leitnerfirm.com

Attorneys for Nashville Senior Care, LLC,
Nashville Healthcare Investors, LLC, and
Vicki Hartway

2

N:\DATA\Docs\008679\000085\02614129.DOC

Copy

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded via U.S. Mail, postage prepaid, to:

Cameron C. Jehl
Carey L. Acerra
Wilkes & McHugh, P.A.
60 South Main Street, Suite 101
Memphis, Tennessee 38103

Heidi R. Hoffecker, Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
1800 Republic Centre
633 Chestnut Street
Chattanooga, Tennessee 37450

Michael D. Brent, Esq.
Bradley Arant Boult Cummings LLP
1600 Division Street
Suite 700
Nashville, Tennessee 37203

Robert E. Cooper Jr., Esq.
Tennessee Attorney General
425 Fifth Avenue North
P.O. Box 20207
Nashville, Tennessee 37202-0207

Health Services, Inc.
c/o Thomas Johnson, Registered Agent
800 Central Avenue NE
Cleveland, Tennessee 37311

this the 21st day of March, 2013.

By: _____
D. Randall Mantooth

3

N:\DATA\Docs\008679\000085\02614129.DOC

Copy

STAMP ERROR

1st

## IN THE CIRCUIT COURT OF TENNESSEE FOR THE
## TWENTIETH JUDICIAL DISTRICT AT NASHVILLE, DAVIDSON COUNTY

2013 MAR 25  AM 9:05

RICHARD R. ROOKER. CLERK

_____ D.C

| | |
|---|---|
| Jean H. McClendon, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Cause No. 12C418 |
| Nashville Senior Care, LLC d/b/a McKendree | ) Jury Demanded |
| Village; MVI Holdings, Inc. f/k/a McKendree | ) |
| Village, Inc.; McKendree Village Senior Care | ) |
| Corporation; Health Services Management | ) |
| Group, LLC; Health Services, Inc.; Nashville | ) |
| Healthcare Investors, LLC; and Vicki Hartway, | ) |
| in her capacity as Administrator of McKendree | ) |
| Village, | ) |
| | ) |
| Defendants. | ) |
| | ) |



2013 MAR 28 · AM 10:22  FILED  RICHARD R. ROOKER, CLERK  D.C

### ORDER OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE
### AS TO CERTAIN DEFENDANTS ONLY

This matter came before the Court on Plaintiff's Notice of Voluntary Dismissal of Plaintiff's claims against separate Defendants MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation; Health Services Management Group, LLC; and Health Services, Inc.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that Plaintiff's claims against these separate Defendants MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation; Health Services Management Group, LLC; and Health Services, Inc. are dismissed without prejudice. Plaintiffs claims remain pending against Defendants Nashville Senior Care, LLC d/b/a McKendree Village; Nashville Healthcare Investors, LLC; and Vicki Hartway, in her capacity as Administrator of McKendree Village.

Copy

HON. HAMILTON GAYDEN

_3/28/2013_
Date

**SUBMITTED BY:**

**WILKES & McHUGH, P.A.**

Cameron C. Jehl (BPR#18729)
Carey L. Acerra (BPR#23464)
60 South Main Street, Suite 101
Memphis, Tennessee 38103
Telephone Number:   901-322-4232
Facsimile Number:   901-322-4231

*Attorneys for Plaintiff*

2



## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via the following methods on this **20ᵀᴴ** day of March, 2013, with sufficient postage thereon to ensure delivery on the following:

Robert E. Cooper, Jr.                                    (U.S. Mail)
Tennessee Attorney General
425 Fifth Avenue North
Post Office Box 20207
Nashville, TN 37202-0207

Daniel J. White, Esq.                                    (facsimile and U.S. Mail)
Baker Donelson Bearman,
    Caldwell & Berkowitz, PC
1800 Republic Centre
633 Chestnut Street
Chattanooga, TN 37450

*Attorney for Health Services Management Group, LLC
and Health Services, Inc.*

Michael D. Brent, Esq.                                   (facsimile and U.S. Mail)
Bradley Arant Boult Cummings, LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203

*Attorney for MVI Holdings, Inc. f/k/a McKendree
Village, Inc. and McKendree Village Senior Care Corporation*

D. Randall Mantooth, Esq.                                (facsimile and U.S. Mail)
Leitner, Williams, Dooley & Napolitan, PLLC
Bank of America Plaza
414 Union Street, Suite 1900
Nashville, Tennessee 37219-1782

*Attorney for Defendants Nashville Senior Care, LLC; Nashville Healthcare Investors,
LLC; and Vicki Hartway*

_____
Attorney for Plaintiff

3

# IN THE CIRCUIT COURT OF TENNESSEE FOR THE
## TWENTIETH JUDICIAL DISTRICT AT NASHVILLE, DAVIDSON COUNTY

| | | |
|---|---|---|
| **Jean H. McClendon,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Cause No. _____** |
| | ) | **Division _____** |
| **Nashville Senior Care, LLC d/b/a McKendree** | ) | **Jury Demanded** |
| **Village; MVI Holdings, Inc. f/k/a McKendree** | ) | |
| **Village, Inc.; McKendree Village Senior Care** | ) | |
| **Corporation; Health Services Management** | ) | |
| **Group, LLC; Health Services, Inc.; Nashville** | ) | |
| **Healthcare Investors, LLC; and Vicki Hartway,** | ) | |
| **in her capacity as Administrator of McKendree** | ) | |
| **Village,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO SEPARATE DEFENDANT, VICKI HARTWAY

Pursuant to Rules 26, 33 and 34 of the Tennessee Rules of Civil Procedure, the Plaintiff, Jean H. McClendon (Plaintiff), requests that Separate Defendant, Vicki Hartway in her capacity as Administrator of McKendree Village (Separate Defendant), answer the following First Interrogatories and Requests for Production of Documents in the time and manner provided for in the Tennessee Rules of Civil Procedure.

Pursuant to said rules, answers to the following Interrogatories and Requests are to be made on the basis of all information in the possession of the party served (including their attorney) and are to be served upon the undersigned no later than forty-five (45) days after the date of service when served with the Complaint.

Rule 33.01 additionally requires that: (a) each Interrogatory be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for the objection shall be stated in lieu of an answer; (b) answers be signed by the party making them; and (c) objections be signed by the attorney making them.

Your attention is called to Federal Rule of Civil Procedure 37.01 which provides that an evasive or incomplete answer is to be treated as a failure to answer and, if the Court grants a Motion to Compel answers to these Interrogatories, the Court shall require the party or attorney failing to answer to pay the reasonable expenses in obtaining an Order compelling the answers, including attorney's fees.

Note also that Tennessee Rule of Civil Procedure 26.05 provides:

1.      A party is under a duty to seasonably supplement their responses with respect to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matters; and (b) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony.

2.      A party is under a duty to seasonably amend a prior response if they obtain information upon the basis of which (a) they know that the response was incorrect when made; or (b) they know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.

## INSTRUCTIONS AND DEFINITIONS

You are requested to furnish all information in your possession and all information available to you, not merely such information as you know of as your own personal knowledge,

but also all knowledge that is available to you, your representatives, agents and attorneys to the extent not privileged, including inquiry of their representatives.

If you are unable to answer the following interrogatories completely, answer to the extent possible, specifically stating what information or knowledge you have concerning the unanswered portion.

1. *"You or Your."* The terms "You" and "Your," as well as a party's full or abbreviated name or pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, or any other individual or entity presently or formally acting on the party's behalf.

2. *"Person."* The term "person" is defined as any natural person or business, legal or governmental entity or association.

3. *"Identify" (with respect to persons).* When referring to a person, "to identify" means to give, to the extent known, the (1) person's full name, (2) present or last known address, (3) present or last known telephone number, and (4) when referring to a natural person, additionally, the present or last known place of employment.

4. *"Identify" (with respect to documents).* When referring to documents, "to identify" means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s).

5. *"Document."* The term "document" is used in its broadest sense, and includes, without limitation, writings, books, papers, minutes, notes, drafts, drawings, graphs, reviews, evaluations, charts, schedules, logs, photographs, correspondence, records, letters, memoranda, reports, sheets, computer records, e-mails, and other data compilations in any form or tangible items from which information can be obtained or translated into reasonable useable form.

3

6.    *"Residency."*  For purposes of these Interrogatories and Requests for Production of Documents, "residency" is defined as the period during which time Jean H. McClendon was a resident of McKendree Village from on or about October 12, 2011, until on or about December 19, 2011.

7.    *"Facility."*  For purposes of these Interrogatories and Requests for Production of Documents, "facility" is defined as McKendree Village, 4347 Lebanon Road, Hermitage, Tennessee 37076.

8.    To preserve the privacy of residents other than Jean H. McClendon, you may delete, obliterate, or otherwise redact the names of residents other than Jean H. McClendon, from documents produced in response to these Requests to Produce Documents.

## INTERROGATORIES

**INTERROGATORY NO. 1:**  State your full name, date of birth, social security number, current address, and any other address you have had since October 2011.

**ANSWER:**


**INTERROGATORY NO. 2:**  Identify each and every person with discoverable knowledge relating to any aspect of the instant cause, including the incident at issue or Plaintiffs' claimed injuries and damages.  PLEASE TAKE NOTICE THAT THIS PLAINTIFF WILL OBJECT TO THE TESTIMONY OF ANY INDIVIDUAL NOT IDENTIFIED IN ANSWER TO THIS INTERROGATORY.

**ANSWER:**


4

**INTERROGATORY NO. 3:** State whether you have been employed at any time since October 2011, including the name and address of each employer, date and duration of employment, position or title held, and rate of pay or salary of each position held, and state whether you received any income or governmental aid of any nature whatsoever, including the date, source, type and amount of any such aid or benefits received.

**ANSWER:**

**INTERROGATORY NO. 4:** Identify each person whom you expect to call as an expert witness at trial. As to each person identified state: (a) his or her qualifications (b) the subject matter on which the expert is expected to testify (c) the substance of the facts and opinions to which the expert is expected to testify and (d) a summary of the grounds for each opinion.

**ANSWER:**

**INTERROGATORY NO. 5:** List all civil, criminal and administrative, insurance claims or bankruptcy proceedings to which you have been a party, including all the date, docket number, and court or tribunal in which filed, and identify the parties, their attorneys, and the nature and resolution of each proceeding.

**ANSWER:**

**INTERROGATORY NO. 6:** If you no longer work at McKendree Village, please state the reason(s) for leaving said employment, whether your employment ended via voluntary resignation, termination, or otherwise, and detail the circumstances regarding your leave of employment.

**ANSWER:**


**INTERROGATORY NO. 7:** Describe in detail the extent of your education, including the names and addresses of schools attended, the inclusive dates thereof, and any degrees received.

**ANSWER:**


**INTERROGATORY NO. 8:** Have you ever been arrested or charged with any offense (whether or not conviction resulted)? If so, state the date, place, authority placing the charge, the charge made and the disposition of same.

**ANSWER:**


**INTERROGATORY NO. 9:** Identify by name, home and business address, and telephone, each and every person who has possession of any knowledge of any photographs, estimates, reports, statements, documents, drawings, letters, etc., or any other tangible evidence in any way relating to or pertinent to the issues in the subject litigation, whether or not you intend to use same at trial and identify by description each item that each person has in their possession.

**ANSWER:**


**INTERROGATORY NO. 10:** Please detail any conversations with and/or documents you have received or provided to Jean H. McClendon. Please state the date and time of the conversations and the substance thereof.

6

**ANSWER:**

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** Please produce all reports, correspondence or other writings generated by or on behalf of any management company of, or consultant to, the facility concerning the care and treatment of residents.

**RESPONSE:**


**REQUEST NO. 2:** Please produce the curriculum vitae of any expert witness which you intend to call to testify at the trial of this cause.

**RESPONSE:**


**REQUEST NO. 3:** Please produce your resume.

**RESPONSE:**


**REQUEST NO. 4:** Please produce any documents referenced in your answer to Interrogatory No. 10 above.

**RESPONSE:**

7

Respectfully submitted,

**WILKES & McHUGH, P.A.**

By:     _____
        Cameron C. Jehl (BPR#18729)
        Carey L. Acerra (BPR#23464)
        60 South Main Street, Suite 101
        Memphis, Tennessee 38103
        Telephone Number:   901-322-4232
        Facsimile Number:   901-322-4231

        Attorneys for Plaintiff

## <u>VERIFICATION</u>

STATE OF TENNESSEE
COUNTY OF _____

I, _____, am the _____ of

_____, Defendant(s), and in that capacity do swear and

affirm that the answers and responses given to the Plaintiff's First Set of Interrogatories are true

and correct to the best of my information and belief.

_____

Title: _____

SUBSCRIBED  AND  SWORN  TO  before  me  by  _____  as

_____  of  _____,  on  the

_____ day of _____, 2012, to certify my hand and seal of office.

_____

Notary Public

My Commission Expires:

_____

9

## IN THE CIRCUIT COURT OF TENNESSEE FOR THE
## TWENTIETH JUDICIAL DISTRICT AT NASHVILLE, DAVIDSON COUNTY

| | | |
|---|---|---|
| **Jean H. McClendon,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Cause No.** _____ |
| | ) | **Division** _____ |
| **Nashville Senior Care, LLC d/b/a McKendree** | ) | **Jury Demanded** |
| **Village; MVI Holdings, Inc. f/k/a McKendree** | ) | |
| **Village, Inc.; McKendree Village Senior Care** | ) | |
| **Corporation; Health Services Management** | ) | |
| **Group, LLC; Health Services, Inc.; Nashville** | ) | |
| **Healthcare Investors, LLC; and Vicki Hartway,** | ) | |
| **in her capacity as Administrator of McKendree** | ) | |
| **Village,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## FIRST REQUESTS TO PRODUCE TO NURSING HOME DEFENDANTS

Pursuant to Rules 26 and 34 of the Tennessee Rules of Civil Procedure, Plaintiff, Jean H. McClendon (Plaintiff), requests that Separate Defendants, Nashville Senior Care, LLC d/b/a McKendree Village; MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation; Health Services Management Group, LLC; Health Services, Inc.; and Nashville Healthcare Investors, LLC (Nursing Home Defendants), answer the following First Requests to Produce in the time and manner provided for in the Tennessee Rules of Civil Procedure.

Pursuant to said rules, responses to the following production requests are to be made on the basis of all information in the possession of the party served (including their attorney) and are

to be served upon the undersigned no later than forty-five (45) days after the date of service when served with the Complaint.

Your attention is called to Tennessee Rule of Civil Procedure 37.01 which provides that an evasive or incomplete answer is to be treated as a failure to answer and, if the Court grants a Motion to Compel answers to these production requests, the Court shall require the party or attorney failing to answer to pay the reasonable expenses in obtaining an Order compelling the responses, including attorney's fees.

Note also that Tennessee Rule of Civil Procedure 26.05 provides:

1. A party is under a duty to reasonably supplement their responses with respect to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matters; and (b) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony.

2. A party is under a duty to reasonably amend a prior response if they obtain information upon the basis of which (a) they know that the response was incorrect when made; or (b) they know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.

## INSTRUCTIONS AND DEFINITIONS

You are requested to furnish all information in your possession and all information available to you, not merely such information as you know of as your own personal knowledge, but also all knowledge that is available to you, your representatives, agents and attorneys to the extent not privileged, including inquiry of their representatives.

2

If you are unable to answer the following production requests completely, answer to the extent possible, specifically stating what information or knowledge you have concerning the unanswered portion.

1. *"You or Your."* The terms "You" and "Your," as well as a party's full or abbreviated name or pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, or any other individual or entity presently or formally acting on the party's behalf.

2. *"Person."* The term "person" is defined as any natural person or business, legal or governmental entity or association.

4. *"Document(s)."* The term "document(s)" is used in its broadest sense, and includes, without limitation, writings, books, papers, minutes, notes, drafts, drawings, graphs, reviews, evaluations, charts, schedules, logs, photographs, correspondence, records, letters, memoranda, reports, sheets, computer records, e-mails, and other data compilations in any form or tangible items from which information can be obtained or translated into reasonable useable form.

5. *"Residency."* For purposes of these Requests to Produce, "residency" is defined as the period during which time Jean H. McClendon was a resident of McKendree Village from on or about October 12, 2011, until on or about December 19, 2011.

6. *"Facility."* For purposes of these Requests to Produce, "facility" is defined as McKendree Village located at 4347 Lebanon Road, Hermitage, Tennessee 37076.

7. To preserve the privacy of residents other than Jean H. McClendon, you may delete, obliterate, or otherwise redact the names of residents other than Jean H. McClendon from records produced in response to these Requests to Produce.

3

## FIRST REQUESTS TO PRODUCE

**REQUEST TO PRODUCE NO. 1:**  A **Bates-stamped** copy of the complete original chart for Jean H. McClendon regarding her care, treatment, and all related medical services at the facility.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 2:**  **Color** photographic copies of all photographs that were taken of Jean H. McClendon by the facility.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 3:**  The complete administrative and/or financial file or files prepared and/or maintained for the facility concerning Jean H. McClendon, including any contract between Jean H. McClendon and the facility, and any attachments to that contract.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 4:**  Every record identified in Interrogatory No. 10 of Plaintiff's First Interrogatories to Defendant, including every form of communication book or log book used internally within the facility to communicate between persons providing care or services to residents, including Jean H. McClendon, that has not been produced in response to Requests Nos. 1-3 above.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 5:**  A complete and itemized bill for all services, medical supplies, pharmaceutical supplies, therapies, or any other goods or services for which

4

the nursing home charged the resident or any third-party payor on behalf of Jean H. McClendon while she was a resident at the facility, including:

    (a)    All bills or statements submitted to Medicare, or any fiscal intermediary for Medicare, for supplies, therapies, or other ancillary charges covering care, supplies, equipment, or other ancillary charges for Jean H. McClendon;

    (b)    All bills or statements submitted to Jean H. McClendon, her power of attorney, guardian, or family for room and boards, services, supplies, equipment, or other items provided to Jean H. McClendon, including co-payments or deductibles, by the facility;

    (c)    All revenue reports and/or remittance advisories that reflect reimbursement made by Medicare, Medicaid, private insurance, or any individual for room and board, services, supplies, equipment, or other items provided by the facility to Jean H. McClendon; and

    (d)    All statements, lists, or reconciliation of trust accounts reflecting funds received from Jean H. McClendon, her power of attorney, guardian, or family or held in trust for the benefit of Jean H. McClendon.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 6:** The list of physicians who were designated to provide emergency services at the facility when the attending physician, or designated alternative, was not available during the residency.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 7:** All reports or data compilations that concern the status or condition of residents at the facility that were reviewed by Defendant's corporate offices during the six months prior to the residency and during the residency.

**RESPONSE:**

5

**REQUEST TO PRODUCE NO. 8:** All advertisements, descriptive brochures and pamphlets used to advertise the facility, or to inform or educate the general public, hospitals, doctors, or others of the services offered at the facility for the calendar year 2011.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 9:** The facility's policies and procedures in effect during the residency, including, but not limited to:

    (a)      Activities;

    (b)      Administrative;

    (c)      Consultant services;

    (d)      Codes of conduct/business ethics;

    (e)      Staff education;

    (f)      Diagnostic services;

    (g)      Dietary services;

    (h)      Housekeeping;

    (i)      Infection control;

    (j)      Medical director/consultant services;

    (k)      Medical records;

    (l)      Nursing services; including those for the prevention and treatment of pressure sores; hygiene; nutrition, and the prevention and treatment of infections;

    (m)      Pharmacy services;

    (n)      Resident's care planning;

    (o)      Resident's rights;

    (p)      Social services;

6

(q)     Specialized rehabilitative and restorative services;

(r)     The reporting of accidents or unusual incidents involving any residents; and

(s)     Quality assessment and assurance.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 10:** All correspondence, documents, or forms from any licensing body, including federal or state agencies, sent to Defendant, which lists any deficiencies in the maintenance or operation of the nursing home effecting patient care, which occurred during the six months prior to the residency and during the residency.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 11:** All records of accidents or unusual incidents regarding Jean H. McClendon occurring at the facility.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 12:** All newsletters that were circulated from Administration to employees of the facility during the three months prior to the residency and during the residency.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 13:** All letters or correspondence that were circulated from the facility to Jean H. McClendon or her family during or regarding the residency.

7

**RESPONSE:**


**REQUEST TO PRODUCE NO. 14:** All writings or documents in your possession reflecting any investigations conducted by state agencies concerning Jean H. McClendon.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 15:** All reports, correspondence, or other writings generated by or on behalf of any management company of, or consultant to the nursing home concerning the care and treatment of residents during the six months prior to the residency and during the residency.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 16:** All documents that describe the lines of authority and communication at the facility during the residency.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 17:** All contracts between Defendant and the Medical Director(s) of the facility during the residency.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 18:** All contracts between Defendant and any company responsible for the management or operation of the facility during the six months prior to the residency and during the residency.

8

**RESPONSE:**


**REQUEST TO PRODUCE NO. 19:** All contracts between Defendant and any consultants or any medical doctor where such consultant or medical doctor delivered care or services to Jean H. McClendon at the facility.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 20:** All provider agreements between Defendant and the State of Tennessee for the facility effective during the residency.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 21:** All provider agreements between Defendant and the Federal Government for the facility effective during the residency.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 22:** All resident council minutes for meetings that took place at the facility during the six months prior to the residency and during the residency.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 23:** All minutes of the meetings of the Governing Body of the facility held during the six months prior to the residency and during the residency.

**RESPONSE:**

9

**REQUEST TO PRODUCE NO. 24:** All budgets and budget worksheets, amendments to budgets, and monthly budget variance reports, prepared for the operation of the facility for the calendar year 2011.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 25:** The following documentation for each person who was employed at the facility during the residency:

(a)    Applications for employment;

(b)    Documentation obtained by the nursing home about the employee from any third source such as employment verification information from other employers, reports from any law enforcement or state administrative agency or any abuse reporting agency where such document is not privileged by the state or Federal law creating the abuse reporting agency;

(c)    Licensing certification for the employee;

(d)    Documents that describe disciplinary information of the employee by the nursing home, including letters of reprimand, or complaints by outside persons;

(e)    All documents submitted by the employee or recorded by the facility, concerning complaints registered by the employee;

(f)    Performance evaluations completed for the employee;

(g)    Exit interviews conducted with the employees upon their termination of employment with the facility; and

(h)    All forms, letters, or notes relating to termination of the employee's service at the nursing home, including writings completed by the employee or any other member of the nursing home's staff or administration.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 26:** All documents that recorded consumer, resident or employee suggestions (i.e., suggestion box, 800 number, etc.) regarding the facility during six months prior to the residency and during the residency.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 27:** The following reports or data compilations: (1) All reports concerning budgeting for staffing or supplies, including any monthly budget variance reports, at the facility, (2) All reports concerning facility staffing levels, (3) All reports concerning the care and treatment of residents at the facility; and, (4) concerning resident characteristics, resident acuity levels, and facility census levels, for the year 2011.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 28:** All employee/associate handbooks applicable during the residency.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 29:** All attendance logs kept for family visits and/or any other visitors of residents at the facility during the residency.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 30:** All statements made by or concerning Jean H. McClendon and/or evaluations of Jean H. McClendon during the residency.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 31:** All guidelines and procedures in effect during the residency utilized to determine whether the facility had sufficient numbers of nursing personnel which included registered and licensed vocational nurses, nurse assistants, medication assistants, orderlies and other staff to:

    (a)    Provide 24-hour nursing services;

    (b)    Meet the needs of residents who are admitted to and remain in the nursing home; and,

    (c)    Meet the total nursing needs of residents.

This request includes but is not limited to any documentation, which sets forth guidelines or criteria for measuring workload imposed on nursing personnel. If any revisions, updates, or modifications of the above described guidelines have occurred during the dates of Jean H. McClendon's residency, you are requested to produce the original version and all subsequent revisions.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 32:** All work schedules, time sheets and time cards showing the identity, number (quantity), and classification of any nursing personnel, including relief or pool personnel who worked on any unit or wing in the facility during the residency.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 33:** All documentation from any division or bureau of or any local, state, or federal governmental entity that sets forth findings, conclusions, violations, deficiencies, penalties, actions and recommended sanctions regarding the facility at any time

12

during the six months prior to the residency and during the residency until the date of filing of the Complaint in this matter.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 34:** All documentation and reports from every consultant or management personnel hired to evaluate the adequacy of care rendered to residents at the facility during the six months prior to the residency and during the residency.

This request includes but is not limited to any ongoing or periodic report, study, evaluation or assessment generated by the following consultants or employees of the facility:

(a)    R.N. Nurse Consultant;

(b)    Pharmaceutical Consultant;

(c)    Registered Dietician Consultant;

(d)    Quality Assurance Staff; or

(e)    Any other health or medical consultant brought in or employed to evaluate or study the adequacy of care. Further this request includes any minutes from all meetings conducted by any of the above consultants or employees during the aforementioned time frame.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 35:** All procedures, policies, guidelines, or protocols that were specifically developed in response to any problem in resident care or treatment at the facility during the three months prior to the residency and during the residency.

**RESPONSE:**

13

**REQUEST TO PRODUCE NO. 36:** All films, videos, recordings, books, periodicals, materials or other documentation that was provided by you or the training coordinator of the facility to any nursing personnel of said facility for purposes of demonstrating, describing or instructing employees on the proper care of residents during the residency.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 37:** All licenses issued by any state agency to operate the facility in effect during the residency.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 38:** All documents containing information as to the daily resident census at the facility during the three months prior to the residency and during the residency.

> This request includes but is not limited to any document showing the daily rate of occupancy, the number of beds filled on a daily basis, or the number of empty beds on a daily basis.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 39:** All documents created during the three months prior to the residency and during the residency that contain an analysis or report of the following at the facility:

    (a)    The rate of occupancy;

    (b)    The numbers of beds filled or empty during any report period.

    (c)    The level of care required for each member of the patient population; or

14

(d)    Any evaluation by management regarding the relative success of the occupancy goals, objectives and strategies established.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 40:**   All blueprints, layouts, floor plan drawings, graphical representations, or illustrations that accurately illustrate the floor plan of the facility during the residency.

This request seeks an accurate floor plan or illustration that correctly identifies the room numbers in the facility.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 41:**   Complete and legible copies of all writings, documents and things pertaining to investigations relating to alleged abuse, mistreatment and or neglect of residents or to the health, safety, and/or welfare of residents that were initiated against Defendant and/or which Defendant conducted during the six months prior to the residency and during the residency.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 42:**  Please produce a copy of all key indicator reports, quality indicator reports and all other reports that track quality care issues generated for the six months prior to the residency and for the residency.

**RESPONSE:**

15

**REQUEST TO PRODUCE NO. 43:** All documents regarding the operational performance of the facility, the performance of the administrator, and purchasing and payables information generated during the three months prior to the residency and during the residency.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 44:** All reports from Defendant's expert witnesses.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 45:** The complete Articles of Incorporation for all management, ownership, or corporate entities related to Defendant during the residency.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 46:** All bonus and/or incentive programs, applicable to administrators or other staff of the facility to keep the facility within the recommended budget for the year 2011.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 47:** The Annual Reports for all management, ownership, or corporate entities related to the facility for the year 2011.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 48:** Profit and Loss statements for Defendant for the year 2011.

16

**RESPONSE:**


**REQUEST TO PRODUCE NO. 49:** Federal and state income tax returns for Defendant for the year 2011.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 50:** Financial Statements for Defendant for the year 2011.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 51:** All facility employee telephone directories during the residency.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 52:** All family council meeting minutes during the six months prior to the residency and during the residency.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 53:** All facility cost reports for 2011.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 54:** All home office cost reports for 2011.

17

**RESPONSE:**


**REQUEST TO PRODUCE NO. 55:** Please produce a copy of any and all employee drug and alcohol testing policies in effect at the subject facility during and six months prior to Jean H. McClendon's residency.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 56:** Please produce a copy of any and all employee drug and alcohol test results completed for the subject facility's employees during Jean H. McClendon's residency, six months prior to her residency, and six months after her residency.

**RESPONSE:**


Respectfully submitted,

**WILKES & McHUGH, P.A.**


By: _____
Cameron C. Jehl (BPR #018729)
Carey L. Acerra (BPR #023464)
60 South Main Street, Suite 101
Memphis, Tennessee 38103
Telephone Number:   901-322-4232
Facsimile Number:   901-322-4231

Attorneys for Plaintiff

18

## IN THE CIRCUIT COURT OF TENNESSEE FOR THE
## TWENTIETH JUDICIAL DISTRICT AT NASHVILLE, DAVIDSON COUNTY

| | |
|---|---|
| Jean H. McClendon, )<br><br>          **Plaintiff,** )<br><br>**v.** )<br>  )<br>Nashville Senior Care, LLC d/b/a McKendree )<br>Village; MVI Holdings, Inc. f/k/a McKendree )<br>Village, Inc.; McKendree Village Senior Care )<br>Corporation; Health Services Management )<br>Group, LLC; Health Services, Inc.; Nashville )<br>Healthcare Investors, LLC; and Vicki Hartway, )<br>in her capacity as Administrator of McKendree )<br>Village, )<br>  )<br>          **Defendants.** ) | **Cause No. _____**<br>**Division _____**<br>**Jury Demanded** |

---

### FIRST INTERROGATORIES TO NURSING HOME DEFENDANTS

---

Pursuant to Rules 26 and 33 of the Tennessee Rules of Civil Procedure, Plaintiff, Jean H. McClendon (Plaintiff), requests that Separate Defendants, Nashville Senior Care, LLC d/b/a McKendree Village; MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation; Health Services Management Group, LLC; Health Services, Inc.; and Nashville Healthcare Investors, LLC (Nursing Home Defendants), answer the following Interrogatories in the time and manner provided for in the Tennessee Rules of Civil Procedure.

Pursuant to said rules, answers to the following Interrogatories are to be made on the basis of all information in the possession of the party served (including their attorney) and are to be served upon the undersigned no later than forty-five (45) days after the date of service when served with the Complaint.

Rule 33.01 additionally requires that: (a) each Interrogatory be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for the objection shall be stated in lieu of an answer; (b) answers be signed by the party making them; and (c) objections be signed by the attorney making them.

Your attention is called to Tennessee Rule of Civil Procedure 37.01 which provides that an evasive or incomplete answer is to be treated as a failure to answer and, if the Court grants a Motion to Compel answers to these Interrogatories, the Court shall require the party or attorney failing to answer to pay the reasonable expenses in obtaining an Order compelling the answers, including attorney's fees.

Note also that Tennessee Rule of Civil Procedure 26.05 provides:

(1)    A party is under a duty to reasonably supplement their responses with respect to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matters; and (b) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony.

(2)    A party is under a duty to reasonably amend a prior response if they obtain information upon the basis of which (a) they know that the response was incorrect when made; or (b) they know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.

## INSTRUCTIONS AND DEFINITIONS

You are requested to furnish all information in your possession and all information available to you, not merely such information as you know of as your own personal knowledge,

but also all knowledge that is available to you, your representatives, agents and attorneys to the extent not privileged, including inquiry of their representatives.

If you are unable to answer the following interrogatories completely, answer to the extent possible, specifically stating what information or knowledge you have concerning the unanswered portion.

1. *"You or Your."* The terms "You" and "Your," as well as a party's full or abbreviated name or pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, or any other individual or entity presently or formally acting on the party's behalf.

2. *"Person."* The term "person" is defined as any natural person or business, legal or governmental entity or association.

3. *"Identify" (with respect to persons).* When referring to a person, "to identify" means to give, to the extent known, the (1) person's full name, (2) present or last known address, (3) present or last known telephone number, and (4) when referring to a natural person, additionally, the present or last known place of employment.

4. *"Identify" (with respect to documents).* When referring to documents, "to identify" means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s).

5. *"Document(s)."* The term "document(s)" is used in its broadest sense, and includes, without limitation, writings, books, papers, minutes, notes, drafts, drawings, graphs, reviews, evaluations, charts, schedules, logs, photographs, correspondence, records, letters, memoranda, reports, sheets, computer records, e-mails, and other data compilations in any form

3

or tangible items from which information can be obtained or translated into reasonable useable form.

6. *"Residency."* For purposes of these Interrogatories, "residency" is defined as the period during which time Jean H. McClendon was a resident of McKendree Village from on or about October 12, 2011, until on or about December 19, 2011.

7. *"Facility."* For purposes of these Interrogatories, "facility" means a disclosing entity which is a skilled nursing facility, here McKendree Village located at 4347 Lebanon Road, Hermitage, Tennessee 37076.

8. *"Additional Disclosable Party."* The term "additional disclosable party" means, with respect to the named facility herein, any person or entity who:

    (a)    exercises operational, financial, or managerial control over the facility or a part thereof;

    (b)    provides policies or procedures for any of the operations of the facility;

    (c)    provides financial or cash management services to the facility;

    (d)    leases or subleases real property to the facility, or owns a whole or part interest equal to or exceeding five percent of the total value of such real property;

    (e)    provides management or administrative services, management, or clinical consulting services to the facility.

9. *"Disclosing Entity."* Disclosing entity means an entity which is:

    (a)    a provider of skilled nursing services or managed care entity;

    (b)    an entity (other than an individual practitioner or group of practitioners) that furnishes or arranges for the furnishing of items or services with respect to which payment may be made by the entity under plan or program established pursuant to subchapter 5 of 42 USC § 1320 or under a state plan approved under subchapter 9 of 42 USC § 1320.

10. *"Managing Employee."* The term "managing employee" means with respect to the facility an individual (including a general manager, business manager, administrator, director

or consultant) who directly or indirectly manages or supervises any element of the practices, finances, or operations of the facility.

11. *"Organizational Structure."* The term "organizational structure" means:

(a) If a corporation, the officers, directors, and shareholders of the corporation who have an ownership interest in the corporation which is equal to or exceeds five percent;

(b) If a limited liability company, the members and managers of the limited liability company (including, as applicable, what percentage each member and manager has of the ownership interest of the limited liability company);

(c) If a general partnership, the partners of the general partnership;

(d) If a limited partnership, any partners of the limited partnership who have an ownership interest in the limited partnership which is equal to or exceeds ten percent;

(e) If a trust, the trustees of the trust.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify all individuals who were employed at the facility during the residency; state whether each individual provided any care or services to Jean H. McClendon; and state whether each individual is currently an employee of the facility.

> The purpose of this interrogatory is to identify all individuals who either witnessed or had the opportunity to witness the circumstances, events or occurrences that are relevant to the facts and issues in the instant case. This interrogatory is intended to include any caregiver or other employee, including dietary workers, laundry workers, maintenance person or any other employee whatsoever.
>
> Due to the illegibility of initials and signatures of nurses and others, in the medical records and the illegibility of initials and lack of signatures by nurse aides, as well as due to the fact that no other identifying information of the signer is contained in the medical records (i.e., complete name, social security number, address, position, current employment status), you are hereby notified that merely referencing the medical records of Jean H. McClendon in response to this interrogatory will constitute an inadequate answer.

This interrogatory is not simply asking for the information as it pertains to caregivers of the resident only, but is in fact asking for this information on each and every employee of the facility during the entire residency of Jean H. McClendon.

**ANSWER:**


**INTERROGATORY NO. 2:** Please identify each Administrator, Director of Nursing, and Assistant Director of Nursing employed at the facility during the residency and state the dates of service for each.

**ANSWER:**


**INTERROGATORY NO. 3:** Please identify each consultant utilized by the facility during the three months prior to the residency and during the residency, including but not limited to dietary consultant, medical records consultant, physical therapy consultant, nursing consultant, or pharmacy consultant.

**ANSWER:**


**INTERROGATORY NO. 4:** Please identify each medical director for the facility during the residency, and state the dates of service for each medical director.

**ANSWER:**


**INTERROGATORY NO. 5:** Please identify each employment agency utilized by the facility during the residency for any employment need, including but not limited to nursing, dietary, housekeeping, administration or janitorial. Further, please state the date(s) each agency was utilized.

6

**ANSWER:**


**INTERROGATORY NO. 6:** Please identify each dietary aide or dietician for the facility during the residency, and state the dates of service for each and every dietary aide or dietician.

**ANSWER:**


**INTERROGATORY NO. 7:** Identify the name, business address, specialty, and relationship, if any, to Defendants of each physician who had responsibility for treating Jean H. McClendon at the facility.

**ANSWER:**


**INTERROGATORY NO 8:** Do Defendants have in their custody or control any records of accidents or unusual incidents referring in any way to Jean H. McClendon?

If so, please state the name of each report, the name and job title of the individual having custody or control of each report, and the current location of each report.

**ANSWER:**


**INTERROGATORY NO. 9:** Please identify each person believed or known by Defendants to have any knowledge concerning any of the issues of this lawsuit; and specify the subject matter about which the witness has knowledge.

**ANSWER:**


7

**INTERROGATORY NO. 10:** Please identify, with sufficient particularity to formulate the basis of a request to produce, all records of any kind prepared and/or maintained by the facility, which pertain in any way to Jean H. McClendon, and state the name, title, and business address of the custodian of each such record.

**ANSWER:**


**INTERROGATORY NO. 11:** Please list the date and substance of any investigation which Defendants know or believe was conducted by any governmental agency concerning Jean H. McClendon, including but not limited to, any state or federal agency, the Agency for Health Care Administration, Long Term Care Ombudsman, Department of Health and Rehabilitative Services, Department of Elder Affairs, or law enforcement offices, together with the name and address of the agency that conducted the investigation.

**ANSWER:**


**INTERROGATORY NO. 12:** Please identify each company utilized to manage or operate the facility at any time during the six months prior to the residency and during the residency. For each company, please identify the time periods during which the company was utilized. If the company is a corporation, please identify the exact corporation name and registered agent. If the company is a general partnership, please identify the exact name of the partnership as well as the names and addresses of all of the partners. If the company is a limited partnership, please identify the exact name of the limited partnership as well as the names and addresses of each general and limited partner.

