IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEAN H. McCLENDON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:13-cv-1036 |
| v. ) | Chief Judge Haynes |
| ) | |
| NASHVILLE SENIOR CARE, LLC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiff's motion to remand (Docket Entry No. 6), contending that the removal of this action was invalid because Defendants failed to file their notice of removal within thirty days after receipt of Plaintiff's counsel's proposed order dismissing a non-diverse defendant from the state court action. Thus, Plaintiff contends the Defendants' removal did not comply with the 30 day requirement in 28 U.S.C. § 1446(b)(3). In response, Defendants argue that removal of this action was proper, because Defendants removed the action with thirty days from the date of entry of the state court order dismissing the non-diverse defendant.

Plaintiff, Jean McClendon, filed this action in the First Circuit Court for Davidson County, Tennessee on October 17, 2012. (Docket Entry No. 1-1 at 3). At that time, all of the Defendants were Georgia citizens except for Defendant Vicki Hartway, a Tennessee citizen who was named in her capacity as administrator of McKendree Village, another of the named defendants. (Docket Entry No. 6-1 at 1-2). The parties agree that when this action was filed in state court, this action was not removable for lack of complete diversity of citizenship. The parties also agree that with the dismissal of former Defendant Vicki Hartway from the state court action, complete diversity of citizenship now exists. The parties disagree, however, on the date when the state action became

removable.

In essence, Plaintiff argues that this action became removable as soon as the Defendants had actual knowledge that Vicki Hartway would be dismissed from the action. Plaintiff argues that Defendants were aware by July 5, 2013 at the latest, when Plaintiff's counsel sent Defendants' counsel a copy of a proposed state court order dismissing Ms. Hartway from the action. (Docket Entry No. 6-1 at 3). Defendants respond that this action could not be properly removed until entry of the state court order dismissing Vicki Hartway thereby conclusively establishing that Hartway was no longer a party to the action. (Docket Entry No. 8 at 5). The state court entered its order dismissing Hartway on August 29, 2013. (Docket Entry No. 1-2 at 5). The Defendants' notice of removal was filed on September 23, 2013. (Docket Entry No. 1).

Twenty eight 28 U.S.C.A. § 1446(b)(3) provides that:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

In Freeman v. Blue Ridge Paper Products, Inc., 551 F.3d 405 (6th Cir. 2008), the Sixth Circuit considered whether the 30 day time limit for removal in § 1446(b)(3) commences from the date the defendant learned of the plaintiff's motion to amend the complaint that would render the action removable or whether the 30 day time limit commenced only from the date of the state court order permitting the amendment to the complaint. The Sixth Circuit held that the "complaint was amended only upon issuance of the state court's written order," and reasoned that "removal before the state court actually amends the complaint may have the anomalous effect that the removed case lacks federal jurisdiction at the time that it is removed." Id. at 410.

Applying Freeman, the Court concludes that this action became removable on diversity citizenship grounds as of the date of the state court's order dismissing Vicki Hartway, the only non-diverse party. That order was entered on August 29, 2013, and Defendants' notice of removal was filed on September 23, 2013, less than thirty days later. Thus, the Defendants' removal was timely under 28 U.S.C. § 1446(b)(3).

Accordingly the Plaintiff's motion to remand (Docket Entry No. 6) is **DENIED**.

It is so **ORDERED**.

**ENTERED** this the 13th day of December, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court