IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Jean H. McClendon, | ) |
|             **Plaintiff,** | ) |
| v. | ) Case No. 3:13-cv-1036 |
| | ) William J. Haynes, Jr. |
| Nashville Senior Care, LLC d/b/a McKendree | ) **Jury Demanded** |
| Village; Nashville Healthcare Investors, LLC; | ) |
| Stuart E. Smith, MD; and Bryn Southards, PA, | ) |
|             **Defendants.** | ) |

## AMENDED COMPLAINT

COMES NOW Plaintiff, Jean H. McClendon, and complains of Nashville Senior Care, LLC d/b/a McKendree Village; Nashville Healthcare Investors, LLC; Stuart E. Smith, MD; and Bryn Southards, PA (hereinafter referred to as "Defendants"), and for this cause of action would show as follows:

### PARTIES

1. Jean H. McClendon resides at 1502 Riverside Road, Old Hickory, Davidson County, Tennessee 37138.

2. Upon information and belief, Jean H. McClendon was a resident of McKendree Village, a facility owned, operated and/or managed by Nursing Home Defendants located at 4347 Lebanon Road, Hermitage, Tennessee 37076, from on or about October 12, 2011, until on or about December 19, 2011, when she was discharged home.

PLAINTIFF'S EXHIBIT A

3. Stuart E. Smith, MD, performed a left hip hemiarthroplasty on Plaintiff's left hip on October 7, 2011, at Baptist Hospital in Nashville, Tennessee, and after the partial hip replacement procedure on October 7, 2011, transferred Plaintiff to McKendree Village on October 12, 2011. Dr. Smith subsequently performed an incision and debridement procedure in order to assess the surgical site for post-surgical infection during Ms. McClendon's hospitalization at Baptist Hospital from November 1 to November 4, 2011. Bryn Southards, PA, is a physician assistant licensed in Tennessee and practiced at all times relevant to the allegations in this lawsuit under the supervision of Stuart E. Smith, MD.

4. Nursing Home Defendant Nashville Senior Care, LLC is a domestic limited liability company that at all times material to this action was the "licensee" authorized to operate a nursing facility under the name of McKendree Village in Hermitage, Davidson County, Tennessee. The causes of action made the basis of this suit arise out of such business conducted by said Nursing Home Defendant in the ownership, operation, management, and/or control of McKendree Village. Nursing Home Defendant Nashville Senior Care, LLC may be served with process through its registered agent, CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929.

5. Defendant Stuart E. Smith, MD, at all pertinent times, was a medical doctor licensed to practice medicine and practicing medicine in the State of Tennessee. Upon information and belief, Defendant Stuart E. Smith, MD, may be served with process at 4508 Millrace Lane, Nashville, Tennessee 37160. Defendant Stuart E. Smith, MD, is liable for his own conduct as primary treating physician during the timeframe at issue herein, as well as the actions of Physician Assistant, Bryn Southards, whose actions he was responsible for supervising.

2

6. Defendant Bryn Southards, PA, at all pertinent times, was a physician assistant licensed to practice medicine and practicing medicine in the State of Tennessee. Upon information and belief, Bryn Southards, PA, may be served with process at 1216 Vantage Pointe, Unit 102, Ashland City, Tennessee 37015. Defendant Bryn Southards, PA, is liable for her own conduct as treating physician assistant during the timeframe at issue herein.

## VENUE

7. The injuries made the basis of this lawsuit were products of the corporate and financial policies designed, formulated, and implemented by Nursing Home Defendants, as well as the negligence of all Defendants. Venue for this action lies in Davidson County, Tennessee.

## DEFINITIONS

8. Whenever the term "Defendants" is utilized within this suit, such term collectively refers to and includes all named Defendants in this lawsuit.

9. Whenever the term "Nursing Home Defendants" is utilized within this suit, such term collectively refers to and includes Nashville Senior Care, LLC d/b/a McKendree Village and Nashville Healthcare Investors, LLC.

10. Whenever in this suit it is alleged that Defendants did any act or thing or failed to do any act or things, it is meant that the officers, agents, or employees of the designated corporations respectively performed, participated in, or failed to perform such acts or things while in the course and scope of the their employment and/or agency relationship with said Defendants.

