IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEAN H. McCLENDON, | ) |
| | ) |
| Plaintiff, | ) Case No. 3:13-1036 |
| | ) Judge Haynes |
| v. | ) |
| | ) |
| NASHVILLE SENIOR CARE, LLC d/b/a | ) |
| McKENDREE VILLAGE; NASHVILLE | ) |
| HEALTHCARE INVESTORS, LLC; | ) |
| STUART E. SMITH, M.D.; and | ) |
| BRYN SOUTHARDS, PA, | ) |
| | ) |
| Defendants. | ) |

# ORDER

Before the Court is Plaintiff's motion to remand (Docket Entry No. 69) citing the addition of non-diverse defendants in an amended complaint. Upon review, this motion is unopposed.

"'Diversity of citizenship . . . exists only when no plaintiff and no defendant are citizens of the same state.'" Curry v. U.S. Bulk Transport, Inc., 462 F.3d 536, 540 (6th Cir. 2006)(quoting Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C., 176 F.3d 904, 907 (6th Cir. 1999)). A plaintiff may file a motion to remand the action to State court within thirty days of after the filing of the notice of removal on the basis of any defect other than lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id. "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

Given the absence of any objection, it is **ORDERED** that this action shall be **REMANDED** to the Circuit Court for the Twentieth Judicial District at Nashville, Davidson County.

It is so **ORDERED**.

**ENTERED** this the 22nd day of October, 2014.

WILLIAM J. HAYNES, JR.
United States District Judge