8

**ANSWER:**

**INTERROGATORY NO. 13:** Identify all members of the governing body for the facility during the residency, including:

    (a)     Name;

    (b)     Current or last known home address;

    (c)     Current or last known place of employment;

    (d)     Telephone number; and,

    (e)     Dates each identified person served as a member of the governing body for the facility.

**ANSWER:**

**INTERROGATORY NO. 14:** Who or what entity was the licensee of the facility during the residency? Please list the date each person or entity was a licensee. If the licensee was a corporation, please list the exact corporation name and registered agent. If the licensee was a general partnership, please list the exact name of the partnership as well as the names and addresses of all of the partners. If the licensee was a limited partnership, please list the exact name of the limited partnership as well as the names and addresses of each general and limited partner.

**ANSWER:**

**INTERROGATORY NO. 15:** Do you claim that the Plaintiff or any other person or entity was at fault, negligent, or comparatively negligent, in whole or in part, for the claims asserted against you in this lawsuit? If your answer is "Yes," please describe in detail each act or

9

omission on the part of the Plaintiff or any other person or entity that you contend constituted negligence or fault or caused in whole or in part the Plaintiff's injuries.

**ANSWER:**

**INTERROGATORY NO. 16:** Please state the name and address of each consulting expert whose report or work product was reviewed by a testifying expert in this case.

**ANSWER:**

**INTERROGATORY NO. 17:** Please state whether Defendants had a system to record consumer, resident or employee suggestions (i.e., suggestion box, 800 number, etc.) regarding the facility during the residency. If they did, please identify, with sufficient particularity to form the basis of a request to produce, the names and types of records of consumer, resident or employee suggestions; the person or persons primarily responsible for consumer, resident or employee suggestions; and the name and business address of the records custodian who maintains the above consumer, resident or employee suggestions.

**ANSWER:**

**INTERROGATORY NO. 18:** Please identify all statements made by or concerning Jean H. McClendon and/or evaluations of Jean H. McClendon pertaining to her residency at the facility.

**ANSWER:**

10

**INTERROGATORY NO. 19:** State who or what entity was the owner of the facility from the date of Jean H. McClendon's admission until service of the complaint. Please list the date each person or entity was an owner. If the owner was a corporation, please list the exact corporate name and registered agent. If the owner was a general partnership, please list the exact name of the partnership as well as the names and addresses of all the partners. If the owner was a limited partnership, please list the exact name of the limited partnerships as well as the names and addresses of each general and limited partner.

**ANSWER:**


**INTERROGATORY NO. 20:** If the owner of the facility was owned by another entity during the residency, please list the date each person was an owner. If the owner was a corporation, please list the exact corporate name and registered agent. If the owner was a general partnership, please list the exact name of the partnership as well as the names and addresses of all partners. If the owner was a limited partnership, please list the exact name of the limited partnership as well as the names and addresses of each general and limited partner.

**ANSWER:**


**INTERROGATORY NO. 21:** Specifically state each and every date nursing personnel of the facility or any person engaged by you to render services at said facility notified any physician or family member of Jean H. McClendon about any change in the condition of Jean H. McClendon or any problem with respect to Jean H. McClendon's care.

**ANSWER:**

11

**INTERROGATORY NO. 22:** Do you or your attorneys have in your possession, custody or control any statement of any person (including any plaintiff) concerning the facts surrounding this controversy including any written statements, signed or otherwise, adopted or proved by such person or any stenographic, mechanical, electrical, or other recording or any transcript thereof which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously reported? If so, please state the following:

    (a)    The name, address, and phone number of the person from whom it was obtained;

    (b)    The date it was obtained;

    (c)    The title and position of the person who obtained it;

    (d)    Where it was obtained; and,

    (e)    Is the statement signed by the person giving the statement? If it was not signed, please state how the statement is connected with the person purportedly giving the statement. For example, telephone-recorded conversation, etc.

**ANSWER:**


**INTERROGATORY NO. 23:** Please state all dates during the three months prior to the residency and during the residency during which the facility was not adequately staffed under the "Minimum Nursing Personnel" requirements found in the Standards for Nursing Homes promulgated by the Tennessee Department of Health, Division of Health Care Facilities, Chapter 1200-8-6-.06(4)(d).

**ANSWER:**


**INTERROGATORY NO. 24:** Are you aware of any care, services, or treatment provided to Jean H. McClendon that is not documented in the facility chart? If so, please state:

(a) A full description of the service, care or treatment provided;

(b) The date on which the service, care or treatment was provided; and,

(c) The full name and position of the person who provided the service, care or treatment provided.

**ANSWER:**


**INTERROGATORY NO. 25:** Are you aware of any care, services, or treatment that is documented in Jean H. McClendon's facility chart but was not provided to her? If so, please state:

(a) A description of the service, care or treatment documented as provided;

(b) The date on which the service, care or treatment was documented as being provided;

(c) The name and position of the person who provided the care, service or treatment; and,

(d) The location of the documentation of the care, service or treatment that was not provided.

**ANSWER:**


**INTERROGATORY NO. 26:** Please list and describe in detail each and every document, item or thing which supports any defense upon which you intend to rely at the trial of this matter.

**ANSWER:**


**INTERROGATORY NO. 27:** Identify each person whom you, or your attorney, expect to call as an expert witness at the trial of this action, and with respect to each person, state:

(a)     His or her identity (Full name, home address, business address, educational background, etc.);

(b)     The subject matter on which each expert is expected to testify;

(c)     The substance of the facts and opinions to which the expert is expected to testify; and,

(d)     A summary of the grounds for each opinion.

PLEASE TAKE NOTE THAT THIS PARTY WILL OBJECT TO ANY PERSON TESITIFYING AS AN EXPERT AT TRIAL WHO IS NOT IDENTIFIED IN THE ANSWER TO THIS INTERROGATORY.

**ANSWER:**


**INTERROGATORY NO. 28:** Please provide the following information regarding the organization, ownership, or control of McKendree Village. (If you have previously prepared a disclosure statement to the Department of Health Services pursuant to 42 USC § 1320a-3, you may provide such information under oath in lieu of answers to these interrogatories):

(a)     If any "Additional Disclosable Party" leases or subleases real property to the "Facility," identify the name or names of the "Additional Disclosable Party," including the address and telephone numbers and a description of the real property owned and the interest in such real property.

(b)     If any "Additional Disclosable Party" provides management or accounting or financial services to the "Facility," identify the name, address, and telephone number of the "Additional Disclosable Party" and a description of the management, administrative services, accounting or financial services of the "Facilty" that are provided.

(c)     Identify the "Organizational Structure" for the "Facility."

(d)     Identify the "Organizational Structure" of each "Additional Disclosable Party" of the "Facility" and a description of the relationship of each such "Additional Disclosable Party" to the "Facility" and to one another.

14

**ANSWER:**


**INTERROGATORY NO. 29:** Identify all family council members for the facility during the residency, including:

    (a)     Name;

    (b)     Current or last known home address;

    (c)     Telephone number; and,

    (d)     Dates each identified person served as a family council member for the facility.

**ANSWER:**


Respectfully submitted,

**WILKES & McHUGH, P.A.**


By:      _____

        Cameron C. Jehl (BPR #018729)
        Carey L. Acerra (BPR #023464)
        60 South Main Street, Suite 101
        Memphis, Tennessee 38103
        Telephone Number:  901-322-4232
        Facsimile Number:  901-322-4231

        Attorneys for Plaintiff

## **VERIFICATION**

I, _____, am the _____ of

_____, Defendant(s), and in that capacity do swear and

affirm that the answers and responses given to the Plaintiff's First Set of Interrogatories are true

and correct to the best of my information and belief.


_____

Title: _____


SUBSCRIBED AND SWORN TO before me by _____ as
_____ of _____, on
the _____ day of _____, 2012, to certify my hand and seal of office.


_____

Notary Public – State of _____

My Commission Expires:


_____

## IN THE CIRCUIT COURT OF TENNESSEE FOR THE
## TWENTIETH JUDICIAL DISTRICT AT NASHVILLE, DAVIDSON COUNTY

| | | |
|---|---|---|
| Jean H. McClendon, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **Cause No. 12C4187** |
| Nashville Senior Care, LLC d/b/a McKendree | ) | **Jury Demanded** |
| Village; MVI Holdings, Inc. f/k/a McKendree | ) | |
| Village, Inc.; McKendree Village Senior Care | ) | |
| Corporation; Health Services Management | ) | |
| Group, LLC; Health Services, Inc.; Nashville | ) | |
| Healthcare Investors, LLC; and Vicki Hartway, | ) | |
| in her capacity as Administrator of McKendree | ) | |
| Village, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## NOTICE OF VOLUNTARY DISMISSAL AS TO CERTAIN DEFENDANTS ONLY

COMES NOW the Plaintiff, Jean H. McClendon, by and through counsel, and, pursuant to Rule 41.01 of the Tennessee Rules of Civil Procedure, hereby provides notice that Plaintiff voluntarily dismisses her claims only against Defendants MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation; Health Services Management Group, LLC; and Health Services, Inc., in this matter without prejudice to re-filing of same.

Plaintiff's claims remain against Defendants Nashville Senior Care, LLC d/b/a McKendree Village; Nashville Healthcare Investors, LLC; and Vicki Hartway, in her capacity as Administrator of McKendree Village.

Respectfully submitted,

**WILKES & McHUGH, P.A.**

By: _____

Cameron C. Jehl (BPR#18729)
Carey L. Acerra (BPR#23464)
60 South Main Street, Suite 101
Memphis, Tennessee 38103
Telephone Number:   901-322-4232
Facsimile Number:   901-322-4231

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via the following methods on this _20th_ day of March, 2013, with sufficient postage thereon to ensure delivery on the following:

Robert E. Cooper, Jr.                                          (U.S. Mail)
Tennessee Attorney General
425 Fifth Avenue North
Post Office Box 20207
Nashville, TN 37202-0207

Daniel J. White, Esq.                                          (facsimile and U.S. Mail)
Baker Donelson Bearman,
    Caldwell & Berkowitz, PC
1800 Republic Centre
633 Chestnut Street
Chattanooga, TN 37450

*Attorney for Health Services Management Group, LLC*
    *and Health Services, Inc.*

2

Michael D. Brent, Esq.                                    (facsimile and U.S. Mail)
Bradley Arant Boult Cummings, LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203

*Attorney for MVI Holdings, Inc. f/k/a McKendree*
*Village, Inc. and McKendree Village Senior Care Corporation*

D. Randall Mantooth, Esq.                                 (facsimile and U.S. Mail)
Leitner, Williams, Dooley & Napolitan, PLLC
Bank of America Plaza
414 Union Street, Suite 1900
Nashville, Tennessee 37219-1782

*Attorney for Defendants Nashville Senior Care, LLC; Nashville Healthcare Investors,*
*LLC; and Vicki Hartway*

_____

Attorney for Plaintiff

3

JEAN H. McCLENDON, )
)
     Plaintiff, )     JURY DEMAND
)
vs. )     Docket No. 12C4187
)
NASHVILLE SENIOR CARE, LLC )
d/b/a McKENDREE VILLAGE; MVI )
HOLDINGS, INC. f/k/a McKENDREE )
VILLAGE, INC.; McKENDREE )
VILLAGE SENIOR CARE )
CORPORATION; HEALTH SERVICES )
MANAGEMENT GROUP, LLC; )
HEALTH SERVICES, INC.; )
NASHVILLE HEALTHCARE )
INVESTORS, LLC; and VICKI )
HARTWAY, in her capacity as )
Administrator of McKENDREE )
VILLAGE, )
)
     Defendants. )

## RESPONSE BY DEFENDANTS NASHVILLE SENIOR CARE, LLC, NASHVILLE HEALTHCARE INVESTORS, LLC, AND VICKI HARTWAY TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Comes Defendants Nashville Senior Care, LLC, Nashville Healthcare Investors, LLC, and Vicki Hartway, by and through counsel, in response to the Motion for Default Judgment filed by Plaintiff, and states unto this Honorable Court as follows:

1.    These Defendants' attorney spoke with Plaintiff's attorney Carey Acerra by telephone on March 11, 2013, to advise that this firm would be representing certain Defendants in this action. Ms. Acerra indicated that she would be willing to agree to allow those Defendants a thirty (30) day enlargement of time to respond to the Complaint and, further, would agree to strike the hearing on the Motion for Default Judgment which is currently scheduled for Friday, March 22, 2013.

N:\DATA\Docs\008679\000085\02623025.DOC

2. On March 13, 2013, these Defendants' attorney sent a letter to Ms. Acerra via email and federal express confirming the identity of the Defendants this firm will be representing in this action and enclosing a proposed agreed order allowing those Defendants an enlargement of time through April 10, 2013, to file a response to the Complaint.

3. These Defendants' attorney has not yet heard back from Ms. Acerra or any other person in Plaintiff's attorney's office granting permission to sign the proposed agreed order. These Defendants' attorney has left a telephone message with Ms. Acerra in that regard but has not received a return call as of the filing of this response.

4. As best as can be ascertained at this time, the Motion for Default Judgment is still scheduled for hearing on March 22, 2013.

5. These Defendants have substantive opposition to the entry of a default judgment against them.

6. In the event Plaintiff's attorneys are unwilling or unable to keep the agreement to strike the hearing on the Motion for Default Judgment and allow these Defendants an enlargement of time to respond to the Complaint, these Defendants respectfully submit that this court should continue the hearing on the motion to April 12, 2013, or later to allow these Defendants an opportunity to file a substantive response in opposition to the motion.

Respectfully submitted,

**LEITNER, WILLIAMS, DOOLEY**
**& NAPOLITAN, PLLC**

By:_____
     **D. Randall Mantooth**
     BPRN 013875
     Bank of America Plaza
     414 Union Street, Suite 1900
     Nashville, Tennessee  37219-1782
     (615) 255-7722
     Email: randy.mantooth@leitnerfirm.com

     Attorneys for Nashville Senior Care, LLC,
     Nashville Healthcare Investors, LLC, and
     Vicki Hartway

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded via email and U.S. Mail, postage prepaid, to:

>Cameron C. Jehl
>Carey L. Acerra
>Wilkes & McHugh, P.A.
>60 South Main Street, Suite 101
>Memphis, Tennessee 38103
>Email: cacerra@wilkesmchugh.com

and forwarded via U.S. Mail, postage prepaid, to:

>Heidi R. Hoffecker, Esq.
>Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
>1800 Republic Centre
>633 Chestnut Street
>Chattanooga, Tennessee 37450

>Michael D. Brent, Esq.
>Bradley Arant Boult Cummings LLP
>1600 Division Street
>Suite 700
>Nashville, Tennessee 37203

>Robert E. Cooper Jr., Esq.
>Tennessee Attorney General
>425 Fifth Avenue North
>P.O. Box 20207
>Nashville, Tennessee 37202-0207

>Health Services, Inc.
>c/o Thomas Johnson, Registered Agent
>800 Central Avenue NE
>Cleveland, Tennessee 37311

this the 18th day of ___March___, 2013.

By: _____
D. Randall Mantooth

N:\DATA\Docs\008679\000085\02623025.DOC

# IN THE FIRST CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

FILED
MAR 13 PM 3: 53
RICHARD R. ROOKER, CLERK
D.C.

Jean H. McClendon, )
)
    Plaintiff, )
)
vs. )
)
Nashville Senior Care, LLC d/b/a )
McKendree Village; MVI Holdings, )
Inc. f/k/a McKendree Village, Inc.; )
McKendree Village Senior Care )
Corporation; Health Services )
Management Group, LLC; Health )
Services, Inc.; Nashville Healthcare )
Investors, LLC; and Vicki Hartway, )
In her capacity as Administrator of )
McKendree Village, )
)
    Defendants. )

**JURY DEMAND**

**Docket No. 12C4187**

## NOTICE OF ENTRY OF APPEARANCE

Comes the firm Leitner, Williams, Dooley & Napolitan, PLLC, and hereby gives

notice of its entry of appearance as counsel of record for Defendants Nashville Senior

Care, LLC, Nashville Healthcare Investors, LLC, and Vicki Hartway.

Respectfully submitted,

**LEITNER, WILLIAMS, DOOLEY
& NAPOLITAN, PLLC**

By: _____
    **D. Randall Mantooth**
    BPRN 013875
    Bank of America Plaza
    414 Union Street, Suite 1900
    Nashville, Tennessee 37219-1782
    (615) 255-7722
    Email: randy.mantooth@leitnerfirm.com

    Attorneys for Nashville Senior Care, LLC,
    Nashville Healthcare Investors, LLC, and
    Vicki Hartway

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded via U.S. Mail, postage prepaid, to:

Cameron C. Jehl, Esq.
Carey L. Acerra, Esq.
Wilkes & McHugh PA
60 South Main Street, Suite 101
Memphis, Tennessee 38103

Daniel J. White, Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
1800 Republic Centre
633 Chesnut Street
Chattanooga, Tennessee 37450

Michael D. Brent, Esq.
Bradley Arant Boult Cummings, LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203

Robert E. Cooper, Jr., Esq.
Tennessee Attorney General
425 Fifth Avenue North
P. O. Box 20207
Nashville, Tennessee 37202-0207

Health Services, Inc.
c/o Thomas D. Johnson, Registered Agent
485 Central Avenue NE
Cleveland, Tennessee 37311

this the 13th day of _____March_____, 2013.

By:_____

**D. Randall Mantooth**

3



COPY

FILED
2013 MAR -1 AM 10:42
RICHARD R. ROOKER, CLERK
D. Killian, D.C.

IN THE CIRCUIT COURT OF TENNESSEE FOR THE
TWENTIETH JUDICIAL DISTRICT AT NASHVILLE, DAVIDSON COUNTY

Jean H. McClendon,               )
                                 )
        Plaintiff,               )
                                 )
v.                               )
                                 )        Cause No. 12C4187
                                 )        Jury Demanded
Nashville Senior Care, LLC d/b/a McKendree )
Village; MVI Holdings, Inc. f/k/a McKendree )
Village, Inc.; McKendree Village Senior Care )
Corporation; Health Services Management )
Group, LLC; Health Services, Inc.; Nashville )
Healthcare Investors, LLC; and Vicki Hartway, )
in her capacity as Administrator of McKendree )
Village,                         )
                                 )
        Defendants.              )
                                 )

## MOTION FOR DEFAULT JUDGMENT

COMES NOW the Plaintiff, by and through counsel of record, Wilkes & McHugh, P.A.,
and, pursuant to Rule 55.01 of the Tennessee Rules of Civil Procedure, moves this Court for the
entry of a default judgment against Defendants Nashville Senior Care, LLC d/b/a McKendree
Village; Health Services, Inc.; Nashville Healthcare Investors, LLC; and Vicki Hartway, in her
capacity as Administrator of McKendree Village ("Defendants"). In support of this motion,
Plaintiff avers that the original Complaint in this matter was filed on October 17, 2012, naming
the foregoing parties as Defendants to this action. The summonses for these Defendants were
issued on October 17, 2012, and were properly served by November 14, 2012, in accordance
with the Tennessee Rules of Civil Procedure. *See* Served Summons, attached hereto as
Collective **Exhibit A**.

Copy

As of the date of the filing of this motion, these Defendants have failed to serve their Answers or otherwise defend Plaintiff's Complaint. Since Defendants have failed to respond to Plaintiff's Complaint within thirty days as required by Rule 12.01 of the Tennessee Rules of Civil Procedure, Plaintiff respectfully requests this Court to enter an Order of Judgment by Default against Defendants Nashville Senior Care, LLC d/b/a McKendree Village; Health Services, Inc.; Nashville Healthcare Investors, LLC; and Vicki Hartway, in her capacity as Administrator of McKendree Village.

WHEREFORE, Plaintiff prays for the relief requested.

## NOTICE OF HEARING

Plaintiff hereby gives notice that the foregoing Motion for Default Judgment will be heard on March 22, 2013 at 9:15 a.m. CST.

Respectfully submitted,

**WILKES & McHUGH, P.A.**

By: _____
Cameron C. Jehl (BPR#18729)
Carey L. Acerra (BPR#23464)
60 South Main Street, Suite 101
Memphis, Tennessee 38103
Telephone Number: 901-322-4232
Facsimile Number: 901-322-4231

*Attorneys for Plaintiff*

2

Copy

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via the following methods on this ___26th___ day of February, 2013, with sufficient postage thereon to ensure delivery on the following:

Robert E. Cooper, Jr.                               (U.S. Mail)
Tennessee Attorney General
425 Fifth Avenue North
Post Office Box 20207
Nashville, TN 37202-0207

Daniel J. White, Esq.                               (U.S. Mail)
Baker Donelson Bearman,
    Caldwell & Berkowitz, PC
1800 Republic Centre
633 Chestnut Street
Chattanooga, TN 37450

*Attorney for Health Services Management Group, LLC*

Michael D. Brent, Esq.                              (U.S. Mail)
Bradley Arant Boult Cummings, LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203

*Attorney for MVI Holdings, Inc. f/k/a McKendree*
*Village, Inc. and McKendree Village Senior Care Corporation*

Nashville Senior Care, LLC                          (Certified Mail)
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, Tennessee 37929

Health Services, Inc.                               (Certified Mail)
c/o Thomas D. Johnson, Registered Agent
485 Central Avenue NE
Cleveland, Tennessee 37311

Nashville Healthcare Investors, LLC                 (Certified Mail)
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, Tennessee 37929

3

Copy

Vicki Hartway                          (Certified Mail)
609 Oak Cove Court
Mount Juliet, Tennessee 37122

Vicki Hartway                          (Certified Mail)
4347 Lebanon Road
Hermitage, Tennessee 37076

_____
Attorney for Plaintiff

4

# CIRCUIT COURT OF TENNESSEE
## DAVIDSON COUNTY
### METROPOLITAN COURTHOUSE, SUITE 302, ONE PUBLIC SQUARE, NASHVILLE, TENNESSEE 37201
### FOR THE TWENTIETH JUDICIAL DISTRICT
### SUMMONS IN A CIVIL ACTION OCT 17 AM 10:53

NO. 12C4187    AD DAMNUM $ _____    RICHARD R. ROOKER □ OTHER □

Jean H. McClendon
_____    Home Address _____

PLAINTIFF(S),    Business Address _____

v.

Nashville Senior Care, LLC d/b/a McKendree Village; MVI Holdings f/k/a
McKendree Village, Inc.; McKendree Village Senior Care Corporation; Health
Services Management Group, LLC; Health Services, Inc.; Nashville Healthcare
Investors, LLC; and Vicki Hartway, in her capacity as Administrator of
McKendree Village    Home Address _____

    Business Address _____

DEFENDANT(S).    $1  W/c & CGF, AFF

TO THE DEFENDANT(S):  Nashville Senior Care, LLC
                      c/o CT Corporation System, Registered Agent
                      800 South Gay Street, Suite 2021
                      Knoxville, Tennessee 37929

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of Court and serving a copy of your answer to the Complaint on  Carey L. Acerra, Esq., Wilkes & McHugh, P.A., Plaintiff's attorney, whose address is  60 South Main Street, Suite 101, Memphis, TN 38103 within THIRTY (30) DAYS after this Summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint. Also attached are Interrogatories and Requests for Production of Documents.

ATTESTED AND ISSUED    CIRCUIT COURT CLERK

    RICHARD R. ROOKER, Clerk

October 17         20 12    By: _____ D.C.

### TO THE DEFENDANT(S):

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### COST BOND

I hereby acknowledge and bind myself for the prosecution of this action and payment of all costs not to exceed $500.00 in this court which may at any time be adjudged against the plaintiff in the event the said plaintiff shall not pay the same.
Witness my hand this _____ day of _October_ 20 12

Certification when applicable    _____
                                 Surety

I, RICHARD R. ROOKER, Clerk of the Circuit Court,
Davidson County, Tennessee, certify this to be a true
and accurate copy as filed this _____

RICHARD R. ROOKER, Clerk    CIRCUIT COURT CLERK
                            1 PUBLIC SQUARE, ROOM 302
By: _____ D.C.    P.O. BOX 196303
                                      NASHVILLE, TN 37219-6303

PLAINTIFF'S EXHIBIT A

## RETURN ON SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____, at _____ M.
a copy of the summons and a copy of the Complaint to the following defendant(s) _____

_____

Daron Hall, Sheriff

By: _____
Deputy Sheriff

## PRIVATE PROCESS SERVER

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _5_ day of _November_, 20 _12_, at _10:00_ _A_ M.
a copy of the summons and a copy of the Complaint to the following defendant(s) _Nashville Senior Care, LLc_
c/o C T Corporation System (Eric Milliam ) 800 S. Gay St. Ste 2021
(PLEASE PRINT THE FOLLOWING) Knoxville, TN 37921

_James Hodges_
Private Process Server

Legal Eagles Process Services
Company

Address: PHONE: 615-781-3730
FAX: 615-781-8853
Phone

LEGAL EAGLES
4750 McBRIDE RD.
ANTIOCH, TN 37013

SIGNATURE _____

Other manner of service: _____

_____

_____

I hereby certify that I have NOT served this Summons on the within named Defendant(s) _____
_____ because _____ is(are) not to be found
in this County after diligent search and inquiry for the following reasons: _____

Daron Hall, Sheriff

This _____ day of _____, 20_____

By: _____

# CIRCUIT COURT OF TENNESSEE
## DAVIDSON COUNTY
METROPOLITAN COURTHOUSE, SUITE 302, ONE PUBLIC SQUARE, NASHVILLE, TENNESSEE 37201
FOR THE TWENTIETH JUDICIAL DISTRICT
### SUMMONS IN A CIVIL ACTION

NO. 12C4187    AD DAMNUM $ ___    2012 OCT 17 AM 10:36    AUTO ☐   OTHER ☐

RICHARD R. ROOKER, CLERK

Jean H. McClendon _____ D.C.    Home Address _____

                                                   Business Address _____
PLAINTIFF(S),

v.

Nashville Senior Care, LLC d/b/a McKendree Village; MVI Holdings f/k/a
McKendree Village, Inc.; McKendree Village Senior Care Corporation; Health    Home Address _____
Services Management Group LLC; Health Services, Inc.; Nashville Healthcare
Investors, LLC; and Vicki Hartway, In her capacity as Administrator of    Business Address _____
McKendree Village

DEFENDANT(S).                                        D5 W/c,e, C&F, AF, +ans +rq

TO THE DEFENDANT(s): Health Services, Inc.
                    c/o Thomas D. Johnson, Registered Agent
                    485 Central Avenue NE
                    Cleveland, Tennessee 37311

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of Court and
serving a copy of your answer to the Complaint on _Carey L. Acerra, Esq., Wilkes & McHugh, P.A.,_
Plaintiff's attorney, whose address is _60 South Main Street, Suite 101, Memphis, TN 38103_
within THIRTY (30) DAYS after this Summons has been served upon you, not including the day of service. If you fail to do
so, a judgment by default may be taken against you for the relief demanded in the Complaint.    Also attached are
Interrogatories and Requests for Production of Documents.

ATTESTED AND ISSUED                                RICHARD R. ROOKER, **CIRCUIT COURT CLERK**

_October 17_ 20_12_                                By: _____ D.C.

## TO THE DEFENDANT(s)

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a
judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of
the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter
as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued
prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary
wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits,
the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand
your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### COST BOND

I hereby acknowledge and bind myself for the prosecution of this action and payment of all costs not to exceed $500.00 in this court which
may at any time be adjudged against the plaintiff in the event the said plaintiff shall not pay the same.
Witness my hand this _16th_ day of _October_ 20_12_

Certification when applicable                        _____
                                                      Surety

I, RICHARD R. ROOKER, Clerk of the Circuit Court,    CIRCUIT COURT CLERK
Davidson County, Tennessee, certify this to be a true    1 PUBLIC SQUARE, ROOM 302
and accurate copy as filed this _____     P.O. BOX 196303
                                                      NASHVILLE, TN 37219-6303
RICHARD R. ROOKER, Clerk

By: _____ D.C.

## RETURN ON SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20 _____, at _____ M.
a copy of the summons and a copy of the Complaint to the following defendant(s) _____

Daron Hall, Sheriff

By: _____

Deputy Sheriff

### PRIVATE PROCESS SERVER

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _14_ day of _Nov_ 20 _12_ at _3_ _P_ M.
a copy of the summons and a copy of the Complaint to the following defendant(s) _Health Services, Inc_
_c/o Thomas Johnson_ _4185 Central Avenue NE Cleveland, TN 37311_

**(PLEASE PRINT THE FOLLOWING)**

_Arnold Botts_

Private Process Server

**Legal Eagles Process Services**

Company

LEGAL EAGLES
4750 McBRIDE RD.
ANTIOCH, TN 37013

Address    PHONE: 615-781-3730
           FAX:   615-781-5955

Phone _____

SIGNATURE

Other manner of service:

_____

_____

_____

I hereby certify that I have NOT served this Summons on the within named Defendant(s) _____
because _____ is(are) not to be found
in this County after diligent search and inquiry for the following reasons:

_____

Daron Hall, Sheriff

This _____ day of _____, 20 _____.

By: _____

Case 3:13-cv-01036   Document 1-1   Filed 09/23/13   Page 207 of 373 PageID #: 211

# CIRCUIT COURT OF TENNESSEE
## DAVIDSON COUNTY
METROPOLITAN COURTHOUSE, SUITE 302, ONE PUBLIC SQUARE, NASHVILLE, TENNESSEE 37201
FOR THE TWENTIETH JUDICIAL DISTRICT
### SUMMONS IN A CIVIL ACTION
2012 OCT 17 AM 10: 25

NO. 12C4187          AD DAMNUM $          RICHARD R. ROOKER, CLERK          AUTO ☐ OTHER ☐

Jean H. McClendon                                                    Home Address
_____                    B.C.
                                                                    Business Address
PLAINTIFF(S),

v.

Nashville Senior Care, LLC d/b/a McKendree Village, MVI Holdings f/k/a
McKendree Village, Inc.; McKendree Village Senior Care Corporation; Health          Home Address
Services Management Group, LLC; Health Services, Inc.; Nashville Healthcare
Investors, LLC; and Vicki Hartway, in her capacity as Administrator of          Business Address
McKendree Village;

DEFENDANT(S).                    Du W/C, E, CGF, App, en Req.

TO THE DEFENDANT(s): Nashville Healthcare Investors, LLC
                    c/o CT Corporation System, Registered Agent
                    800 South Gay Street, Suite 2021
                    Knoxville, Tennessee 37929

        You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of Court and
serving a copy of your answer to the Complaint on  Carey L. Acerra, Esq., Wilkes & McHugh, P.A.,
Plaintiff's attorney, whose address is  60 South Main Street, Suite 101, Memphis, TN 38103
within THIRTY (30) DAYS after this Summons has been served upon you, not including the day of service. If you fail to do
so, a judgment by default may be taken against you for the relief demanded in the Complaint.  Also attached are
Interrogatories and Requests for Production of Documents.

                                        **CIRCUIT COURT CLERK**
ATTESTED AND ISSUED                    RICHARD R. ROOKER, Clerk

October 17          20 12          By: _____          D.C.

### TO THE DEFENDANT(S):
NOTICE:  Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a
judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of
the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter
as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued
prior to the filing of the list.  Certain items are automatically exempt by law and do not need to be listed:  these include items of necessary
wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits,
the family Bible, and school books. Should any of these items be seized, you would have the right to recover them.  If you do not understand
your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### COST BOND
I hereby acknowledge and bind myself for the prosecution of this action and payment of all costs not to exceed $500.00 in this court which
may at any time be adjudged against the plaintiff in the event the said plaintiff shall not pay the same.
Witness my hand this _____ 16th _____ day of _____ October _____ 20_____

Certification when applicable

I, RICHARD R. ROOKER, Clerk of the Circuit Court,          CIRCUIT COURT CLERK
Davidson County, Tennessee, certify this to be a true          1 PUBLIC SQUARE, ROOM 302
and accurate copy as filed this _____          P.O. BOX 196303
                                                        NASHVILLE, TN 37219-6303
RICHARD R. ROOKER, Clerk

By: _____          D.C.

## RETURN ON SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____, at _____ M.
a copy of the summons and a copy of the Complaint to the following defendant(s) _____

_____

Daron Hall, Sheriff

By: _____

Deputy Sheriff

## PRIVATE PROCESS SERVER

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the __5__ day of __November__, 20 _12_, at __10:00__ __A.__ M.
a copy of the summons and a copy of the Complaint to the following defendant(s) _Nashville Healthcare_
_Investors, LLC So CT Corporation System ( Erica Milligan ) 800 S. Gay St_
(PLEASE PRINT THE FOLLOWING) Ste 2021, Knoxville 37929 793.

__James Hudgins__
Private Process Server

Legal Eagles Process Services
Company

Other manner of service: _____

Address     LEGAL EAGLES
PHONE: 615-781-3750     4750 McBRIDE RD.
FAX:    615-781-3958     ANTIOCH, TN 37013

Phone

__James Hudgins__
SIGNATURE

_____

_____

I hereby certify that I have NOT served this Summons on the within named Defendant(s) _____
_____ because _____ is(are) not to be found
in this County after diligent search and inquiry for the following reasons: _____

Daron Hall, Sheriff

This _____ day of _____, 20_____

By: _____

# CIRCUIT COURT OF TENNESSEE
## DAVIDSON COUNTY
METROPOLITAN COURTHOUSE, SUITE 302, ONE PUBLIC SQUARE, NASHVILLE, TENNESSEE 37201
FOR THE TWENTIETH JUDICIAL DISTRICT
### SUMMONS IN A CIVIL ACTION

2012 OCT 17 AM 10: 17

No. 12C4187          AD DAMNUM $          NOREEN R. ROOKER, CLERK          AUTO ☐   OTHER ☐

_____ D.C.

Jean H. McClendon                                          Home Address

PLAINTIFF(S),                                              Business Address

v.

Nashville Senior Care, LLC d/b/a McKendree Village; MVI Holdings f/k/a
McKendree Village, Inc.; McKendree Village Senior Care Corporation; Health          Home Address
Services Management Group, LLC; Health Services, Inc.; Nashville Healthcare
Investors, LLC; and Vicki Hartway, in her capacity as Administrator of          Business Address
McKendree Village

DEFENDANT(s).

TO THE DEFENDANT(s): Vicki Hartway          or          Vicki Hartway
          609 Oak Cove Court                            4347 Lebanon Road
          Mount Juliet, Tennessee 37122               Hermitage, Tennessee 37076

          You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of Court and
serving a copy of your answer to the Complaint on  Carey L. Acerra, Esq., Wilkes & McHugh, P.A.,
Plaintiff's attorney, whose address is    60 South Main Street, Suite 101, Memphis, TN 38103
within THIRTY (30) DAYS after this Summons has been served upon you, not including the day of service.  If you fail to do
so, a judgment by default may be taken against you for the relief demanded in the Complaint.  Also attached are
Interrogatories and Requests for Production of Documents.

ATTESTED AND ISSUED                                        RICHARD R. ROOKER, Clerk

**CIRCUIT COURT CLERK**

_October 17_          _262_          By _____ D.C.

## TO THE DEFENDANT(s):

NOTICE:  Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a
judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of
the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter
as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued
prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed: these include items of necessary
wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits,
the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand
your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## COST BOND

I hereby acknowledge and bind myself for the prosecution of this action and payment of all costs not to exceed $500.00 in this court which
may at any time be adjudged against the plaintiff in the event the said plaintiff shall not pay the same.
Witness my hand this _____ 16th _____ day of _____ October _____ 20 12

Certification when applicable                                        _____
                                                                       Surety

I, RICHARD R. ROOKER, Clerk of the Circuit Court,
Davidson County, Tennessee, certify this to be a true
and accurate copy as filed this _____

RICHARD R. ROOKER, Clerk                    CIRCUIT COURT CLERK
                                            1 PUBLIC SQUARE, ROOM 302
By: _____ D.C.              P.O. BOX 196303
                                            NASHVILLE, TN 37219-6303

## RETURN ON SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____, at _____ M.
a copy of the summons and a copy of the Complaint to the following defendant(s) _____

Daron Hall, Sheriff

By: _____

_____ Deputy Sheriff

## PRIVATE PROCESS SERVER

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _29_ day of _October_, 20_12_, at _315_ P. M.
a copy of the summons and a copy of the Complaint to the following defendant(s) _Vicki Hartway_
_4347 Lebanon Rd. Hermitage, TN 37076_
(PLEASE PRINT THE FOLLOWING)

_Ralph Thompson_
Private Process Server

**Legal Eagles Process Services**
Company

Address
PHONE: 615-781-3730
FAX: 615-781-5856

LEGAL EAGLES
4750 McBRIDE RD.
ANTIOCH, TN 37013
Phone

_[signature]_
SIGNATURE

Other manner of service: _____

_____

_____

I hereby certify that I have NOT served this Summons on the within named Defendant(s) _____
_____ because _____ is(are) not to be found
in this County after diligent search and inquiry for the following reasons: _____

Daron Hall, Sheriff

This _____ day of _____, 20_____

By: _____

Copy

# CIRCUIT COURT OF TENNESSEE
## DAVIDSON COUNTY

12C4187

METROPOLITAN COURTHOUSE, SUITE 302, ONE PUBLIC SQUARE, NASHVILLE, TENNESSEE 37201
FOR THE TWENTIETH JUDICIAL DISTRICT

### SUMMONS IN A CIVIL ACTION

2012 OCT 17 AM 10: 17

NO. 12C4187          AD DAMNUM $ ___          AUTO ☐  OTHER ☐

Jean H. McClendon

_____ D.C.

**PLAINTIFF(S),**          Home Address

Business Address

v.