## FACTS

11. Upon information and belief, Jean H. McClendon was a resident at McKendree Village, a skilled nursing facility located at 4347 Lebanon Road, Hermitage, Tennessee 37076,

from on or about October 12, 2011, until on or about December 19, 2011, when she was discharged home.

12. Stuart E. Smith, MD, performed a left hip hemiarthroplasty on Plaintiff's left hip on October 7, 2011, at Baptist Hospital in Nashville, Tennessee, and after the partial hip replacement procedure on October 7, 2011, transferred Plaintiff to McKendree Village on October 12, 2011. Dr. Smith subsequently performed an incision and debridement procedure in order to assess the surgical site for post-surgical infection during Ms. McClendon's hospitalization at Baptist Hospital from November 1 to November 4, 2011. Bryn Southards, PA, is a physician assistant licensed in Tennessee and practiced at all times relevant to the allegations in this lawsuit under the supervision of Stuart E. Smith, MD.

13. While in the care of Nursing Home Defendants, Jean H. McClendon suffered injuries and harm which include, but are not limited to, the following:

    (a) Wound infection;

    (b) Dehydration;

    (c) Weight loss;

    (d) Urinary tract infections;

    (e) Clostridium difficile;

    (f) Poor hygiene; and

    (g) Severe pain.

14. Due to the care received by Dr. Smith and PA Southards, Jean H. McClendon suffered injuries and harm, which include, but are not limited to, the following:

    (a) Surgical wound infection;

    (b) Osteomyelitis to left hip; and

(c) MRSA.

15. Consistent with the allegations in the Nursing Home Defendants' First Amended Answer and corresponding Certificate of Good Faith, Plaintiff avers that the post-surgical infection with methicillin-resistant Staphylococcus aureus ("MRSA") and resulting osteomyelitis were caused by the negligence of Dr. Smith and PA Southards, in combination with the negligence of the Nursing Home Defendants.

16. On October 7, 2011, at Baptist Hospital in Nashville, Tennessee, orthopedic surgeon, Stuart E. Smith, MD, performed a left hip hemiarthroplasty to repair Ms. McClendon's left hip following a fall and resulting fracture. After the partial hip replacement procedure on October 7, 2011, Ms. McClendon was transferred to McKendree Village nursing home on October 12, 2011.

17. On November 1, 2011, Ms. McClendon was re-admitted to Baptist Hospital from McKendree Village, and Dr. Smith performed an incision and debridement procedure in order to assess the surgical site for post-surgical infection. Dr. Smith found serous fluid subcutaneously, and on November 1, 2011, sent the serous fluid for a culture and sensitivity test.

18. A nasal swab taken on November 1, 2011, was positive for MRSA and suggested that Plaintiff was colonized with MRSA as a carrier. The results of the nasal swab were reported on November 1, 2011.

19. Dr. Smith did not request a consult by an infectious disease physician at the time of the hospital admission and incisions and debridement on November 1, 2011. Instead, he ordered an antibiotic, Vancomycin, to be administered intravenously. However, on November 4, 2011, Dr. Smith and/or his physician assistant, Bryn Southards, PA, decided to discontinue the IV Vancomycin after only four doses. Dr. Smith and/or Bryn Southards, PA, switched Ms.

5

McClendon to an oral antibiotic, Keflex (Cephalexin), and discharged Ms. McClendon back to McKendree Village. Dr. Smith did not write a discharge summary for Ms. McClendon at the conclusion of the hospital admission on November 1-4, 2011.

20. The final report of the culture and sensitivity test was completed on Saturday, November 5, 2011, at 3:49 p.m., the day after Ms. McClendon was transferred back to McKendree Village. The Final Report stated that the culture for the serous fluid sample obtained on November 1, 2011, was positive for "scant Growth Methicillin Resistant Staph aureus." The final report contained a "Susceptibility Report" which listed certain antibiotics to which the cultured MRSA was susceptible, and certain antibiotics to which the cultured MRSA was resistant. The final report stated that the MRSA cultured from the serous fluid drawn from Ms. McClendon's wound was susceptible to Vancomycin. The final report did not include Keflex as an antibiotic to which the MRSA was susceptible. Upon information and belief, the cultured MRSA found in the surgical site was resistant to Keflex.