Nashville Senior Care, LLC d/b/a McKendree Village; MVI Holdings f/k/a          Home Address
McKendree Village, Inc.; McKendree Village Senior Care Corporation; Health
Services Management Group, LLC; Health Services, Inc.; Nashville Healthcare          Business Address
Investors, LLC; and Vicki Hartway, in her capacity as Administrator of
McKendree Village          D7 W/C, E, CGF, Affient Req

**DEFENDANT(s).**

**TO THE DEFENDANT(s):** Vicki Hartway          or          Vicki Hartway
609 Oak Cove Court          4347 Lebanon Road
Mount Juliet, Tennessee 37122          Hermitage, Tennessee 37076

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of Court and serving a copy of your answer to the Complaint on  Carey L. Acerra, Esq., Wilkes & McHugh, P.A., Plaintiff's attorney, whose address is _60 South Main Street, Suite 101, Memphis, TN 38103_ within THIRTY (30) DAYS after this Summons has been served upon you, not including the day of service.  If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.   Also attached are Interrogatories and Requests for Production of Documents.

ATTESTED AND ISSUED          **CIRCUIT COURT CLERK**
RICHARD R. ROOKER, Clerk

October 17          202          By _____ D.C.

### TO THE DEFENDANT(s):

**NOTICE:** Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice: Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption or seizure to satisfy a judgment.  If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court.  The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list.  Certain items are automatically exempt by law and do not need to be listed:  these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books.  Should any of these items be seized, you would have the right to recover them.  If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### COST BOND

I hereby acknowledge and bind myself for the prosecution of this action and payment of all costs not to exceed $500.00 in this court which may at any time be adjudged against the plaintiff in the event the said plaintiff shall not pay the same.
Witness my hand this __16th__ day of __October__ 20_12_

_____
Certification when applicable          Surety

I, RICHARD R. ROOKER, Clerk of the Circuit Court,
Davidson County, Tennessee, certify this to be a true
and accurate copy as filed this _____

RICHARD R. ROOKER, Clerk          CIRCUIT COURT CLERK
1 PUBLIC SQUARE, ROOM 302
P.O. BOX 196303
By: _____ D.C.          NASHVILLE, TN 37219-6303



# RETURN ON SERVICE OF SUMMONS

**I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:**

By delivering on the _____ day of _____, 20_____, at _____ M.
a copy of the summons and a copy of the Complaint to the following defendant(s) _____

_____

Daron Hall, Sheriff

By:_____

**Deputy Sheriff**

## PRIVATE PROCESS SERVER

**I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:**

By delivering on the _29_ day of _October_, 20_12_, at _3 15_ _P_ M.
a copy of the summons and a copy of the Complaint to the following defendant(s) _Vicki Hartway_
_4347 Lebanon Rd. Hermitage, Tn 37076_
(PLEASE PRINT THE FOLLOWING)

_Ralph Thompson_
**Private Process Server**

**Legal Eagles Process Services**

**Company**

| | |
|---|---|
| Address | LEGAL EAGLES |
| PHONE: 615-781-3730 | 4750 McBRIDE RD. |
| FAX: 615-781-6856 | ANTIOCH, TN 37013 |
| | |
| Phone | |

_[signature]_

**SIGNATURE**

Other manner of service:

_____
_____
_____

I hereby certify that I have NOT served this Summons on the within named Defendant(s) _____
_____ because _____ is(are) not to be found
in this County after diligent search and inquiry for the following reasons:

_____

Daron Hall, Sheriff

This _____ day of _____, 20_____.

By:_____

NO. _____ D.R. _____

IN THE
CIRCUIT COURT
OF TENNESSEE
FOR THE TWENTIETH JUDICIAL
DISTRICT AT NASHVILLE,
DAVIDSON COUNTY

SUMMONS IN CIVIL ACTION

Jean H. McClelish

PLAINTIFF

Nashville Senior Care LLC d/b/a McKendree
Village; MV1 Holdings Inc. d/b/a McKendree
Village; Inc.; McKendree Village Senior Care;
Corbin 10th; Health Services Management
Group LLC; Health Services Inc.; Nashville
Healthcare Investors LLC; and Vicki Hartway,
in her capacity as Administrator of McKendree
Village;

DEFENDANTS

Carey L. Acerra
Attorney for Plaintiff
Tel. No. (901) 322-4232

**Copy**

# CIRCUIT COURT OF TENNESSEE
## DAVIDSON COUNTY
METROPOLITAN COURTHOUSE, SUITE 302, ONE PUBLIC SQUARE, NASHVILLE, TENNESSEE 37201
FOR THE TWENTIETH JUDICIAL DISTRICT
### SUMMONS IN A CIVIL ACTION

2012 OCT 17 AM 10: 25

NO. 12C4187          AD DAMNUM $ ~~RICHARD R ROOKER CLERK~~          AUTO ☐   OTHER ☐

Jean H. McClendon                                                    Home Address

_____                             Business Address

**PLAINTIFF(S),**

v.

Nashville Senior Care, LLC d/b/a McKendree Village; MVI Holdings f/k/a      Home Address
McKendree Village, Inc.; McKendree Village Senior Care Corporation; Health
Services Management Group, LLC; Health Services, Inc.; Nashville Healthcare   Business Address
Investors, LLC; and Vicki Hartway, in her capacity as Administrator of
McKendree Village

**DEFENDANT(s).**                       Du W/C, E, CGF, Aff, ~~uese~~
                                        Req.

TO THE DEFENDANT(s): Nashville Healthcare Investors, LLC
                     c/o CT Corporation System, Registered Agent
                     800 South Gay Street, Suite 2021
                     Knoxville, Tennessee 37929

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of Court and serving a copy of your answer to the Complaint on Carey L. Acerra, Esq., Wilkes & McHugh, P.A., Plaintiff's attorney, whose address is 60 South Main Street, Suite 101, Memphis, TN 38103 within THIRTY (30) DAYS after this Summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint. Also attached are Interrogatories and Requests for Production of Documents.

**CIRCUIT COURT CLERK**
RICHARD R. ROOKER, Clerk

ATTESTED AND ISSUED

October 17          2012          By: _____ D.C.

## TO THE DEFENDANT(s):

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed: these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## COST BOND

I hereby acknowledge and bind myself for the prosecution of this action and payment of all costs not to exceed $500.00 in this court which may at any time be adjudged against the plaintiff in the event the said plaintiff shall not pay the same.
Witness my hand this _____ 16th _____ day of _____ October _____ 20 12

Certification when applicable

I, RICHARD R. ROOKER, Clerk of the Circuit Court,        CIRCUIT COURT CLERK
Davidson County, Tennessee, certify this to be a true    1 PUBLIC SQUARE, ROOM 302
and accurate copy as filed this _____          P.O. BOX 196303
                                                          NASHVILLE, TN 37219-6303
RICHARD R. ROOKER, Clerk

By: _____ D.C.

# Copy

## RETURN ON SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____, at _____ M.
a copy of the summons and a copy of the Complaint to the following defendant(s) _____

Daron Hall, Sheriff

By:_____

Deputy Sheriff

## PRIVATE PROCESS SERVER

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the __5__ day of __November__, 20_12_, at __10:00__ _A._ M.
a copy of the summons and a copy of the Complaint to the following defendant(s) *Nashville Healthcare*
*Investors, LLC % CT Corporation System ( Erica Milligan ) 800 S. Gay St.*
(PLEASE PRINT THE FOLLOWING) *ste 2021, Knoxville, TN 37929*

_James Hudgins_
Private Process Server

**Legal Eagles Process Services**
Company

Address ~~LEGAL EAGLES~~
PHONE: 615-781-3730     4750 McBRIDE RD.
FAX:     866-781-8886     ANTIOCH, TN 37013

Phone

_James Hudgin_
SIGNATURE

Other manner of service: _____

_____
_____

I hereby certify that I have NOT served this Summons on the within named Defendant(s) _____
_____ because _____ is(are) not to be found
in this County after diligent search and inquiry for the following reasons:

Daron Hall, Sheriff

This _____ day of _____, 20_____.

By:_____

**Copy**

NO. _12C4187_    AD DAMNUM $ _____    AUTO ☐   OTHER ☐

2012 OCT 17 AM 10: 36
RICHARD R. ROOKER, CLERK

Jean H. McClendon        Home Address _____
      D.C.
**PLAINTIFF(S),**        Business Address _____

v.

Nashville Senior Care, LLC d/b/a McKendree Village; MVI Holdings f/k/a
McKendree Village, Inc.; McKendree Village Senior Care Corporation; Health    Home Address _____
Services Management Group, LLC; Health Services, Inc.; Nashville Healthcare
Investors, LLC; and Vicki Hartway, in her capacity as Administrator of    Business Address _____
McKendree Village

**DEFENDANT(s).**        D5 W/c,e, CGF, AFF, ~Gn, +Reg

TO THE DEFENDANT(s):   Health Services, Inc.
       c/o Thomas D. Johnson, Registered Agent
       485 Central Avenue NE
       Cleveland, Tennessee 37311

     You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of Court and serving a copy of your answer to the Complaint on _Carey L. Acerra, Esq., Wilkes & McHugh, P.A.,_ Plaintiff's attorney, whose address is _60 South Main Street, Suite 101, Memphis, TN 38103_ within THIRTY (30) DAYS after this Summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint. Also attached are Interrogatories and Requests for Production of Documents.

ATTESTED AND ISSUED        RICHARD R. ROOKER, Clerk

_October 17_ 20_12_      By: _____ D.C.

### TO THE DEFENDANT(s):

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed: these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### COST BOND

I hereby acknowledge and bind myself for the prosecution of this action and payment of all costs not to exceed $500.00 in this court which may at any time be adjudged against the plaintiff in the event the said plaintiff shall not pay the same.
Witness my hand this _16th_ day of _October_ 20_12_

            Surety

Certification when applicable

I, RICHARD R. ROOKER, Clerk of the Circuit Court,    CIRCUIT COURT CLERK
Davidson County, Tennessee, certify this to be a true    1 PUBLIC SQUARE, ROOM 302
and accurate copy as filed this _____    P.O. BOX 196303
       NASHVILLE, TN 37219-6303
RICHARD R. ROOKER, Clerk

By: _____ D.C.

 **Copy**

## RETURN ON SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____, at _____ M.
a copy of the summons and a copy of the Complaint to the following defendant(s) _____

_____

Daron Hall, Sheriff

By:_____

**Deputy Sheriff**

### PRIVATE PROCESS SERVER

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _14_ day of _Nov_ , 20 _12_ , at _3_ _p_ M.
a copy of the summons and a copy of the Complaint to the following defendant(s) _Health Services Inc_
_C/o Thomas Johnson_ _485 Central Avenue NE, Cleveland, Tn 37311_
(PLEASE PRINT THE FOLLOWING)

_Arnold Botts_

Private Process Server

**Legal Eagles Process Services**

Company

Address
PHONE: 615-781-3730
FAX: 615-781-3698

LEGAL EAGLES
4750 McBRIDE RD
ANTIOCH, TN 37013

Phone

_Arnold Botts_

SIGNATURE

Other manner of service:

_____

_____

_____

I hereby certify that I have NOT served this Summons on the within named Defendant(s) _____
_____ because _____ is(are) not to be found
in this County after diligent search and inquiry for the following reasons:

_____

Daron Hall, Sheriff

This _____ day of _____, 20_____.

By: _____



NO: ___

IN THE CIRCUIT COURT OF TENNESSEE FOR THE TWENTIETH JUDICIAL DISTRICT AT NASHVILLE, DAVIDSON COUNTY

SUMMONS IN CIVIL ACTION

Jean H. McClendon PLAINTIFF

vs.

Nashville Senior Care, LLC d/b/a McKendree Village; MV Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation; Health Services Management Group, LLC; Health Services, Inc.; Nashville Healthcare Investors, LLC; and Vicki Hardway in her capacity as Administrator of McKendree Village DEFENDANTS

Came to hand _10-16-12_

Carey L. Acerra, Attorney for Plaintiff, Tel No.: (901) 322-4232

**Copy**

# CIRCUIT COURT OF TENNESSEE
## DAVIDSON COUNTY
METROPOLITAN COURTHOUSE, SUITE 302, ONE PUBLIC SQUARE, NASHVILLE, TENNESSEE 37201
FOR THE TWENTIETH JUDICIAL DISTRICT

## SUMMONS IN A CIVIL ACTION

2012 OCT 17 AM 10: 40

RICHARD R. ___ AUTO ☐  OTHER ☐

NO. 12C4187          AD DAMNUM $_____

Jean H. McClendon

_____          Home Address
_____
                                          Business Address
**PLAINTIFF(S),**

v.

Nashville Senior Care, LLC d/b/a McKendree Village; MVI Holdings f/k/a
McKendree Village, Inc.; McKendree Village Senior Care Corporation; Health          Home Address
Services Management Group, LLC; Health Services, Inc.; Nashville Healthcare
Investors, LLC; and Vicki Hartway, in her capacity as Administrator of              Business Address
McKendree Village

**DEFENDANT(s).**

TO THE DEFENDANT(s): Health Services Management Group, LLC
                     c/o Thomas D. Johnson, Registered Agent
                     485 Central Avenue NE
                     Cleveland, Tennessee 37311

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of Court and serving a copy of your answer to the Complaint on Carey L. Acerra, Esq., Wilkes & McHugh, P.A., Plaintiff's attorney, whose address is 60 South Main Street, Suite 101, Memphis, TN 38103 within THIRTY (30) DAYS after this Summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint. Also attached are Interrogatories and Requests for Production of Documents.

**CIRCUIT COURT CLERK**

ATTESTED AND ISSUED                        RICHARD R. ROOKER, Clerk

October 17          2012          By: _____ D.C.

### TO THE DEFENDANT(s):

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed: these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it; you may wish to seek the counsel of a lawyer.

### COST BOND

I hereby acknowledge and bind myself for the prosecution of this action and payment of all costs not to exceed $500.00 in this court which may at any time be adjudged against the plaintiff in the event the said plaintiff shall not pay the same.
Witness my hand this _____ 16th _____ day of _____ October _____ 20 12

Certification when applicable          _____
                                                 Surety

I, RICHARD R. ROOKER, Clerk of the Circuit Court,
Davidson County, Tennessee, certify this to be a true
and accurate copy as filed this _____          CIRCUIT COURT CLERK
                                                          1 PUBLIC SQUARE, ROOM 302
RICHARD R. ROOKER, Clerk                                  P.O. BOX 196303
                                                          NASHVILLE, TN 37219-6303
By: _____ D.C.

Copy

## RETURN ON SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____, at _____ M.
a copy of the summons and a copy of the Complaint to the following defendant(s) _____

Daron Hall, Sheriff

By:_____

**Deputy Sheriff**

### PRIVATE PROCESS SERVER

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the __14__ day of __Nov_____, 20 _12_, at __2 p__ M.
a copy of the summons and a copy of the Complaint to the following defendant(s) _Health Services_
_Management Group, LLC % Thomns Johnson    485 Central Ave. NE_
(PLEASE PRINT THE FOLLOWING) _Cleveland, Tn 37311_

_Arnold Botts_
**Private Process Server**

**Legal Eagles Process Services**

**Company**

Address _LEGAL EAGLES_
PHONE: 615-781-3730    _4750 McBRIDE RD._
FAX:    615-781-8686    _ANTIOCH, TN 37013_
Phone

_Arnold Botts_
SIGNATURE

Other manner of service:

_____
_____
_____

I hereby certify that I have NOT served this Summons on the within named Defendant(s) _____
_____ because _____ is(are) not to be found
in this County after diligent search and inquiry for the following reasons:

Daron Hall, Sheriff

This _____ day of _____, 20_____.

By:_____

NO. _____
I.D. _____
IN THE
CIRCUIT COURT
OF TENNESSEE
FOR THE TWENTIETH JUDICIAL
DISTRICT AT NASHVILLE
DAVIDSON COUNTY
SUMMONS IN CIVIL ACTION
PLAINTIFF
Daniel McKendree
Nashville; MVI Holdings, Inc. f/k/a McKendree
Village, Inc.; McKendree Village Senior Care
Village, Inc.; McKendree Village Senior Care
Corporation; Health Services Management
Group, LLC; Health Services, Inc.; Nashville
Healthcare Investors, DLC; and Vicki Hartway,
in her capacity as Administrator of McKendree
Village
DEFENDANTS
Came to hand _____
Carey L. Acerra
Attorney for Plaintiff
Tel No.: (901) 322-4232

Copy

# CIRCUIT COURT OF TENNESSEE
## DAVIDSON COUNTY
METROPOLITAN COURTHOUSE, SUITE 302, ONE PUBLIC SQUARE, NASHVILLE, TENNESSEE 37201
FOR THE TWENTIETH JUDICIAL DISTRICT
SUMMONS IN A CIVIL ACTION

NO. 12C4187                AD DAMNUM $ _____        AUTO ☐  OTHER ☐

Jean H. McClendon _____

_____    Home Address _____

**PLAINTIFF(S),**                                Business Address _____

v.

Nashville Senior Care, LLC d/b/a McKendree Village; MVI Holdings f/k/a
McKendree Village, Inc.; McKendree Village Senior Care Corporation; Health        Home Address
Services Management Group, LLC; Health Services, Inc.; Nashville Healthcare
Investors, LLC; and Vicki Hartway, in her capacity as Administrator of            Business Address
McKendree Village

**DEFENDANT(s).**

TO THE DEFENDANT(s):  McKendree Village Senior Care Corporation
                      c/o Michael D. Brent, Registered Agent
                      1600 Division Street, Suite 700
                      Nashville, Tennessee 37203

        You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of Court and
serving a copy of your answer to the Complaint on  Carey L. Acerra, Esq., Wilkes & McHugh, P.A.,
Plaintiff's attorney, whose address is  60 South Main Street, Suite 101, Memphis, TN 38103
within THIRTY (30) DAYS after this Summons has been served upon you, not including the day of service.  If you fail to do
so, a judgment by default may be taken against you for the relief demanded in the Complaint.   Also attached are
Interrogatories and Requests for Production of Documents.

ATTESTED AND ISSUED                          RICHARD R. ROOKER, Clerk

_October 17_____  20___      By: _____  D.C.

### TO THE DEFENDANT(s):
NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment.  If a
judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of
the items you wish to claim as exempt with the Clerk of the Court.  The list may be filed at any time and may be changed by you thereafter
as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued
prior to the filing of the list.  Certain items are automatically exempt by law and do not need to be listed:  these include items of necessary
wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits,
the family Bible, and school books.  Should any of these items be seized, you would have the right to recover them.  If you do not understand
your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### COST BOND
I hereby acknowledge and bind myself for the prosecution of this action and payment of all costs not to exceed $500.00 in this court which
may at any time be adjudged against the plaintiff in the event the said plaintiff shall not pay the same.
Witness my hand this _____16th_____ day of ___October___ 20__12__.

Certification when applicable                    _____
                                                              Surety

I, RICHARD R. ROOKER, Clerk of the Circuit Court,
Davidson County, Tennessee, certify this to be a true
and accurate copy as filed this _____

RICHARD R. ROOKER, Clerk

By: _____ D.C.

Case 3:13-cv-01036   Document 1-1   Filed 09/23/13   Page 220 of 373 PageID #: 224



## RETURN ON SERVICE OF SUMMONS

**I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:**

By delivering on the _____ day of _____, 20_____, at _____ M.
a copy of the summons and a copy of the Complaint to the following defendant(s) _____

Daron Hall, Sheriff

By:_____

**Deputy Sheriff**

### PRIVATE PROCESS SERVER

**I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:**

By delivering on the _30_ day of _October_____, 20_12_, at _205_ P M.
a copy of the summons and a copy of the Complaint to the following defendant(s) _McKendree Village_
_Senior Care Corporation C/o Michael Brent 1600 Division St. Ste700_
(PLEASE PRINT THE FOLLOWING) _Nashville, Tn 37203_

_Larry Wozencraft_
**Private Process Server**

**Legal Eagles Process Services**

**Company**

Other manner of service:

**Address**  LEGAL EAGLES
4750 McBRIDE RD.
PHONE: 615-781-1710    ANTIOCH, TN 37013
FAX:    615-731-6753

**Phone**

_G Wozencraft_
**SIGNATURE**

_____
_____
_____

I hereby certify that I have **NOT** served this Summons on the within named Defendant(s) _____
_____ because _____ **is(are) not to be found**
in this County after diligent search and inquiry for the following reasons:

Daron Hall, Sheriff

This _____ day of _____, 20_____.

By:_____

IN THE
CIRCUIT COURT
OF TENNESSEE
FOR THE TWENTIETH JUDICIAL
DISTRICT AT NASHVILLE
DAVIDSON COUNTY

SUMMONS IN CIVIL ACTION

PLAINTIFF

Nashville Senior Care, LLC d/b/a McKendree
Village, Inc.; McKendree Village/Senior Care
Corporation; Health Services Management
Group, LLC; Health Services, Inc.; Nashville
Healthcare Investors, LLC; and Vicki Harkness
in her capacity as Administrator of McKendree
Village

DEFENDANTS

Came to hand

Carey L. Acerra
Attorney for Plaintiff
Tel No. (901) 322-4232

# Copy

## CIRCUIT COURT OF TENNESSEE
## DAVIDSON COUNTY

METROPOLITAN COURTHOUSE, SUITE 302, ONE PUBLIC SQUARE, NASHVILLE, TENNESSEE 37201
FOR THE TWENTIETH JUDICIAL DISTRICT
### SUMMONS IN A CIVIL ACTION

NO. 12C4187      AD DAMNUM $ _____      AUTO ☐   OTHER ☐

2012 OCT 17 AM 10:46
RICHARD R. ROOKER CLERK

_____ D.C.

Jean H. McClendon

Home Address _____

**PLAINTIFF(S),**

Business Address _____

v.

Nashville Senior Care, LLC d/b/a McKendree Village; MVI Holdings f/k/a
McKendree Village, Inc.; McKendree Village Senior Care Corporation; Health      Home Address _____
Services Management Group, LLC; Health Services, Inc.; Nashville Healthcare
Investors, LLC; and Vicki Hartway, in her capacity as Administrator of      Business Address _____
McKendree Village

D2 W/C, E, CGF, ATF, Unt+Req

**DEFENDANT(s).**

TO THE DEFENDANT(s): MVI Holdings, Inc.
            c/o Michael D. Brent, Registered Agent
            1600 Division Street, Suite 700
            Nashville, Tennessee 37203

      You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of Court and
serving a copy of your answer to the Complaint on  Carey L. Acerra, Esq., Wilkes & McHugh, P.A.,
Plaintiff's attorney, whose address is  60 South Main Street, Suite 101, Memphis, TN 38103
within THIRTY (30) DAYS after this Summons has been served upon you, not including the day of service. If you fail to do
so, a judgment by default may be taken against you for the relief demanded in the Complaint. Also attached are
Interrogatories and Requests for Production of Documents.

                                           **CIRCUIT COURT CLERK**

ATTESTED AND ISSUED                      RICHARD R. ROOKER, Clerk

October 17     2012         By: _____ D.C.

### TO THE DEFENDANT(s):

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a
judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of
the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter
as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued
prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed: these include items of necessary
wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits,
the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand
your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### COST BOND

I hereby acknowledge and bind myself for the prosecution of this action and payment of all costs not to exceed $500.00 in this court which
may at any time be adjudged against the plaintiff in the event the said plaintiff shall not pay the same.
Witness my hand this  16th  day of  October  2012

Certification when applicable                        Surety _____

I, RICHARD R. ROOKER, Clerk of the Circuit Court,        **CIRCUIT COURT CLERK**
Davidson County, Tennessee, certify this to be a true        CIRCUIT COURT CLERK
and accurate copy as filed this _____        1 PUBLIC SQUARE, ROOM 302
                                              P.O. BOX 196303
RICHARD R. ROOKER, Clerk                  NASHVILLE, TN 37219-6303

By: _____ D.C.


# Copy

## RETURN ON SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____; at _____ M.
a copy of the summons and a copy of the Complaint to the following defendant(s) _____

_____

Daron Hall, Sheriff

By: _____
Deputy Sheriff

## PRIVATE PROCESS SERVER

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _30_ day of _October_, 20_12_, at _2:05 P_ M.
a copy of the summons and a copy of the Complaint to the following defendant(s) _MVI Holdings, Inc._
_c/o Michael D. Brent 1600 Division Str Ste 700 Nashville, Tn 37203_
### (PLEASE PRINT THE FOLLOWING)

_Larry Wozencraft_
**Private Process Server**

_Legal Eagles Process Services_
**Company**

**Address** LEGAL EAGLES 4750 McBRIDE ANTIOCH, TN 37013
PHONE: 615-781-3730
FAX: 615-495-0262

**Phone**

_Larry Wozencraft_
**SIGNATURE**

Other manner of service: _____

_____

_____

I hereby certify that I have NOT served this Summons on the within named Defendant(s) _____
_____ because _____ is(are) not to be found
in this County after diligent search and inquiry for the following reasons:

_____

Daron Hall, Sheriff

This _____ day of _____, 20_____.

By: _____

---

NO.: _____

IN THE CIRCUIT COURT OF TENNESSEE FOR THE TWENTIETH JUDICIAL DISTRICT AT NASHVILLE DAVIDSON COUNTY

SUMMONS IN CIVIL ACTION

Jean H. McClendon — PLAINTIFF

Nashville Senior Care, LLC d/b/a McKendree Village; Inc.; McKendree Village Senior Care Corporation; Health Services Management Group, LLC; Health Services, Inc.; Nashville Healthcare Investors, LLC and Vicki Harkey, in her capacity as Administrator of McKendree Village; — DEFENDANTS

MVI Holdings, Inc. f/k/a McKendree

Case filed on: 10-25-12

Carey L. Acerra Attorney for Plaintiff Tel. No.: (901) 322-4232

Copy

# CIRCUIT COURT OF TENNESSEE
## DAVIDSON COUNTY
METROPOLITAN COURTHOUSE, SUITE 302, ONE PUBLIC SQUARE, NASHVILLE, TENNESSEE 37201
FOR THE TWENTIETH JUDICIAL DISTRICT

### SUMMONS IN A CIVIL ACTION OCT 17 AM 10: 53

NO. _12C4187_    AD DAMNUM $ _____    AUTO ☐   OTHER ☐

Jean H. McClendon

_____    Home Address

**PLAINTIFF(S),**    Business Address

v.

Nashville Senior Care, LLC d/b/a McKendree Village; MVI Holdings f/k/a
McKendree Village, Inc.; McKendree Village Senior Care Corporation; Health    Home Address
Services Management Group, LLC; Health Services, Inc.; Nashville Healthcare
Investors, LLC; and Vicki Hartway, in her capacity as Administrator of    Business Address
McKendree Village

**DEFENDANT(s).**

**TO THE DEFENDANT(s):** Nashville Senior Care, LLC
                    c/o CT Corporation System, Registered Agent
                    800 South Gay Street, Suite 2021
                    Knoxville, Tennessee 37929

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of Court and serving a copy of your answer to the Complaint on  Carey L. Acerra, Esq., Wilkes & McHugh, P.A., Plaintiff's attorney, whose address is   60 South Main Street, Suite 101, Memphis, TN 38103  within THIRTY (30) DAYS after this Summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.    Also attached are Interrogatories and Requests for Production of Documents.

### CIRCUIT COURT CLERK

**ATTESTED AND ISSUED**    RICHARD R. ROOKER, Clerk

_October 17_ 20_12_    By: _____ D.C.

### TO THE DEFENDANT(s):

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed: these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### COST BOND

I hereby acknowledge and bind myself for the prosecution of this action and payment of all costs not to exceed $500.00 in this court which may at any time be adjudged against the plaintiff in the event the said plaintiff shall not pay the same.
Witness my hand this _____ 16th _____ day of _October_ 20_12_ .

Certification when applicable    _____
                                            Surety

I, RICHARD R. ROOKER, Clerk of the Circuit Court,
Davidson County, Tennessee, certify this to be a true
and accurate copy as filed this _____

RICHARD R. ROOKER, Clerk

By: _____ D.C.

CIRCUIT COURT CLERK
1 PUBLIC SQUARE, ROOM 302
P.O. BOX 196303
NASHVILLE, TN 37219-6303

# Copy

## RETURN ON SERVICE OF SUMMONS

**I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:**

By delivering on the _____ day of _____, 20_____, at _____ M.
a copy of the summons and a copy of the Complaint to the following defendant(s) _____

_____

Daron Hall, Sheriff

By:_____

**Deputy Sheriff**

## PRIVATE PROCESS SERVER

**I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:**

By delivering on the __5__ day of __November_____, 20_12_, at __10:00__ _A_ M.
a copy of the summons and a copy of the Complaint to the following defendant(s) _Nashville Senior Care, LLC_
_c/o CT Corporation System (Erica Milligan_____) _800 S. Gay St. Ste 2021_
**(PLEASE PRINT THE FOLLOWING)** _Knoxville, TN 37929_

_____James Hudgins_____

**Private Process Server**

**Legal Eagles Process Services**

**Company**

| | |
|---|---|
| Address | **LEGAL EAGLES** |
| PHONE: 615-731-3730 | 4750 McBRIDE RD. |
| FAX: 888-781-0858 | ANTIOCH, TN 37013 |
| | |
| **Phone** | |

**SIGNATURE** _James Hudgins_

Other manner of service: _____

_____

_____

_____

I hereby certify that I have NOT served this Summons on the within named Defendant(s) _____
_____ because _____ is(are) not to be found
in this County after diligent search and inquiry for the following reasons:

_____

Daron Hall, Sheriff

This _____ day of _____, 20_____.

By:_____

NO.___ / D.___ IN THE CIRCUIT COURT OF TENNESSEE FOR THE TWENTIETH JUDICIAL DISTRICT AT NASHVILLE DAVIDSON COUNTY

SUMMONS IN CIVIL ACTION

PLAINTIFF

Nashville Senior Care, LLC d/b/a McKendree Village; MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation; Health Services Management, Inc.; Nashville Group, LLC; Health Services, Inc.; Nashville Healthcare Investors, LLC; and Vicki Harkey, in her capacity as Administrator of McKendree Village

DEFENDANTS

Came to hand 10-25-12

Carey L. Acerra Attorney for Plaintiff Tel. No. (901) 322-4232

10380

**Copy**

FILED

# IN THE CIRCUIT COURT OF TENNESSEE FOR THE
## TWENTIETH JUDICIAL DISTRICT AT NASHVILLE, DAVIDSON COUNTY

2012 OCT 17 AM 10: 13

RICHARD F. ROOKER, CLERK

| | |
|---|---|
| Jean H. McClendon, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) Cause No. 12C4187 |
| | ) Division _____ |
| | ) **Jury Demanded** |
| Nashville Senior Care, LLC d/b/a McKendree | ) |
| Village; MVI Holdings, Inc. f/k/a McKendree | ) |
| Village, Inc.; McKendree Village Senior Care | ) |
| Corporation; Health Services Management | ) |
| Group, LLC; Health Services, Inc; Nashville | ) |
| Healthcare Investors, LLC; and Vicki Hartway, | ) |
| in her capacity as Administrator of McKendree | ) |
| Village, | ) |
| | ) |
| **Defendants.** | ) |

---

## AFFIDAVIT OF SERVICE WITH CERTIFICATE OF MAILING

---

STATE OF TENNESSEE:
COUNTY OF SHELBY:

In accordance with T.C.A. § 29-26-122, the undersigned attorney, having been duly sworn, states upon oath and affirmation as follows:

1.    That I am the attorney for the Plaintiff in the above-captioned matter and have personal knowledge of the matters herein.

2.    That on August 10, 2012, letters were sent to (1) McKendree Village, (2) Nashville Senior Care, LLC d/b/a McKendree Village, (3) MVI Holdings, Inc. f/k/a McKendree Village, Inc., (4) McKendree Village Senior Care Corporation, and (5) Vicki

Hartway, in her capacity as Administrator of McKendree Village, via certified mail, return receipt requested. Copies of such letters are attached, along with the Certificate of Mailing.

3.     That the specified notice was timely mailed and the attorney has complied with T.C.A. § 29-26-121.

4.     That on August 16, 2012, letters were sent to (1) McKendree Village; (2) Nashville Senior Care, LLC d/b/a McKendree Village; (3) MVI Holdings, Inc. f/k/a McKendree Village, Inc.; (4) McKendree Village Senior Care Corporation; (5) Vicki Hartway, in her capacity as Administrator of McKendree Village; (6) Health Services Management Group, LLC; (7) Health Services, Inc.; and (8) Nashville Healthcare Investors, LLC, via certified mail, return receipt requested. Copies of such letters are attached, along with the Certificate of Mailing.

5.     That the specified notice was timely mailed and the attorney has complied with T.C.A. § 29-26-121.

IN WITNESS WHEREOF, I have set my hand this _16th_ day of October, 2012.

Cameron C. Jehl (BPR#18729)
Carey L. Acerra (BPR#23464)
WILKES & McHUGH, P.A.
60 South Main Street, Suite 101
Memphis, Tennessee 38103
Telephone Number:   901-322-4232
Facsimile Number:   901-322-4231

Attorneys for Plaintiff

2

**Copy**

STATE OF TENNESSEE
COUNTY OF SHELBY

Before me personally appeared, CAREY L. ACERRA, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that she executed the same as her free act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal this *16th* day of October, 2012.

_____
Notary Public

My Commission Expires:
MY COMMISSION EXPIRES:
JANUARY 28, 2015

_____



3

Copy


FILED
2012 OCT 17 AM 10: 14
RICHARD R. ROGAER, CLERK
BY _____ D.C

# WILKES & McHUGH, P.A.
## ATTORNEYS AT LAW

60 SOUTH MAIN STREET
SUITE 101
MEMPHIS, TN 38103

PHONE: (901) 322-4232
TOLL FREE: (888) 777-9424
FAX: (901) 322-4231

August 10, 2012

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7011 3500 0003 5051 2650**

Vicki Hartway, in her capacity as
Administrator of McKendree Village
609 Oak Cove Court
Mount Juliet, TN 37122

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7011 3500 0003 5051 2742**

Vicki Hartway, in her capacity as
Administrator of McKendree Village
4347 Lebanon Road
Hermitage, TN 37076

Re:    **Jean H. McClendon v. Nashville Senior Care, LLC d/b/a McKendree Village;**
**MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village**
**Senior Care Corporation; and Vicki Hartway, in her capacity as**
**Administrator of McKendree Village**

Dear Madam:

    I am the attorney representing Jean H. McClendon and am her authorized agent.

    Through us, Jean H. McClendon is asserting, among other claims, a potential claim for medical malpractice against you.

    Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my client:

Copy

| | |
|---|---|
| Patient: | Jean H. McClendon |
| Date of Birth: | August 25, 1930 |
| Claimants' Names and Addresses: | Jean H. McClendon |
| | 1502 Riverside Road |
| | Old Hickory, Tennessee 37138 |
| Relationship to Patient: | Self |

Due to the poor care provided to Jean H. McClendon during her residency at McKendree Village, Jean H. McClendon suffered, among other things, wound infection; dehydration; weight loss; urinary tract infections; clostridium difficile; poor hygiene; severe pain; and injuries to her dignity.

Also, enclosed please find a HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to T.C.A. § 29-26-121(a).

Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

Sincerely,

WILKES & McHUGH, P.A.

Carey L. Acerra, Esq.

CLA/mkb
Enclosures

Copy

**LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN**
**PURSUANT TO T.C.A. SECTION 29-26-121(a)**

Re: Resident, Jean H. McClendon

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice:

1.  Vicki Hartway, in her capacity as
    Administrator of McKendree Village
    609 Oak Cove Court
    Mount Juliet, TN 37122

    Vicki Hartway, in her capacity as
    Administrator of McKendree Village
    4347 Lebanon Road
    Hermitage, TN 37076

2.  Nashville Senior Care, LLC
    d/b/a McKendree Village
    c/o Vicki Hartway, Administrator
    4347 Lebanon Road
    Hermitage, TN 37076

3.  Nashville Senior Care, LLC
    d/b/a McKendree Village
    c/o CT Corporation System, Registered Agent
    800 South Gay Street, Suite 2021
    Knoxville, TN 37929

    Nashville Senior Care, LLC
    d/b/a McKendree Village
    1175 Peachtree Street NE, Suite 350
    Atlanta, GA 30361

4.  MVI Holdings, Inc.
    f/k/a McKendree Village, Inc.
    c/o Michael D. Brent, Registered Agent
    1600 Division Street, Suite 700
    Nashville, TN 37203

    MVI Holdings, Inc.
    f/k/a McKendree Village, Inc.
    1600 Division Street, Suite 700
    Nashville, TN 37203

5.  McKendree Village Senior Care Corporation
    c/o Michael D. Brent, Registered Agent
    1600 Division Street, Suite 700
    Nashville, TN 37203

    McKendree Village Senior Care Corporation
    4347 Lebanon Road
    Hermitage, TN 37076

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, _Jean H. McClendon_, do hereby authorize _Nashville SeniorCare, LLC d/b/a McKendree Village; MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation; and Vicki Hartsoy, in her capacity as Administrator of McKendree Village_ ("health care providers") to furnish and disclose to ___Vicki Hartsoy, in her capacity as Administrator___ or to any representative or attorney from their office a full, complete and black & white copy of any and all protected health information regarding patient _Jean H. McClendon____, Date of Birth: _08/05/30_, Social Security Number ████████ ffically including any and all records for service from _12/10/04_ to _12/19/11_ including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge summaries/reports, photographs, social service records, dietary records (C&O/B&B), weight records/vital signs, activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile insurance carriers to release any and all information regarding said patient in their possession, including, but not limited to, all payment or non-payment information and any collateral source information, to _Vicki Hartsoy, in her capacity as Administrator of McKendree Village_

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with _Vicki Hartsoy, in her capacity as Administrator of McKendree Village_ or any of their representatives is absolutely forbidden. Copies of any documents produced to _Vicki Hartsoy, in her capacity as Administrator of McKendree Village_, pursuant to this limited medical authorization, should be furnished to Wilkes & McHugh, P.A., 60 S. Main Street, Suite 101, Memphis, Tennessee 38103, at Wilkes & McHugh's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to WILKES & McHUGH or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on _02/10/13_

Dated: _08/10/12_          Signed: _J. McClendon_

If signed by the patient's personal representative, explain the nature of the relationship:

_Self_

Copy

# WILKES & McHUGH, P.A.
## ATTORNEYS AT LAW

60 SOUTH MAIN STREET
SUITE 101
MEMPHIS, TN 38103

PHONE: (901) 322-4232
TOLL FREE: (888) 777-9424
FAX: (901) 322-4231

August 10, 2012

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7011 3500 0003 5051 2667**

Nashville Senior Care, LLC
d/b/a McKendree Village
c/o Vicki Hartway, Administrator
4347 Lebanon Road
Hermitage, TN 37076

Re:     **Jean H. McClendon v. Nashville Senior Care, LLC d/b/a McKendree Village; MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation; and Vicki Hartway, in her capacity as Administrator of McKendree Village**

Dear Madam:

I am the attorney representing Jean H. McClendon and am her authorized agent.