21. Ms. McClendon was discharged from McKendree Village on December 19, 2011. Ms. McClendon returned to see Dr. Smith on or about January 3, 2012. Dr. Smith admitted Ms. McClendon to Baptist Hospital on January 3, 2012, and on January 4, 2012, he performed a second irrigation and debridement procedure at the left hip surgical site. The second irrigation and debridement procedure yielded purulent material subcutaneously and in the deep left hip joint. Subsequent to this procedure, Dr. Smith ordered a consult by an infectious disease physician, Paul McNabb, MD. Dr. McNabb placed Plaintiff on IV Vancomycin for 4-6 weeks. As a consequence of the progression of the surgical site infection in the left hip joint, Ms. McClendon developed osteomyelitis in the left hip, according to Dr. McNabb's progress note dated August 8, 2012.

22. The Nursing Home Defendants failed to, among other things, properly assess and reassess Ms. McClendon; failed to provide care in a manner that minimized the risk of infections; failed to timely report changes in her condition and the condition of her surgical wound site to her physician; failed to maintain acceptable parameters of nutritional status and prevent weight loss; and failed to ensure sufficient fluid intake to maintain proper hydration and health.

23. Stuart E. Smith, MD, and Bryn Southards, PA, failed to, among other things, obtain an infectious disease consult during the November 1, 2011 hospitalization; failed to provide Ms. McClendon with the appropriate antibiotics after November 4, 2011; and failed to provide care in a manner that minimized Jean H. McClendon's risk of infection.

24. As a result of these injuries, Jean H. McClendon required medical attention and her overall health deteriorated, causing unnecessary physical suffering, severe pain, and mental anguish.

25. The injuries described in this Amended Complaint are a direct and proximate result of the acts or omissions set forth herein, singularly or in combination.

## CAUSES OF ACTION AGAINST NURSING HOME DEFENDANTS

## NEGLIGENCE PURSUANT TO THE TENNESSEE HEALTH CARE LIABILITY ACT, TENN. CODE ANN. §§ 29-26-101, ET SEQ.

26. Plaintiff brings a claim for violation of T.C.A. §§ 29-26-101, et seq., as amended October 1, 2011. Plaintiff contends, however, that T.C.A. § 29-26-101 is unconstitutional, as amended, under the Constitutions of the State of Tennessee and the United States and violates due process, the separation of powers doctrine, and the inherent authority of the courts to protect the integrity of the proceedings and the rights of the litigants. The assertion of a cause of action

7
Case 3:13-cv-01036 Document 63 Filed 07/25/14 Page 7 of 15 PageID #: 840

under this statute should not be deemed a waiver of Plaintiff's right to challenge the constitutionality of the statute.

27. Plaintiff re-alleges and incorporates all prior allegations in paragraphs 1-16 as if fully set forth herein.

28. Plaintiff has complied with the provisions of T.C.A. § 29-26-121(a) as evidenced by the Affidavit of Service with Certificate of Mailing, which affidavit is attached to the original Complaint filed on October 17, 2012.

29. Nursing Home Defendants are "health care providers" within the meaning of T.C.A. § 29-26-101 and owed a duty to Jean H. McClendon to provide her healthcare services in a safe and beneficial manner.

30. Nursing Home Defendants breached their duties owed to Jean H. McClendon, thereby causing Jean H. McClendon to be injured as set forth in this Amended Complaint. Such breaches by Nursing Home Defendants include, but are not limited to, the following:

    (a) Failure to provide sufficient numbers of certified nursing assistants to meet the custodial needs of Jean H. McClendon, including, but not limited to, food, water, baths, showers, grooming, incontinent care, personal attention and care to her skin, feet, and nails, oral hygiene, and hair cuts;

    (b) Failure to administer the facility in such a manner so as to provide the facility with adequate resources to ensure sufficient non-medical (CNA) staffing and supplies, such as diapers, linens, and towels, to care for all residents, including Jean H. McClendon;

    (c) Failure to provide sufficient number of non-licensed staff to follow Jean H. McClendon's care plans and to prevent Jean H. McClendon's needs from being ignored;

    (d) Failure to provide adequate supervision and oversight to non-licensed personnel to ensure that Jean H. McClendon received adequate and proper custodial care;

    (e) Failure to provide adequate overall custodial (non-medical) care;

(f) Failure to provide adequate and appropriately trained non-licensed staff and supervision to such personnel so as to ensure that Jean H. McClendon received adequate and proper custodial care, adequate hydration, and warm and palatable meals;