Through us, Jean H. McClendon is asserting, among other claims, a potential claim for medical malpractice against you.

Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my client:

| | |
|---|---|
| Patient: | Jean H. McClendon |
| Date of Birth: | August 25, 1930 |
| Claimants' Names and Addresses: | Jean H. McClendon |
| | 1502 Riverside Road |
| | Old Hickory, Tennessee 37138 |
| Relationship to Patient: | Self |

Due to the poor care provided to Jean H. McClendon during her residency at McKendree Village, Jean H. McClendon suffered, among other things, wound infection; dehydration; weight loss; urinary tract infections; clostridium difficile; poor hygiene; severe pain; and injuries to her dignity.

Copy

     Also, enclosed please find a HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to T.C.A. § 29-26-121(a).

     Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

     Sincerely,

     WILKES & McHUGH, P.A.

     Carey L. Acerra, Esq.

CLA/mkb
Enclosures

Copy

**LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN**
**PURSUANT TO T.C.A. SECTION 29-26-121(a)**

Re: Resident, Jean H. McClendon

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice:

1.  Vicki Hartway, in her capacity as
    Administrator of McKendree Village
    609 Oak Cove Court
    Mount Juliet, TN 37122

    Vicki Hartway, in her capacity as
    Administrator of McKendree Village
    4347 Lebanon Road
    Hermitage, TN 37076

2.  Nashville Senior Care, LLC
    d/b/a McKendree Village
    c/o Vicki Hartway, Administrator
    4347 Lebanon Road
    Hermitage, TN 37076

3.  Nashville Senior Care, LLC
    d/b/a McKendree Village
    c/o CT Corporation System, Registered Agent
    800 South Gay Street, Suite 2021
    Knoxville, TN 37929

    Nashville Senior Care, LLC
    d/b/a McKendree Village
    1175 Peachtree Street NE, Suite 350
    Atlanta, GA 30361

4.  MVI Holdings, Inc.
    f/k/a McKendree Village, Inc.
    c/o Michael D. Brent, Registered Agent
    1600 Division Street, Suite 700
    Nashville, TN 37203

    MVI Holdings, Inc.
    f/k/a McKendree Village, Inc.
    1600 Division Street, Suite 700
    Nashville, TN 37203

5.  McKendree Village Senior Care Corporation
    c/o Michael D. Brent, Registered Agent
    1600 Division Street, Suite 700
    Nashville, TN 37203

    McKendree Village Senior Care Corporation
    4347 Lebanon Road
    Hermitage, TN 37076

Copy

08/09/2012 16:19 FAX 615 871 4706    THE UPS STORE    @004/004

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, _Jean H. McClendon_, do hereby authorize _Nashville SeniorCare, LLC d/b/a McKendree Village;_ _MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care_ _Corporation; and Vicki Hartway, in her capacity as Administrator of McKendree Village_ ("health care providers") to furnish and disclose to _Nashville SeniorCare, LLC d/b/a_ _McKendree Village_ or to any representative or attorney from their office a full, complete and black & white copy of any and all protected health information regarding patient, _Jean H. McClendon_, Date of Birth: _08/05/30_, Social Security Number: _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_ specifically including any and all records for service from _12/19/04_ to _12/19/11_ including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, emergency room records, triage sheets, patient history and physical, nurses' orders, physicians' orders, physicians' notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, RAP sheets, resident care plans, discharge plans, docubinus and wound reports, admission and discharge summaries/reports, photographs, social service records, dietary records (CRO/B&B), weight records/vital signs, activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile insurance carriers to release any and all information regarding said patient in their possession, including, but not limited to all payment or non-payment information and any collateral source information, to _Nashville SeniorCare LLC d/b/a_ _McKendree Village_

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with _Nashville SeniorCare, LLC d/b/a_ _McKendree Village_ or any of their representatives is absolutely forbidden. Copies of any documents produced to _Nashville Senior Care, LLC d/b/a_ _McKendree Village_, pursuant to this limited medical authorization, should be furnished to Wilkes & McHugh, P.A., 60 S. Main Street, Suite 101, Memphis, Tennessee 38103, at Wilkes & McHugh's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to WILKES & McHUGH or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on _02/10/13_ .

Dated: _08/10/12_    Signed: _J. McClendon_

If signed by the patient's personal representative, explain the nature of the relationship:
_Self_

Copy

# WILKES & McHUGH, P.A.
## ATTORNEYS AT LAW

60 SOUTH MAIN STREET
SUITE 101
MEMPHIS, TN 38103

PHONE: (901) 322-4232
TOLL FREE: (888) 777-9424
FAX: (901) 322-4231

August 10, 2012

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7011 3500 0003 5051 2674**

Nashville Senior Care, LLC
d/b/a McKendree Village
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7011 3500 0003 5051 2681**

Nashville Senior Care, LLC
d/b/a McKendree Village
1175 Peachtree Street NE, Suite 350
Atlanta, GA 30361

Re:    Jean H. McClendon v. Nashville Senior Care, LLC d/b/a McKendree Village;
       MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village
       Senior Care Corporation; and Vicki Hartway, in her capacity as
       Administrator of McKendree Village

Dear Sir or Madam:

    I am the attorney representing Jean H. McClendon and am her authorized agent.

    Through us, Jean H. McClendon is asserting, among other claims, a potential claim for medical malpractice against you.

    Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my client:

Copy

Patient:                         Jean H. McClendon
Date of Birth:                August 25, 1930
Claimants' Names and Addresses:   Jean H. McClendon
                                     1502 Riverside Road
                                     Old Hickory, Tennessee 37138
Relationship to Patient:          Self

Due to the poor care provided to Jean H. McClendon during her residency at McKendree Village, Jean H. McClendon suffered, among other things, wound infection; dehydration; weight loss; urinary tract infections; clostridium difficile; poor hygiene; severe pain; and injuries to her dignity.

Also, enclosed please find a HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to T.C.A. § 29-26-121(a).

Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

Sincerely,

WILKES & McHUGH, P.A.

Carey L. Acerra, Esq.

CLA/mkb
Enclosures

**LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
PURSUANT TO T.C.A. SECTION 29-26-121(a)**

Re: Resident, Jean H. McClendon

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice:

1. Vicki Hartway, in her capacity as
   Administrator of McKendree Village
   609 Oak Cove Court
   Mount Juliet, TN 37122

   Vicki Hartway, in her capacity as
   Administrator of McKendree Village
   4347 Lebanon Road
   Hermitage, TN 37076

2. Nashville Senior Care, LLC
   d/b/a McKendree Village
   c/o Vicki Hartway, Administrator
   4347 Lebanon Road
   Hermitage, TN 37076

3. Nashville Senior Care, LLC
   d/b/a McKendree Village
   c/o CT Corporation System, Registered Agent
   800 South Gay Street, Suite 2021
   Knoxville, TN 37929

   Nashville Senior Care, LLC
   d/b/a McKendree Village
   1175 Peachtree Street NE, Suite 350
   Atlanta, GA 30361

4. MVI Holdings, Inc.
   f/k/a McKendree Village, Inc.
   c/o Michael D. Brent, Registered Agent
   1600 Division Street, Suite 700
   Nashville, TN 37203

   MVI Holdings, Inc.
   f/k/a McKendree Village, Inc.
   1600 Division Street, Suite 700
   Nashville, TN 37203

5. McKendree Village Senior Care Corporation
   c/o Michael D. Brent, Registered Agent
   1600 Division Street, Suite 700
   Nashville, TN 37203

   McKendree Village Senior Care Corporation
   4347 Lebanon Road
   Hermitage, TN 37076

Copy
08/09/2012 16:19 FAX 615 871 4708     THE UPS STORE                                    ☑004/004

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, Jean H. McClendon, do hereby authorize Nashville Senior Care, LLC d/b/a McKendree Village; MVT Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation; and Vicki Hartsoy, in her capacity as Administrator of McKendree Village ("health care providers") to furnish and disclose to Nashville Senior Care, LLC d/b/a McKendree Village or to any representative or attorney from their office a full, complete, and black & white copy of any and all protected health information regarding patient, Jean H. McClendon, Date of Birth: 08/25/30, Social Security Number: 43-84-2420 specifically including any and all records for service from 12/10/04 to 12/19/11 including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge summaries/reports, photographs, social service records, dietary records (I&O/B&B), weight records/vital signs, activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile insurance carriers to release any and all information regarding said patient in their possession, including, but not limited to, all payment or non-payment information and any collateral source information, to Nashville Senior Care, LLC d/b/a McKendree Village.

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with Nashville Senior Care, LLC d/b/a McKendree Village or any of their representatives is absolutely forbidden. Copies of any documents produced to Nashville Senior Care, LLC d/b/a McKendree Village, pursuant to this limited medical authorization, should be furnished to Wilkes & McHugh, P.A., 60 S. Main Street, Suite 101, Memphis, Tennessee 38103, at Wilkes & McHugh's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to WILKES & McHUGH or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on 02/10/13.

Dated: 08/10/12     Signed: ___ McClendon ___

If signed by the patient's personal representative, explain the nature of the relationship:

Self

Copy

# WILKES & McHUGH, P.A.
## ATTORNEYS AT LAW

60 SOUTH MAIN STREET
SUITE 101
MEMPHIS, TN 38103

PHONE: (901) 322-4232
TOLL FREE: (888) 777-9424
FAX: (901) 322-4231

August 10, 2012

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7011 3500 0003 5051 2704**

MVI Holdings, Inc.
f/k/a McKendree Village, Inc.
c/o Michael D. Brent, Registered Agent
1600 Division Street, Suite 700
Nashville, TN 37203

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7011 3500 0003 5051 2711**

MVI Holdings, Inc.
f/k/a McKendree Village, Inc.
1600 Division Street, Suite 700
Nashville, TN 37203

Re:   Jean H. McClendon v. Nashville Senior Care, LLC d/b/a McKendree Village;
      MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village
      Senior Care Corporation; and Vicki Hartway, in her capacity as
      Administrator of McKendree Village

Dear Sir or Madam:

I am the attorney representing Jean H. McClendon and am her authorized agent.

Through us, Jean H. McClendon is asserting, among other claims, a potential
claim for medical malpractice against you.

Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my
client:

Copy

|  |  |
|---|---|
| Patient: | Jean H. McClendon |
| Date of Birth: | August 25, 1930 |
| Claimants' Names and Addresses: | Jean H. McClendon |
| | 1502 Riverside Road |
| | Old Hickory, Tennessee 37138 |
| Relationship to Patient: | Self |

Due to the poor care provided to Jean H. McClendon during her residency at McKendree Village, Jean H. McClendon suffered, among other things, wound infection; dehydration; weight loss; urinary tract infections; clostridium difficile; poor hygiene; severe pain; and injuries to her dignity.

Also, enclosed please find a HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to T.C.A. § 29-26-121(a).

Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

Sincerely,

WILKES & McHUGH, P.A.

Carey L. Acerra, Esq.

CLA/mkb
Enclosures

Copy

**LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
PURSUANT TO T.C.A. SECTION 29-26-121(a)**

Re: Resident, Jean H. McClendon

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice:

1.     Vicki Hartway, in her capacity as
    Administrator of McKendree Village
    609 Oak Cove Court
    Mount Juliet, TN 37122

    Vicki Hartway, in her capacity as
    Administrator of McKendree Village
    4347 Lebanon Road
    Hermitage, TN 37076

2.     Nashville Senior Care, LLC
    d/b/a McKendree Village
    c/o Vicki Hartway, Administrator
    4347 Lebanon Road
    Hermitage, TN 37076

3.     Nashville Senior Care, LLC
    d/b/a McKendree Village
    c/o CT Corporation System, Registered Agent
    800 South Gay Street, Suite 2021
    Knoxville, TN 37929

    Nashville Senior Care, LLC
    d/b/a McKendree Village
    1175 Peachtree Street NE, Suite 350
    Atlanta, GA 30361

4.     MVI Holdings, Inc.
    f/k/a McKendree Village, Inc.
    c/o Michael D. Brent, Registered Agent
    1600 Division Street, Suite 700
    Nashville, TN 37203

    MVI Holdings, Inc.
    f/k/a McKendree Village, Inc.
    1600 Division Street, Suite 700
    Nashville, TN 37203

5.     McKendree Village Senior Care Corporation
    c/o Michael D. Brent, Registered Agent
    1600 Division Street, Suite 700
    Nashville, TN 37203

    McKendree Village Senior Care Corporation
    4347 Lebanon Road
    Hermitage, TN 37076

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, _Jean H. McClendon_, do hereby authorize _Nashville Senior Care, LLC d/b/a McKendree Village;_ _MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care_ _Corporation_ and _Vicki Hartway, in her capacity as Administrator of McKendree Village_ ("health care providers") to furnish and disclose to _MVI Holdings Inc f/k/a McKendree Village, Inc_ or to any representative or attorney from their office a full, complete and black & white copy of any and all protected health information regarding patient, _Jean H. McClendon_ , Date of Birth: _08/05/30_, Social Security Number: _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_ specifically including any and all records for service from _12/10/04_ to _12/19/11_ including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge summaries/reports, photographs, social service records, dietary records (CRO/B&B), weight records/vital signs, activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile insurance carriers to release any and all information regarding said patient in their possession, including, but not limited to, all payment or non-payment information and any collateral source information, to _MVI Holdings, Inc. f/k/a_ _McKendree Village, Inc._

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with _MVI Holdings McKendree Village, Inc._ or any of their representatives is absolutely forbidden. Copies of any documents produced to _MVI Holdings, Inc. f/k/a McKendree Village, Inc._, pursuant to this limited medical authorization, should be furnished to Wilkes & McHugh, P.A., 60 S. Main Street, Suite 101, Memphis, Tennessee 38103, at Wilkes & McHugh's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to WILKES & McHUGH or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on _02/10/13_

Dated: _08/10/12_     Signed: _J. McClendon_

If signed by the patient's personal representative, explain the nature of the relationship: _Self_

Copy

# WILKES & McHUGH, P.A.
## ATTORNEYS AT LAW

60 SOUTH MAIN STREET
SUITE 101
MEMPHIS, TN 38103

PHONE: (901) 322-4232
TOLL FREE: (888) 777-9424
FAX: (901) 322-4231

August 10, 2012

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7011 3500 0003 5051 2728**

McKendree Village Senior Care Corporation
c/o Michael D. Brent, Registered Agent
1600 Division Street, Suite 700
Nashville, TN 37203

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7011 3500 0003 5051 2735**

McKendree Village Senior Care Corporation
4347 Lebanon Road
Hermitage, TN 37076

Re:    **Jean H. McClendon v. Nashville Senior Care, LLC d/b/a McKendree Village;**
           **MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village**
           **Senior Care Corporation; and Vicki Hartway, in her capacity as**
           **Administrator of McKendree Village**

Dear Sir or Madam:

       I am the attorney representing Jean H. McClendon and am her authorized agent.

       Through us, Jean H. McClendon is asserting, among other claims, a potential claim for medical malpractice against you.

       Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my client:

Copy

Patient:                         Jean H. McClendon
Date of Birth:                 August 25, 1930
Claimants' Names and Addresses:  Jean H. McClendon
                                      1502 Riverside Road
                                      Old Hickory, Tennessee 37138
Relationship to Patient:         Self

Due to the poor care provided to Jean H. McClendon during her residency at McKendree Village, Jean H. McClendon suffered, among other things, wound infection; dehydration; weight loss; urinary tract infections; clostridium difficile; poor hygiene; severe pain; and injuries to her dignity.

Also, enclosed please find a HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to T.C.A. § 29-26-121(a).

Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

Sincerely,

WILKES & McHUGH, P.A.

Carey L. Acerra, Esq.

CLA/mkb
Enclosures

Copy

**LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
PURSUANT TO T.C.A. SECTION 29-26-121(a)**

Re: Resident, Jean H. McClendon

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice:

1.    Vicki Hartway, in her capacity as
Administrator of McKendree Village
609 Oak Cove Court
Mount Juliet, TN 37122

Vicki Hartway, in her capacity as
Administrator of McKendree Village
4347 Lebanon Road
Hermitage, TN 37076

2.    Nashville Senior Care, LLC
d/b/a McKendree Village
c/o Vicki Hartway, Administrator
4347 Lebanon Road
Hermitage, TN 37076

3.    Nashville Senior Care, LLC
d/b/a McKendree Village
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

Nashville Senior Care, LLC
d/b/a McKendree Village
1175 Peachtree Street NE, Suite 350
Atlanta, GA 30361

4.    MVI Holdings, Inc.
f/k/a McKendree Village, Inc.
c/o Michael D. Brent, Registered Agent
1600 Division Street, Suite 700
Nashville, TN 37203

MVI Holdings, Inc.
f/k/a McKendree Village, Inc.
1600 Division Street, Suite 700
Nashville, TN 37203

5.    McKendree Village Senior Care Corporation
c/o Michael D. Brent, Registered Agent
1600 Division Street, Suite 700
Nashville, TN 37203

McKendree Village Senior Care Corporation
4347 Lebanon Road
Hermitage, TN 37076

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, _Jean H. McClendon_, do hereby authorize _Nashville Senior Care, LLC d/b/a McKendree Village; NVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation_ and _Vicki Harkey, in her capacity as Administrator of McKendree Village_ ("health care providers") to furnish and disclose to _McKendree Village Senior Care Corporation_ or to any representative or attorney from their office a full, complete, and black & white copy of any and all protected health information regarding patient, _Jean H. McClendon_, Date of Birth: _08/25/30_, Social Security Number: _43-84-2420_ specifically including any and all records for service from _12/10/04_ to _12/19/11_ including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge summaries/reports, photographs, social service records, dietary records (I&O/B&B), weight records/vital signs, activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological records, intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile insurance carriers to release any and all information regarding said patient in their possession, including, but not limited to, all payment or non-payment information and any collateral source information, to _McKendree Village Senior Care Corporation_.

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with _McKendree Village Senior Care Corporation_ or any of their representatives is absolutely forbidden. Copies of any documents produced to _McKendree Village Senior Care Corporation_ pursuant to this limited medical authorization, should be furnished to Wilkes & McHugh, P.A., 60 S. Main Street, Suite 101, Memphis, Tennessee 38103, at Wilkes & McHugh's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to WILKES & McHUGH or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on _02/10/13_.

Dated: _08/10/13_     Signed: _J. McClendon_

If signed by the patient's personal representative, explain the nature of the relationship:

_Self_

COPY

**Name and Address of Sender**

Carey L. Acerra, Esq.
Wilkes & McHugh, P.A.
60 South Main Street, Suite 101
Memphis, TN 38103

**Check type of mail or service:**

☐ Adult Signature Required
☑ Certified Mail
☐ COD
☐ Delivery Confirmation
☐ Express Mail
☐ Insured
☐ Adult Signature Restricted Delivery
☐ Recorded Delivery (International)
☐ Registered
☑ Return Receipt for Merchandise
☐ Signature Confirmation

| | Article Number | Addressee (Name, Street, City, State, & ZIP Code™) | Postage | Fee | Handling Charge | Actual Value if Registered | Insured Value | Due Sender if COD |
|---|---|---|---|---|---|---|---|---|
| 1. | 7011 3500 0003 5051 2650 | Vicki Hartway, in her capacity as Administrator of McKendree Village 609 Oak Cove Court Mount Juliet, TN 37122 | | | | | | |
| 2. | 7011 3500 0003 5051 2667 | Nashville Senior Care, LLC d/b/a McKendree Village c/o Vicki Hartway, Administrator 4347 Lebanon Road Hermitage, TN 37076 | | | | | | |
| 3. | 7011 3500 0003 5051 2674 | Nashville Senior Care, LLC d/b/a McKendree Village c/o CT Corporation System, Registered Agent 800 South Gay Street, Suite 2021 Knoxville, TN 37929 | | | | | | |
| 4. | 7011 3500 0003 5051 2681 | Nashville Senior Care, LLC d/b/a McKendree Village 1175 Peachtree Street NE, Suite 350 Atlanta, GA 30361 | | | | | | |
| 5. | 7011 3500 0003 5051 2704 | MVI Holdings, Inc. f/k/a McKendree Village, Inc. c/o Michael D. Brent, Registered Agent 1600 Division Street, Suite 700 Nashville, TN 37203 | | | | | | |
| 6. | 7011 3500 0003 5051 2711 | MVI Holdings, Inc. f/k/a McKendree Village, Inc. 1600 Division Street, Suite 700 Nashville, TN 37203 | | | | | | |
| 7. | 7011 3500 0003 5051 2728 | McKendree Village Senior Care Corporation c/o Michael D. Brent, Registered Agent 1600 Division Street, Suite 700 Nashville, TN 37203 | | | | | | |
| 8. | 7011 3500 0003 5051 2735 | McKendree Village Senior Care Corporation 4347 Lebanon Road Hermitage, TN 37076 | | | | | | |

Total Number of Pieces Listed by Sender

Total Number of Pieces Received at Post Office

Postmaster, Per (Name of receiving employee)

Affix Stamp Here
(If issued as a certificate of mailing or for additional copies of this bill)
Postmark and Date of Receipt

Complete by Typewriter, Ink, or Ball Point Pen

See Privacy Act Statement on Reverse

PS Form **3877**, June 2011 (Page 1 of 2)

Case 3:13-cv-01036   Document 1-1   Filed 09/23/13   Page 249 of 373 PageID #: 253

Copy

The full declaration of value is required on all domestic and international Registered Mail. The maximum indemnity payable for the reconstruction of nonnegotiable documents under Express Mail document reconstruction insurance is $500 per piece subject to additional limitations for multiple pieces lost or damaged in a single catastropic occurrence. The maximum indemnity payable on Express Mail merchandise is $500, but optional Express Mail Service merchandise insurance is available for up to $5,000 to some, but not all countries. The maximum indemnity payable is $25,000 for Registered Mail sent with optional postal insurance. See the DMM R900, S913, and S921 for limitations of coverage on insured and COD mail. See the IMM for limitations of coverage on international mail. Special handling charges apply only to Parcel Service parcels (A) and Standard Mail (B) parcels.

PS Form **3877**, June 2011 (Page 2 of 2)

COPY

Case 3:13-cv-01036   Document 1-1   Filed 09/23/13   Page 251 of 373 PageID #: 255

Name and Address of Sender

Carey L. Acerra, Esq.
Wilkes & McHugh, P.A.
60 South Main Street, Suite 101
Memphis, TN 38103

Check type of mail or service:

☐ Adult Signature Required
☐ Certified Mail
☐ COD
☐ Delivery Confirmation
☐ Express Mail
☐ Insured

☐ Adult Signature Restricted Delivery
☐ Recorded Delivery (International)
☐ Registered
☐ Return Receipt for Merchandise
☐ Signature Confirmation

Affix Stamp Here
(If issued as a certificate of mailing or for additional copies of this bill)
Postmark and Date of Receipt

| | Article Number | Addressee (Name, Street, City, State, & ZIP Code™) | Postage | Fee | Handling Charge | Actual Value if Registered | Insured Value | Due Sender if COD | ASR Fee | ASRD Fee | DC Fee | SC Fee | SH Fee | RD Fee | RR Fee |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. Sean McClendon | 7011 3500 0003 5001 2742 | Vicki Hartway, in her capacity as Administrator of McKendree Village 4347 Lebanon Road Hermitage, TN 37076 | | | | | | | | | | | | | |
| 2. | | | | | | | | | | | | | | | |
| 3. | | | | | | | | | | | | | | | |
| 4. | | | | | | | | | | | | | | | |
| 5. | | | | | | | | | | | | | | | |
| 6. | | | | | | | | | | | | | | | |
| 7. | | | | | | | | | | | | | | | |
| 8. | | | | | | | | | | | | | | | |

Adult Signature Required
Adult Signature Registered Delivery
Delivery Confirmation
Signature Confirmation
Special Handling
Restricted Delivery
Return Receipt

AUG 1 0 2012

Total Number of Pieces Listed by Sender

Total Number of Pieces Received at Post Office

Postmaster, Per (Name of receiving employee)

Complete by Typewriter, Ink, or Ball Point Pen

See Privacy Act Statement on Reverse

PS Form 3877, June 2011 (Page 1 of 2)

Copy

The full declaration of value is required on all domestic and international Registered Mail. The maximum indemnity payable for the reconstruction of nonnegotiable documents under Express Mail document reconstruction insurance is $500 per piece subject to additional limitations for multiple pieces lost or damaged in a single catastropic occurrence. The maximum indemnity payable on Express Mail merchandise is $500, but optional Express Mail Service merchandise insurance is available for up to $5,000 to some, but not all countries. The maximum indemnity payable is $25,000 for Registered Mail sent with optional postal insurance. See the DMM R900, S913, and S921 for limitations of coverage on insured and COD mail. See the IMM for limitations of coverage on international mail. Special handling charges apply only to Parcel Service parcels (A) and Standard Mail (B) parcels.

PS Form **3877**, June 2011 *(Page 2 of 2)*

Copy

# WILKES & McHUGH, P.A.
## ATTORNEYS AT LAW

60 SOUTH MAIN STREET
SUITE 101
MEMPHIS, TN 38103

August 16, 2012

PHONE: (901) 322-4232
TOLL FREE: (888) 777-9424
FAX: (901) 322-4231

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7011 3500 0003 5051 2902**

Vicki Hartway, in her capacity as
Administrator of McKendree Village
609 Oak Cove Court
Mount Juliet, TN 37122

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7011 3500 0003 5051 2919**

Vicki Hartway, in her capacity as
Administrator of McKendree Village
4347 Lebanon Road
Hermitage, TN 37076

Re:     Jean H. McClendon v. Nashville Senior Care, LLC d/b/a McKendree Village; MVI
Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation;
Health Services Management Group, LLC; Health Services, Inc.; Nashville Healthcare
Investors, LLC; and Vicki Hartway, in her capacity as Administrator of McKendree Village

Dear Madam:

This is a follow-up to my letter of August 10, 2012, wherein I informed you that Jean H.
McClendon is asserting, among other claims, a potential claim for medical malpractice against you.

Please be advised that plaintiff has added Health Services Management Group, LLC; Health
Services, Inc.; and Nashville Healthcare Investors, LLC, as potential defendants and have this date sent
notice letters to them as well. Enclosed are an updated List of Healthcare Providers and a HIPAA
Compliant Limited Medical Authorization adding these three defendants as healthcare providers.

Thank you for your attention to this matter.

Sincerely,

WILKES & McHUGH, P.A.

Carey L. Acerra, Esq.

CLA/mkb
Enclosures

Copy

**LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
PURSUANT TO T.C.A. SECTION 29-26-121(a)**

Re: Resident, Jean H. McClendon

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice:

| | | |
|---|---|---|
| 1. | Vicki Hartway, in her capacity as<br>Administrator of McKendree Village<br>609 Oak Cove Court<br>Mount Juliet, TN 37122 | original notice provided<br>August 10, 2012 |
| | Vicki Hartway, in her capacity as<br>Administrator of McKendree Village<br>4347 Lebanon Road<br>Hermitage, TN 37076 | original notice provided<br>August 10, 2012 |
| 2. | Nashville Senior Care, LLC<br>d/b/a McKendree Village<br>c/o Vicki Hartway, Administrator<br>4347 Lebanon Road<br>Hermitage, TN 37076 | original notice provided<br>August 10, 2012 |
| 3. | Nashville Senior Care, LLC<br>d/b/a McKendree Village<br>c/o CT Corporation System, Registered Agent<br>800 South Gay Street, Suite 2021<br>Knoxville, TN 37929 | original notice provided<br>August 10, 2012 |
| | Nashville Senior Care, LLC<br>d/b/a McKendree Village<br>1175 Peachtree Street NE, Suite 350<br>Atlanta, GA 30361 | original notice provided<br>August 10, 2012 |
| 4. | MVI Holdings, Inc.<br>f/k/a McKendree Village, Inc.<br>c/o Michael D. Brent, Registered Agent<br>1600 Division Street, Suite 700<br>Nashville, TN 37203 | original notice provided<br>August 10, 2012 |
| | MVI Holdings, Inc.<br>f/k/a McKendree Village, Inc.<br>1600 Division Street, Suite 700<br>Nashville, TN 37203 | original notice provided<br>August 10, 2012 |
| 5. | McKendree Village Senior Care Corporation<br>c/o Michael D. Brent, Registered Agent<br>1600 Division Street, Suite 700<br>Nashville, TN 37203 | original notice provided<br>August 10, 2012 |
| | McKendree Village Senior Care Corporation<br>4347 Lebanon Road<br>Hermitage, TN 37076 | original notice provided<br>August 10, 2012 |

Copy

6.   Health Services Management Group, LLC
     c/o Thomas D. Johnson, Registered Agent
     485 Central Avenue NE
     Cleveland, TN 37311

     Health Services Management Group, LLC
     485 Central Avenue NE
     Cleveland, TN 37311

7.   Health Services, Inc.
     c/o Thomas D. Johnson, Registered Agent
     485 Central Avenue NE
     Cleveland, TN 37311

     Health Services, Inc.
     485 Central Avenue NE
     Cleveland, TN 37311

8.   Nashville Healthcare Investors, LLC
     c/o CT Corporation System, Registered Agent
     800 South Gay Street, Suite 2021
     Knoxville, TN 37929

     Nashville Healthcare Investors, LLC
     1175 Peachtree Street NE, Suite 350
     Atlanta, GA 30361

2

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, _Jean H. McClendon_, do hereby authorize _Nashville Senior Care, LLC d/b/a McKendree Village;_ _NVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care_ _Corporation; Vicki Hartway, in her capacity as Administrator of McKendree Village;_ ✱ ("health care providers") to furnish and disclose to _Vicki Hartway, in her capacity as_ _Administrator of McKendree Village_ or to any representative or attorney from their office a full, complete, and black & white copy of any and all protected health information regarding patient _Jean H. McClendon_, Date of Birth: _08/45/30_, Social Security Number ████████████ specifically including any and all records for service from _12/19/04_ to _12/19/11_ including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, emergency room records, triage sheets, patient history and nurses' notes, physicians' orders, physicians' notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge summaries/reports, photographs, social service records, dietary records (C&O/B&B), weight records/vital signs, activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile insurance carriers to release any and all information regarding said patient in their possession, including, but not limited to, all payment or non-payment information and any collateral source information, to _Vicki Hartway, in her capacity as_ _Administrator of McKendree Village_

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with _Vicki Hartway, in her capacity as_ or any of their representatives is absolutely forbidden. Copies of any documents produced to _Vicki Hartway, in her capacity as Administrator of McKendree Village_, pursuant to this limited medical authorization, should be furnished to Wilkes & McHugh, P.A., 60 S. Main Street, Suite 101, Memphis, Tennessee 38103, at Wilkes & McHugh's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to WILKES & McHUGH or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on _02/16/13_.

Dated: _08/16/12_     Signed: _C. McClendon_

If signed by the patient's personal representative, explain the nature of the relationship: _Self_

✱ Health Services Management Group, LLC;
   Health Services, Inc; and Nashville Healthcare Investors, LLC

Copy

# WILKES & McHUGH, P.A.
## ATTORNEYS AT LAW

60 SOUTH MAIN STREET
SUITE 101
MEMPHIS, TN 38103

PHONE: (901) 322-4232
TOLL FREE: (888) 777-9424
FAX: (901) 322-4231

August 16, 2012

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7011 3500 0003 5051 2926**

Nashville Senior Care, LLC
d/b/a McKendree Village
c/o Vicki Hartway, Administrator
4347 Lebanon Road
Hermitage, TN 37076

Re:     Jean H. McClendon v. Nashville Senior Care, LLC d/b/a McKendree Village; MVI
         Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation;
         Health Services Management Group, LLC; Health Services, Inc.; Nashville Healthcare
         Investors, LLC; and Vicki Hartway, in her capacity as Administrator of McKendree Village

Dear Madam:

    This is a follow-up to my letter of August 10, 2012, wherein I informed you that Jean H.
McClendon is asserting, among other claims, a potential claim for medical malpractice against you.

    Please be advised that plaintiff has added Health Services Management Group, LLC; Health
Services, Inc.; and Nashville Healthcare Investors, LLC, as potential defendants and have this date sent
notice letters to them as well. Enclosed are an updated List of Healthcare Providers and a HIPAA
Compliant Limited Medical Authorization adding these three defendants as healthcare providers.

    Thank you for your attention to this matter.

                                    Sincerely,

                                    WILKES & McHUGH, P.A.

                                    Carey L. Acerra, Esq.

CLA/mkb
Enclosures

Copy

**LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
PURSUANT TO T.C.A. SECTION 29-26-121(a)**

Re: Resident, Jean H. McClendon

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section
29-26-121(a), of a potential claim for medical malpractice:

| | | |
|---|---|---|
| 1. | Vicki Hartway, in her capacity as<br>Administrator of McKendree Village<br>609 Oak Cove Court<br>Mount Juliet, TN 37122 | original notice provided<br>August 10, 2012 |
| | Vicki Hartway, in her capacity as<br>Administrator of McKendree Village<br>4347 Lebanon Road<br>Hermitage, TN 37076 | original notice provided<br>August 10, 2012 |
| 2. | Nashville Senior Care, LLC<br>d/b/a McKendree Village<br>c/o Vicki Hartway, Administrator<br>4347 Lebanon Road<br>Hermitage, TN 37076 | original notice provided<br>August 10, 2012 |
| 3. | Nashville Senior Care, LLC<br>d/b/a McKendree Village<br>c/o CT Corporation System, Registered Agent<br>800 South Gay Street, Suite 2021<br>Knoxville, TN 37929 | original notice provided<br>August 10, 2012 |
| | Nashville Senior Care, LLC<br>d/b/a McKendree Village<br>1175 Peachtree Street NE, Suite 350<br>Atlanta, GA 30361 | original notice provided<br>August 10, 2012 |
| 4. | MVI Holdings, Inc.<br>f/k/a McKendree Village, Inc.<br>c/o Michael D. Brent, Registered Agent<br>1600 Division Street, Suite 700<br>Nashville, TN 37203 | original notice provided<br>August 10, 2012 |
| | MVI Holdings, Inc.<br>f/k/a McKendree Village, Inc.<br>1600 Division Street, Suite 700<br>Nashville, TN 37203 | original notice provided<br>August 10, 2012 |
| 5. | McKendree Village Senior Care Corporation<br>c/o Michael D. Brent, Registered Agent<br>1600 Division Street, Suite 700<br>Nashville, TN 37203 | original notice provided<br>August 10, 2012 |
| | McKendree Village Senior Care Corporation<br>4347 Lebanon Road<br>Hermitage, TN 37076 | original notice provided<br>August 10, 2012 |

Copy

6.     Health Services Management Group, LLC
       c/o Thomas D. Johnson, Registered Agent
       485 Central Avenue NE
       Cleveland, TN 37311

       Health Services Management Group, LLC
       485 Central Avenue NE
       Cleveland, TN 37311

7.     Health Services, Inc.
       c/o Thomas D. Johnson, Registered Agent
       485 Central Avenue NE
       Cleveland, TN 37311

       Health Services, Inc.
       485 Central Avenue NE
       Cleveland, TN 37311

8.     Nashville Healthcare Investors, LLC
       c/o CT Corporation System, Registered Agent
       800 South Gay Street, Suite 2021
       Knoxville, TN 37929

       Nashville Healthcare Investors, LLC
       1175 Peachtree Street NE, Suite 350
       Atlanta, GA 30361

2

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, _Jean H. McClendon_, do hereby authorize _Nashville Senior Care, LLC d/b/a McKendree Village;_ _AVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation; Vicki Hartley, in her capacity as Administrator of McKendree Village ; *_ ("health care providers") to furnish and disclose to _Nashville Senior Care, LLC d/b/a_ _McKendree Village_ or to any representative or attorney from their office a full, complete, and black & white copy of any and all protected health information regarding patient, _Jean H. McClendon_, Date of Birth: _08/05/30_, Social Security Number: _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_ specifically including any and all records for service from _12/16/11_ to _12/19/11_ including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge summaries/reports, photographs, social service records, dietary records (R/O/B&B), weight records/vital signs, activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile insurance carriers to release any and all information regarding said patient in their possession, including, but not limited to all payment or non-payment information and any collateral source information, to _Nashville Senior Care, LLC d/b/a_ _McKendree Village_

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with _Nashville Senior Care_ _d/b/a McKendree Village_ or any of their representatives is absolutely forbidden. Copies of any documents produced to _Nashville Senior Care, LLC_ _d/b/a McKendree Village_, pursuant to this limited medical authorization, should be furnished to Wilkes & McHugh, P.A., 60 S. Main Street, Suite 101, Memphis, Tennessee 38103, at Wilkes & McHugh's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to WILKES & McHUGH or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on _02/16/13_

Dated: _08/16/12_          Signed: _C. McClendon_

If signed by the patient's personal representative, explain the nature of the relationship:
_Self_

_* Health Services Management Group, LLC._
_Health Services, Inc., and Nashville Healthcare Investors, LLC_

Copy

# WILKES & McHUGH, P.A.
## ATTORNEYS AT LAW

60 SOUTH MAIN STREET
SUITE 101
MEMPHIS, TN 38103

August 16, 2012

PHONE: (901) 322-4232
TOLL FREE: (888) 777-9424
FAX: (901) 322-4231

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
ARTICLE NUMBER 7011 3500 0003 5051 2933

Nashville Senior Care, LLC
d/b/a McKendree Village
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
ARTICLE NUMBER 7011 3500 0003 5051 2940

Nashville Senior Care, LLC
d/b/a McKendree Village
1175 Peachtree Street NE, Suite 350
Atlanta, GA 30361

Re: Jean H. McClendon v. Nashville Senior Care, LLC d/b/a McKendree Village; MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation; Health Services Management Group, LLC; Health Services, Inc.; Nashville Healthcare Investors, LLC; and Vicki Hartway, in her capacity as Administrator of McKendree Village

Dear Sir or Madam:

This is a follow-up to my letter of August 10, 2012, wherein I informed you that Jean H. McClendon is asserting, among other claims, a potential claim for medical malpractice against you.