(g) Failure to adopt adequate guidelines, policies and procedures for documenting, maintaining files, investigating and responding to any complaint regarding the quantity of resident care, the quality of resident care, or misconduct by Nursing Home Defendants' employees, irrespective of whether such complaint derived from a state or federal survey agency, resident of said facility, an employee of said facility or any interested person (with regard to non-medical complaints);

(h) Failure by the members of the governing body of the nursing home to discharge their legal and lawful obligation by:

  (1) ensuring that the rules and regulations designed to protect the health and safety of the patients, such as Jean H. McClendon as promulgated by the Tennessee Legislature and corresponding regulations implemented expressly pursuant thereto by the Tennessee Department of Health and its agents, including the Division of Health Care Facilities, were consistently complied with on an ongoing basis;

  (2) ensuring that the resident care policies for the facility were consistently in compliance on an ongoing basis; and

  (3) responsibly ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care (non-medical).

(i) Failure of non-licensed personnel to maintain records in accordance with accepted standards and practices that are complete, accurately documented, readily accessible, and systematically organized with respect to Jean H. McClendon;

(j) Failure to provide basic and necessary non-medical care and supervision during Jean H. McClendon's residency;

(k) Failure to provide a sanitary environment to prevent or reduce the spread of infection;

(l) Failure to protect Jean H. McClendon from abuse and neglect during her residency;

(m) Failure to treat Jean H. McClendon with kindness and respect;

(n) Failure of high managerial agents and corporate officers to adequately hire, train, supervise, and retain the administrator and other staff so as to assure that Jean H. McClendon received care in accordance with Nursing Home Defendants' policies and procedures;

(o) Making false, misleading, and deceptive representations as to the quality of care, treatment and services provided by the facility to their residents, including Jean H. McClendon;

(p) Failure to provide and ensure adequate nursing care plans, including necessary revisions, based on the needs of Jean H. McClendon;

(q) Failure to develop and implement an adequate nursing care plan for Jean H. McClendon that was followed by nursing personnel;

(r) Failure to take reasonable steps to prevent, eliminate, and correct medical deficiencies and problems in resident care;

(s) Failure to provide care, treatment, and medication to Jean H. McClendon in accordance with physician's orders;

(t) Failure to properly and timely notify Jean H. McClendon's attending physician and/or nurse practitioners of significant changes in her physical condition;

(u) Failure to adequately and appropriately monitor Jean H. McClendon and recognize significant changes in her health status; and

(v) Failure to provide treatment for persistent, unresolved problems related to the care and physical condition of Jean H. McClendon, resulting in her unnecessary pain, agony, and suffering.

31. Nursing Home Defendants' conduct in breaching the duties they owed Jean H. McClendon was negligent, grossly negligent, willful, wanton, malicious, reckless, and/or intentional.

32. As a direct and proximate result of such negligent, grossly negligent, willful, wanton, reckless, malicious, and/or intentional conduct, Jean H. McClendon was injured, for which Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Nursing Home Defendants, including, but not limited to medical expenses, pain and suffering,

mental anguish, disability, and humiliation in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## CAUSES OF ACTION AGAINST STUART E. SMITH, MD, AND BRYN SOUTHARDS, PA

## NEGLIGENCE PURSUANT TO THE TENNESSEE HEALTH CARE LIABILITY ACT, TENN. CODE ANN. §§ 29-26-101, ET SEQ.

33. Plaintiff brings a claim for violation of T.C.A. §§ 29-26-101, et seq., as amended October 1, 2011. Plaintiff contends, however, that T.C.A. § 29-26-101 is unconstitutional, as amended, under the Constitutions of the State of Tennessee and the United States and violates due process, the separation of powers doctrine, and the inherent authority of the courts to protect the integrity of the proceedings and the rights of the litigants. The assertion of a cause of action under this statute should not be deemed a waiver of Plaintiff's right to challenge the constitutionality of the statute.

34. Plaintiff re-alleges and incorporates all prior allegations in paragraphs 1-33 as if fully set forth herein.

35. Nursing Home Defendants have alleged comparative fault as to Stuart E. Smith, MD, and Bryn Southards, PA, in their First Amended Answer filed on July 9, 2014, and, in regard to averments respecting the nonparties at fault identified in Nursing Home Defendants' First Amended Answer, also filed a Certificate of Good Faith on July 9, 2014, as required by Tenn. Code Ann. § 29-26-122(b).