Please be advised that plaintiff has added Health Services Management Group, LLC; Health Services, Inc.; and Nashville Healthcare Investors, LLC, as potential defendants and have this date sent notice letters to them as well. Enclosed are an updated List of Healthcare Providers and a HIPAA Compliant Limited Medical Authorization adding these three defendants as healthcare providers.

Thank you for your attention to this matter.

Sincerely,

WILKES & McHUGH, P.A.

Carey L. Acerra, Esq.

CLA/mkb
Enclosures

**Copy**

**LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
PURSUANT TO T.C.A. SECTION 29-26-121(a)**

Re: Resident, Jean H. McClendon

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section
29-26-121(a), of a potential claim for medical malpractice:

| | | |
|---|---|---|
| 1. | Vicki Hartway, in her capacity as<br>Administrator of McKendree Village<br>609 Oak Cove Court<br>Mount Juliet, TN 37122 | original notice provided<br>August 10, 2012 |
| | Vicki Hartway, in her capacity as<br>Administrator of McKendree Village<br>4347 Lebanon Road<br>Hermitage, TN 37076 | original notice provided<br>August 10, 2012 |
| 2. | Nashville Senior Care, LLC<br>d/b/a McKendree Village<br>c/o Vicki Hartway, Administrator<br>4347 Lebanon Road<br>Hermitage, TN 37076 | original notice provided<br>August 10, 2012 |
| 3. | Nashville Senior Care, LLC<br>d/b/a McKendree Village<br>c/o CT Corporation System, Registered Agent<br>800 South Gay Street, Suite 2021<br>Knoxville, TN 37929 | original notice provided<br>August 10, 2012 |
| | Nashville Senior Care, LLC<br>d/b/a McKendree Village<br>1175 Peachtree Street NE, Suite 350<br>Atlanta, GA 30361 | original notice provided<br>August 10, 2012 |
| 4. | MVI Holdings, Inc.<br>f/k/a McKendree Village, Inc.<br>c/o Michael D. Brent, Registered Agent<br>1600 Division Street, Suite 700<br>Nashville, TN 37203 | original notice provided<br>August 10, 2012 |
| | MVI Holdings, Inc.<br>f/k/a McKendree Village, Inc.<br>1600 Division Street, Suite 700<br>Nashville, TN 37203 | original notice provided<br>August 10, 2012 |
| 5. | McKendree Village Senior Care Corporation<br>c/o Michael D. Brent, Registered Agent<br>1600 Division Street, Suite 700<br>Nashville, TN 37203 | original notice provided<br>August 10, 2012 |
| | McKendree Village Senior Care Corporation<br>4347 Lebanon Road<br>Hermitage, TN 37076 | original notice provided<br>August 10, 2012 |

Copy

6.  Health Services Management Group, LLC
    c/o Thomas D. Johnson, Registered Agent
    485 Central Avenue NE
    Cleveland, TN 37311

    Health Services Management Group, LLC
    485 Central Avenue NE
    Cleveland, TN 37311

7.  Health Services, Inc.
    c/o Thomas D. Johnson, Registered Agent
    485 Central Avenue NE
    Cleveland, TN 37311

    Health Services, Inc.
    485 Central Avenue NE
    Cleveland, TN 37311

8.  Nashville Healthcare Investors, LLC
    c/o CT Corporation System, Registered Agent
    800 South Gay Street, Suite 2021
    Knoxville, TN 37929

    Nashville Healthcare Investors, LLC
    1175 Peachtree Street NE, Suite 350
    Atlanta, GA 30361

2

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, _Jean H. McClendon_, do hereby authorize _Nashville Senior Care, LLC d/b/a McKendree Village;_ _NVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care_ _Corporation; Vicki Harkey, in her capacity as Administrator of McKendree Village;_ * ("health care providers") to furnish and disclose to _Nashville Senior Care, LLC d/b/a_ or to any representative or attorney from their office a full, complete, and black & white copy of any and all protected health information regarding patient _Jean H. McClendon_, Date of Birth: 08/25/30, Social Security Number ████████████ ly including any and all records for service from 12/19/04 to 12/19/11 including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' notes, progress notes, consult reports, operative and surgical records/reports, resident assessments, minimum data sets, RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge summaries/reports, photographs, social service records, dietary records (ERO/B&B), weight records/vital signs, activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile insurance carriers to release any and all information regarding said patient in their possession, including, but not limited to, all payment or non-payment information and any collateral source information, to _Nashville Senior Care, LLC d/b/a_ _McKendree Village_.

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with _Nashville Senior Care, LLC d/b/a McKendree Village_ or any of their representatives is absolutely forbidden. Copies of any documents produced to _Nashville Senior Care, LLC d/b/a McKendree Village_, pursuant to this limited medical authorization, should be furnished to Wilkes & McHugh, P.A., 60 S. Main Street, Suite 101, Memphis, Tennessee 38103, at Wilkes & McHugh's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to WILKES & McHUGH or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on _02/16/13_.

Dated: _08/16/12_          Signed: _C. McClendon_

If signed by the patient's personal representative, explain the nature of the relationship:

_Self_

* Health Services Management Group, LLC, Health Services, Inc. and Nashville Healthcare Investors, LLC

Copy.

# WILKES & McHUGH, P.A.
## ATTORNEYS AT LAW

60 SOUTH MAIN STREET
SUITE 101
MEMPHIS, TN 38103

August 16, 2012

PHONE: (901) 322-4232
TOLL FREE: (888) 777-9424
FAX: (901) 322-4231

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7011 3500 0003 5051 2957**

MVI Holdings, Inc.
f/k/a McKendree Village, Inc.
c/o Michael D. Brent, Registered Agent
1600 Division Street, Suite 700
Nashville, TN 37203

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7011 3500 0003 5051 2964**

MVI Holdings, Inc.
f/k/a McKendree Village, Inc.
1600 Division Street, Suite 700
Nashville, TN 37203

Re:  Jean H. McClendon v. Nashville Senior Care, LLC d/b/a McKendree Village; MVI
Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation;
Health Services Management Group, LLC; Health Services, Inc.; Nashville Healthcare
Investors, LLC; and Vicki Hartway, in her capacity as Administrator of McKendree Village

Dear Sir or Madam:

This is a follow-up to my letter of August 10, 2012, wherein I informed you that Jean H.
McClendon is asserting, among other claims, a potential claim for medical malpractice against you.

Please be advised that plaintiff has added Health Services Management Group, LLC; Health
Services, Inc.; and Nashville Healthcare Investors, LLC, as potential defendants and have this date sent
notice letters to them as well. Enclosed are an updated List of Healthcare Providers and a HIPAA
Compliant Limited Medical Authorization adding these three defendants as healthcare providers.

Thank you for your attention to this matter.

Sincerely,

**WILKES & McHUGH, P.A.**

Carey L. Acerra, Esq.

CLA/mkb
Enclosures

Copy

**LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
PURSUANT TO T.C.A. SECTION 29-26-121(a)**

Re: Resident, Jean H. McClendon

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice:

1. Vicki Hartway, in her capacity as
   Administrator of McKendree Village
   609 Oak Cove Court
   Mount Juliet, TN 37122

   original notice provided
   August 10, 2012

   Vicki Hartway, in her capacity as
   Administrator of McKendree Village
   4347 Lebanon Road
   Hermitage, TN 37076

   original notice provided
   August 10, 2012

2. Nashville Senior Care, LLC
   d/b/a McKendree Village
   c/o Vicki Hartway, Administrator
   4347 Lebanon Road
   Hermitage, TN 37076

   original notice provided
   August 10, 2012

3. Nashville Senior Care, LLC
   d/b/a McKendree Village
   c/o CT Corporation System, Registered Agent
   800 South Gay Street, Suite 2021
   Knoxville, TN 37929

   original notice provided
   August 10, 2012

   Nashville Senior Care, LLC
   d/b/a McKendree Village
   1175 Peachtree Street NE, Suite 350
   Atlanta, GA 30361

   original notice provided
   August 10, 2012

4. MVI Holdings, Inc.
   f/k/a McKendree Village, Inc.
   c/o Michael D. Brent, Registered Agent
   1600 Division Street, Suite 700
   Nashville, TN 37203

   original notice provided
   August 10, 2012

   MVI Holdings, Inc.
   f/k/a McKendree Village, Inc.
   1600 Division Street, Suite 700
   Nashville, TN 37203

   original notice provided
   August 10, 2012

5. McKendree Village Senior Care Corporation
   c/o Michael D. Brent, Registered Agent
   1600 Division Street, Suite 700
   Nashville, TN 37203

   original notice provided
   August 10, 2012

   McKendree Village Senior Care Corporation
   4347 Lebanon Road
   Hermitage, TN 37076

   original notice provided
   August 10, 2012

Copy

6.    Health Services Management Group, LLC
c/o Thomas D. Johnson, Registered Agent
485 Central Avenue NE
Cleveland, TN 37311

Health Services Management Group, LLC
485 Central Avenue NE
Cleveland, TN 37311

7.    Health Services, Inc.
c/o Thomas D. Johnson, Registered Agent
485 Central Avenue NE
Cleveland, TN 37311

Health Services, Inc.
485 Central Avenue NE
Cleveland, TN 37311

8.    Nashville Healthcare Investors, LLC
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

Nashville Healthcare Investors, LLC
1175 Peachtree Street NE, Suite 350
Atlanta, GA 30361

2

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, _Jean H. McClendon_, do hereby authorize _Nashville Senior Care, LLC d/b/a McKendree Village; NVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation⊙ Vicki Hartsey, in her capacity as Administrator of McKendree Village; *_ ("health care providers") to furnish and disclose to _NVI Holdings, Inc._ or to any representative or attorney from their office a full, complete, and black & white copy of any and all protected health information regarding patient _Jean H. McClendon_, Date of Birth: _08/25/30_, Social Security Number: _43-84-2420_ specifically including any and all records for service from _12/19/04_ to _12/19/11_ including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' notes, progress notes, consult reports, operative and surgical nurses reports/reports, resident assessments, minimum data sets, RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge summaries/reports, photographs, social service records, dietary records (I.2O/B&B), weight records/vital signs, activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile insurance carriers to release any and all information regarding said patient in their possession, including, but not limited to, all payment or non-payment information and any collateral source information, to _NVI Holdings, Inc. f/k/a McKendree Village, Inc._.

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with _NVI Holdings, Inc. f/k/a McKendree Village, Inc._ or any of their representatives is **absolutely** forbidden. Copies of any documents produced to _NVI Holdings, Inc. f/k/a McKendree Village, Inc._, pursuant to this limited medical authorization, should be furnished to Wilkes & McHugh, P.A., 60 S. Main Street, Suite 101, Memphis, Tennessee 38103, at Wilkes & McHugh's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to WILKES & McHUGH or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on _02/16/13_ .

Dated: _08/16/12_        Signed: _J. McClendon_

If signed by the patient's personal representative, explain the nature of the relationship:

_Self_

**✱** Health Services Management Group, LLC,
Health Services, Inc.; and Nashville Healthcare Investors, LLC

Copy

# WILKES & McHUGH, P.A.
## ATTORNEYS AT LAW

60 SOUTH MAIN STREET
SUITE 101
MEMPHIS, TN 38103

PHONE: (901) 322-4232
TOLL FREE: (888) 777-9424
FAX: (901) 322-4231

August 16, 2012

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7011 3500 0003 5051 2971**

McKendree Village Senior Care Corporation
c/o Michael D. Brent, Registered Agent
1600 Division Street, Suite 700
Nashville, TN 37203

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7011 3500 0003 5051 2988**

McKendree Village Senior Care Corporation
4347 Lebanon Road
Hermitage, TN 37076

Re:   Jean H. McClendon v. Nashville Senior Care, LLC d/b/a McKendree Village; MVI
      Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation;
      Health Services Management Group, LLC; Health Services, Inc.; Nashville Healthcare
      Investors, LLC; and Vicki Hartway, in her capacity as Administrator of McKendree Village

Dear Sir or Madam:

This is a follow-up to my letter of August 10, 2012, wherein I informed you that Jean H.
McClendon is asserting, among other claims, a potential claim for medical malpractice against you.

Please be advised that plaintiff has added Health Services Management Group, LLC; Health
Services, Inc.; and Nashville Healthcare Investors, LLC, as potential defendants and have this date sent
notice letters to them as well. Enclosed are an updated List of Healthcare Providers and a HIPAA
Compliant Limited Medical Authorization adding these three defendants as healthcare providers.

Thank you for your attention to this matter.

Sincerely,

WILKES & McHUGH, P.A.

Carey L. Acerra, Esq.

CLA/mkb
Enclosures

Copy

**LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
PURSUANT TO T.C.A. SECTION 29-26-121(a)**

Re: Resident, Jean H. McClendon

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section
29-26-121(a), of a potential claim for medical malpractice:

| | | |
|---|---|---|
| 1. | Vicki Hartway, in her capacity as<br>Administrator of McKendree Village<br>609 Oak Cove Court<br>Mount Juliet, TN 37122 | original notice provided<br>August 10, 2012 |
| | Vicki Hartway, in her capacity as<br>Administrator of McKendree Village<br>4347 Lebanon Road<br>Hermitage, TN 37076 | original notice provided<br>August 10, 2012 |
| 2. | Nashville Senior Care, LLC<br>d/b/a McKendree Village<br>c/o Vicki Hartway, Administrator<br>4347 Lebanon Road<br>Hermitage, TN 37076 | original notice provided<br>August 10, 2012 |
| 3. | Nashville Senior Care, LLC<br>d/b/a McKendree Village<br>c/o CT Corporation System, Registered Agent<br>800 South Gay Street, Suite 2021<br>Knoxville, TN 37929 | original notice provided<br>August 10, 2012 |
| | Nashville Senior Care, LLC<br>d/b/a McKendree Village<br>1175 Peachtree Street NE, Suite 350<br>Atlanta, GA 30361 | original notice provided<br>August 10, 2012 |
| 4. | MVI Holdings, Inc.<br>f/k/a McKendree Village, Inc.<br>c/o Michael D. Brent, Registered Agent<br>1600 Division Street, Suite 700<br>Nashville, TN 37203 | original notice provided<br>August 10, 2012 |
| | MVI Holdings, Inc.<br>f/k/a McKendree Village, Inc.<br>1600 Division Street, Suite 700<br>Nashville, TN 37203 | original notice provided<br>August 10, 2012 |
| 5. | McKendree Village Senior Care Corporation<br>c/o Michael D. Brent, Registered Agent<br>1600 Division Street, Suite 700<br>Nashville, TN 37203 | original notice provided<br>August 10, 2012 |
| | McKendree Village Senior Care Corporation<br>4347 Lebanon Road<br>Hermitage, TN 37076 | original notice provided<br>August 10, 2012 |

Copy

6. Health Services Management Group, LLC
   c/o Thomas D. Johnson, Registered Agent
   485 Central Avenue NE
   Cleveland, TN 37311

   Health Services Management Group, LLC
   485 Central Avenue NE
   Cleveland, TN 37311

7. Health Services, Inc.
   c/o Thomas D. Johnson, Registered Agent
   485 Central Avenue NE
   Cleveland, TN 37311

   Health Services, Inc.
   485 Central Avenue NE
   Cleveland, TN 37311

8. Nashville Healthcare Investors, LLC
   c/o CT Corporation System, Registered Agent
   800 South Gay Street, Suite 2021
   Knoxville, TN 37929

   Nashville Healthcare Investors, LLC
   1175 Peachtree Street NE, Suite 350
   Atlanta, GA 30361

2

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, _Jean H. McClendon_, do hereby authorize _Nashville Senior Care, LLC d/b/a McKendree Village; MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation; Vicki Hartsaw, in her capacity as Administrator of McKendree Village; *_ ("health care providers") to furnish and disclose to _McKendree Village Senior Care Corporation_ or to any representative or attorney from their office a full, complete, and black & white copy of any and all protected health information regarding patient _Jean H. McClendon_, Date of Birth: _08/25/50_, Social Security Number: _43-84-2420_ specifically including any and all records for service from _12/19/04_ to _12/19/11_ including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge summaries/reports, photographs, social service records, dietary records (C&O/B&B), weight records/vital signs, activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile insurance carriers to release any and all information regarding said patient in their possession, including, but not limited to, all payment or non-payment information and any collateral source information, to _McKendree Village Senior Care Corporation_

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with _McKendree Village Senior Care Corporation_ or any of their representatives is absolutely forbidden. Copies of any documents produced to _McKendree Village Senior Care Corporation_ pursuant to this limited medical authorization, should be furnished to Wilkes & McHugh, P.A., 60 S. Main Street, Suite 101, Memphis, Tennessee 38103, at Wilkes & McHugh's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to WILKES & McHUGH or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on _02/16/13_.

Dated: _08/16/12_          Signed: _J. McClendon_

If signed by the patient's personal representative, explain the nature of the relationship:

_Self_

*  Health Services Management Group, LLC.
   Health Services, Inc; and Nashville Healthcare Investors, LLC

Copy

# WILKES & McHUGH, P.A.
## ATTORNEYS AT LAW

60 SOUTH MAIN STREET
SUITE 101
MEMPHIS, TN 38103

PHONE: (901) 322-4232
TOLL FREE: (888) 777-9424
FAX: (901) 322-4231

August 16, 2012

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7011 3500 0003 5051 2995**

Health Services Management Group, LLC
c/o Thomas D. Johnson, Registered Agent
485 Central Avenue NE
Cleveland, TN 37311

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7011 3500 0003 5051 3008**

Health Services Management Group, LLC
485 Central Avenue NE
Cleveland, TN 37311

**Re:** **Jean H. McClendon v. Nashville Senior Care, LLC d/b/a McKendree Village; MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation; Health Services Management Group, LLC; Health Services, Inc.; Nashville Healthcare Investors, LLC; and Vicki Hartway, in her capacity as Administrator of McKendree Village**

Dear Sir or Madam:

I am the attorney representing Jean H. McClendon and am her authorized agent.

Through us, Jean H. McClendon is asserting, among other claims, a potential claim for medical malpractice against you.

Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my client:

Copy

Patient:                             Jean H. McClendon
Date of Birth:                   August 25, 1930
Claimants' Names and Addresses:  Jean H. McClendon
                                      1502 Riverside Road
                                      Old Hickory, Tennessee 37138
Relationship to Patient:          Self

Due to the poor care provided to Jean H. McClendon during her residency at McKendree Village, Jean H. McClendon suffered, among other things, wound infection; dehydration; weight loss; urinary tract infections; clostridium difficile; poor hygiene; severe pain; and injuries to her dignity.

Also, enclosed please find a HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to T.C.A. § 29-26-121(a).

Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

Sincerely,

WILKES & McHUGH, P.A.

Carey L. Acerra, Esq.

CLA/mkb
Enclosures

Copy

**LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
PURSUANT TO T.C.A. SECTION 29-26-121(a)**

Re: Resident, Jean H. McClendon

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice:

| | | |
|---|---|---|
| 1. | Vicki Hartway, in her capacity as Administrator of McKendree Village 609 Oak Cove Court Mount Juliet, TN 37122 | original notice provided August 10, 2012 |
| | Vicki Hartway, in her capacity as Administrator of McKendree Village 4347 Lebanon Road Hermitage, TN 37076 | original notice provided August 10, 2012 |
| 2. | Nashville Senior Care, LLC d/b/a McKendree Village c/o Vicki Hartway, Administrator 4347 Lebanon Road Hermitage, TN 37076 | original notice provided August 10, 2012 |
| 3. | Nashville Senior Care, LLC d/b/a McKendree Village c/o CT Corporation System, Registered Agent 800 South Gay Street, Suite 2021 Knoxville, TN 37929 | original notice provided August 10, 2012 |
| | Nashville Senior Care, LLC d/b/a McKendree Village 1175 Peachtree Street NE, Suite 350 Atlanta, GA 30361 | original notice provided August 10, 2012 |
| 4. | MVI Holdings, Inc. f/k/a McKendree Village, Inc. c/o Michael D. Brent, Registered Agent 1600 Division Street, Suite 700 Nashville, TN 37203 | original notice provided August 10, 2012 |
| | MVI Holdings, Inc. f/k/a McKendree Village, Inc. 1600 Division Street, Suite 700 Nashville, TN 37203 | original notice provided August 10, 2012 |
| 5. | McKendree Village Senior Care Corporation c/o Michael D. Brent, Registered Agent 1600 Division Street, Suite 700 Nashville, TN 37203 | original notice provided August 10, 2012 |
| | McKendree Village Senior Care Corporation 4347 Lebanon Road Hermitage, TN 37076 | original notice provided August 10, 2012 |

Copy

6. Health Services Management Group, LLC
   c/o Thomas D. Johnson, Registered Agent
   485 Central Avenue NE
   Cleveland, TN 37311

   Health Services Management Group, LLC
   485 Central Avenue NE
   Cleveland, TN 37311

7. Health Services, Inc.
   c/o Thomas D. Johnson, Registered Agent
   485 Central Avenue NE
   Cleveland, TN 37311

   Health Services, Inc.
   485 Central Avenue NE
   Cleveland, TN 37311

8. Nashville Healthcare Investors, LLC
   c/o CT Corporation System, Registered Agent
   800 South Gay Street, Suite 2021
   Knoxville, TN 37929

   Nashville Healthcare Investors, LLC
   1175 Peachtree Street NE, Suite 350
   Atlanta, GA 30361

2

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, _Jean H. McClendon_, do hereby authorize _Nashville Senior Care, LLC d/b/a McKendree Village; NVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation ♥ Vicki Harkway, in her capacity as Administrator of McKendree Village ; ✱_ ("health care providers") to furnish and disclose to _Health Services Management Group,_ or to any representative or attorney from their office a full, complete, and black & white copy of any and all protected health information regarding patient _Jean H. McClendon_, Date of Birth: _08/05/50_, Social Security Number: _43-84-2420_ specifically including any and all records for service from _12/19/04_ to _12/19/11_ including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge summaries/reports, photographs, social service records, dietary records (I&O/B&B), weight records/vital signs, activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile insurance carriers to release any and all information regarding said patient in their possession, including, but not limited to, all payment or non-payment information and any collateral source information, to _Health Services Management Group, LLC_

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with _Health Services Management Group, LLC_ or any of their representatives is absolutely forbidden. Copies of any documents produced to _Health Services Management Group,_ pursuant to this limited medical authorization, should be furnished to Wilkes & McHugh, P.A., 65 S. Main Street, Suite 101, Memphis, Tennessee 38103, at Wilkes & McHugh's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to WILKES & McHUGH or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on _02/16/13_ .

Dated: _08/16/12_     Signed: _C. McClendon_

If signed by the patient's personal representative, explain the nature of the relationship:
_Self_

✱ Health Services Management Group, LLC,
Health Services, Inc, and Nashville Healthcare Investors, LLC

Copy

# WILKES & McHUGH, P.A.
## ATTORNEYS AT LAW

60 SOUTH MAIN STREET
SUITE 101
MEMPHIS, TN 38103

PHONE: (901) 322-4232
TOLL FREE: (888) 777-9424
FAX: (901) 322-4231

August 16, 2012

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7011 3500 0003 5051 3015**

Health Services, Inc.
c/o Thomas D. Johnson, Registered Agent
485 Central Avenue NE
Cleveland, TN 37311

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7011 3500 0003 5051 3022**

Health Services, Inc.
485 Central Avenue NE
Cleveland, TN 37311

Re:    Jean H. McClendon v. Nashville Senior Care, LLC d/b/a McKendree Village;
MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village
Senior Care Corporation; Health Services Management Group, LLC; Health
Services, Inc.; Nashville Healthcare Investors, LLC; and Vicki Hartway, in
her capacity as Administrator of McKendree Village

Dear Sir or Madam:

    I am the attorney representing Jean H. McClendon and am her authorized agent.

    Through us, Jean H. McClendon is asserting, among other claims, a potential
claim for medical malpractice against you.

    Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my
client:



August 16, 2012
Page Two

| Patient: | Jean H. McClendon |
|---|---|
| Date of Birth: | August 25, 1930 |
| Claimants' Names and Addresses: | Jean H. McClendon |
| | 1502 Riverside Road |
| | Old Hickory, Tennessee 37138 |
| Relationship to Patient: | Self |

Due to the poor care provided to Jean H. McClendon during her residency at McKendree Village, Jean H. McClendon suffered, among other things, wound infection; dehydration; weight loss; urinary tract infections; clostridium difficile; poor hygiene; severe pain; and injuries to her dignity.

Also, enclosed please find a HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to T.C.A. § 29-26-121(a).

Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

Sincerely,

WILKES & McHUGH, P.A.

Carey L. Acerra, Esq.

CLA/mkb
Enclosures



**LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN**
**PURSUANT TO T.C.A. SECTION 29-26-121(a)**

Re: Resident, Jean H. McClendon

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice:

1.     Vicki Hartway, in her capacity as         original notice provided
    Administrator of McKendree Village      August 10, 2012
    609 Oak Cove Court
    Mount Juliet, TN 37122

    Vicki Hartway, in her capacity as         original notice provided
    Administrator of McKendree Village      August 10, 2012
    4347 Lebanon Road
    Hermitage, TN 37076

2.     Nashville Senior Care, LLC             original notice provided
    d/b/a McKendree Village             August 10, 2012
    c/o Vicki Hartway, Administrator
    4347 Lebanon Road
    Hermitage, TN 37076

3.     Nashville Senior Care, LLC             original notice provided
    d/b/a McKendree Village              August 10, 2012
    c/o CT Corporation System, Registered Agent
    800 South Gay Street, Suite 2021
    Knoxville, TN 37929

    Nashville Senior Care, LLC             original notice provided
    d/b/a McKendree Village              August 10, 2012
    1175 Peachtree Street NE, Suite 350
    Atlanta, GA 30361

4.     MVI Holdings, Inc.                 original notice provided
    f/k/a McKendree Village, Inc.          August 10, 2012
    c/o Michael D. Brent, Registered Agent
    1600 Division Street, Suite 700
    Nashville, TN 37203

    MVI Holdings, Inc.                 original notice provided
    f/k/a McKendree Village, Inc.          August 10, 2012
    1600 Division Street, Suite 700
    Nashville, TN 37203

5.     McKendree Village Senior Care Corporation   original notice provided
    c/o Michael D. Brent, Registered Agent     August 10, 2012
    1600 Division Street, Suite 700
    Nashville, TN 37203

    McKendree Village Senior Care Corporation   original notice provided
    4347 Lebanon Road               August 10, 2012
    Hermitage, TN 37076

Copy

6. Health Services Management Group, LLC
c/o Thomas D. Johnson, Registered Agent
485 Central Avenue NE
Cleveland, TN 37311

Health Services Management, LLC
485 Central Avenue NE
Cleveland, TN 37311

7. Health Services, Inc.
c/o Thomas D. Johnson, Registered Agent
485 Central Avenue NE
Cleveland, TN 37311

Health Services, Inc.
485 Central Avenue NE
Cleveland, TN 37311

8. Nashville Healthcare Investors, LLC
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

Nashville Healthcare Investors, LLC
1175 Peachtree Street NE, Suite 350
Atlanta, GA 30361

2

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, _Jean H. McClendon_, do hereby authorize _Nashville Senior Care, LLC d/b/a McKendree Village; MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation; Vicki Hartley, in her capacity as Administrator of McKendree Village; *_ ("health care providers") to furnish and disclose to _Health Services, Inc._ or to any representative or attorney from their office a full, complete, and black & white copy of any and all protected health information regarding patient _Jean H. McClendon_, Date of Birth: _08/25/40_, Social Security Number: _43-84-2420_ specifically including any and all records for service from _12/10/04_ to _12/19/11_ including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge summaries/reports, photographs, social service records, dietary records (I&O/B&B), weight records/vital signs, activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile insurance carriers to release any and all information regarding said patient in their possession, including, but not limited to, all payment or non-payment information and any collateral source information, to _Health Services, Inc._

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with _Health Services, Inc._ or any of their representatives is absolutely forbidden. Copies of any documents produced to _Health Services, Inc._, pursuant to this limited medical authorization, should be furnished to Wilkes & McHugh, P.A., 60 S. Main Street, Suite 101, Memphis, Tennessee 38103, at Wilkes & McHugh's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to WILKES & McHUGH or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on ___02/16/13___

Dated: _08/16/12_     Signed: _C. McClendon_

If signed by the patient's personal representative, explain the nature of the relationship: _Self_

✱ Health Services Management Group, LLC,
Health Services, Inc. and Nashville Healthcare Investors, LLC

Copy.

# WILKES & McHUGH, P.A.
## ATTORNEYS AT LAW

60 SOUTH MAIN STREET
SUITE 101
MEMPHIS, TN 38103

PHONE: (901) 322-4232
TOLL FREE: (888) 777-9424
FAX: (901) 322-4231

August 16, 2012

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7011 3500 0003 5051 3039**

Nashville Healthcare Investors, LLC
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7011 3500 0003 5051 3046**

Nashville Healthcare Investors, LLC
1175 Peachtree Street NE, Suite 350
Atlanta, GA 30361

Re:    **Jean H. McClendon v. Nashville Senior Care, LLC d/b/a McKendree Village;**
**MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village**
**Senior Care Corporation; Health Services Management Group, LLC; Health**
**Services, Inc.; Nashville Healthcare Investors, LLC; and Vicki Hartway, in**
**her capacity as Administrator of McKendree Village**

Dear Sir or Madam:

I am the attorney representing Jean H. McClendon and am her authorized agent.

Through us, Jean H. McClendon is asserting, among other claims, a potential claim for medical malpractice against you.

Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my client:

Copy.

| | |
|---|---|
| Patient: | Jean H. McClendon |
| Date of Birth: | August 25, 1930 |
| Claimants' Names and Addresses: | Jean H. McClendon |
| | 1502 Riverside Road |
| | Old Hickory, Tennessee 37138 |
| Relationship to Patient: | Self |

Due to the poor care provided to Jean H. McClendon during her residency at McKendree Village, Jean H. McClendon suffered, among other things, wound infection; dehydration; weight loss; urinary tract infections; clostridium difficile; poor hygiene; severe pain; and injuries to her dignity.

Also, enclosed please find a HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to T.C.A. § 29-26-121(a).

Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

Sincerely,

WILKES & McHUGH, P.A.

Carey L. Acerra, Esq.

CLA/mkb
Enclosures



**LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
PURSUANT TO T.C.A. SECTION 29-26-121(a)**

Re: Resident, Jean H. McClendon

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice:

| | | |
|---|---|---|
| 1. | Vicki Hartway, in her capacity as<br>Administrator of McKendree Village<br>609 Oak Cove Court<br>Mount Juliet, TN 37122 | original notice provided<br>August 10, 2012 |
| | Vicki Hartway, in her capacity as<br>Administrator of McKendree Village<br>4347 Lebanon Road<br>Hermitage, TN 37076 | original notice provided<br>August 10, 2012 |
| 2. | Nashville Senior Care, LLC<br>d/b/a McKendree Village<br>c/o Vicki Hartway, Administrator<br>4347 Lebanon Road<br>Hermitage, TN 37076 | original notice provided<br>August 10, 2012 |
| 3. | Nashville Senior Care, LLC<br>d/b/a McKendree Village<br>c/o CT Corporation System, Registered Agent<br>800 South Gay Street, Suite 2021<br>Knoxville, TN 37929 | original notice provided<br>August 10, 2012 |
| | Nashville Senior Care, LLC<br>d/b/a McKendree Village<br>1175 Peachtree Street NE, Suite 350<br>Atlanta, GA 30361 | original notice provided<br>August 10, 2012 |
| 4. | MVI Holdings, Inc.<br>f/k/a McKendree Village, Inc.<br>c/o Michael D. Brent, Registered Agent<br>1600 Division Street, Suite 700<br>Nashville, TN 37203 | original notice provided<br>August 10, 2012 |
| | MVI Holdings, Inc.<br>f/k/a McKendree Village, Inc.<br>1600 Division Street, Suite 700<br>Nashville, TN 37203 | original notice provided<br>August 10, 2012 |
| 5. | McKendree Village Senior Care Corporation<br>c/o Michael D. Brent, Registered Agent<br>1600 Division Street, Suite 700<br>Nashville, TN 37203 | original notice provided<br>August 10, 2012 |
| | McKendree Village Senior Care Corporation<br>4347 Lebanon Road<br>Hermitage, TN 37076 | original notice provided<br>August 10, 2012 |

Copy.

6. Health Services Management Group, LLC
   c/o Thomas D. Johnson, Registered Agent
   485 Central Avenue NE
   Cleveland, TN 37311

   Health Services Management Group, LLC
   485 Central Avenue NE
   Cleveland, TN 37311

7. Health Services, Inc.
   c/o Thomas D. Johnson, Registered Agent
   485 Central Avenue NE
   Cleveland, TN 37311

   Health Services, Inc.
   485 Central Avenue NE
   Cleveland, TN 37311

8. Nashville Healthcare Investors, LLC
   c/o CT Corporation System, Registered Agent
   800 South Gay Street, Suite 2021
   Knoxville, TN 37929

   Nashville Healthcare Investors, LLC
   1175 Peachtree Street NE, Suite 350
   Atlanta, GA 30361

2

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, _Jean H. McClendon_, do hereby authorize _Nashville Senior Care, LLC d/b/a McKendree Village;_ _MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation; Vicki Hartsog, in her capacity as Administrator of McKendree Village; *_ ("health care providers") to furnish and disclose to _Nashville Healthcare Investors, LLC_ or to any representative or attorney from their office a full, complete, and black & white copy of any and all protected health information regarding patient _Jean H. McClendon_____, Date of Birth: 08/05/30_, Social Security Number: _43- 84- 2420_ specifically including any and all records for service from _12/10/04_ to _12/19/11_ including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge summaries/reports, photographs, social service records, dietary records (I&O/B&B), weight records/vital signs, activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile insurance carriers to release any and all information regarding said patient in their possession, including, but not limited to, all payment or non-payment information and any collateral source information, to _Nashville Healthcare Investors, LLC_ .

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with _Nashville Healthcare Investors, LLC_ or any of their representatives is absolutely forbidden. Copies of any documents produced to _Nashville Healthcare Investors, LLC_, pursuant to this limited medical authorization, should be furnished to Wilkes & McHugh, P.A., 60 S. Main Street, Suite 101, Memphis, Tennessee 38103, at Wilkes & McHugh's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to WILKES & McHUGH or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on ____02/16/13____ .

Dated: _08/16/12_          Signed: _C. McClendon_

If signed by the patient's personal representative, explain the nature of the relationship:
_Self_

**\* Health Services Management Group, LLC,**
**Health Services, Inc., and Nashville Healthcare Investors, LLC**

Case 3:13-cv-01036   Document 1-1   Filed 09/23/13   Page 287 of 373 PageID #: 291

Name and Address of Sender

Carey L. Acerra, Esq.
Wilkes & McHugh, P.A.
60 South Main Street, Suite 101
Memphis, TN 38103

**Check type of mail or service:**

☒ Adult Signature Required
☒ Certified Mail
☐ COD
☐ Delivery Confirmation
☐ Express Mail
☐ Insured

☐ Adult Signature Restricted Delivery
☐ Recorded Delivery (International)
☐ Registered
☒ Return Receipt for Merchandise
☐ Signature Confirmation

Affix Stamp Here
(if issued as a
certificate of mailing
or for additional
copies of this bill)
Postmark and
Date of Receipt

| | Article Number | Addressee (Name, Street, City, State, & ZIP Code™) | Postage | Fee | Handling Charge | Actual Value If Registered | Insured Value | Due Sender if COD | ASR Fee | ASRD Fee | DC Fee | SC Fee | SH Fee | RD Fee | RR Fee |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. | 7011 3500 0003 5051 2908 | Vicki Hartwig, in her capacity as Administrator of McKendree Village 609 Oak Cove Court Mount Juliet, TN 37122 | | | | | | | | | | | | | |
| 2. | 7011 3500 0003 5051 2919 | Vicki Hartwig, in her capacity as Administrator of McKendree Village 4347 Lebanon Road Hermitage, TN 37076 | | | | | | | | | | | | | |
| 3. | 7011 3500 0003 5051 2926 | Nashville Senior Care, LLC d/b/a McKendree Village c/o Vicki Hartwig, Administrator 4347 Lebanon Road Hermitage, TN 37076 | | | | | | | | | | | | | |
| 4. | 7011 3500 0003 5051 2933 | Nashville Senior Care, LLC d/b/a McKendree Village c/o CT Corporation System, Registered Agent 800 South Gay Street, Suite 2021 Knoxville, TN 37929 | | | | | | | | | | | | | |
| 5. | 7011 3500 0003 5051 2940 | Nashville Senior Care, LLC d/b/a McKendree Village 1175 Peachtree Street NE, Suite 350 Atlanta, GA 30361 | | | | | | | | | | | | | |
| 6. | 7011 3500 0003 5051 2957 | MVI Holdings, Inc. f/k/a McKendree Village, Inc. c/o Michael D. Brent, Registered Agent 1600 Division Street, Suite 700 Nashville, TN 37203 | | | | | | | | | | | | | |
| 7. | 7011 3500 0003 5051 2964 | MVI Holdings, Inc. f/k/a McKendree Village, Inc. 1600 Division Street, Suite 700 Nashville, TN 37203 | | | | | | | | | | | | | |
| 8. | 7011 3500 0003 5051 2971 | McKendree Village Senior Care Corporation c/o Michael D. Brent, Registered Agent 1600 Division Street, Suite 700 Nashville, TN 37203 | | | | | | | | | | | | | |

Total Number of Pieces Listed by Sender

Total Number of Pieces Received at Post Office

Postmaster, Per (Name of receiving employee)

Complete by Typewriter, Ink, or Ball Point Pen

See Privacy Act Statement on Reverse

PS Form 3877, June 2011 (Page 1 of 2)

The full declaration of value is required on all domestic and international Registered Mail. The maximum indemnity payable for the reconstruction of nonnegotiable documents under Express Mail document reconstruction insurance is $500 per piece subject to additional limitations for multiple pieces lost or damaged in a single catastropic occurrence. The maximum indemnity payable on Express Mail merchandise is $500, but optional Express Mail Service merchandise insurance is available for up to $5,000 to some, but not all countries. The maximum indemnity payable is $25,000 for Registered Mail sent with optional postal insurance. See the DMM R900, S913, and S921 for limitations of coverage on insured and COD mail. See the IMM for limitations of coverage on international mail. Special handling charges apply only to Parcel Service parcels (A) and Standard Mail (B) parcels.