36. Defendants Smith and Southards are "health care providers" within the meaning of T.C.A. § 29-26-101 and owed a duty to Jean H. McClendon to provide her healthcare services in a safe and beneficial manner.

37. Defendants Smith and Southard breached their duties owed to Jean H. McClendon, thereby causing Jean H. McClendon to be injured as set forth in this Amended Complaint. Such breaches by Defendant Smith include, but are not limited to, the following:

   (a) Failure to provide Jean H. McClendon with adequate and appropriate medication to treat her MRSA infection;

   (b) Failure to order an infectious disease consultation;

   (c) Failure to provide timely assessment and medical intervention to Jean H. McClendon; and

   (d) Failure to appropriately, adequately, and responsibly supervise Defendant Bryn Southards, PA, to ensure Jean H. McClendon was provided with timely and appropriate medication and treatment.

38. Bryn Southards, PA, failed to meet the standard of care and violated and breached her duty of care to Jean H. McClendon. Such breaches by Defendant Southards include, but are not limited to, the following acts and omissions:

   (a) Failure to provide Jean H. McClendon with adequate and appropriate medication to treat her MRSA infection;

   (b) Failure to order an infectious disease consultation; and

   (c) Failure to provide timely assessment and medical intervention to Jean H. McClendon.

39. The conduct of Defendants Smith and Southards in breaching the duties they owed Jean H. McClendon was negligent, grossly negligent, willful, wanton, malicious, reckless, and/or intentional.

40. As a direct and proximate result of such negligent, grossly negligent, willful, wanton, reckless, malicious, and/or intentional conduct, Jean H. McClendon was injured, for which Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendants, including, but not limited to medical expenses, pain and suffering, mental anguish,

disability, and humiliation in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## DAMAGES

41. Plaintiff re-alleges and incorporates the allegations in paragraphs 1-40 as if fully set forth herein.

42. As a direct and proximate result of the acts and omissions of all Defendants as set out above, Jean H. McClendon suffered injuries including, but not limited to, those described herein. As a result, Jean H. McClendon incurred significant medical expenses and suffered embarrassment and physical impairment and pain and suffering.

43. Plaintiff seeks punitive and compensatory damages against Defendants in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## REQUEST FOR TRIAL BY JURY

44. Plaintiff demands a trial by a jury of twelve (12) on all issues herein set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1. For damages to be determined by the jury, in an amount exceeding the minimum jurisdictional amount of the Court, and adequate to compensate Plaintiff for all the injuries and damage sustained;

2. For all general and special damages caused by the alleged conduct of Defendants;

3. For the costs of litigating this case;

4. For punitive damages sufficient to punish Defendants for their egregious conduct and to deter Defendants and others from repeating such atrocities; and

5. For all other relief to which Plaintiff is entitled by law.

Respectfully submitted,

**JEHL LAW GROUP, PLLC**

By: *s/Carey L. Acerra*
Cameron C. Jehl (BPR#18729)
Carey L. Acerra (BPR#23464)
60 South Main Street, Suite 101
Memphis, Tennessee 38103
Telephone Number: 901-322-4232
Facsimile Number: 901-322-4231

Attorneys for Plaintiff

14
Case 3:13-cv-01036    Document 63    Filed 07/25/14    Page 14 of 15 PageID #: 847

## CERTIFICATE OF SERVICE

I hereby certify that on this ___24th___ day of July 2014, I electronically filed a true and accurate copy of the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of the filing to:

Reid D. Leitner, Esq.
Leighann D. Ness, Esq.
Leitner, Williams, Dooley
   & Napolitan, PLLC
414 Union Street, Suite 1900
Nashville, TN 37219
reid.leitner@leitnerfirm.com
leighann.ness@leitnerfirm.com

Bruce D. Gill, Esq.
Leitner, Williams, Dooley
   & Napolitan, PLLC
801 Broad Street, Third Floor
Chattanooga, TN 37402
bruce.gill@leiterfirm.com

Stephanie A. Bergmeyer, Esq.
Tennessee Attorney General
425 Fifth Avenue North
Post Office Box 20207
Nashville, TN 37202-0207
Stephanie.Bergmeyer@ag.tn.gov

                                            _s/Carey L. Acerra_
                                            Attorney for Plaintiff