Copy

COPY

Case 3:13-cv-01036   Document 1-1   Filed 09/23/13   Page 290 of 373 PageID #: 294

**Name and Address of Sender**

Carey L. Acerra, Esq.
Wilkes & McHugh, P.A.
60 South Main Street, Suite 101
Memphis, TN 38103

**Check type of mail or service:**

☐ Adult Signature Required      ☐ Adult Signature Restricted Delivery
☑ Certified Mail                ☐ Recorded Delivery (International)
☐ COD                           ☐ Registered
☐ Delivery Confirmation         ☑ Return Receipt for Merchandise
☐ Express Mail                  ☑ Signature Confirmation
☐ Insured

**Affix Stamp Here**
(If issued as a certificate of mailing or for additional copies of this bill)
Postmark and Date of Receipt

| | Article Number | Addressee (Name, Street, City, State, & ZIP Code ™) | Postage | Handling Charge / Fee | Actual Value if Registered | Insured Value | Due Sender if COD | ASR Fee | ASRD Fee | DC Fee | SC Fee | SH Fee | RD Fee | RR Fee |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. | 7011 3500 0003 5051 2988 | McKendree Village Senior Care Corporation, 4347 Lebanon Road, Hermitage, TN 37076 | | | AUG 16 2012 | | | | | | | | | |
| 2. | 7011 3500 0003 5051 2995 | Health Services Management Group, LLC, c/o Thomas D. Johnson, Registered Agent, 485 Central Avenue NE, Cleveland, TN 37311 | | | | | | | | | | | | |
| 3. | 7011 3500 0003 5051 3008 | Health Services Management Group, LLC, 485 Central Avenue NE, Cleveland, TN 37311 | | | | | | | | | | | | |
| 4. | 7011 3500 0003 5051 3015 | Health Services, Inc., c/o Thomas D. Johnson, Registered Agent, 485 Central Avenue NE, Cleveland, TN 37311 | | | | | | | | | | | | |
| 5. | 7011 3500 0003 5051 3022 | Health Services, Inc., 485 Central Avenue NE, Cleveland, TN 37311 | | | | AUG 16 2012 | | | | | | | | |
| 6. | 7011 3500 0003 5051 3039 | Nashville Healthcare Investors, LLC, c/o CT Corporation System, Registered Agent, 800 South Gay Street, Suite 2021, Knoxville, TN 37929 | | | | | | | | | | | | |
| 7. | 7011 3500 0003 5051 3046 | Nashville Healthcare Investors, LLC, 1175 Peachtree Street NE, Suite 350, Atlanta, GA 30361 | | | | | | | | | | | | |
| 8. | | | | | | | | | | | | | | |

Total Number of Pieces Listed by Sender

Total Number of Pieces Received at Post Office

Postmaster, Per (Name of receiving employee)

Complete by Typewriter, Ink, or Ball Point Pen

PS Form 3877, June 2011 (Page 1 of 2)     See Privacy Act Statement on Reverse

Copy

The full declaration of value is required on all domestic and international Registered Mail. The maximum indemnity payable for the reconstruction of nonnegotiable documents under Express Mail document reconstruction insurance is $500 per piece subject to additional limitations for multiple pieces lost or damaged in a single catastropic occurrence. The maximum indemnity payable on Express Mail merchandise is $500, but optional Express Mail Service merchandise insurance is available for up to $5,000 to some, but not all countries. The maximum indemnity payable is $25,000 for Registered Mail sent with optional postal insurance. See the DMM R900, S913, and S921 for limitations of coverage on insured and COD mail. See the IMM for limitations of coverage on international mail. Special handling charges apply only to Parcel Service parcels (A) and Standard Mail (B) parcels.

PS Form **3877**, June 2011 (Page 2 of 2)



**IN THE CIRCUIT COURT OF TENNESSEE FOR THE**
**TWENTIETH JUDICIAL DISTRICT AT NASHVILLE, DAVIDSON COUNTY**

FILED
2012 OCT 17 AM 10: 13
RICHARD R. ROOKER, CLERK
_____ D.C.

Jean H. McClendon, )
)
          **Plaintiff,** )
)
v. )
)
Nashville Senior Care, LLC d/b/a McKendree )
Village; MVI Holdings, Inc. f/k/a McKendree )
Village, Inc.; McKendree Village Senior Care )
Corporation; Health Services Management )
Group, LLC; Health Services, Inc; Nashville )
Healthcare Investors, LLC; and Vicki Hartway, )
in her capacity as Administrator of McKendree )
Village, )
)
          **Defendants.** )

Cause No. *12C4187*
Division _____
Jury Demanded

---

## CERTIFICATE OF GOOD FAITH

---

    In accordance with T.C.A. § 29-26-122, I hereby state the following:

    I have consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

        (a)    are competent under § 29-26-115 to express opinion(s) in the case; and

        (b)    believe, based on the information available from the medical records concerning the care and treatment of Jean H. McClendon for the incident(s) at issue, that there is a good faith basis to maintain the action consistent with the requirement of § 29-26-115.

    I have never been found to be in violation of T.C.A. § 29-26-122.

Copy

Respectfully submitted,

**WILKES & McHUGH, P.A.**

By: _____

Cameron C. Jehl (BPR#18729)
Carey L. Acerra (BPR#23464)
60 South Main Street, Suite 101
Memphis, Tennessee 38103
Telephone Number:  901-322-4232
Facsimile Number:  901-322-4231

Attorney for Plaintiff

2

Copy 41252

# IN THE CIRCUIT COURT OF TENNESSEE FOR THE
## TWENTIETH JUDICIAL DISTRICT AT NASHVILLE, DAVIDSON COUNTY

| | |
|---|---|
| Jean H. McClendon, | ) |
| | ) |
| Plaintiff, | ) |
| | ) *Judge Gayden – First Circuit* |
| v. | ) Cause No. *12C4187* |
| | ) Division |
| Nashville Senior Care, LLC d/b/a McKendree | ) Jury Demanded |
| Village; MVI Holdings, Inc. f/k/a McKendree | ) *Nashville Senior Care – 11/5/12* |
| Village, Inc.; McKendree Village Senior Care | ) *Nashville Healthcare Investors –* |
| Corporation; Health Services Management | ) *11/5/12* |
| Group, LLC; Health Services, Inc.; Nashville | ) *Vicki Hartway – 10/29/12* |
| Healthcare Investors, LLC; and Vicki Hartway, | ) |
| in her capacity as Administrator of McKendree | ) |
| Village, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff, Jean H. McClendon, and complains of Nashville Senior Care, LLC d/b/a McKendree Village; MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation; Health Services Management Group, LLC; Health Services, Inc.; Nashville Healthcare Investors, LLC; and Vicki Hartway, in her capacity as Administrator of McKendree Village (hereinafter referred to as "Defendants"), and for this cause of action would show as follows:

### PARTIES

1.     Jean H. McClendon resides at 1502 Riverside Road, Old Hickory, Davidson County, Tennessee 37138.

Copy

2.   Upon information and belief, Jean H. McClendon was a resident of McKendree Village, a facility owned, operated and/or managed by Nursing Home Defendants located at 4347 Lebanon Road, Hermitage, Tennessee 37076, from on or about October 12, 2011, until on or about December 19, 2011, when she was discharged home.

3.   Nursing Home Defendant Nashville Senior Care, LLC is a domestic limited liability company that at all times material to this action was the "licensee" authorized to operate a nursing facility under the name of McKendree Village in Hermitage, Davidson County, Tennessee. The causes of action made the basis of this suit arise out of such business conducted by said Nursing Home Defendant in the ownership, operation, management, and/or control of McKendree Village. Nursing Home Defendant Nashville Senior Care, LLC may be served with process through its registered agent, CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929.

4.   Nursing Home Defendant MVI Holdings, Inc. is a domestic corporation that at times material to this lawsuit was engaged in business in Tennessee. The causes of action made the basis of this suit arise out of such business conducted by said Nursing Home Defendant in the ownership, operation, management, and/or control of McKendree Village. Nursing Home Defendant MVI Holdings, Inc. may be served with process through its registered agent, Michael D. Brent, 1600 Division Street, Suite 700, Nashville, Tennessee 37203.

5.   Nursing Home Defendant McKendree Village Senior Care Corporation is a domestic corporation that at times material to this lawsuit was engaged in business in Tennessee. The causes of action made the basis of this suit arise out of such business conducted by said Nursing Home Defendant in the ownership, operation, management, and/or control of McKendree Village. Nursing Home Defendant McKendree Village Senior Care Corporation

2

Copy

may be served with process through its registered agent, Michael D. Brent, 1600 Division Street, Suite 700, Nashville, Tennessee 37203.

6.     Nursing Home Defendant Health Services Management, LLC is a domestic limited liability company that at times material to this lawsuit was engaged in business in Tennessee.  The causes of action made the basis of this suit arise out of such business conducted by said Nursing Home Defendant in the ownership, operation, management, and/or control of McKendree Village.  Nursing Home Defendant Health Services Management Group, LLC may be served with process through its registered agent, Thomas D. Johnson, 485 Central Avenue NE, Cleveland, Tennessee 37311.

7.     Nursing Home Defendant Health Services, Inc. is a domestic corporation that at times material to this lawsuit was engaged in business in Tennessee.  The causes of action made the basis of this suit arise out of such business conducted by said Nursing Home Defendant in the ownership, operation, management, and/or control of McKendree Village.  Nursing Home Defendant Health Services, Inc. may be served with process through its registered agent, Thomas D. Johnson, 485 Central Avenue NE, Cleveland, Tennessee 37311.

8.     Nursing Home Defendant Nashville Healthcare Investors, LLC is a domestic limited liability company that at times material to this lawsuit was engaged in business in Tennessee.  The causes of action made the basis of this suit arise out of such business conducted by said Nursing Home Defendant in the ownership, operation, management, and/or control of McKendree Village.  Nursing Home Defendant Nashville Healthcare Investors, LLC may be served with process through its registered agent, CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929.

Copy

9.     Upon information and belief, Vicki Hartway was an Administrator of McKendree Village during Jean H. McClendon's residency. Her last known address is 609 Oak Cove Court, Mount Juliet, Tennessee 37122.

## VENUE

10.     The injuries made the basis of this lawsuit were products of the corporate and financial policies designed, formulated, and implemented by Defendants. Venue for this action lies in Davidson County, Tennessee.

## DEFINITIONS

11.     Whenever the term "Defendants" is utilized within this suit, such term collectively refers to and includes all named Defendants in this lawsuit.

12.     Whenever the term "Nursing Home Defendants" is utilized within this suit, such term collectively refers to and includes Nashville Senior Care, LLC d/b/a McKendree Village; MVI Holdings f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation; Health Services Management Group, LLC; Health Services, Inc.; and Nashville Healthcare Investors, LLC.

13.     Whenever the term "Administrator Defendant" is utilized within this suit, such term refers to Vicki Hartway.

14.     Whenever in this suit it is alleged that Defendants did any act or thing or failed to do any act or things, it is meant that the officers, agents, or employees of the designated corporations respectively performed, participated in, or failed to perform such acts or things while in the course and scope of the their employment and/or agency relationship with said Defendants.

4

Copy

## FACTS

15.     Upon information and belief, Jean H. McClendon was a resident at McKendree Village, a skilled nursing facility located at 4347 Lebanon Road, Hermitage, Tennessee 37076, from on or about October 12, 2011, until on or about December 19, 2011, when she was discharged home.

16.     While in the care of Defendants, Jean H. McClendon suffered injuries and harm which include, but are not limited to, the following:

(a)     Wound infection;

(b)     Dehydration;

(c)     Weight loss;

(d)     Urinary tract infections;

(e)     Clostridium difficile;

(f)     Poor hygiene; and

(g)     Severe pain.

17.     As a result of these injuries, Jean H. McClendon required medical attention and her overall health deteriorated, causing unnecessary physical suffering and mental anguish.

18.     The injuries described in this Complaint are a direct and proximate result of the acts or omissions set forth herein, singularly or in combination.

## CAUSES OF ACTION AGAINST NURSING HOME DEFENDANTS

## NEGLIGENCE PURSUANT TO THE TENNESSEE HEALTH CARE LIABILITY ACT, TENN. CODE ANN. §§ 29-26-101, ET SEQ.

19.     Plaintiff brings a claim for violation of T.C.A. §§ 29-26-101, et seq., as amended October 1, 2011. Plaintiff contends, however, that T.C.A. § 29-26-101 is unconstitutional, as amended, under the Constitutions of the State of Tennessee and the United States and violates

5

Copy

due process, the separation of powers doctrine, and the inherent authority of the courts to protect the integrity of the proceedings and the rights of the litigants. The assertion of a cause of action under this statute should not be deemed a waiver of Plaintiff's right to challenge the constitutionality of the statute.

20.     Plaintiff re-alleges and incorporates all prior allegations in paragraphs 1-19 as if fully set forth herein.

21.     Plaintiff has complied with the provisions of T.C.A. § 29-26-121(a) as evidenced by the attached Affidavit of Service with Certificate of Mailing (Exhibit A).

22.     Nursing Home Defendants are "health care providers" within the meaning of T.C.A. § 29-26-101 and owed a duty to Jean H. McClendon to provide her healthcare services in a safe and beneficial manner.

23.     Nursing Home Defendants breached their duties owed to Jean H. McClendon, thereby causing Jean H. McClendon to be injured as set forth in this Complaint. Such breaches by Nursing Home Defendants include, but are not limited to, the following:

(a)     Failure to provide sufficient numbers of certified nursing assistants to meet the custodial needs of Jean H. McClendon, including, but not limited to, food, water, baths, showers, grooming, incontinent care, personal attention and care to her skin, feet, and nails, oral hygiene, and hair cuts;

(b)     Failure to administer the facility in such a manner so as to provide the facility with adequate resources to ensure sufficient non-medical (CNA) staffing and supplies, such as diapers, linens, and towels, to care for all residents, including Jean H. McClendon;

(c)     Failure to provide sufficient number of non-licensed staff to follow Jean H. McClendon's care plans and to prevent Jean H. McClendon's needs from being ignored;

(d)     Failure to provide adequate supervision and oversight to non-licensed personnel to ensure that Jean H. McClendon received adequate and proper custodial care;

6

(e)    Failure to provide adequate overall custodial (non-medical) care;

(f)    Failure to provide adequate and appropriately trained non-licensed staff and supervision to such personnel so as to ensure that Jean H. McClendon received adequate and proper custodial care, adequate hydration, and warm and palatable meals;

(g)    Failure to adopt adequate guidelines, policies and procedures for documenting, maintaining files, investigating and responding to any complaint regarding the quantity of resident care, the quality of resident care, or misconduct by Nursing Home Defendants' employees, irrespective of whether such complaint derived from a state or federal survey agency, resident of said facility, an employee of said facility or any interested person (with regard to non-medical complaints);

(h)    Failure by the members of the governing body of the nursing home to discharge their legal and lawful obligation by:

    (1)    ensuring that the rules and regulations designed to protect the health and safety of the patients, such as Jean H. McClendon as promulgated by the Tennessee Legislature and corresponding regulations implemented expressly pursuant thereto by the Tennessee Department of Health and its agents, including the Division of Health Care Facilities, were consistently complied with on an ongoing basis;

    (2)    ensuring that the resident care policies for the facility were consistently in compliance on an ongoing basis; and

    (3)    responsibly ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care (non-medical).

(i)    Failure of non-licensed personnel to maintain records in accordance with accepted standards and practices that are complete, accurately documented, readily accessible, and systematically organized with respect to Jean H. McClendon;

(j)    Failure to provide basic and necessary non-medical care and supervision during Jean H. McClendon's residency;

(k)    Failure to provide a sanitary environment to prevent or reduce the spread of infection;

(l)    Failure to protect Jean H. McClendon from abuse and neglect during her residency;

7

(m)   Failure to treat Jean H. McClendon with kindness and respect;

(n)   Failure of high managerial agents and corporate officers to adequately hire, train, supervise, and retain the administrator and other staff so as to assure that Jean H. McClendon received care in accordance with Nursing Home Defendants' policies and procedures;

(o)   Making false, misleading, and deceptive representations as to the quality of care, treatment and services provided by the facility to their residents, including Jean H. McClendon;

(p)   Failure to provide and ensure adequate nursing care plans, including necessary revisions, based on the needs of Jean H. McClendon;

(q)   Failure to develop and implement an adequate nursing care plan for Jean H. McClendon that was followed by nursing personnel;

(r)   Failure to take reasonable steps to prevent, eliminate, and correct medical deficiencies and problems in resident care;

(s)   Failure to provide care, treatment, and medication to Jean H. McClendon in accordance with physician's orders;

(t)   Failure to properly and timely notify Jean H. McClendon's attending physician and/or nurse practitioners of significant changes in her physical condition;

(u)   Failure to adequately and appropriately monitor Jean H. McClendon and recognize significant changes in her health status; and

(v)   Failure to provide treatment for persistent, unresolved problems related to the care and physical condition of Jean H. McClendon, resulting in her unnecessary pain, agony, and suffering.

23.   Nursing Home Defendants' conduct in breaching the duties they owed Jean H. McClendon was negligent, grossly negligent, willful, wanton, malicious, reckless, and/or intentional.

24.   As a direct and proximate result of such negligent, grossly negligent, willful, wanton, reckless, malicious, and/or intentional conduct, Jean H. McClendon was injured, for which Plaintiff asserts a claim for judgment for all compensatory and punitive damages against

8

Nursing Home Defendants, including, but not limited to medical expenses, pain and suffering, mental anguish, disability, and humiliation in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## CAUSES OF ACTION AGAINST ADMINISTRATOR DEFENDANT

### FACTUAL ALLEGATIONS

25.    Plaintiff re-alleges and incorporates the allegations in paragraphs 1–18 as if fully set forth herein.

26.    Upon information and belief, Vicki Hartway was an Administrator of McKendree Village during Jean H. McClendon's residency.

27.    As Administrator of McKendree Village, Administrator Defendant was responsible for ensuring that the facility complied with state and federal regulations related to nursing facilities. As Administrator, she had a duty to administer the facility in a manner that enabled it to use resources effectively and efficiently to attain or maintain the highest practicable, physical, mental, and psychosocial well-being of each resident. The nursing facility, under the leadership of its administrator, is also required to operate and provide services in compliance with all applicable federal, state, and local laws, regulations, and codes and with accepted professional standards and principles that apply to professionals providing services in such a facility. As such, Administrator Defendant breached her duties of care to Jean H. McClendon, which resulted in the injuries described in paragraph 16.

## NEGLIGENCE PURSUANT TO THE TENNESSEE HEALTH CARE LIABILITY ACT, TENN. CODE ANN. §§ 29-26-101, ET SEQ.

28.    Plaintiff brings a claim for violation of T.C.A. §§ 29-26-101, et seq., as amended October 1, 2011. Plaintiff contends, however, that T.C.A. § 29-26-101 is unconstitutional, as amended, under the Constitutions of the State of Tennessee and the United States and violates

9

due process, the separation of powers doctrine, and the inherent authority of the courts to protect the integrity of the proceedings and the rights of the litigants. The assertion of a cause of action under this statute should not be deemed a waiver of Plaintiff's right to challenge the constitutionality of the statute.

29. Plaintiff re-alleges and incorporates all prior allegations in paragraphs 1-18 and 25-28 as if fully set forth herein.

30. Plaintiff has complied with the provisions of T.C.A. § 29-26-121(a) as evidenced by the attached Affidavit of Service with Certificate of Mailing (Exhibit A).

31. Administrator Defendant is a "health care provider" within the meaning of T.C.A. § 29-26-101 and owed a duty to Jean H. McClendon to provide her healthcare services in a safe and beneficial manner.

32. Administrator Defendant breached her duties owed to Jean H. McClendon as set forth herein, thereby causing Jean H. McClendon to be injured as set forth in this Complaint. Such breaches by Administrator Defendant include, but are not limited to, the following:

   (a)   Failure to provide sufficient numbers of certified nursing assistants to meet the custodial needs of Jean H. McClendon, including, but not limited to, baths, showers, grooming, incontinent care, personal attention and care to her skin, feet, and nails, oral hygiene, and hair cuts (this does not include medical care);

   (b)   Failure to administrate the facility in such a manner so as to provide the facility with adequate resources to ensure sufficient non-medical (CNA) staffing and supplies, such as diapers, linens, and towels, to care for all residents, including Jean H. McClendon;

   (c)   Failure to provide sufficient number of non-licensed staff to prevent Jean H. McClendon's needs from being ignored;

   (d)   Failure to provide adequate supervision and oversight to non-licensed personnel to ensure that Jean H. McClendon received adequate and proper custodial, non-medical care;

10

(e)     Failure to ensure Jean H. McClendon was provided with adequate overall custodial (non-medical) care;

(f)     Failure to provide adequate and appropriately trained non-licensed staff and supervision to such personnel so as to ensure that Jean H. McClendon received adequate and proper care;

(g)     Failure to adopt adequate guidelines, policies and procedures for documenting, maintaining files, investigating and responding to any complaint regarding the quantity of resident care, the quality of resident care, or misconduct by Nursing Home Defendants' employees, irrespective of whether such complaint derived from a state or federal survey agency, resident of said facility, an employee of said facility or any interested person (with regard to non-medical complaints);

(h)     Failure to ensure the members of the governing body of the nursing home discharged their legal and lawful obligation by:

       (1)     ensuring that the rules and regulations designed to protect the health and safety of the residents, such as Jean H. McClendon, as promulgated by the Tennessee Legislature and corresponding regulations implemented expressly pursuant thereto by the Tennessee Department of Health and its agents, including the Division of Health Care Facilities, were consistently complied with on an ongoing basis;

       (2)     ensuring that the resident care policies for the facility were consistently in compliance on an ongoing basis; and

       (3)     responsibly ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care (non-medical).

(i)     Failure to ensure non-licensed personnel maintained records in accordance with accepted standards and practices that are complete, accurately documented, readily accessible, and systematically organized with respect to Jean H. McClendon;

(j)     Failure to ensure Jean H. McClendon was provided basic and necessary non-medical care and supervision during her residency;

(k)     Failure to provide a sanitary environment to prevent or reduce the strength of infection;

(l)     Failure to protect Jean H. McClendon from abuse and neglect during her residency;

11

Copy

(m)    Failure to ensure staff treated Jean H. McClendon with kindness and respect; and

(n)    Making false, misleading, and deceptive representations as to the quality of care, treatment and services provided by the facility to their residents, including Jean H. McClendon.

33.    Administrator Defendant's conduct in breaching the duties she owed Jean H. McClendon was negligent, grossly negligent, willful, wanton, malicious, reckless, and/or intentional.

34.    As a direct and proximate result of such negligent, grossly negligent, willful, wanton, reckless, malicious, and/or intentional conduct, Jean H. McClendon was injured, for which Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Administrative Defendant, including, but not limited to medical expenses, pain and suffering, mental anguish, disability, and humiliation in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## DAMAGES

35.    Plaintiff re-alleges and incorporates the allegations in paragraphs 1-34 as if fully set forth herein.

36.    As a direct and proximate result of the acts and omissions of all Defendants as set out above, Jean H. McClendon suffered injuries including, but not limited to, those described herein. As a result, Jean H. McClendon incurred significant medical expenses and suffered embarrassment and physical impairment and pain and suffering.

37.    Plaintiff seeks punitive and compensatory damages against Defendants in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

12

Copy

## REQUEST FOR TRIAL BY JURY

38.     Plaintiff demands a trial by jury on all issues herein set forth.

## PRAYER FOR RELIEF

Pursuant to Tennessee Rules of Civil Procedure, Plaintiff demands that all issues of fact in this case be tried by a jury.

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1.      For damages to be determined by the jury, in an amount exceeding the minimum jurisdictional amount of the Court, and adequate to compensate Plaintiff for all the injuries and damage sustained;

2.      For all general and special damages caused by the alleged conduct of Defendants;

3.      For the costs of litigating this case;

4.      For punitive damages sufficient to punish Defendants for their egregious conduct and to deter Defendants and others from repeating such atrocities; and

5.      For all other relief to which Plaintiff is entitled by Tennessee law.

Respectfully submitted,

**WILKES & McHUGH, P.A.**

By:     _____
Cameron C. Jehl (BPR#18729)
Carey L. Acerra (BPR#23464)
60 South Main Street, Suite 101
Memphis, Tennessee 38103
Telephone Number:   901-322-4232
Facsimile Number:    901-322-4231

Attorneys for Plaintiff

13

Copy

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served via US Mail upon the following individual on this _16th_ day of October, 2012, with sufficient postage thereon to ensure delivery:

Robert E. Cooper, Jr.
Tennessee Attorney General
425 Fifth Avenue North
Post Office Box 20207
Nashville, TN 37202-0207

_____
Attorney for Plaintiff

14

**Copy**

FILED
2017 AH 10: 12
RICHARD R. ROOKER, CLERK
_____ D.C.

IN THE CIRCUIT COURT OF TENNESSEE FOR THE
TWENTIETH JUDICIAL DISTRICT AT NASHVILLE, DAVIDSON COUNTY

| | | |
|---|---|---|
| Jean H. McClendon, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. _12C4187_ |
| | ) | Division _____ |
| Nashville Senior Care, LLC d/b/a McKendree | ) | Jury Demanded |
| Village; MVI Holdings, Inc. f/k/a McKendree | ) | |
| Village, Inc.; McKendree Village Senior Care | ) | |
| Corporation; Health Services Management | ) | |
| Group, LLC; Health Services, Inc; Nashville | ) | |
| Healthcare Investors, LLC; and Vicki Hartway, | ) | |
| in her capacity as Administrator of McKendree | ) | |
| Village, | ) | |
| | ) | |
| Defendants. | ) | |

---

## AFFIDAVIT OF SERVICE WITH CERTIFICATE OF MAILING

---

STATE OF TENNESSEE:
COUNTY OF SHELBY:

In accordance with T.C.A. § 29-26-122, the undersigned attorney, having been duly sworn, states upon oath and affirmation as follows:

1.    That I am the attorney for the Plaintiff in the above-captioned matter and have personal knowledge of the matters herein.

2.    That on August 10, 2012, letters were sent to (1) McKendree Village, (2) Nashville Senior Care, LLC d/b/a McKendree Village, (3) MVI Holdings, Inc. f/k/a McKendree Village, Inc., (4) McKendree Village Senior Care Corporation, and (5) Vicki



PLAINTIFF'S
EXHIBIT
A

Case 3:13-cv-01036   Document 1-1   Filed 09/23/13   Page 308 of 373 PageID #: 312

Hartway, in her capacity as Administrator of McKendree Village, via certified mail, return receipt requested. Copies of such letters are attached, along with the Certificate of Mailing.

3.   That the specified notice was timely mailed and the attorney has complied with T.C.A. § 29-26-121.

4.   That on August 16, 2012, letters were sent to (1) McKendree Village; (2) Nashville Senior Care, LLC d/b/a McKendree Village; (3) MVI Holdings, Inc. f/k/a McKendree Village, Inc.; (4) McKendree Village Senior Care Corporation; (5) Vicki Hartway, in her capacity as Administrator of McKendree Village; (6) Health Services Management Group, LLC; (7) Health Services, Inc.; and (8) Nashville Healthcare Investors, LLC, via certified mail, return receipt requested. Copies of such letters are attached, along with the Certificate of Mailing.

5.   That the specified notice was timely mailed and the attorney has complied with T.C.A. § 29-26-121.

IN WITNESS WHEREOF, I have set my hand this *16th* day of October, 2012.

_____
Cameron C. Jehl (BPR#18729)
Carey L. Acerra (BPR#23464)
WILKES & McHUGH, P.A.
60 South Main Street, Suite 101
Memphis, Tennessee 38103
Telephone Number:   901-322-4232
Facsimile Number:   901-322-4231

Attorneys for Plaintiff

2



STATE OF TENNESSEE
COUNTY OF SHELBY

Before me personally appeared, CAREY L. ACERRA, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that she executed the same as her free act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal this *16th* day of October, 2012.

_____
Notary Public

My Commission Expires:
MY COMMISSION EXPIRES:
JANUARY 28, 2015



3



# WILKES & McHUGH, P.A.
## ATTORNEYS AT LAW

60 SOUTH MAIN STREET
SUITE 101
MEMPHIS, TN 38103

PHONE: (901) 322-4232
TOLL FREE: (888) 777-9424
FAX: (901) 322-4231

August 10, 2012

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7011 3500 0003 5051 2650**

Vicki Hartway, in her capacity as
Administrator of McKendree Village
609 Oak Cove Court
Mount Juliet, TN 37122

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7011 3500 0003 5051 2742**

Vicki Hartway, in her capacity as
Administrator of McKendree Village
4347 Lebanon Road
Hermitage, TN 37076

Re:    **Jean H. McClendon v. Nashville Senior Care, LLC d/b/a McKendree Village;**
**MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village**
**Senior Care Corporation; and Vicki Hartway, in her capacity as**
**Administrator of McKendree Village**

Dear Madam:

    I am the attorney representing Jean H. McClendon and am her authorized agent.

    Through us, Jean H. McClendon is asserting, among other claims, a potential claim for medical malpractice against you.

    Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my client:

|   |   |
|---|---|
| Patient: | Jean H. McClendon |
| Date of Birth: | August 25, 1930 |
| Claimants' Names and Addresses: | Jean H. McClendon |
|  | 1502 Riverside Road |
|  | Old Hickory, Tennessee 37138 |
| Relationship to Patient: | Self |

Due to the poor care provided to Jean H. McClendon during her residency at McKendree Village, Jean H. McClendon suffered, among other things, wound infection; dehydration; weight loss; urinary tract infections; clostridium difficile; poor hygiene; severe pain; and injuries to her dignity.

Also, enclosed please find a HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to T.C.A. § 29-26-121(a).

Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

Sincerely,

WILKES & McHUGH, P.A.

Carey L. Acerra, Esq.

CLA/mkb
Enclosures

Copy

**LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
PURSUANT TO T.C.A. SECTION 29-26-121(a)**

Re: Resident, Jean H. McClendon

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice:

1. Vicki Hartway, in her capacity as
   Administrator of McKendree Village
   609 Oak Cove Court
   Mount Juliet, TN 37122

   Vicki Hartway, in her capacity as
   Administrator of McKendree Village
   4347 Lebanon Road
   Hermitage, TN 37076

2. Nashville Senior Care, LLC
   d/b/a McKendree Village
   c/o Vicki Hartway, Administrator
   4347 Lebanon Road
   Hermitage, TN 37076

3. Nashville Senior Care, LLC
   d/b/a McKendree Village
   c/o CT Corporation System, Registered Agent
   800 South Gay Street, Suite 2021
   Knoxville, TN 37929

   Nashville Senior Care, LLC
   d/b/a McKendree Village
   1175 Peachtree Street NE, Suite 350
   Atlanta, GA 30361

4. MVI Holdings, Inc.
   f/k/a McKendree Village, Inc.
   c/o Michael D. Brent, Registered Agent
   1600 Division Street, Suite 700
   Nashville, TN 37203

   MVI Holdings, Inc.
   f/k/a McKendree Village, Inc.
   1600 Division Street, Suite 700
   Nashville, TN 37203

5. McKendree Village Senior Care Corporation
   c/o Michael D. Brent, Registered Agent
   1600 Division Street, Suite 700
   Nashville, TN 37203

   McKendree Village Senior Care Corporation
   4347 Lebanon Road
   Hermitage, TN 37076

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, _Jean H. McClendon_, do hereby authorize _Nashville Senior Care, LLC d/b/a McKendree Village; AVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation; and Vicki Hartway, in her capacity as Administrator of McKendree Village_ ("health care providers") to furnish and disclose to _Vicki Hartway, in her capacity as Administrator of McKendree Village_ or to any representative or attorney from their office a full, complete, and black & white copy of any and all protected health information regarding patient, _Jean H. McClendon_____, Date of Birth: _08/65/30_, Social Security Number: _43-84-2420___ specifically including any and all records for service from _12/10/04_ to _12/19/11_ including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge summaries/reports, photographs, social service records, dietary records (I&O/B&B), weight records/vital signs, activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile insurance carriers to release any and all information regarding said patient in their possession, including, but not limited to, all payment or non-payment information and any collateral source information, to _Vicki Hartway, in her capacity as Administrator of McKendree Village_.

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with _Vicki Hartway, in her capacity as Administrator of McKendree Village_ or any of their representatives is absolutely forbidden. Copies of any documents produced to _Vicki Hartway, in her capacity as Administrator of McKendree Village_, pursuant to this limited medical authorization, should be furnished to Wilkes & McHugh, P.A., 60 S. Main Street, Suite 101, Memphis, Tennessee 38103, at Wilkes & McHugh's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to WILKES & McHUGH or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original. and this authorization will expire on ___02/10/13___

Dated: _08/10/12_     Signed: _J. McClendon_

If signed by the patient's personal representative, explain the nature of the relationship: _Self_

Copy

# WILKES & McHUGH, P.A.
## ATTORNEYS AT LAW

60 SOUTH MAIN STREET
SUITE 101
MEMPHIS, TN 38103

PHONE: (901) 322-4232
TOLL FREE: (888) 777-9424
FAX: (901) 322-4231

August 10, 2012

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
ARTICLE NUMBER 7011 3500 0003 5051 2667

Nashville Senior Care, LLC
d/b/a McKendree Village
c/o Vicki Hartway, Administrator
4347 Lebanon Road
Hermitage, TN 37076

Re:    Jean H. McClendon v. Nashville Senior Care, LLC d/b/a McKendree Village; MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation; and Vicki Hartway, in her capacity as Administrator of McKendree Village

Dear Madam:

I am the attorney representing Jean H. McClendon and am her authorized agent.

Through us, Jean H. McClendon is asserting, among other claims, a potential claim for medical malpractice against you.

Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my client:

| | |
|---|---|
| Patient: | Jean H. McClendon |
| Date of Birth: | August 25, 1930 |
| Claimants' Names and Addresses: | Jean H. McClendon |
| | 1502 Riverside Road |
| | Old Hickory, Tennessee 37138 |
| Relationship to Patient: | Self |

Due to the poor care provided to Jean H. McClendon during her residency at McKendree Village, Jean H. McClendon suffered, among other things, wound infection; dehydration; weight loss; urinary tract infections; clostridium difficile; poor hygiene; severe pain; and injuries to her dignity.

Copy

Also, enclosed please find a HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to T.C.A. § 29-26-121(a).

Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

Sincerely,

WILKES & McHUGH, P.A.

Carey L. Acerra, Esq.

CLA/mkb
Enclosures

Copy

## LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
## PURSUANT TO T.C.A. SECTION 29-26-121(a)

Re: Resident, Jean H. McClendon

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice:

1. Vicki Hartway, in her capacity as
   Administrator of McKendree Village
   609 Oak Cove Court
   Mount Juliet, TN 37122

   Vicki Hartway, in her capacity as
   Administrator of McKendree Village
   4347 Lebanon Road
   Hermitage, TN 37076

2. Nashville Senior Care, LLC
   d/b/a McKendree Village
   c/o Vicki Hartway, Administrator
   4347 Lebanon Road
   Hermitage, TN 37076

3. Nashville Senior Care, LLC
   d/b/a McKendree Village
   c/o CT Corporation System, Registered Agent
   800 South Gay Street, Suite 2021
   Knoxville, TN 37929

   Nashville Senior Care, LLC
   d/b/a McKendree Village
   1175 Peachtree Street NE, Suite 350
   Atlanta, GA 30361

4. MVI Holdings, Inc.
   f/k/a McKendree Village, Inc.
   c/o Michael D. Brent, Registered Agent
   1600 Division Street, Suite 700
   Nashville, TN 37203

   MVI Holdings, Inc.
   f/k/a McKendree Village, Inc.
   1600 Division Street, Suite 700
   Nashville, TN 37203

5. McKendree Village Senior Care Corporation
   c/o Michael D. Brent, Registered Agent
   1600 Division Street, Suite 700
   Nashville, TN 37203

   McKendree Village Senior Care Corporation
   4347 Lebanon Road
   Hermitage, TN 37076

Copy
08/09/2012 16:19 FAX 615 671 4706      THE OLD STORE                    ☑004/004

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, _Jean H. McClendon_, do hereby authorize _Nashville Senior Care, LLC d/b/a McKendree Village;_ _NVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care_ _Corporation; and Vicki Hartway, in her capacity as Administrator of McKendree Village_ ("health care providers") to furnish and disclose to _Nashville Senior Care, LLC d/b/a_ or to any representative or attorney from their office a full, complete, and black & white copy of any and all protected health information regarding patient, _Jean H. McClendon_, Date of Birth: _08/25/30_, Social Security Number: _4B-84-2420_ specifically including any and all records for service from _12/19/04_ to _12/19/11_ including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge summaries/reports, photographs, social service records, dietary records (I&O/B&B), weight records/vital signs, activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile insurance carriers to release any and all information regarding said patient in their possession, including, but not limited to all payment or non-payment information and any collateral source information, to _Nashville Senior Care LLC d/b/a_ _McKendree Village_

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with _Nashville Senior Care, LLC d/b/a_ _McKendree Village_ or any of their representatives is absolutely forbidden. Copies of any documents produced to _Nashville Senior Care, LLC d/b/a_ _McKendree Village_, pursuant to this limited medical authorization, should be furnished to Wilkes & McHugh, P.A., 60 S. Main Street, Suite 101, Memphis, Tennessee 38103, at Wilkes & McHugh's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to WILKES & McHUGH or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on _02/10/13_

Dated: _08/10/12_          Signed: _C. McClendon_

If signed by the patient's personal representative, explain the nature of the relationship:
_Self_

Copy

# WILKES & McHUGH, P.A.
## ATTORNEYS AT LAW

60 SOUTH MAIN STREET
SUITE 101
MEMPHIS, TN 38103

PHONE: (901) 322-4232
TOLL FREE: (888) 777-9424
FAX: (901) 322-4231

August 10, 2012

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
ARTICLE NUMBER 7011 3500 0003 5051 2674

Nashville Senior Care, LLC
d/b/a McKendree Village
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
ARTICLE NUMBER 7011 3500 0003 5051 2681

Nashville Senior Care, LLC
d/b/a McKendree Village
1175 Peachtree Street NE, Suite 350
Atlanta, GA 30361

Re:   Jean H. McClendon v. Nashville Senior Care, LLC d/b/a McKendree Village;
      MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village
      Senior Care Corporation; and Vicki Hartway, in her capacity as
      Administrator of McKendree Village

Dear Sir or Madam:

I am the attorney representing Jean H. McClendon and am her authorized agent.

Through us, Jean H. McClendon is asserting, among other claims, a potential claim for medical malpractice against you.

Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my client:

Copy

| | |
|---|---|
| Patient: | Jean H. McClendon |
| Date of Birth: | August 25, 1930 |
| Claimants' Names and Addresses: | Jean H. McClendon |
| | 1502 Riverside Road |
| | Old Hickory, Tennessee 37138 |
| Relationship to Patient: | Self |

Due to the poor care provided to Jean H. McClendon during her residency at McKendree Village, Jean H. McClendon suffered, among other things, wound infection; dehydration; weight loss; urinary tract infections; clostridium difficile; poor hygiene; severe pain; and injuries to her dignity.

Also, enclosed please find a HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to T.C.A. § 29-26-121(a).

Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

Sincerely,

WILKES & McHUGH, P.A.

Carey L. Acerra, Esq.

CLA/mkb
Enclosures

Copy

**LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
PURSUANT TO T.C.A. SECTION 29-26-121(a)**

Re: Resident, Jean H. McClendon

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice:

1.  Vicki Hartway, in her capacity as
    Administrator of McKendree Village
    609 Oak Cove Court
    Mount Juliet, TN 37122

    Vicki Hartway, in her capacity as
    Administrator of McKendree Village
    4347 Lebanon Road
    Hermitage, TN 37076

2.  Nashville Senior Care, LLC
    d/b/a McKendree Village
    c/o Vicki Hartway, Administrator
    4347 Lebanon Road
    Hermitage, TN 37076

3.  Nashville Senior Care, LLC
    d/b/a McKendree Village
    c/o CT Corporation System, Registered Agent
    800 South Gay Street, Suite 2021
    Knoxville, TN 37929

    Nashville Senior Care, LLC
    d/b/a McKendree Village
    1175 Peachtree Street NE, Suite 350
    Atlanta, GA 30361

4.  MVI Holdings, Inc.
    f/k/a McKendree Village, Inc.
    c/o Michael D. Brent, Registered Agent
    1600 Division Street, Suite 700
    Nashville, TN 37203

    MVI Holdings, Inc.
    f/k/a McKendree Village, Inc.
    1600 Division Street, Suite 700
    Nashville, TN 37203

5.  McKendree Village Senior Care Corporation
    c/o Michael D. Brent, Registered Agent
    1600 Division Street, Suite 700
    Nashville, TN 37203

    McKendree Village Senior Care Corporation
    4347 Lebanon Road
    Hermitage, TN 37076

Copy

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, _Jean H. McClendon_, do hereby authorize _Nashville SeniorCare, LLC d/b/a McKendree Village;_ _MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care_ _Corporation; and Vicki Hartney, in her capacity as Administrator of McKendree Village_ ("health care providers") to furnish and disclose to _Nashville SeniorCare, LLC d/b/a McKendree Village_ or to any representative or attorney from their office a full, complete, and black & white copy of any and all protected health information regarding patient _Jean H. McClendon_, Date of Birth: _08/65/30_, Social Security Number ▮▮▮▮▮▮▮▮ specifically including any and all records for service from _12/19/04_ to _12/19/11_ including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge summaries/reports, photographs, social service records, dietary records (I&O/B&B), weight records/vital signs, activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile insurance carriers to release any and all information regarding said patient in their possession, including, but not limited to, all payment or non-payment information and any collateral source information, to _Nashville SeniorCare, LLC d/b/a McKendree Village_.

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with _McKendree Village_ or any of their representatives is absolutely forbidden. Copies of any documents produced to _Nashville SeniorCare, LLC d/b/a McKendree Village_, pursuant to this limited medical authorization, should be furnished to Wilkes & McHugh, P.A., 60 S. Main Street, Suite 101, Memphis, Tennessee 38103, at Wilkes & McHugh's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to WILKES & McHUGH or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on _02/10/13_.

Dated: _08/10/12_          Signed: _J. McClendon_

If signed by the patient's personal representative, explain the nature of the relationship:
_Self_



# WILKES & McHUGH, P.A.
## ATTORNEYS AT LAW

60 SOUTH MAIN STREET
SUITE 101
MEMPHIS, TN 38103

PHONE: (901) 322-4232
TOLL FREE: (888) 777-9424
FAX: (901) 322-4231

August 10, 2012

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7011 3500 0003 5051 2704**

MVI Holdings, Inc.
f/k/a McKendree Village, Inc.
c/o Michael D. Brent, Registered Agent
1600 Division Street, Suite 700
Nashville, TN 37203

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7011 3500 0003 5051 2711**

MVI Holdings, Inc.
f/k/a McKendree Village, Inc.
1600 Division Street, Suite 700
Nashville, TN 37203

Re: **Jean H. McClendon v. Nashville Senior Care, LLC d/b/a McKendree Village; MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation; and Vicki Hartway, in her capacity as Administrator of McKendree Village**

Dear Sir or Madam:

I am the attorney representing Jean H. McClendon and am her authorized agent.

Through us, Jean H. McClendon is asserting, among other claims, a potential claim for medical malpractice against you.

Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my client:

Copy

| | |
|---|---|
| Patient: | Jean H. McClendon |
| Date of Birth: | August 25, 1930 |
| Claimants' Names and Addresses: | Jean H. McClendon |
| | 1502 Riverside Road |
| | Old Hickory, Tennessee 37138 |
| Relationship to Patient: | Self |

Due to the poor care provided to Jean H. McClendon during her residency at McKendree Village, Jean H. McClendon suffered, among other things, wound infection; dehydration; weight loss; urinary tract infections; clostridium difficile; poor hygiene; severe pain; and injuries to her dignity.

Also, enclosed please find a HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to T.C.A. § 29-26-121(a).

Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

Sincerely,

WILKES & McHUGH, P.A.

Carey L. Acerra, Esq.

CLA/mkb
Enclosures

Copy

LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
PURSUANT TO T.C.A. SECTION 29-26-121(a)

Re: Resident, Jean H. McClendon

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice:

1.  Vicki Hartway, in her capacity as
    Administrator of McKendree Village
    609 Oak Cove Court
    Mount Juliet, TN 37122

    Vicki Hartway, in her capacity as
    Administrator of McKendree Village
    4347 Lebanon Road
    Hermitage, TN 37076

2.  Nashville Senior Care, LLC
    d/b/a McKendree Village
    c/o Vicki Hartway, Administrator
    4347 Lebanon Road
    Hermitage, TN 37076

3.  Nashville Senior Care, LLC
    d/b/a McKendree Village
    c/o CT Corporation System, Registered Agent
    800 South Gay Street, Suite 2021
    Knoxville, TN 37929

    Nashville Senior Care, LLC
    d/b/a McKendree Village
    1175 Peachtree Street NE, Suite 350
    Atlanta, GA 30361

4.  MVI Holdings, Inc.
    f/k/a McKendree Village, Inc.
    c/o Michael D. Brent, Registered Agent
    1600 Division Street, Suite 700
    Nashville, TN 37203

    MVI Holdings, Inc.
    f/k/a McKendree Village, Inc.
    1600 Division Street, Suite 700
    Nashville, TN 37203

5.  McKendree Village Senior Care Corporation
    c/o Michael D. Brent, Registered Agent
    1600 Division Street, Suite 700
    Nashville, TN 37203

    McKendree Village Senior Care Corporation
    4347 Lebanon Road
    Hermitage, TN 37076

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, _Jean H. McClendon_, do hereby authorize _Nashville Senior Care, LLC d/b/a McKendree Village;_ _MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care_ _Corporation? and Vicki Hartway, in her capacity as Administrator of McKendree Village_ ("health care providers") to furnish and disclose to _MVI Holdings Inc f/k/a McKendree Village Inc_ or to any representative or attorney from their office a full, complete, and black & white copy of any and all protected health information regarding patient, _Jean H. McClendon_____, Date of Birth: _08/65/30_, Social Security Number: _413- 84- 2420_ specifically including any and all records for service from _12/18/04_ to _12/19/11_ including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, emergency room record's, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge summaries/reports, photographs, social service records, dietary records (I&O/B&B), weight records/vital signs, activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile insurance carriers to release any and all information regarding said patient in their possession, including, but not limited to, all payment or non-payment information and any collateral source information, to _MVI Holdings Inc f/k/a_ _McKendree Village Inc._

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with _MVI Holdings Inc f/k/a_ _McKendree Village, Inc._ or any of their representatives is absolutely forbidden. Copies of any documents produced to _MVI Holdings Inc. f/k/a_ _McKendree Village, Inc._ pursuant to this limited medical authorization, should be furnished to Wilkes & McHugh, P.A., 60 S. Main Street, Suite 101, Memphis, Tennessee 38103, at Wilkes & McHugh's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to WILKES & McHUGH or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on _02/10/13_.

Dated: _08/10/12_     Signed: _J. McClendon_

If signed by the patient's personal representative, explain the nature of the relationship:

_Self_

Copy

# WILKES & McHUGH, P.A.
## ATTORNEYS AT LAW

60 SOUTH MAIN STREET
SUITE 101
MEMPHIS, TN 38103

PHONE: (901) 322-4232
TOLL FREE: (888) 777-9424
FAX: (901) 322-4231

August 10, 2012

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7011 3500 0003 5051 2728**

McKendree Village Senior Care Corporation
c/o Michael D. Brent, Registered Agent
1600 Division Street, Suite 700
Nashville, TN 37203

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7011 3500 0003 5051 2735**

McKendree Village Senior Care Corporation
4347 Lebanon Road
Hermitage, TN 37076

Re:   **Jean H. McClendon v. Nashville Senior Care, LLC d/b/a McKendree Village;**
**MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village**
**Senior Care Corporation; and Vicki Hartway, in her capacity as**
**Administrator of McKendree Village**

Dear Sir or Madam:

I am the attorney representing Jean H. McClendon and am her authorized agent.

Through us, Jean H. McClendon is asserting, among other claims, a potential claim for medical malpractice against you.

Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my client:

Copy

|                                  |                                  |
|----------------------------------|----------------------------------|
| Patient:                         | Jean H. McClendon                |
| Date of Birth:                   | August 25, 1930                  |
| Claimants' Names and Addresses:  | Jean H. McClendon                |
|                                  | 1502 Riverside Road              |
|                                  | Old Hickory, Tennessee 37138     |
| Relationship to Patient:         | Self                             |

Due to the poor care provided to Jean H. McClendon during her residency at McKendree Village, Jean H. McClendon suffered, among other things, wound infection; dehydration; weight loss; urinary tract infections; clostridium difficile; poor hygiene; severe pain; and injuries to her dignity.

Also, enclosed please find a HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to T.C.A. § 29-26-121(a).

Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

Sincerely,

WILKES & McHUGH, P.A.

Carey L. Acerra, Esq.

CLA/mkb
Enclosures

**LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
PURSUANT TO T.C.A. SECTION 29-26-121(a)**

Re: Resident, Jean H. McClendon

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice:

1.   Vicki Hartway, in her capacity as
     Administrator of McKendree Village
     609 Oak Cove Court
     Mount Juliet, TN 37122

     Vicki Hartway, in her capacity as
     Administrator of McKendree Village
     4347 Lebanon Road
     Hermitage, TN 37076

2.   Nashville Senior Care, LLC
     d/b/a McKendree Village
     c/o Vicki Hartway, Administrator
     4347 Lebanon Road
     Hermitage, TN 37076

3.   Nashville Senior Care, LLC
     d/b/a McKendree Village
     c/o CT Corporation System, Registered Agent
     800 South Gay Street, Suite 2021
     Knoxville, TN 37929

     Nashville Senior Care, LLC
     d/b/a McKendree Village
     1175 Peachtree Street NE, Suite 350
     Atlanta, GA 30361

4.   MVI Holdings, Inc.
     f/k/a McKendree Village, Inc.
     c/o Michael D. Brent, Registered Agent
     1600 Division Street, Suite 700
     Nashville, TN 37203

     MVI Holdings, Inc.
     f/k/a McKendree Village, Inc.
     1600 Division Street, Suite 700
     Nashville, TN 37203

5.   McKendree Village Senior Care Corporation
     c/o Michael D. Brent, Registered Agent
     1600 Division Street, Suite 700
     Nashville, TN 37203

     McKendree Village Senior Care Corporation
     4347 Lebanon Road
     Hermitage, TN 37076

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, _Jean H. McClendon_, do hereby authorize _Nashville Senior Care, LLC d/b/a McKendree Village;_ _ALVT Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care_ _Corporation) and Vicki Hartway, in her capacity as Administrator of McKendree Village_ ("health care providers") to furnish and disclose to _McKendree Village Senior Care Corporation_ or to any representative or attorney from their office a full, complete, and black & white copy of any and all protected health information regarding patient _Jean H. McClendon_____, Date of Birth: _08/05/30_, Social Security Number: ▓▓▓▓▓▓▓▓▓▓▓ including any and all records for service from _12/16/04_ to _12/19/11_ including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge summaries/reports, photographs, social service records, dietary records (I&O/B&B), weight records/vital signs, activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile insurance carriers to release any and all information regarding said patient in their possession, including, but not limited to, all payment or non-payment information and any collateral source information, to _McKendree Village Senior Care Corporation_

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with _McKendree Village Senior Care Corporation_ or any of their representatives is absolutely forbidden. Copies of any documents produced to _McKendree Village Senior Care Corporation_ pursuant to this limited medical authorization, should be furnished to Wilkes & McHugh, P.A., 60 S. Main Street, Suite 101, Memphis, Tennessee 38103, at Wilkes & McHugh's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to WILKES & McHUGH or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on _02/10/13_.

Dated: _08/10/12_          Signed: _J. McClendon_

If signed by the patient's personal representative, explain the nature of the relationship:

_Self_

COPY

Case 3:13-cv-01036   Document 1-1   Filed 09/23/13   Page 331 of 373 PageID #: 335

...ress of Sender
Carey L. Acerra, Esq.
Wilkes & McHugh, P.A.
60 South Main Street, Suite 101
Memphis, TN 38103

**Check type of mail or service:**

| | |
|---|---|
| ☐ Adult Signature Required | ☐ Adult Signature Restricted Delivery |
| ☑ Certified Mail | ☐ Recorded Delivery (International) |
| ☐ COD | ☐ Registered |
| ☐ Delivery Confirmation | ☑ Return Receipt for Merchandise |
| ☐ Express Mail | ☐ Signature Confirmation |
| ☐ Insured | |

**Affix Stamp Here** (If issued as a certificate of mailing or for additional copies of this bill) Postmark and Date of Receipt

Stamp: AUG 10 2012 — MEMPHIS, TN 38101-9498

| | Article Number | Addressee (Name, Street, City, State, & ZIP Code™) | Postage | Fee | Handling Charge | Actual Value if Registered | Insured Value | Due Sender if COD | ASR Fee | ASRD Fee | DC Fee | SC Fee | SH Fee | RD Fee | RR Fee |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. | 7011 3500 0003 5051 2650 | Vicki Hartway, in her capacity as Administrator of McKendree Village, 609 Oak Cove Court, Mount Juliet, TN 37122 | | | | | | | | | | | | | |
| 2. | 7011 3500 0003 5051 2667 | Nashville Senior Care, LLC c/o Vicki Hartway, Administrator d/b/a McKendree Village, 4347 Lebanon Road, Hermitage, TN 37076 | | | | | | | | | | | | | |
| 3. | 7011 3500 0003 5051 2674 | Nashville Senior Care, LLC d/b/a McKendree Village c/o CT Corporation System, Registered Agent, 800 South Gay Street, Suite 2021, Knoxville, TN 37929 | | | | | | | | | | | | | |
| 4. | 7011 3500 0003 5051 2681 | Nashville Senior Care, LLC d/b/a McKendree Village, 1175 Peachtree Street NE, Suite 350, Atlanta, GA 30361 | | | | | | | | | | | | | |
| 5. | 7011 3500 0003 5051 2704 | MVI Holdings, Inc. f/k/a McKendree Village, Inc. c/o Michael D. Brent, Registered Agent, 1600 Division Street, Suite 700, Nashville, TN 37203 | | | | | | | | | | | | | |
| 6. | 7011 3500 0003 5051 2711 | MVI Holdings, Inc. f/k/a McKendree Village, Inc. 1600 Division Street, Suite 700, Nashville, TN 37203 | | | | | | | | | | | | | |
| 7. | 7011 3500 0003 5051 2728 | nkaKendree Village Senior Care Corporation c/o Michael D. Brent, Registered Agent, 1600 Division Street, Suite 700, Nashville, TN 37203 | | | | | | | | | | | | | |
| 8. | 7011 3500 0003 5051 2735 | McKendree Village Senior Care Corporation, 4347 Lebanon Road, Hermitage, TN 37076 | | | | | | | | | | | | | |

Sean H. McClendon

Total Number of Pieces Listed by Sender

Total Number of Pieces Received at Post Office

Postmaster, Per (Name of receiving employee)

Complete by Typewriter, Ink, or Ball Point Pen

See Privacy Act Statement on Reverse

PS Form 3877, June 2011 (Page 1 of 2)

The full declaration of value is required on all domestic and international Registered Mail. The maximum indemnity payable for the reconstruction of nonnegotiable documents under Express Mail document reconstruction insurance is $500 per piece subject to additional limitations for multiple pieces lost or damaged in a single catastrophic occurrence. The maximum indemnity payable on Express Mail merchandise is $500, but optional Express Mail Service merchandise insurance is available for up to $5,000 to some, but not all countries. The maximum indemnity payable is $25,000 for Registered Mail sent with optional postal insurance. See the DMM R900, S913, and S921 for limitations of coverage on insured and COD mail. See the IMM for limitations of coverage on international mail. Special handling charges apply only to Parcel Service parcels (A) and Standard Mail (B) parcels.

Copy

Case 3:13-cv-01036   Document 1-1   Filed 09/23/13   Page 332 of 373 PageID #: 336

COPY

...ress of Sender
Carey L. Acerra, Esq.
Wilkes & McHugh, P.A.
60 South Main Street, Suite 101
Memphis, TN 38103

**Check type of mail or service:**
- ☐ Adult Signature Required
- ☐ Certified Mail
- ☐ COD
- ☐ Delivery Confirmation
- ☐ Express Mail
- ☐ Insured
- ☐ Adult Signature Restricted Delivery
- ☐ Recorded Delivery (International)
- ☐ Registered
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation

**Affix Stamp Here**
*(If issued as a certificate of mailing or for additional copies of this bill)*
Postmark and Date of Receipt

AUG 10 2012

| | Article Number | Addressee (Name, Street, City, State, & ZIP Code™) | Postage | Fee | Handling Charge | Actual Value If Registered | Insured Value | Due Sender If COD | ASR Fee | ASRD Fee | DC Fee | SC Fee | SH Fee | RD Fee | RR Fee |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. Sean H. McClendon | 7011 3500 0003 5081 3742 | Vicki Hathway, in her capacity as Administrator of McKendree Village 4347 Lebanon Road Hermitage, TN 37076 | | | | | | | | | | | | | |
| 2. | | | | | | | | | | | | | | | |
| 3. | | | | | | | | | | | | | | | |
| 4. | | | | | | | | | | | | | | | |
| 5. | | | | | | | | | | | | | | | |
| 6. | | | | | | | | | | | | | | | |
| 7. | | | | | | | | | | | | | | | |
| 8. | | | | | | | | | | | | | | | |

Total Number of Pieces Listed by Sender

Total Number of Pieces Received at Post Office

Postmaster, Per (Name of receiving employee)

Complete by Typewriter, Ink, or Ball Point Pen

**See Privacy Act Statement on Reverse**

PS Form 3877, June 2011 *(Page 1 of 2)*

Copy

The full declaration of value is required on all domestic and international Registered Mail. The maximum indemnity payable for the reconstruction of nonnegotiable documents under Express Mail document reconstruction insurance is $500 per piece subject to additional limitations for multiple pieces lost or damaged in a single catastropic occurrence. The maximum indemnity payable on Express Mail merchandise is $500, but optional Express Mail Service merchandise insurance is available for up to $5,000 to some, but not all countries. The maximum indemnity payable is $25,000 for Registered Mail sent with optional postal insurance. See the DMM R900, S913, and S921 for limitations of coverage on insured and COD mail. See the IMM for limitations of coverage on international mail. Special handling charges apply only to Parcel Service parcels (A) and Standard Mail (B) parcels.

Copy

# WILKES & McHUGH, P.A.
## ATTORNEYS AT LAW

60 SOUTH MAIN STREET
SUITE 101
MEMPHIS, TN 38103

August 16, 2012

PHONE: (901) 322-4232
TOLL FREE: (888) 777-9424
FAX: (901) 322-4231

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
ARTICLE NUMBER 7011 3500 0003 5051 2902

Vicki Hartway, in her capacity as
Administrator of McKendree Village
609 Oak Cove Court
Mount Juliet, TN 37122

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
ARTICLE NUMBER 7011 3500 0003 5051 2919

Vicki Hartway, in her capacity as
Administrator of McKendree Village
4347 Lebanon Road
Hermitage, TN 37076

Re:     Jean H. McClendon v. Nashville Senior Care, LLC d/b/a McKendree Village; MVI
        Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation;
        Health Services Management Group, LLC; Health Services, Inc.; Nashville Healthcare
        Investors, LLC; and Vicki Hartway, in her capacity as Administrator of McKendree Village

Dear Madam:

        This is a follow-up to my letter of August 10, 2012, wherein I informed you that Jean H.
McClendon is asserting, among other claims, a potential claim for medical malpractice against you.

        Please be advised that plaintiff has added Health Services Management Group, LLC; Health
Services, Inc.; and Nashville Healthcare Investors, LLC, as potential defendants and have this date sent
notice letters to them as well. Enclosed are an updated List of Healthcare Providers and a HIPAA
Compliant Limited Medical Authorization adding these three defendants as healthcare providers.

        Thank you for your attention to this matter.

                                        Sincerely,

                                        WILKES & McHUGH, P.A.

                                        Carey L. Acerra, Esq.

CLA/mkb
Enclosures



**LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
PURSUANT TO T.C.A. SECTION 29-26-121(a)**

Re: Resident, Jean H. McClendon

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice:

1.     Vicki Hartway, in her capacity as       original notice provided
      Administrator of McKendree Village       August 10, 2012
      609 Oak Cove Court
      Mount Juliet, TN 37122

      Vicki Hartway, in her capacity as       original notice provided
      Administrator of McKendree Village       August 10, 2012
      4347 Lebanon Road
      Hermitage, TN 37076

2.     Nashville Senior Care, LLC       original notice provided
      d/b/a McKendree Village       August 10, 2012
      c/o Vicki Hartway, Administrator
      4347 Lebanon Road
      Hermitage, TN 37076

3.     Nashville Senior Care, LLC       original notice provided
      d/b/a McKendree Village       August 10, 2012
      c/o CT Corporation System, Registered Agent
      800 South Gay Street, Suite 2021
      Knoxville, TN 37929

      Nashville Senior Care, LLC       original notice provided
      d/b/a McKendree Village       August 10, 2012
      1175 Peachtree Street NE, Suite 350
      Atlanta, GA 30361

4.     MVI Holdings, Inc.       original notice provided
      f/k/a McKendree Village, Inc.       August 10, 2012
      c/o Michael D. Brent, Registered Agent
      1600 Division Street, Suite 700
      Nashville, TN 37203

      MVI Holdings, Inc.       original notice provided
      f/k/a McKendree Village, Inc.       August 10, 2012
      1600 Division Street, Suite 700
      Nashville, TN 37203

5.     McKendree Village Senior Care Corporation       original notice provided
      c/o Michael D. Brent, Registered Agent       August 10, 2012
      1600 Division Street, Suite 700
      Nashville, TN 37203

      McKendree Village Senior Care Corporation       original notice provided
      4347 Lebanon Road       August 10, 2012
      Hermitage, TN 37076

Copy

6.   Health Services Management Group, LLC
     c/o Thomas D. Johnson, Registered Agent
     485 Central Avenue NE
     Cleveland, TN 37311

     Health Services Management Group, LLC
     485 Central Avenue NE
     Cleveland, TN 37311

7.   Health Services, Inc.
     c/o Thomas D. Johnson, Registered Agent
     485 Central Avenue NE
     Cleveland, TN 37311

     Health Services, Inc.
     485 Central Avenue NE
     Cleveland, TN 37311

8.   Nashville Healthcare Investors, LLC
     c/o CT Corporation System, Registered Agent
     800 South Gay Street, Suite 2021
     Knoxville, TN 37929

     Nashville Healthcare Investors, LLC
     1175 Peachtree Street NE, Suite 350
     Atlanta, GA 30361

2

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, _Jean H. McClendon_, do hereby authorize _Nashville Senior Care, LLC d/b/a McKendree Village;_ _NVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care_ _Corporation;_ _Vicki Hartway, in her capacity as Administrator of McKendree Village_ ; * ("health care providers") to furnish and disclose to _Vicki Hartway, in her capacity as_ _Administrator of McKendree Village_ or to any representative or attorney from their office a full, complete, and black & white copy of any and all protected health information regarding patient _Jean H. McClendon_, Date of Birth: _08/05/80_, Social Security Number: _43-84-2420_ specifically including any and all records for service from _12/19/04_ to 12/19/11 including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge summaries/reports, photographs, social service records, dietary records (I&O/B&B), weight records/vital signs, activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile insurance carriers to release any and all information regarding said patient in their possession, including, but not limited to, all payment or non-payment information and any collateral source information, to _Vicki Hartway, in her capacity as_ _Administrator of McKendree Village_ .

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with _Vicki Hartway, in her capacity as_ _Administrator of McKendree Village_ or any of their representatives is absolutely forbidden. Copies of any documents produced to _Vicki Hartway, in her capacity as_ _Administrator of McKendree Village_, pursuant to this limited medical authorization, should be furnished to Wilkes & McHugh, P.A., 60 S. Main Street, Suite 101, Memphis, Tennessee 38103, at Wilkes & McHugh's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to WILKES & McHUGH or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on _02/16/13_ .

Dated: _08/16/12_          Signed: _J. McClendon_

If signed by the patient's personal representative, explain the nature of the relationship:

_Self_

\* _Health Services Management Group, LLC._ _Health Services, Inc.; and Nashville Healthcare Investors, LLC_

Copy

# WILKES & McHUGH, P.A.
## ATTORNEYS AT LAW

60 SOUTH MAIN STREET
SUITE 101
MEMPHIS, TN 38103

August 16, 2012

PHONE: (901) 322-4232
TOLL FREE: (888) 777-9424
FAX: (901) 322-4231

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7011 3500 0003 5051 2926**

Nashville Senior Care, LLC
d/b/a McKendree Village
c/o Vicki Hartway, Administrator
4347 Lebanon Road
Hermitage, TN 37076

Re:     Jean H. McClendon v. Nashville Senior Care, LLC d/b/a McKendree Village; MVI
        Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation;
        Health Services Management Group, LLC; Health Services, Inc.; Nashville Healthcare
        Investors, LLC; and Vicki Hartway, in her capacity as Administrator of McKendree Village

Dear Madam:

      This is a follow-up to my letter of August 10, 2012, wherein I informed you that Jean H.
McClendon is asserting, among other claims, a potential claim for medical malpractice against you.

      Please be advised that plaintiff has added Health Services Management Group, LLC; Health
Services, Inc.; and Nashville Healthcare Investors, LLC, as potential defendants and have this date sent
notice letters to them as well. Enclosed are an updated List of Healthcare Providers and a HIPAA
Compliant Limited Medical Authorization adding these three defendants as healthcare providers.

      Thank you for your attention to this matter.

                                              Sincerely,

                                              WILKES & McHUGH, P.A.

                                              Carey L. Acerra, Esq.

CLA/mkb
Enclosures

Copy

**LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
PURSUANT TO T.C.A. SECTION 29-26-121(a)**

Re: Resident, Jean H. McClendon

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice:

| | | |
|---|---|---|
| 1. | Vicki Hartway, in her capacity as Administrator of McKendree Village 609 Oak Cove Court Mount Juliet, TN 37122 | original notice provided August 10, 2012 |
| | Vicki Hartway, in her capacity as Administrator of McKendree Village 4347 Lebanon Road Hermitage, TN 37076 | original notice provided August 10, 2012 |
| 2. | Nashville Senior Care, LLC d/b/a McKendree Village c/o Vicki Hartway, Administrator 4347 Lebanon Road Hermitage, TN 37076 | original notice provided August 10, 2012 |
| 3. | Nashville Senior Care, LLC d/b/a McKendree Village c/o CT Corporation System, Registered Agent 800 South Gay Street, Suite 2021 Knoxville, TN 37929 | original notice provided August 10, 2012 |
| | Nashville Senior Care, LLC d/b/a McKendree Village 1175 Peachtree Street NE, Suite 350 Atlanta, GA 30361 | original notice provided August 10, 2012 |
| 4. | MVI Holdings, Inc. f/k/a McKendree Village, Inc. c/o Michael D. Brent, Registered Agent 1600 Division Street, Suite 700 Nashville, TN 37203 | original notice provided August 10, 2012 |
| | MVI Holdings, Inc. f/k/a McKendree Village, Inc. 1600 Division Street, Suite 700 Nashville, TN 37203 | original notice provided August 10, 2012 |
| 5. | McKendree Village Senior Care Corporation c/o Michael D. Brent, Registered Agent 1600 Division Street, Suite 700 Nashville, TN 37203 | original notice provided August 10, 2012 |
| | McKendree Village Senior Care Corporation 4347 Lebanon Road Hermitage, TN 37076 | original notice provided August 10, 2012 |

Copy

6.    Health Services Management Group, LLC
      c/o Thomas D. Johnson, Registered Agent
      485 Central Avenue NE
      Cleveland, TN 37311

      Health Services Management Group, LLC
      485 Central Avenue NE
      Cleveland, TN 37311

7.    Health Services, Inc.
      c/o Thomas D. Johnson, Registered Agent
      485 Central Avenue NE
      Cleveland, TN 37311

      Health Services, Inc.
      485 Central Avenue NE
      Cleveland, TN 37311

8.    Nashville Healthcare Investors, LLC
      c/o CT Corporation System, Registered Agent
      800 South Gay Street, Suite 2021
      Knoxville, TN 37929

      Nashville Healthcare Investors, LLC
      1175 Peachtree Street NE, Suite 350
      Atlanta, GA 30361

2

# Copy

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, _Jean H. McClendon_, do hereby authorize _Nashville Senior Care, LLC d/b/a McKendree Village;_ _NVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation;_ _Vicki Harbuay, in her capacity as Administrator of McKendree Village;_ _*_ ("health care providers") to furnish and disclose to _Nashville Senior Care, LLC d/b/a_ or to any representative or attorney from their office a full, complete, and black & white copy of any and all protected health information regarding patient _Jean H. McClendon_, Date of Birth: _08/05/30_, Social Security Number: _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_ specifically including any and all records for service from _12/16/04_ to _12/19/11_ including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge summaries/reports, photographs, social service records, dietary records (RO/B&B), weight records/vital signs, activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, intensive care unit records, patient activity flow records, prescription orders, medication administration records, controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile insurance carriers to release any and all information regarding said patient in their possession, including, but not limited to, all payment, or non-payment information and any collateral source information, to _Nashville Senior Care, LLC d/b/a McKendree Village._

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with _Nashville Senior Care, LLC_ or any of their representatives is absolutely forbidden. Copies of any documents produced to _Nashville Senior Care, LLC d/b/a McKendree Village_, pursuant to this limited medical authorization, should be furnished to Wilkes & McHugh, P.A., 60 S. Main Street, Suite 101, Memphis, Tennessee 38103, at Wilkes & McHugh's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to WILKES & McHUGH or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on _07/16/13_.

Dated: _08/16/12_     Signed: _C. McClendon_

If signed by the patient's personal representative, explain the nature of the relationship:
_Self_

_* Health Services Management Group, LLC._
_Health Services, Inc., and Nashville Healthcare Investors, LLC_



# WILKES & McHUGH, P.A.
## ATTORNEYS AT LAW

60 SOUTH MAIN STREET
SUITE 101
MEMPHIS, TN 38103

August 16, 2012

PHONE: (901) 322-4232
TOLL FREE: (888) 777-9424
FAX: (901) 322-4231

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
ARTICLE NUMBER 7011 3500 0003 5051 2933

Nashville Senior Care, LLC
d/b/a McKendree Village
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
ARTICLE NUMBER 7011 3500 0003 5051 2940

Nashville Senior Care, LLC
d/b/a McKendree Village
1175 Peachtree Street NE, Suite 350
Atlanta, GA 30361

Re:     Jean H. McClendon v. Nashville Senior Care, LLC d/b/a McKendree Village; MVI
        Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation;
        Health Services Management Group, LLC; Health Services, Inc.; Nashville Healthcare
        Investors, LLC; and Vicki Hartway, in her capacity as Administrator of McKendree Village

Dear Sir or Madam:

       This is a follow-up to my letter of August 10, 2012, wherein I informed you that Jean H.
McClendon is asserting, among other claims, a potential claim for medical malpractice against you.

       Please be advised that plaintiff has added Health Services Management Group, LLC; Health
Services, Inc.; and Nashville Healthcare Investors, LLC, as potential defendants and have this date sent
notice letters to them as well. Enclosed are an updated List of Healthcare Providers and a HIPAA
Compliant Limited Medical Authorization adding these three defendants as healthcare providers.

       Thank you for your attention to this matter.

                                                Sincerely,

                                                WILKES & McHUGH, P.A.

                                                Carey L. Acerra, Esq.

CLA/mkb
Enclosures



**LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
PURSUANT TO T.C.A. SECTION 29-26-121(a)**

Re: Resident, Jean H. McClendon

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice:

| | | |
|---|---|---|
| 1. | Vicki Hartway, in her capacity as Administrator of McKendree Village 609 Oak Cove Court Mount Juliet, TN 37122 | original notice provided August 10, 2012 |
| | Vicki Hartway, in her capacity as Administrator of McKendree Village 4347 Lebanon Road Hermitage, TN 37076 | original notice provided August 10, 2012 |
| 2. | Nashville Senior Care, LLC d/b/a McKendree Village c/o Vicki Hartway, Administrator 4347 Lebanon Road Hermitage, TN 37076 | original notice provided August 10, 2012 |
| 3. | Nashville Senior Care, LLC d/b/a McKendree Village c/o CT Corporation System, Registered Agent 800 South Gay Street, Suite 2021 Knoxville, TN 37929 | original notice provided August 10, 2012 |
| | Nashville Senior Care, LLC d/b/a McKendree Village 1175 Peachtree Street NE, Suite 350 Atlanta, GA 30361 | original notice provided August 10, 2012 |
| 4. | MVI Holdings, Inc. f/k/a McKendree Village, Inc. c/o Michael D. Brent, Registered Agent 1600 Division Street, Suite 700 Nashville, TN 37203 | original notice provided August 10, 2012 |
| | MVI Holdings, Inc. f/k/a McKendree Village, Inc. 1600 Division Street, Suite 700 Nashville, TN 37203 | original notice provided August 10, 2012 |
| 5. | McKendree Village Senior Care Corporation c/o Michael D. Brent, Registered Agent 1600 Division Street, Suite 700 Nashville, TN 37203 | original notice provided August 10, 2012 |
| | McKendree Village Senior Care Corporation 4347 Lebanon Road Hermitage, TN 37076 | original notice provided August 10, 2012 |

Copy

6.     Health Services Management Group, LLC
c/o Thomas D. Johnson, Registered Agent
485 Central Avenue NE
Cleveland, TN 37311

Health Services Management Group, LLC
485 Central Avenue NE
Cleveland, TN 37311

7.     Health Services, Inc.
c/o Thomas D. Johnson, Registered Agent
485 Central Avenue NE
Cleveland, TN 37311

Health Services, Inc.
485 Central Avenue NE
Cleveland, TN 37311

8.     Nashville Healthcare Investors, LLC
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

Nashville Healthcare Investors, LLC
1175 Peachtree Street NE, Suite 350
Atlanta, GA 30361

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, _Jean H. McClendon_, do hereby authorize _Nashville SeniorCare, LLC d/b/a McKendree Village;_ _MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care_ _Corporation;  Vicki Hardway, in her capacity as Administrator of McKendree Village; *_ ("health care providers") to furnish and disclose to _Nashville Senior Care, LLC d/b/a_ _____ or to any representative or attorney from their office a full, complete, and black & white copy of any and all protected health information regarding patient _Jean H. McClendon_ _____ Date of Birth: _08/05/80_, Social Security Number: _43-84-2420_ specifically including any and all records for service from _12/10/04_ to _12/19/11_ including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge summaries/reports, photographs, social service records, dietary records (I&O/B&B), weight records/vital signs, activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile insurance carriers to release any and all information regarding said patient in their possession, including, but not limited to, all payment or non-payment information and any collateral source information, to _Nashville SeniorCare, LLC d/b/a_ _McKendree Village_.

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with _Nashville Senior Care_ _d/b/a McKendree Village_ _____ or any of their representatives is absolutely forbidden. Copies of any documents produced to _Nashville Senior Care, LLC_ _d/b/a McKendree Village_ _____, pursuant to this limited medical authorization, should be furnished to Wilkes & McHugh, P.A., 65 S. Main Street, Suite 101, Memphis, Tennessee 38103, at Wilkes & McHugh's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to WILKES & McHUGH or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on _02/16/13_.

Dated: _08/16/12_          Signed: _E. McClendon_

If signed by the patient's personal representative, explain the nature of the relationship:

_Self_

\* Health Services Management Group, LLC,
Health Services, Inc.; and Nashville Healthcare Investors, LLC

**Copy**

# WILKES & McHUGH, P.A.
## ATTORNEYS AT LAW

60 SOUTH MAIN STREET
SUITE 101
MEMPHIS, TN 38103

August 16, 2012

PHONE: (901) 322-4232
TOLL FREE: (888) 777-9424
FAX: (901) 322-4231

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
ARTICLE NUMBER 7011 3500 0003 5051 2957

MVI Holdings, Inc.
f/k/a McKendree Village, Inc.
c/o Michael D. Brent, Registered Agent
1600 Division Street, Suite 700
Nashville, TN 37203

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
ARTICLE NUMBER 7011 3500 0003 5051 2964

MVI Holdings, Inc.
f/k/a McKendree Village, Inc.
1600 Division Street, Suite 700
Nashville, TN 37203

Re:    **Jean H. McClendon v. Nashville Senior Care, LLC d/b/a McKendree Village; MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation; Health Services Management Group, LLC; Health Services, Inc.; Nashville Healthcare Investors, LLC; and Vicki Hartway, in her capacity as Administrator of McKendree Village**

Dear Sir or Madam:

This is a follow-up to my letter of August 10, 2012, wherein I informed you that Jean H. McClendon is asserting, among other claims, a potential claim for medical malpractice against you.

Please be advised that plaintiff has added Health Services Management Group, LLC; Health Services, Inc.; and Nashville Healthcare Investors, LLC, as potential defendants and have this date sent notice letters to them as well. Enclosed are an updated List of Healthcare Providers and a HIPAA Compliant Limited Medical Authorization adding these three defendants as healthcare providers.

Thank you for your attention to this matter.

Sincerely,

WILKES & McHUGH, P.A.

Carey L. Acerra, Esq.

CLA/mkb
Enclosures

 Copy

**LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
PURSUANT TO T.C.A. SECTION 29-26-121(a)**

Re: Resident, Jean H. McClendon

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice:

1. Vicki Hartway, in her capacity as
   Administrator of McKendree Village
   609 Oak Cove Court
   Mount Juliet, TN 37122

   original notice provided
   August 10, 2012

   Vicki Hartway, in her capacity as
   Administrator of McKendree Village
   4347 Lebanon Road
   Hermitage, TN 37076

   original notice provided
   August 10, 2012

2. Nashville Senior Care, LLC
   d/b/a McKendree Village
   c/o Vicki Hartway, Administrator
   4347 Lebanon Road
   Hermitage, TN 37076

   original notice provided
   August 10, 2012

3. Nashville Senior Care, LLC
   d/b/a McKendree Village
   c/o CT Corporation System, Registered Agent
   800 South Gay Street, Suite 2021
   Knoxville, TN 37929

   original notice provided
   August 10, 2012

   Nashville Senior Care, LLC
   d/b/a McKendree Village
   1175 Peachtree Street NE, Suite 350
   Atlanta, GA 30361

   original notice provided
   August 10, 2012

4. MVI Holdings, Inc.
   f/k/a McKendree Village, Inc.
   c/o Michael D. Brent, Registered Agent
   1600 Division Street, Suite 700
   Nashville, TN 37203

   original notice provided
   August 10, 2012

   MVI Holdings, Inc.
   f/k/a McKendree Village, Inc.
   1600 Division Street, Suite 700
   Nashville, TN 37203

   original notice provided
   August 10, 2012

5. McKendree Village Senior Care Corporation
   c/o Michael D. Brent, Registered Agent
   1600 Division Street, Suite 700
   Nashville, TN 37203

   original notice provided
   August 10, 2012

   McKendree Village Senior Care Corporation
   4347 Lebanon Road
   Hermitage, TN 37076

   original notice provided
   August 10, 2012

Copy

6.     Health Services Management Group, LLC
   c/o Thomas D. Johnson, Registered Agent
   485 Central Avenue NE
   Cleveland, TN 37311

   Health Services Management Group, LLC
   485 Central Avenue NE
   Cleveland, TN 37311

7.     Health Services, Inc.
   c/o Thomas D. Johnson, Registered Agent
   485 Central Avenue NE
   Cleveland, TN 37311

   Health Services, Inc.
   485 Central Avenue NE
   Cleveland, TN 37311

8.     Nashville Healthcare Investors, LLC
   c/o CT Corporation System, Registered Agent
   800 South Gay Street, Suite 2021
   Knoxville, TN 37929

   Nashville Healthcare Investors, LLC
   1175 Peachtree Street NE, Suite 350
   Atlanta, GA 30361

2

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, _Jean H. McClendon_, do hereby authorize _Nashville Senior Care, LLC d/b/a McKendree Village;_ _NVT Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care_ _Corporation⑨    Vicki Hartway, in her capacity as Administrator of McKendree Village ; *_ ("health care providers") to furnish and disclose to _NVT Holdings Inc. f/k/a_    or to any representative _McKendree Village, Inc._ or attorney from their office a full, complete, and black & white copy of any and all protected health information regarding patient _Jean H. McClendon___, Date of Birth: _08/05/30_, Social Security Number: _43-84-2420_ specifically including any and all records for service from _12/19/04_ to 12/19/11 including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge summaries/reports, photographs, social service records, dietary records (I&O/B&B), weight records/vital signs, activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile insurance carriers to release any and all information regarding said patient in their possession, including, but not limited to, all payment or non-payment information and any collateral source information, to _NVT Holdings, Inc. f/k/a_ _McKendree Village, Inc._

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with _NVT Holdings Inc. f/k/a_ _McKendree Village, Inc._ or any of their representatives is absolutely forbidden. Copies of any documents produced to _NVT Holdings, Inc. f/k/a_ _McKendree Village, Inc._, pursuant to this limited medical authorization, should be returned to Wilkes & McHugh, P.A., 60 S. Main Street, Suite 101, Memphis, Tennessee 38103, at Wilkes & McHugh's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to WILKES & McHUGH or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on _02/16/13_ .

Dated: _08/16/12_     Signed: _E. McClendon_

If signed by the patient's personal representative, explain the nature of the relationship:
_Self_

* Health Services Management Group, LLC,
  Health Services, Inc; and Nashville Healthcare Investors, LLC

Copy

# WILKES & McHUGH, P.A.
## ATTORNEYS AT LAW

60 SOUTH MAIN STREET
SUITE 101
MEMPHIS, TN 38103

August 16, 2012

PHONE: (901) 322-4232
TOLL FREE: (888) 777-9424
FAX: (901) 322-4231

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7011 3500 0003 5051 2971**

McKendree Village Senior Care Corporation
c/o Michael D. Brent, Registered Agent
1600 Division Street, Suite 700
Nashville, TN 37203

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7011 3500 0003 5051 2988**

McKendree Village Senior Care Corporation
4347 Lebanon Road
Hermitage, TN 37076

Re:  Jean H. McClendon v. Nashville Senior Care, LLC d/b/a McKendree Village; MVI
Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation;
Health Services Management Group, LLC; Health Services, Inc.; Nashville Healthcare
Investors, LLC; and Vicki Hartway, in her capacity as Administrator of McKendree Village

Dear Sir or Madam:

This is a follow-up to my letter of August 10, 2012, wherein I informed you that Jean H.
McClendon is asserting, among other claims, a potential claim for medical malpractice against you.

Please be advised that plaintiff has added Health Services Management Group, LLC; Health
Services, Inc.; and Nashville Healthcare Investors, LLC, as potential defendants and have this date sent
notice letters to them as well. Enclosed are an updated List of Healthcare Providers and a HIPAA
Compliant Limited Medical Authorization adding these three defendants as healthcare providers.

Thank you for your attention to this matter.

Sincerely,

WILKES & McHUGH, P.A.

Carey L. Acerra, Esq.

CLA/mkb
Enclosures



## LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
## PURSUANT TO T.C.A. SECTION 29-26-121(a)

Re: Resident, Jean H. McClendon

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice:

1. Vicki Hartway, in her capacity as
Administrator of McKendree Village
609 Oak Cove Court
Mount Juliet, TN 37122

original notice provided
August 10, 2012

Vicki Hartway, in her capacity as
Administrator of McKendree Village
4347 Lebanon Road
Hermitage, TN 37076

original notice provided
August 10, 2012

2. Nashville Senior Care, LLC
d/b/a McKendree Village
c/o Vicki Hartway, Administrator
4347 Lebanon Road
Hermitage, TN 37076

original notice provided
August 10, 2012

3. Nashville Senior Care, LLC
d/b/a McKendree Village
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

original notice provided
August 10, 2012

Nashville Senior Care, LLC
d/b/a McKendree Village
1175 Peachtree Street NE, Suite 350
Atlanta, GA 30361

original notice provided
August 10, 2012

4. MVI Holdings, Inc.
f/k/a McKendree Village, Inc.
c/o Michael D. Brent, Registered Agent
1600 Division Street, Suite 700
Nashville, TN 37203

original notice provided
August 10, 2012

MVI Holdings, Inc.
f/k/a McKendree Village, Inc.
1600 Division Street, Suite 700
Nashville, TN 37203

original notice provided
August 10, 2012

5. McKendree Village Senior Care Corporation
c/o Michael D. Brent, Registered Agent
1600 Division Street, Suite 700
Nashville, TN 37203

original notice provided
August 10, 2012

McKendree Village Senior Care Corporation
4347 Lebanon Road
Hermitage, TN 37076

original notice provided
August 10, 2012

Copy

6.     Health Services Management Group, LLC
c/o Thomas D. Johnson, Registered Agent
485 Central Avenue NE
Cleveland, TN 37311

Health Services Management Group, LLC
485 Central Avenue NE
Cleveland, TN 37311

7.     Health Services, Inc.
c/o Thomas D. Johnson, Registered Agent
485 Central Avenue NE
Cleveland, TN 37311

Health Services, Inc.
485 Central Avenue NE
Cleveland, TN 37311

8.     Nashville Healthcare Investors, LLC
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

Nashville Healthcare Investors, LLC
1175 Peachtree Street NE, Suite 350
Atlanta, GA 30361

2

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, _Jean H. McClendon_, do hereby authorize _Nashville Senior Care, LLC d/b/a McKendree Village; MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation❋ Vicki Harkway, in her capacity as Administrator of McKendree Village; ❋_ ("health care providers") to furnish and disclose to _McKendree Village Senior Care Corporation❋_ or to any representative or attorney from their office a full, complete and black & white copy of any and all protected health information regarding patient, _Jean _____ on _____, Date of Birth: _08/25/30_, Social Security Number: _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_ ▓▓▓▓ specifically including any and all records for service from _12/19/04_ to _12/19/11_ including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge summaries/reports, photographs, social service records, dietary records (CRO/B&B), weight records/vital signs, activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile insurance carriers to release any and all information regarding said patient in their possession, including, but not limited to, all payment or non-payment information and any collateral source information, to _McKendree Village Senior Care Corporation_.

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with _McKendree Village Senior Care Corporation_ or any of their representatives is absolutely forbidden. Copies of any documents produced to _McKendree Village Senior Care Corporate❋_ pursuant to this limited medical authorization, should be furnished to Wilkes & McHugh, P.A., 65 S. Main Street, Suite 101, Memphis, Tennessee 38103, at Wilkes & McHugh's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to WILKES & McHUGH or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on _02/16/13_.

Dated: _08/16/12_     Signed: _C. McClendon_

If signed by the patient's personal representative, explain the nature of the relationship:
_Self_

❋ Health Services Management Group, LLC,
Health Services, Inc; and Nashville Healthcare Investors, LLC

Copy

# WILKES & McHUGH, P.A.
## ATTORNEYS AT LAW

60 SOUTH MAIN STREET
SUITE 101
MEMPHIS, TN 38103

PHONE: (901) 322-4232
TOLL FREE: (888) 777-9424
FAX: (901) 322-4231

August 16, 2012

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
ARTICLE NUMBER 7011 3500 0003 5051 2995

Health Services Management Group, LLC
c/o Thomas D. Johnson, Registered Agent
485 Central Avenue NE
Cleveland, TN 37311

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
ARTICLE NUMBER 7011 3500 0003 5051 3008

Health Services Management Group, LLC
485 Central Avenue NE
Cleveland, TN 37311

Re:    **Jean H. McClendon v. Nashville Senior Care, LLC d/b/a McKendree Village; MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation; Health Services Management Group, LLC; Health Services, Inc.; Nashville Healthcare Investors, LLC; and Vicki Hartway, in her capacity as Administrator of McKendree Village**

Dear Sir or Madam:

    I am the attorney representing Jean H. McClendon and am her authorized agent.

    Through us, Jean H. McClendon is asserting, among other claims, a potential claim for medical malpractice against you.

    Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my client:

Copy

|                                  |                              |
|----------------------------------|------------------------------|
| Patient:                         | Jean H. McClendon            |
| Date of Birth:                   | August 25, 1930              |
| Claimants' Names and Addresses:  | Jean H. McClendon            |
|                                  | 1502 Riverside Road          |
|                                  | Old Hickory, Tennessee 37138 |
| Relationship to Patient:         | Self                         |

Due to the poor care provided to Jean H. McClendon during her residency at McKendree Village, Jean H. McClendon suffered, among other things, wound infection; dehydration; weight loss; urinary tract infections; clostridium difficile; poor hygiene; severe pain; and injuries to her dignity.

Also, enclosed please find a HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to T.C.A. § 29-26-121(a).

Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

Sincerely,

WILKES & McHUGH, P.A.

Carey L. Acerra, Esq.

CLA/mkb
Enclosures



## LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
## PURSUANT TO T.C.A. SECTION 29-26-121(a)

Re: Resident, Jean H. McClendon

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice:

1.      Vicki Hartway, in her capacity as
Administrator of McKendree Village
609 Oak Cove Court
Mount Juliet, TN 37122

original notice provided
August 10, 2012

     Vicki Hartway, in her capacity as
Administrator of McKendree Village
4347 Lebanon Road
Hermitage, TN 37076

original notice provided
August 10, 2012

2.      Nashville Senior Care, LLC
d/b/a McKendree Village
c/o Vicki Hartway, Administrator
4347 Lebanon Road
Hermitage, TN 37076

original notice provided
August 10, 2012

3.      Nashville Senior Care, LLC
d/b/a McKendree Village
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

original notice provided
August 10, 2012

     Nashville Senior Care, LLC
d/b/a McKendree Village
1175 Peachtree Street NE, Suite 350
Atlanta, GA 30361

original notice provided
August 10, 2012

4.      MVI Holdings, Inc.
f/k/a McKendree Village, Inc.
c/o Michael D. Brent, Registered Agent
1600 Division Street, Suite 700
Nashville, TN 37203

original notice provided
August 10, 2012

     MVI Holdings, Inc.
f/k/a McKendree Village, Inc.
1600 Division Street, Suite 700
Nashville, TN 37203

original notice provided
August 10, 2012

5.      McKendree Village Senior Care Corporation
c/o Michael D. Brent, Registered Agent
1600 Division Street, Suite 700
Nashville, TN 37203

original notice provided
August 10, 2012

     McKendree Village Senior Care Corporation
4347 Lebanon Road
Hermitage, TN 37076

original notice provided
August 10, 2012

Copy

6.  Health Services Management Group, LLC
    c/o Thomas D. Johnson, Registered Agent
    485 Central Avenue NE
    Cleveland, TN 37311

    Health Services Management Group, LLC
    485 Central Avenue NE
    Cleveland, TN 37311

7.  Health Services, Inc.
    c/o Thomas D. Johnson, Registered Agent
    485 Central Avenue NE
    Cleveland, TN 37311

    Health Services, Inc.
    485 Central Avenue NE
    Cleveland, TN 37311

8.  Nashville Healthcare Investors, LLC
    c/o CT Corporation System, Registered Agent
    800 South Gay Street, Suite 2021
    Knoxville, TN 37929

    Nashville Healthcare Investors, LLC
    1175 Peachtree Street NE, Suite 350
    Atlanta, GA 30361

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, Jean H. McClendon, do hereby authorize Nashville Senior Care, LLC d/b/a McKendree Village; NVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation; Vicki Hartney, in her capacity as Administrator of McKendree Village; * ("health care providers") to furnish and disclose to Health Services Management Group or to any representative or attorney from their office a full, complete, and black & white copy of any and all protected health information regarding patient Jean H. McClendon_____, Date of Birth: 08/05/60. Social Security #20 specifically including any and all records for service from 12/10/04 to 12/19/11 including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge summaries/reports, photographs, social service records, dietary records (I&O/B&B), weight records/vital signs, activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile insurance carriers to release any and all information regarding said patient in their possession, including, but not limited to, all payment or non-payment information and any collateral source information, to Health Services Management Group, LLC.

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with Health Services Management Group, LLC or any of their representatives is absolutely forbidden. Copies of any documents produced to Health Services Management Group, LLC pursuant to this limited medical authorization, should be furnished to Wilkes & McHugh, P.A., 60 S. Main Street, Suite 101, Memphis, Tennessee 38103, at Wilkes & McHugh's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to WILKES & McHUGH or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on ___07/16/13___.

Dated: 08/16/12          Signed: ___J. McClendon___

If signed by the patient's personal representative, explain the nature of the relationship:

Self_____

* Health Services Management Group, LLC.
  Health Services, Inc; and Nashville Healthcare Investors, LLC

Copy

# WILKES & McHUGH, P.A.
## ATTORNEYS AT LAW

60 SOUTH MAIN STREET
·SUITE 101
MEMPHIS, TN 38103

PHONE: (901) 322-4232
TOLL FREE: (888) 777-9424
FAX: (901) 322-4231

August 16, 2012

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7011 3500 0003 5051 3015**

Health Services, Inc.
c/o Thomas D. Johnson, Registered Agent
485 Central Avenue NE
Cleveland, TN 37311

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7011 3500 0003 5051 3022**

Health Services, Inc.
485 Central Avenue NE
Cleveland, TN 37311 .

Re:  **Jean H. McClendon v. Nashville Senior Care, LLC d/b/a McKendree Village; MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation; Health Services Management Group, LLC; Health Services, Inc.; Nashville Healthcare Investors, LLC; and Vicki Hartway, in her capacity as Administrator of McKendree Village**

Dear Sir or Madam:

I am the attorney representing Jean H. McClendon and am her authorized agent.

Through us, Jean H. McClendon is asserting, among other claims, a potential claim for medical malpractice against you.

Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my client:

Copy

| | |
|---|---|
| Patient: | Jean H. McClendon |
| Date of Birth: | August 25, 1930 |
| Claimants' Names and Addresses: | Jean H. McClendon |
| | 1502 Riverside Road |
| | Old Hickory, Tennessee 37138 |
| Relationship to Patient: | Self |

Due to the poor care provided to Jean H. McClendon during her residency at McKendree Village, Jean H. McClendon suffered, among other things, wound infection; dehydration; weight loss; urinary tract infections; clostridium difficile; poor hygiene; severe pain; and injuries to her dignity.

Also, enclosed please find a HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to T.C.A. § 29-26-121(a).

Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

Sincerely,

WILKES & McHUGH, P.A.

Carey L. Acerra, Esq.

CLA/mkb
Enclosures

Copy

## LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
## PURSUANT TO T.C.A. SECTION 29-26-121(a)

Re: Resident, Jean H. McClendon

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice:

1.   Vicki Hartway, in her capacity as      original notice provided
      Administrator of McKendree Village      August 10, 2012
      609 Oak Cove Court
      Mount Juliet, TN 37122

      Vicki Hartway, in her capacity as      original notice provided
      Administrator of McKendree Village      August 10, 2012
      4347 Lebanon Road
      Hermitage, TN 37076

2.   Nashville Senior Care, LLC      original notice provided
      d/b/a McKendree Village      August 10, 2012
      c/o Vicki Hartway, Administrator
      4347 Lebanon Road
      Hermitage, TN 37076

3.   Nashville Senior Care, LLC      original notice provided
      d/b/a McKendree Village      August 10, 2012
      c/o CT Corporation System, Registered Agent
      800 South Gay Street, Suite 2021
      Knoxville, TN 37929

      Nashville Senior Care, LLC      original notice provided
      d/b/a McKendree Village      August 10, 2012
      1175 Peachtree Street NE, Suite 350
      Atlanta, GA 30361

4.   MVI Holdings, Inc.      original notice provided
      f/k/a McKendree Village, Inc.      August 10, 2012
      c/o Michael D. Brent, Registered Agent
      1600 Division Street, Suite 700
      Nashville, TN 37203

      MVI Holdings, Inc.      original notice provided
      f/k/a McKendree Village, Inc.      August 10, 2012
      1600 Division Street, Suite 700
      Nashville, TN 37203

5.   McKendree Village Senior Care Corporation      original notice provided
      c/o Michael D. Brent, Registered Agent      August 10, 2012
      1600 Division Street, Suite 700
      Nashville, TN 37203

      McKendree Village Senior Care Corporation      original notice provided
      4347 Lebanon Road      August 10, 2012
      Hermitage, TN 37076

Copy

6.    Health Services Management Group, LLC
      c/o Thomas D. Johnson, Registered Agent
      485 Central Avenue NE
      Cleveland, TN 37311

      Health Services Management, LLC
      485 Central Avenue NE
      Cleveland, TN 37311

7.    Health Services, Inc.
      c/o Thomas D. Johnson, Registered Agent
      485 Central Avenue NE
      Cleveland, TN 37311

      Health Services, Inc.
      485 Central Avenue NE
      Cleveland, TN 37311

8.    Nashville Healthcare Investors, LLC
      c/o CT Corporation System, Registered Agent
      800 South Gay Street, Suite 2021
      Knoxville, TN 37929

      Nashville Healthcare Investors, LLC
      1175 Peachtree Street NE, Suite 350
      Atlanta, GA 30361

2

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, _Jean H. McClendon_, do hereby authorize _Nashville Senior Care, LLC d/b/a McKendree Village;_ _NVT Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care_ _Corporation; Vicki Horbury, in her capacity as Administrator of McKendree Village; *_ ("health care providers") to furnish and disclose to _Health Services, Inc._ or to any representative or attorney from their office a full, complete, and black & white copy of any and all protected health information regarding patient _Jean H. McClendon_, Date of Birth: _08/25/30_, Social Security Number: _43-84-2420_ specifically including any and all records for service from _12/10/04_ to _12/19/11_ including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge summaries/reports, photographs, social service records, dietary records (.2O/B&B), weight records/vital signs, activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile insurance carriers to release any and all information regarding said patient in their possession, including, but not limited to, all payment or non-payment information and any collateral source information, to _Health Services, Inc._

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with _Health Services, Inc._ or any of their representatives is absolutely forbidden. Copies of any documents produced to _Health Services, Inc._, pursuant to this limited medical authorization, should be furnished to Wilkes & McHugh, P.A., 60 S. Main Street, Suite 101, Memphis, Tennessee 38103, at Wilkes & McHugh's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to WILKES & McHUGH or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on _02/16/13_.

Dated: _08/16/12_     Signed: _C. McClendon_

If signed by the patient's personal representative, explain the nature of the relationship: _Self_

\* Health Services Management Group, LLC.
   Health Services, Inc., and Nashville Healthcare Investors, LLC

Copy

# WILKES & McHUGH, P.A.
## ATTORNEYS AT LAW

60 SOUTH MAIN STREET
SUITE 101
MEMPHIS, TN 38103

PHONE: (901) 322-4232
TOLL FREE: (888) 777-9424
FAX: (901) 322-4231

August 16, 2012

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7011 3500 0003 5051 3039**

Nashville Healthcare Investors, LLC
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7011 3500 0003 5051 3046**

Nashville Healthcare Investors, LLC
1175 Peachtree Street NE, Suite 350
Atlanta, GA 30361

Re: **Jean H. McClendon v. Nashville Senior Care, LLC d/b/a McKendree Village;
MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village
Senior Care Corporation; Health Services Management Group, LLC; Health
Services, Inc.; Nashville Healthcare Investors, LLC; and Vicki Hartway, in
her capacity as Administrator of McKendree Village**

Dear Sir or Madam:

I am the attorney representing Jean H. McClendon and am her authorized agent.

Through us, Jean H. McClendon is asserting, among other claims, a potential claim for medical malpractice against you.

Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my client:

Copy

| | |
|---|---|
| Patient: | Jean H. McClendon |
| Date of Birth: | August 25, 1930 |
| Claimants' Names and Addresses: | Jean H. McClendon |
| | 1502 Riverside Road |
| | Old Hickory, Tennessee 37138 |
| Relationship to Patient: | Self |

Due to the poor care provided to Jean H. McClendon during her residency at McKendree Village, Jean H. McClendon suffered, among other things, wound infection; dehydration; weight loss; urinary tract infections; clostridium difficile; poor hygiene; severe pain; and injuries to her dignity.

Also, enclosed please find a HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to T.C.A. § 29-26-121(a).

Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

Sincerely,

WILKES & McHUGH, P.A.

Carey L. Acerra, Esq.

CLA/mkb
Enclosures

Copy

## LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
## PURSUANT TO T.C.A. SECTION 29-26-121(a)

**Re: Resident, Jean H. McClendon**

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice:

| | | |
|---|---|---|
| 1. | Vicki Hartway, in her capacity as Administrator of McKendree Village 609 Oak Cove Court Mount Juliet, TN 37122 | original notice provided August 10, 2012 |
| | Vicki Hartway, in her capacity as Administrator of McKendree Village 4347 Lebanon Road Hermitage, TN 37076 | original notice provided August 10, 2012 |
| 2. | Nashville Senior Care, LLC d/b/a McKendree Village c/o Vicki Hartway, Administrator 4347 Lebanon Road Hermitage, TN 37076 | original notice provided August 10, 2012 |
| 3. | Nashville Senior Care, LLC d/b/a McKendree Village c/o CT Corporation System, Registered Agent 800 South Gay Street, Suite 2021 Knoxville, TN 37929 | original notice provided August 10, 2012 |
| | Nashville Senior Care, LLC d/b/a McKendree Village 1175 Peachtree Street NE, Suite 350 Atlanta, GA 30361 | original notice provided August 10, 2012 |
| 4. | MVI Holdings, Inc. f/k/a McKendree Village, Inc. c/o Michael D. Brent, Registered Agent 1600 Division Street, Suite 700 Nashville, TN 37203 | original notice provided August 10, 2012 |
| | MVI Holdings, Inc. f/k/a McKendree Village, Inc. 1600 Division Street, Suite 700 Nashville, TN 37203 | original notice provided August 10, 2012 |
| 5. | McKendree Village Senior Care Corporation c/o Michael D. Brent, Registered Agent 1600 Division Street, Suite 700 Nashville, TN 37203 | original notice provided August 10, 2012 |
| | McKendree Village Senior Care Corporation 4347 Lebanon Road Hermitage, TN 37076 | original notice provided August 10, 2012 |

Copy

6. Health Services Management Group, LLC
c/o Thomas D. Johnson, Registered Agent
485 Central Avenue NE
Cleveland, TN 37311

Health Services Management Group, LLC
485 Central Avenue NE
Cleveland, TN 37311

7. Health Services, Inc.
c/o Thomas D. Johnson, Registered Agent
485 Central Avenue NE
Cleveland, TN 37311

Health Services, Inc.
485 Central Avenue NE
Cleveland, TN 37311

8. Nashville Healthcare Investors, LLC
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

Nashville Healthcare Investors, LLC
1175 Peachtree Street NE, Suite 350
Atlanta, GA 30361

2

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, _Jean H. McClendon_, do hereby authorize _Nashville SeniorCare, LLC d/b/a McKendree Village; MVI Holdings, Inc. f/k/a McKendree Village, Inc.; McKendree Village Senior Care Corporation ❂ Vicki Hartsty, in her capacity as Administrator of McKendree Village; ✱_ ("health care providers") to furnish and disclose to _Nashville Healthcare Investors, LLC_ or to any representative or attorney from their office a full, complete, and black & white copy of any and all protected health information regarding patient _Jean H. McClendon_____, Date of Birth: _08/25/30_, Social Security Number ▮▮▮▮▮▮▮▮▮▮▮ specifically including any and all records for service from _12/19/04_ to _12/19/11_ including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge summaries/reports, photographs, social service records, dietary records (C&O/B&B), weight records/vital signs, activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile insurance carriers to release any and all information regarding said patient in their possession, including, but not limited to, all payment or non-payment information and any collateral source information, to _Nashville Healthcare Investors, LLC_.

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with _Nashville Healthcare Investors, LLC_ or any of their representatives is absolutely forbidden. Copies of any documents produced to _Nashville Healthcare Investors, LLC_, pursuant to this limited medical authorization, should be furnished to Wilkes & McHugh, P.A., 60 S. Main Street, Suite 101, Memphis, Tennessee 38103, at Wilkes & McHugh's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to WILKES & McHUGH or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on _02/16/13_.

Dated: _08/16/12_     Signed: _C. McClendon_

If signed by the patient's personal representative, explain the nature of the relationship:
_Self_

✱ Health Services Management Group, LLC,
Health Services, Inc; and Nashville Healthcare Investors, LLC

Case 3:13-cv-01036 Document 1-1 Filed 09/23/13 Page 370 of 373 PageID #: 374

COPY 2

ies of Sender
Carey L. Acerra, Esq.
Wilkes & McHugh, P.A.
60 South Main Street, Suite 101
Memphis, TN 38103

**Check type of mail or service:**
- ☐ Adult Signature Required
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail
- ☐ Recorded Delivery (International)
- ☐ COD
- ☐ Registered
- ☐ Delivery Confirmation
- ☑ Return Receipt for Merchandise
- ☐ Express Mail
- ☐ Signature Confirmation
- ☐ Insured

Affix Stamp Here
(If issued as a certificate of mailing or for additional copies of this bill)
Postmark and Date of Receipt

| # | Article Number | Addressee (Name, Street, City, State, & ZIP Code™) | Postage | Fee | Handling Charge | Actual Value if Registered | Insured Value | Due Sender if COD |
|---|---|---|---|---|---|---|---|---|
| 1. | 7011 3500 0003 5051 2408 | Vicki Hartway, in her capacity as Administrator of McKendree Village, 609 Oak Cove Court, Mount Juliet, TN 37122 | | | | | | |
| 2. | 7011 3500 0003 5051 2919 | Vicki Hartway, in her capacity as Administrator of McKendree Village, 4347 Lebanon Road, Hermitage, TN 37076 | | | | | | |
| 3. | 7011 3500 0003 5051 2926 | Nashville Senior Care, LLC dba McKendree Village c/o Vicki Hartway, Administrator 4347 Lebanon Road Hermitage, TN 37076 | | | | | | |
| 4. | 7011 3500 0003 5051 2933 | Nashville Senior Care, LLC dba McKendree Village c/o CT Corporation System, Registered Agent 800 South Gay Street, Suite 2021 Knoxville, TN 37929 | | | | | | |
| 5. | 7011 3500 0003 5051 2940 | Nashville Senior Care, LLC dba McKendree Village 1175 Peachtree Street NE, Suite 350 Atlanta, GA 30361 | | | | | | |
| 6. | 7011 3500 0003 5051 2957 | MVI Holdings, Inc. f/k/a McKendree Village, Inc. c/o Michael D. Brent, Registered Agent 1600 Division Street, Suite 700 Nashville, TN 37203 | | | | | | |
| 7. | 7011 3500 0003 5051 2904 | MVI Holdings, Inc. f/k/a McKendree Village, Inc. 1600 Division Street, Suite 700 Nashville, TN 37203 | | | | | | |
| 8. | 7011 3500 0003 5051 2971 | McKendree Village Senior Care Corporation c/o Michael D. Brent, Registered Agent 1600 Division Street, Suite 700 Nashville, TN 37203 | | | | | | |

Adult Signature Required — ASR Fee
Adult Signature Restricted Delivery — ASRD Fee
Delivery Confirmation — DC Fee
Signature Confirmation — SC Fee
Special Handling — SH Fee
Restricted Delivery — RD Fee
Return Receipt — RR Fee

Total Number of Pieces Listed by Sender | Total Number of Pieces Received at Post Office
Postmaster, Per (Name of receiving employee)

PS Form 3877, June 2011 (Page 1 of 2)    Complete by Typewriter, Ink, or Ball Point Pen    See Privacy Act Statement on Reverse

AUG 16 2012
UNIT CO MEMPHIS TN

Copy

The full declaration of value is required on all domestic and international Registered Mail. The maximum indemnity payable for the reconstruction of nonnegotiable documents under Express Mail document reconstruction insurance is $500 per piece subject to additional limitations for multiple pieces lost or damaged in a single catastrophic occurrence. The maximum indemnity payable on Express Mail merchandise is $500, but optional Express Mail Service merchandise insurance is available for up to $5,000 to some,but not all countries. The maximum indemnity payable is $25,000 for Registered Mail sent with optional postal insurance. See the DMM R900, S913, and S921 for limitations of coverage on insured and COD mail. See the IMM for limitations of coverage on international mail. Special handling charges apply only to Parcel Service parcels (A) and Standard Mail (B) parcels.

Case 3:13-cv-01036   Document 1-1   Filed 09/23/13   Page 371 of 373 PageID #: 375

COPY

Address of Sender

Carey L. Acerra, Esq.
Wilkes & McHugh, P.A.
60 South Main Street, Suite 101
Memphis, TN 38103

**Check type of mail or service:**

- ☐ Adult Signature Required
- ☑ Certified Mail
- ☐ COD
- ☐ Delivery Confirmation
- ☐ Express Mail
- ☐ Insured
- ☐ Adult Signature Restricted Delivery
- ☐ Recorded Delivery (International)
- ☐ Registered
- ☑ Return Receipt for Merchandise
- ☐ Signature Confirmation

Affix Stamp Here
(If issued as a certificate of mailing or for additional copies of this bill)
Postmark and Date of Receipt

| # | Addressee (Name, Street, City, State, & ZIP Code™) | Article Number | Postage | Fee | Handling Charge | Actual Value If Registered | Insured Value | Due Sender If COD | ASR Fee | ASRD Fee | DC Fee | SC Fee | SH Fee | RD Fee | RR Fee |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. | McKendree Village Senior Care Corporation, 4347 Lebanon Road, Hermitage, TN 37076 | 7011 3500 0003 5051 9288 | | | | | | | | | | | | | |
| 2. | Health Services Management Group, LLC, c/o Thomas D. Johnson, Registered Agent, 485 Central Avenue NE, Cleveland, TN 37311 | 7011 3500 0003 5051 2995 | | | | | | | | | | | | | |
| 3. | Health Services Management Group, LLC, 485 Central Avenue NE, Cleveland, TN 37311 | 7011 3500 0003 5051 3008 | | | | | | | | | | | | | |
| 4. | Health Services, Inc., c/o Thomas D. Johnson, Registered Agent, 485 Central Avenue NE, Cleveland, TN 37311 | 7011 3500 0003 5051 3015 | | | | | | | | | | | | | |
| 5. | Health Services, Inc., 485 Central Avenue NE, Cleveland, TN 37311 | 7011 3500 0003 5051 3022 | | | | | | | | | | | | | |
| 6. | Nashville Healthcare Investors, LLC, c/o CT Corporation System, Registered Agent, 800 South Gay Street, Suite 2021, Knoxville, TN 37929 | 7011 3500 0003 5051 3039 | | | | | | | | | | | | | |
| 7. | Nashville Healthcare Investors, LLC, 1175 Peachtree Street NE, Suite 350, Atlanta, GA 30361 | 7011 3500 0003 5051 3046 | | | | | | | | | | | | | |
| 8. | | | | | | | | | | | | | | | |

Total Number of Pieces Listed by Sender | Total Number of Pieces Received at Post Office

Postmaster, Per (Name of receiving employee)

PS Form 3877, June 2011 (Page 1 of 2)    Complete by Typewriter, Ink, or Ball Point Pen    See Privacy Act Statement on Reverse

Copy

The full declaration of value is required on all domestic and international Registered Mail. The maximum indemnity payable for the reconstruction of nonnegotiable documents under Express Mail document reconstruction insurance is $500 per piece subject to additional limitations for multiple pieces lost or damaged in a single catastrophic occurrence. The maximum indemnity payable on Express Mail merchandise is $500, but optional Express Mail Service merchandise insurance is available for up to $5,000 to some, but not all countries. The maximum indemnity payable is $25,000 for Registered Mail sent with optional postal insurance. See the DMM R900, S913, and S921 for limitations of coverage on insured and COD mail. See the IMM for limitations of coverage on international mail. Special handling charges apply only to Parcel Service parcels (A) and Standard Mail (B) parcels.

PS Form 3877, June 2011 (Page 2 of 2)